UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074

OCTAVIO COLLADO
For himself and all others
similarly situated,

  Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

  Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT FOR FLSA VIOLATION(S)

  Plaintiff, Octavio Collado, for himself and all others similarly situated, sues Defendants, 450 North River Drive, LLC d/b/a Kiki On The River, RJ River, LLC, and Roman Jones, as follows:

### *Parties, Jurisdiction, and Venue*

  1. **Plaintiff, Octavio Collado**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

  2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

  3. Plaintiff was a non-exempt employee of Defendants.

  4. Plaintiff consents to participate in this lawsuit.

  5. **Defendant, 450 North River Drive, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business

1

in Florida, at all times material.

6.      **Defendant, RJ River, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business in Florida, at all times material.

7.      **Defendants, Defendant, 450 North River Drive, LLC and RJ River, LLC**, operate under the fictitious name of Kiki On The River.

8.      **Defendant, Roman Jones,** was and is an owner/officer/director/manager of Kiki On The River for the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the wages of other similarly situated security officers.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff and other similarly situated tipped employees (servers and bussers) worked in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid the tips that they earned in Miami-Dade County.

10.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

11.     Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12.     Defendants also were the "employers" of the other similarly situated employees who worked for them in South Florida at Kiki on the River and who were "tipped employees".

13.     Defendants maintained the control, oversight, and direction over Plaintiff and the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

other similarly situated tipped employees, including the ability to hire, fire, and discipline them.

14.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15.     Defendants have been, during the past three years, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

16.     Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

17.     Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000.00 for each fiscal quarter in which Plaintiff and the other similarly situated servers worked.

19.     Plaintiff's work for Defendants, and the work of the other similarly situated tipped employees, was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to their work for Defendants in the course

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

of their handling and serving liquor, beer, mixers, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also regularly and routinely traveled through interstate commerce.

20.    Plaintiff and the other similarly situated tipped employees regularly, recurrently, and routinely processed credit card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to her sale of same.

### *Collective Action Allegations*

21.    During the past three years, Defendants employed more than 20 other tipped employees – including captains, servers, and bussers in South Florida.

22.    Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated individuals who are part of the following class:

> All persons who worked, were by employed by, or engaged as captains, servers, assistants, and/or bussers by 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, or who were otherwise employed, hired, or worked at Kiki On The River, any time during the three years prior to the filing of the Complaint and up through the rendition of a judgment in this matter.

23.    These individuals identified in paragraph 23 are referred to as the "Collective".

24.    The purported Collective includes the tipped employees such as captains, servers, assistants, and bussers who worked for Defendants during the past three years, who were paid on an hourly basis, who were paid at least in part by a service charge, and who earned or were entitled to receive tips and overtips, and who were subject to the same pay practices as Plaintiff.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

25.    Plaintiff performed the same type of work under the same procedures, rules, and regulations, as Defendants' other similarly situated security officers in South Florida.

26.    Defendants agreed to pay Plaintiff and the Collective an hourly rate, plus a part of the service charge, plus the tips and/or overtips.

27.    Overtips are the discretionary amounts that Defendants' patrons would leave for the tipped employees above and beyond the mandatory service charge.

28.    The Collective of similarly situated workers who may become Plaintiff in this action are current and former tipped employees (including captains, servers, assistants, and bussers) who worked for Defendants and who were not paid all the overtips that they earned.

29.    The Collective of similarly workers of Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

30.    The similarly situated workers are known to Defendant and can be located through Defendants' records.

31.    Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

32.    Collective Action treatment of Plaintiff's FLSA minimum wage claim is appropriate because they and the Collective were subjected to the common business practices referenced in this Count, and the success of his FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failing to properly pay/distribute the overtips that Defendants received, that the Collective earned and which they were entitled to receive, but which the Defendants failed to properly distribute to the Collective.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Liability*

33.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and the employment of the Collective, such records are in the exclusive custody of Defendants.

34.     Plaintiff, Octavio Collado, worked for Defendants from approximately August 7, 2017, to January 2, 2022.

35.     Plaintiff, Francis Taylor, worked for Defendants from approximately October 2017 to July. 2021.

36.     Defendants included a mandatory service charge on their bills given to patrons, but also gave their patrons the ability to leave a discretionary tip beyond the mandatory service charge (known as an "overtip").

37.     The FLSA always precluded employers like Defendants to retain any portion of the tips (or overtips) and from distributing any tips (or overtips) to traditionally non-tipped employees.

38.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(ii)(B), which confirmed that employers like Defendants may not keep any portion of the tips (or overtips) earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

39.     Defendants disregarded the FLSA's prohibition on retaining the tips (and overtips) left by patrons by retaining a portion of the tips (and/or overtips) left for their tipped employees and/or by distributing such tips (and/or overtips) to traditional non-tipped employees (such as managers or supervisors).

6

40.     Defendants allowed certain patrons to accumulate their bills into what are referred to as "house accounts", which Defendants accumulated for certain patrons periodically, with less frequency than each dining visit – such as on a monthly basis.

41.     Defendants disregarded the FLSA's prohibition on retaining tips earned/received by their employees by failing to distribute the tips (and overtips) paid by patrons to Plaintiff and the Collective paid when Defendants' patrons settled/paid their "house accounts" and left tips (and overtips) for the members of the Collective.

42.     As a direct and proximate result of Defendants' retaining a portion of the tips (and overtips) received by their employees and/or distributing a portion of the tips (and overtips) to traditionally non-tipped employees, Defendants violated the FLSA.

43.     Plaintiff and the Collective are entitled to payment of all tips (and overtips) that they were required to pay to Plaintiff and the Collective, that Defendants improperly retained, and/or that Defendants improperly distributed to traditionally non-tipped employees.

44.     Defendants willfully and intentionally refused to pay Plaintiff and the Collective all the tips (and overtips) they earned/received during the relevant time.

45.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that patons left (a) violated the FLSA, (b) they either knew from prior experience or recklessly failed to investigate the aforementioned practice violated the FLSA, (c) they either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips (and overtips) received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then they failed to timely correct their violation(s).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

46. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

47. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

48. Plaintiff and the Collective are entitled to a back pay award of tips and overtips they earned, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in his favor and in favor of the Collective, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones jointly and severally after trial by jury and as follows:

   a. Designating this action as a collective action by Octavio Collado and Francis Taylor on behalf of the Collective they represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

   b. Designating Plaintiff as the representative for the Collective;

   c. Designating the undersigned as counsel for the Collective;

   d. Awarding Plaintiff and the Collective unpaid minimum wages (including tips improperly withheld/distributed) and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

   e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

   f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

   g. Awarding pre-judgment and post-judgment interest as provided by law;

   h. Awarding reasonable attorneys' fees and costs;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

i.   Declaring Defendants to be in willful violation of the minimum wage provisions of the FLSA; and

j.   Awarding such other and further relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Octavio Collado, demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of September 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*