UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
For himself and all others
similarly situated,

       Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

       Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Octavio Collado, for himself and all others similarly situated, sues Defendants, 450 North River Drive, LLC d/b/a Kiki On The River, RJ River, LLC, and Roman Jones, as both a proposed "opt-in" collective action as to their FLSA claim and as a Federal Rule of Civil Procedure 23 class action as to their Florida law claims as follows:

### *Overview*

1.    Plaintiff brings this Second Amended Complaint for himself and other similarly situated employees who were entitled to receive and who received tips while working for Defendants at their restaurant known as "Kiki on the River".

2.    Plaintiff asserts the following three (3) claims for himself and for the others similarly situated to recover the gratuities (tips and/or overtips) that were improperly distributed by Defendants:

1

Count I:      A proposed "opt-in" collective action for the recovery of the tips/overtips that Defendants improperly distributed pursuant to 29 U.S.C. §216(b); see also *Lopez v. Fun Eats and Drinks, LLC*, 2021 WL 5302361 (N.D. Tex. 2021);

Count II:     A proposed Rule 23 class action to address Defendants' violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 et seq., in conjunction with Article X, Section 24 of the Florida Constitution; and

Count III:    A proposed Rule 23 class action for unpaid wages under Florida common law to address Defendants' improper distribution of the wages (tips/overtips) earned by Plaintiff and the class, as well as their attorneys' fees pursuant to Fla. Stat. §448.08. *See Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257 (M.D. Fla. 2021).

3.      Plaintiff brings his FLSA minimum wage claim (Count I) as <u>a proposed "opt-in" collective action pursuant to 29 U.S.C. §216(b)</u> and seeks to recover tips/overtips, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs for himself and all other similarly situated tipped captains, servers, and bussers who eventually opt into the class and who worked for the Defendants within the three (3) years preceding the filing of this action (the "Collective Action Class").

4.      Plaintiff brings his Florida Minimum Wage Act Claim (Count II) and his Florida Common Law Claim for Wages (Count III) <u>as proposed Rule 23 classes</u> for himself and all other similarly situated tipped captains, servers, and bussers who worked for Defendants during the five (5) years preceding the filing of this action for Count II and during the four (4) years preceding the filing of this action for Count III.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

5.      Plaintiff knows of (and the undersigned counsel also currently represents) others similarly situated who have and/or who are interested in opting into the collective being proposed in Count I with the Court supervising the process.

6.      Plaintiff also knows of (and the undersigned counsel currently represents) other similarly situated individuals who currently work or have worked for Defendants and would seek recovery of damages in any Rule 23 classes created to pursue a claim under the Florida Minimum Wage Act and a Florida common law claim for unpaid wages and who, even if no Rule 23 classes were to be certified by the Court, intend to pursue their legal claims under the aforementioned laws either individually or as part of a multi-plaintiff litigation.

### *Parties*

7.      Plaintiff and the others similarly situated are *sui juris* adults who worked or who work for Defendants at their restaurant known as Kiki on the River as tipped employees (who serviced tables for Defendants as captains, servers, and bussers).

8.      Plaintiff worked for Defendants as a server and then as a captain at Kiki on the River, serving tables, attending to customer concerns, and taking payment from them, for which Defendants paid him a direct hourly wage that was less than the applicable minimum wage, plus a portion of the service charges they collected, and distributed to him tips from a shared or pooled aggregation of tips that Defendants established, maintained, and/or controlled.

9.      Plaintiff was an "employee" of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e)

10.      Plaintiff was a non-exempt employee of the Defendants.

11.      Defendants are believed to have records identifying the exact dates on which they

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

employed Plaintiff and the other similarly situated captains, servers, and bussers.

12.     **Defendant, 450 North River Drive, LLC**, is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business in Florida, at all times material.

13.     **Defendant, RJ River, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business in Florida, at all times material.

14.     Defendants, 450 North River Drive, LLC and RJ River, LLC, operate under the fictitious name of "Kiki On The River", a restaurant in Miami, Florida.

15.     Defendants, 450 North River Drive, LLC and RJ River, LLC, use the same mailing/business address, with RJ River, LLC as the managing member of 450 North River Drive, LLC, and with both LLC's sharing membership/ownership/direction/control through at least one member – Roman Jones.

16.     **Defendant, Roman Jones,** was and is an owner/officer/director/manager of Kiki On The River for the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the wages of other similarly situated security officers.

17.     Defendants were the direct employers, joint employers, and co-employers of Plaintiff, as the term "employer" is defined by 29 U.S.C. §203(d).

18.     Defendants also were the direct employers, joint employers, and co-employers of the other similarly situated employees who worked at Kiki on the River as captains, servers, and bussers.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19.     Defendants maintained the control, oversight, and direction over Plaintiff and the other similarly situated tipped employees, including the ability to hire, fire, and discipline them.

20.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

### *Jurisdiction and Venue*

21.     Defendants have been, at all material times, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

22.     Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration, goods, and materials that also have moved through interstate commerce.

23.     Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

24.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $1,000,000.00 for the relevant time and/or exceeded $125,000.00 for each fiscal quarter in which Plaintiff and the other similarly situated servers worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

25.     As evidence of its gross annual revenues, Defendant, 450 North River Drive LLC, received over $2.4 million in forgiven PPP loans – meaning that its operating expenses alone, during a limited window of several months, exceeded the jurisdictional threshold.

26.     This Court has original jurisdiction over the Plaintiff's federal question claim at Count I pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over the Plaintiff's class claims at Counts II and III arising under Florida law pursuant to 28 U.S.C. §1367 and/or 28 U.S.C. §1343.

27.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff and other similarly situated tipped employees (captains, servers, and bussers) worked in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid the tips that they earned in Miami-Dade County.

### *Background Facts*

28.     Defendants agreed to pay Plaintiff and the other similarly situated captains, servers, and bussers a direct hourly rate of pay that was less than the applicable Florida or federal minimum wage, supplemented by a portion of a non-discretionary service charge Defendants received, and further supplemented by portion of the gratuities left at the discretion of Defendants' patrons.

a.     Defendants paid their tipped employees an hourly wage that was less than the applicable Florida or federal minimum wage.

b.     Defendants included a mandatory service charge on the bills given to their customers.

c.     Defendants shared a portion of the mandatory service charge they collected from their customers with Plaintiff and the others similarly situated.

d.     Defendants also gave their customers the ability to leave discretionary gratuities (tips) beyond the mandatory service charge.

e.     Defendants' customers in fact left gratuities (tips and overtips) for Plaintiff and the other captains, servers, and bussers who worked for Defendants.

6

29.     The discretionary gratuities (tips) that Defendants' patrons left were above and beyond the mandatory service charge and are referred to as "tips" or "overtips".

30.     Defendants also allowed certain patrons to accumulate their bills into "house accounts", whereby Defendants allowed patrons to accumulate their bills into larger aggregate bills and to pay those aggregate bills periodically, but with less frequency than each dining visit – such as monthly.

31.     Defendants' patrons with "house accounts" paid tips and /or overtips above and beyond the Defendants' mandatory service charge.

32.     Defendants exercised complete control over the tips and overtips left for their tipped employees, accumulating them in a "tip pool" or other aggregate arrangement over which Defendants exercised complete control, and then either retained a portion of the tips and overtips collected (by failing to distribute all tips and overtips collected) and/or distributed a portion of the tips and overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

33.     The result of Defendants' unlawful pay practices deprived Plaintiff and the other similarly situated tipped employees of the wages (tips and overtips) that they earned and should have received in a significant sum when aggregated.

34.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable attorneys' fee for all services related to this matter.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT I
## VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT

### *Satisfaction of Conditions Precedent*

35.     Plaintiff complied with all conditions precedent to bringing his claim under the

FLSA, as the FLSA imposes no condition precedent to bringing a lawsuit.

### *Collective Action Allegations*

36.     Defendants employed more than 50 other captains, servers, and bussers in South

Florida during the three (3) years prior to the filing of the initial Complaint through the present.

37.     The FLSA specifically provides for a cause of action against each employer who

violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee
> or employees affected in the amount of the sum of any tip credit taken by the employer and
> all such tips unlawfully kept by the employer, and in an additional equal amount as
> liquidated damages. An action to recover the liability prescribed in the preceding sentences
> may be maintained against any employer (including a public agency) in any Federal or
> State court of competent jurisdiction by any one or more employees for and in behalf of
> himself or himself and other employees similarly situated

29 U.S.C. §216(b). Each Defendant is an "employer".

38.     Plaintiff brings this Count I as a collective action pursuant to 29 U.S.C. § 216(b)

for himself and all other similarly situated individuals who are part of the following:

> All persons who worked, were employed by, or engaged as captains, servers, and/or bussers
> by 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, at Kiki On The River
> any time during the three (3) years prior to the filing of the Complaint and up through the
> rendition of a judgment in this matter.

39.     These individuals identified in paragraph 38 are referred to as the "Collective".

40.     The Collective includes the persons who worked for Defendants as captains, servers,

and/or bussers at the Kiki on the River restaurant during the three (3) years prior to the filing of

8

the initial Complaint through the present, who were paid on an hourly basis, who Defendants paid a direct hourly wage that was below the $7.25 per hour minimum wage required by the FLSA, who Defendants paid at least in part with a portion of the service charge they collected, whose were entitled to share in the tips and overtips that Defendants collected and aggregated into a "tip pool", and who were subject to the same pay practices as Plaintiff.

41.     Plaintiff performed the same type of work under the same procedures, rules, and regulations, as the Defendants' other similarly situated captains, servers, and bussers who worked for them at their Kiki on the River restaurant in Miami, Miami-Dade County, Florida.

42.     The Collective of similarly situated workers who may become plaintiffs in this action are the currently and formerly employed captains, servers, and bussers who worked for Defendants but who Defendants did not pay all the tips and overtips that they earned.

43.     The Collective of similarly situated captains, servers, and bussers of Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

44.     The similarly situated workers are known to Defendants and can be located through the mailing addresses, email addresses, and/or telephone records that Defendants collected.

45.     Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b), with the Court managing the Notice process.

46.     Collective Action treatment of Count I is appropriate because Plaintiff and the Collective were subjected to the common business practices referenced in this Count I, and the success of their FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failure to properly

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

pay/distribute the tips and overtips that Defendants received, that the Collective earned and were entitled to receive, but which the Defendants either retained or failed to properly distribute.

**COUNT I<sub>A</sub>**

**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT**
**(450 NORTH RIVER DRIVE, LLC)**

47.     Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein.

48.     Defendant, 450 North River Drive, LLC, employed Plaintiff and other similarly situated captains, servers, and bussers in its restaurant, "Kiki on the River".

*Liability*

49.     The FLSA always precluded employers like Defendant, 450 North River Drive, LLC, from retaining any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees.

50.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may not keep any portion of the tips and/or overtips earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

51.     Defendant, 450 North River Drive, LLC, disregarded the FLSA's prohibition on retaining the tips when it kept a portion of the tips and/or overtips and/or when it distributed such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors,

10

partners, managers, or supervisors).

52.     As a direct and proximate result of Defendant, 450 North River Drive, LLC, retaining a portion of the tips and/or overtips received by its employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendant, 450 North River Drive, LLC, violated the FLSA and damaged Plaintiff and the Collective.

53.     Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, 450 North River Drive, LLC, improperly retained and/or that Defendant, 450 North River Drive, LLC, improperly distributed to traditionally non-tipped employees.

54.     Defendant, 450 North River Drive, LLC, willfully and intentionally refused to pay Plaintiff and the Collective all the tips and/or overtips they earned/received during the relevant time.

55.     Defendant, 450 North River Drive, LLC, either knew from prior experience as a result of its being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ, or it recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips and overtips they earned and/or that its patrons left (a) violated the FLSA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips (and overtips) received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then it failed to timely correct its violation(s).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT I<sub>B</sub>

## VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
## (RJ RIVER, LLC)

56.     Plaintiff reincorporates and re-alleges paragraphs 1 through 46 as though set forth fully herein.

57.     Defendant, RJ River, LLC, employed Plaintiff and other similarly situated captains, servers, and bussers in its restaurant, "Kiki on the River".

### *Liability*

58.     The FLSA always precluded employers like Defendant, RJ River, LLC, from retaining any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees.

59.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may not keep any portion of the tips and/or overtips earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

60.     Defendant, RJ River, LLC, disregarded the FLSA's prohibition on retaining the tips and/or overtips left by patrons by retaining a portion of the tips and/or overtips and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

61.     As a direct and proximate result of Defendant, RJ River, LLC, retaining a portion

12

of the tips and/or overtips received by its employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendant, RJ River, LLC, violated the FLSA and damaged Plaintiff and the Collective.

62.     Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, RJ River, LLC, improperly retained and/or that Defendant, RJ River, LLC, improperly distributed to traditionally non-tipped employees.

63.     Defendant, RJ River, LLC, willfully and intentionally refused to pay Plaintiff and the Collective all the tips and overtips they earned/received during the relevant time.

64.     Defendant, RJ River, LLC, either knew from prior experience as a result of its being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ, or it recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that its patrons left (a) violated the FLSA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then it failed to timely correct its violation(s).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**COUNT I<sub>C</sub>**

**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT**
**(ROMAN JONES)**

65.     Plaintiff reincorporates and re-alleges paragraphs 1 through 46 as though set forth fully herein.

66.     Defendant, Roman Jones, is an officer, director, member, and/or managing member of Defendants, 450 North River Drive, LLC and RJ River, LLC.

67.     Defendant, Roman Jones, had operational control over Defendants, 450 North River Drive, LLC and RJ River, LLC, and is jointly liable for the damages sustained by Plaintiff and the Collective.

68.     Defendant, Roman Jones, made significant operational decisions on behalf of Defendants, 450 North River Drive, LLC and RJ River, LLC, he had signatory authority for them, and he maintained the right to hire, fire, and make decisions regarding the employment of Plaintiff and the Collective.

### *Liability*

69.     The FLSA always precluded employers like Defendant, Roman Jones, LLC, from retaining or receiving any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees.

70.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may not keep any portion of the tips and/or overtips earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

**An employer may not keep tips received by its employees for any**

14

**purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

71.     Defendant, Roman Jones, disregarded the FLSA's prohibition on retaining the tips and/or overtips left by patrons by retaining or receiving a portion of the tips and/or overtips and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

72.     As a direct and proximate result of Defendant, Roman Jones, retaining or receiving a portion of the tips and/or overtips received by his tipped employees and/or by distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendant, Roman Jones, violated the FLSA and damaged Plaintiff and the Collective.

73.     Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, Roman Jones, improperly retained, received, and/or that he improperly distributed to traditionally non-tipped employees.

74.     Defendant, Roman Jones, willfully and intentionally refused to pay Plaintiff and the Collective all the tips (and overtips) they earned/received during the relevant time.

75.     Defendant, Roman Jones, either knew from prior experience as a result of his being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ, or he recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that its patrons left, (b) he either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, (c) he either knew from prior experience or recklessly failed to investigate

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

whether his failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then failed to timely correct his violation(s).

## COUNT I

### PRAYER FOR RELIEF

76.     Plaintiff and the Collective are entitled to a back pay award of the tips and overtips they earned but that Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in his favor and in favor of the Collective, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, jointly and severally, after trial by jury and as follows:

a.  Designating this Count as a Collective Action by Octavio Collado on behalf of the Collective he represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing the consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b.  Designating Plaintiff as the representative for the Collective;

c.  Designating the undersigned as counsel for the Collective;

d.  Awarding Plaintiff and the Collective the tips and overtips improperly withheld/distributed and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §§203(m)(2)(B) and 216(b);

e.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f.  Issuing an injunction prohibiting Defendants, 450 North River Drive, LLC, RJ

16

River, LLC, and Roman Jones, from continued unlawful practices, policies and patterns set forth herein;

g.   Awarding pre-judgment and post-judgment interest as provided by law;

h.   Awarding reasonable attorneys' fees and costs;

i.   Declaring Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, to be in willful violation of the minimum wage provisions of the FLSA;

j.   Declaring that the statute of limitations should be three (3) years; and

k.   Awarding such other and further relief that this Court deems appropriate.

## **COUNT II – VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT**

### *Satisfaction of Conditions Precedent*

77.   While Plaintiff does not believe that the pre-suit notice requirements of Fla. Stat. §448.110(6) are constitutional, Plaintiff nevertheless complied with these requirements by serving Defendants with the notice required by the FMWA on November 10, 2022, and on December 8, 2022.

78.   Defendants thereafter failed to resolve the FMWA claims to the Plaintiff's satisfaction within the time permitted by law.

### *Class Action Allegations*

79.   Plaintiff seeks to bring this Count II on a class basis because, during the last five years, other he and other captains, servers, and bussers were subjected to the same wrongful pay practices and policies that operated to deprive him and the others similarly situated of the minimum wage guaranteed by Florida law.

80.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of and is a member of the following putative class that he seeks to represent:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

All persons who worked, were employed by, or engaged as captains, servers, and/or bussers by 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, at Kiki On The River, any time during the five (5) years prior to the filing of the Complaint and up through the rendition of a judgment in this matter.

81.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's immediate family.

82.     This Count II is properly maintainable on a class basis pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

    a.  <u>Numerosity</u>:   This Count II satisfies numerosity. The class defined above is sufficiently numerous that separate joinder of each member is impracticable, as the Class will be comprised of more than fifty (50) class members. Though the exact number and identity of Class members are not presently known, they can be identified through the records in Defendants' possession, custody, and control.

    b.  <u>Commonality</u>:  The named Plaintiff's claims in Count II raise questions of law and fact common to each member of the class, which include, but are not limited to:

        i.   whether Defendants paid a direct hourly wage below the minimum wage required by the FMWA;

        ii.  whether Defendants supplemented the direct hourly wage paid to their tipped employees with a portion of the service charges collected and with the tips collected;

        iii. whether Defendants collected tips/overtips from patrons who paid upon completion of their dining;

        iv.  whether Defendants allowed patrons to accumulate bills into "house accounts:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

     v.   whether Defendants collected tips/overtips when patrons settled their "house accounts";

     vi.   whether Defendants took control over and pooled the tops/overtips left for their tipped employees;

    vii.   whether Defendants were required to distribute the tips/overtips they received to their employees;

   viii.   whether Defendants improperly retained any portion of the tips/overtips they collected;

    ix.   whether Defendants improperly distributed any portion of the tips/overtips to managers or traditionally non-tipped employees;

     x.   whether tips/overtips are included within the definition of minimum wages under the FMWA;

    xi.   whether Defendants owe any tips/overtips; and

    xii.   whether Defendants' conduct willfully violated the FMWA.

c.   Defendants' defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

d.   <u>Typicality</u>:  The named Plaintiff's claims in Count II are typical of the claims of the class members because the representative Plaintiff, like all members of the Class, worked as a captain and as a server who was paid a direct hourly wage that was below the applicable minimum wage required by the FMWA, received tips and/or overtips, and who did not receive all of the wages he earned due to the same and/or similar policies applied to all other captains, servers, and bussers who also were paid a direct hourly wage below the applicable Florida minimum wage and who received tips from a "tip pool" comprised of tips and/or overtips while working for Defendants during the past five years.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e. <u>Adequacy</u>: Plaintiff will vigorously pursue the claims alleged in Count II on behalf of himself and other similarly situated captains, servers, and bussers. Neither the Plaintiff nor his claims have any adverse interests to the proposed absent class members because he asserts the same claims under Florida law (FMWA) and seeks the same relief as would the Class members if each were to bring a similar action individually. Plaintiff will adequately protect and represent the interests of each Class member. Furthermore, the Plaintiff's counsel is experienced in wage class actions and intimately familiar with Florida and federal wage laws.

f. <u>Predominance</u>:   Pursuant to Rule 23(b)(3), class certification of Count II is appropriate because the FMWA claim alleged on behalf of the Class, as described in Count II, predominates over any question of law or fact affecting only individual members of the Class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to the Plaintiff as well as every other member of the proposed Class.

g. <u>Superiority</u>:   Class representation is superior to other available methods for the fair and efficient adjudication of the FMWA claim at Count II for a number of reasons including, but not limited to, the following: (1) the FMWA claim at Count II challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for Defendants for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members do not have the resources to bring

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

their claims individually; (4) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

83.     Notice of the Court's certification of Count II as a Class Action and of any result or resolution of Count II can be provided to Class members by first-class mail, email, by the provision of notice in the paychecks/stubs to class members still employed by Defendants, by publication, and/or such other methods of notice as deemed appropriate by the Court.

### *The Law*

84.     The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services to avoid economic hardship." Fla. Const., Art. X, §24(a).

85.     Plaintiff and those similarly situated are/were entitled to be paid at least the minimum wage established by the Florida Minimum Wage Act. Fla. Stat. §448.110; and Art. X, §24, Fla. Const.

86.     The Florida Constitution, in Article X, Section 24, states that "the terms 'Employer,' 'Employee' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations."

87.     The FLSA permits employers to consider part of the gratuities left by customers (tips and/or overtips) as part of the wages paid to their employees for purposes of satisfying the minimum wage requirements, 29 U.S.C. §203(m)(2)(A), and the FMWA incorporates that definition of "wage". Art. X, §24(b) and (c).

88.     The Florida Minimum Wage Act, specifically provides that, "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." Art. X, §24(c).

## COUNT II<sub>A</sub>

## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
## (450 NORTH RIVER DRIVE, LLC)

89.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 77 through 88 as set forth fully herein and further alleges as follows:

### *Liability*

90.     Defendant, 450 North River Drive, LLC, paid Plaintiff and the other similarly situated captains, servers, and bussers a direct hourly wage that was below the direct minimum hourly wage required by the FMWA.

91.     Defendant, 450 North River Drive, LLC, supplemented the direct hourly wage it paid to Plaintiff and the other similarly situated captains, servers, and bussers by distributing a portion of the service charges it collected and by distributing a portion of the tips and overtips it collected and controlled to its tipped employees.

92.     Defendant, 450 North River Drive, LLC, violated the FMWA by paying a "tip credit" wage but retaining a portion of the tips and/or overtips patrons left for their tipped

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

employees and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

93.     As a direct and proximate result of Defendant, 450 North River Drive, LLC's retaining a portion of the tips and/or overtips received by its tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendant, 450 North River Drive, LLC, violated the FMWA.

94.     Plaintiff and the Class are entitled to payment of all tips and/or overtips that Defendant, 450 North River Drive, LLC, improperly retained and/or that Defendant, 450 North River Drive, LLC improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

95.     Defendant, 450 North River Drive, LLC, willfully and intentionally refused to pay Plaintiff and the Class all tips and overtips they earned/received during the relevant time.

96.     Defendant, 450 North River Drive, LLC, either knew from prior experience as a result of its being previously sued for improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ (a) violated the FLSA and therefore the FMWA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then it failed to timely correct its violation(s) of the FMWA.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT II_B

## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
## (RJ RIVER, LLC)

97.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 77 through 88 as set forth fully herein and further alleges as follows:

### *Liability*

98.     Defendant, RJ River, LLC, paid Plaintiff and the other similarly situated captains, servers, and bussers a direct hourly wage that was below the direct minimum hourly wage required by the FMWA.

99.     Defendant, RJ River, LLC, supplemented the direct hourly wage it paid to Plaintiff and the other similarly situated captains, servers, and bussers by distributing a portion of the service charges it collected and by distributing a portion of the tips and overtips it collected and controlled to its tipped employees.

100.    Defendant, RJ River, LLC, violated the FMWA by paying a "tip credit" wage and then retaining a portion of the tips and/or overtips patrons left for their tipped employees and/or by distributing such tips and/or overtips to traditionally tips and/or overtips non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

101.    As a direct and proximate result of Defendant, RJ River, LLC's retaining a portion of the tips and/or overtips received by its tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendant, RJ River, LLC, violated the FMWA.

102.    Plaintiff and the Class are entitled to payment of all tips and overtips that Defendant, RJ River, LLC, improperly retained and/or that Defendant, RJ River, LLC,

24

improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

103.    Defendant, RJ River, LLC, willfully and intentionally refused to pay Plaintiff and the Class all the tips and overtips they earned/received during the relevant time.

104.    Defendant, RJ River, LLC, either knew from prior experience as a result of its being previously sued for improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ (a) violated the FLSA and therefore the FMWA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then it failed to timely correct its violation(s) of the FMWA.

**COUNT II<sub>C</sub>**

**VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT**
**(ROMAN JONES)**

105.    Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 77 through 88 as set forth fully herein and further alleges as follows:

106.    Defendant, Roman Jones, is an officer, director, member, and/or managing member of Defendants, 450 North River Drive, LLC and RJ River, LLC.

107.    Defendant, Roman Jones, had operational control over Defendants, 450 North River Drive, LLC and RJ River, LLC, and is jointly liable for the damages sustained by Plaintiff and the other similarly situated captains, bussers, and servers he employed at "Kiki on the River".

108.    Defendant, Roman Jones, made significant operational decisions on behalf of

25

Defendants, 450 North River Drive, LLC and RJ River, LLC, he had signatory authority for them, and he maintained the right to hire, fire, and make decisions regarding the employment of Plaintiff and the other similarly situated captains, servers, and bussers at "Kiki on the River".

### *Liability*

109.   Defendants paid Plaintiff and the other similarly situated captains, servers, and bussers a direct hourly wage that was below the direct minimum hourly wage required by the FMWA.

110.   Defendants supplemented the direct hourly wage it paid to Plaintiff and the other similarly situated captains, servers, and bussers by distributing a portion of the service charges it collected and by distributing a portion of the tips and overtips it collected and controlled to its tipped employees.

111.   Defendant, Roman Jones, violated the FMWA by retaining a portion of the tips and/or overtips patrons left for their tipped employees and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

112.   As a direct and proximate result of Defendant, Roman Jones' retaining, receiving, and/or distributing a portion of the tips and/or overtips that should have been paid only to traditionally non-tipped employees, Defendant, Roman Jones, violated the FMWA.

113.   Plaintiff and the Class are entitled to payment of all tips and overtips that Defendant, Roman Jones, improperly retained, received, and/or that he improperly distributed to traditionally non-tipped employees.

114.   Defendant, Roman Jones, willfully and intentionally refused to pay Plaintiff and the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Class all the tips and overtips they earned/received during the relevant time.

115.    Defendant, Roman Jones, either knew from prior experience as a result of his having been previously sued for improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ (a) violated the FLSA and therefore the FMWA, (b) he either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) he either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then he failed to timely correct his violation(s) of the FMWA.

**COUNT II**

**PRAYER FOR RELIEF**

116.    Plaintiff and the Class are entitled to a back pay award of tips and overtips they earned, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in their favor and in favor of the Class, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, jointly and severally, after trial by jury and as follows:

    a.   Certifying this Count II as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) by Octavio Collado on behalf of the Class;

    b.   Designating Plaintiff as the representative for the Class;

    c.   Designating the undersigned as counsel for the Class;

    d.   Awarding Plaintiff and the Class the tips and overtips improperly withheld/distributed - and an additional equal amount as liquidated damages, pursuant to the FMWA;

    e.   Issuing a declaratory judgment that the practices complained of herein are unlawful under the FMWA;

27

f.  Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g.  Awarding pre-judgment and post-judgment interest as provided by law;

h.  Awarding reasonable attorneys' fees and costs;

i.  Declaring Defendants to be in willful violation of the minimum wage provisions of the FMWA;

j.  Declaring that the statute of limitations should be five (5) or more years and/or that the limitations should be tolled, as appropriate; and

k.  Awarding such other and further relief that this Court deems appropriate.

## COUNT III − FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES

117.  Florida law considers tips to be "wages". *See* Fla. Stat. §443.1217 ("wages… include tips or gratuities" for purposes of reemployment assistance); and *Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257, at \*5 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021) ("In this instance, Hamann seeks her unpaid tips pursuant to Section 448.08. Hamann is entitled to such money as unpaid wages under Florida common law.")(*citing Coleman v. City of Hialeah*, 525 So. 2d 435, 437 (Fla. 3d DCA 1988) (defining "wages" to include "tips").)

118.  In this Count III, Plaintiff seeks recovery of "wages" under the common law of Florida for himself and others similarly situated, for the tips and overtips that Defendants improperly retained and/or distributed. *See Pastrana v. Level Up Fitness, LLC*, 2021 WL 5631776, at \*4 (S.D. Fla. Dec. 1, 2021) (recognizing claims for unpaid wages under Florida common law.

### *Satisfaction of Conditions Precedent*

119.  Plaintiff complied with all conditions precedent to bringing his claim under the common law of Florida, as the common law of Florida imposes no condition precedent to bringing

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

a lawsuit for unpaid wages.

*** Class Action Allegations ***

120.    Plaintiff seeks to bring this Count III on a class basis because, during the last four

years, he and other captains, servers, and busses were subjected to the same wrongful pay practices

and policies that deprived them and the others similarly situated of the wages (tips and overtips)

they were entitled to receive according to the common law of Florida.

121.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks

certification of and is a member of the following putative class that he seeks to represent:

> All persons who worked, were employed by, or engaged as captains, servers, and/or bussers
> by 450 North River Drive, LLC, RJ River, LLC, and Roman Jones at Kiki On The River
> any time during the four (4) years prior to the filing of the Complaint and up through the
> rendition of a judgment in this matter.

122.    Subject to additional information obtained through further investigation and

discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

amended complaint. Specifically excluded from the Class are Defendants, their officers, directors,

agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's

immediate family.

123.    This Count III is properly maintainable on a class basis pursuant to Federal Rule

of Civil Procedure 23(a) and 23b)(3).

a.    <u>Numerosity</u>:   This Count III satisfies numerosity. The class defined above is

sufficiently numerous that separate joinder of each member is impracticable, as the

Class will be comprised of more than fifty (50) Class members from the last four

years. Though the exact number and identity of Class members is not presently

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

known, they can be identified through the records in Defendants' possession, custody, and control.

b.  <u>Commonality</u>:  The named Plaintiff's claims in Count III raise questions of law and fact common to each member of the class, which include, but are not limited to:

    i.  whether Defendants collected tips/overtips from patrons who paid upon completion of their dining;

    ii.  whether Defendants allowed patrons to accumulate bills into "house accounts:

    iii.  whether Defendants collected tips/overtips when patrons settled their "house accounts";

    iv.  whether Defendants were required to distribute the tips/overtips they received to their employees;

    v.  whether the tips/overtips are considered "wages" under Florida common law;

    vi.  whether Defendants improperly retained any portion of the tips/overtips they collected;

    vii.  whether Defendants improperly distributed any portion of the tips/overtips to managers or traditionally non-tipped employees;

    viii.  whether Defendants were required to distribute all of the tips/overtips to their employees as "wages";

    ix.  whether Defendants owe any tips/overtips as wages to Plaintiff and the Class; and

    x.  whether Florida common law provides a cause of action for unpaid wages.

c.  Defendants' defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

d.  <u>Typicality</u>:  The claims of the named Plaintiff in Count III are typical of the claims of the Class members because the representative Plaintiff, like all members of the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Class, worked as a captain and as a server who was entitled to receive all of the "wages" he earned according to the common law of Florida, but who was deprived of those wages by Defendants as a result of their either retaining for themselves or improperly distributing tips and/or overtips to traditionally non-tipped employees, and by the same and/or similar policies applied to all other captains, servers, and/or bussers working at Kiki on the River.

e.  <u>Adequacy</u>: Plaintiff will vigorously pursue the claims alleged in Count III on behalf of himself and other captains, servers, and bussers similarly situated. Neither the Plaintiff nor his claims have any adverse interests to the proposed absent class members because he asserts the same claims under Florida common law and seeks the same relief as would the Class members if each were to bring a similar action individually. Plaintiff will adequately protect and represent the interests of each absent class member. Furthermore, Plaintiff's counsel is experienced in wage class actions and intimately familiar with claims for unpaid/underpaid wages under Florida law.

f.  <u>Predominance</u>:   Pursuant to Rule 23(b)(3), class certification of Count III is appropriate because the Florida common law wage claim alleged on behalf of the Class in Count III predominates over any question of law or fact affecting only individual members of the Class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to the Plaintiff as well as every other member of the proposed Class.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

g. <u>Superiority</u>: Class representation is superior to other available methods for the fair and efficient adjudication of the Florida common law claim for unpaid wages for a number of reasons including, but not limited to, the following: (1) this action challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some Class members may have only worked for Defendants for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) Class members do not have the resources to bring their claims individually; (4) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

124. Notice of the Court's certification of this Count III as a Class action and of any result or resolution of Count III can be provided to Class members by first-class mail, email, by provision of Notice of the Class Action in the paychecks/stubs issued to Class members still employed by Defendants, by publication, or such other methods of notice as deemed appropriate by the Court.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

**COUNT III$_A$**

**FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES
(450 NORTH RIVER DRIVE, LLC)**

125.    Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 117 through 124 as set forth fully herein and further alleges as follows:

*Liability*

126.    Defendant, 450 North River Drive, LLC, violated Florida common law by retaining a portion of the wages (tips and overtips that customers left for their tipped employees) and/or by distributing such wages to traditionally non-tipped employees (such as such as owners, officers, directors, partners, managers, or supervisors).

127.    As a direct and proximate result of Defendant, 450 North River Drive, LLC's either retaining for itself and/or distributing a portion of the tips and overtips to traditionally non-tipped employees, it violated Florida's common law.

128.    Plaintiff and the Class are entitled to payment of all wages (tips and overtips) that they earned but that Defendant, 450 North River Drive, LLC, improperly retained and/or distributed to traditionally non-tipped employees.

**COUNT III$_B$**

**FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES
(RJ RIVER, LLC)**

129.    Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 117 through 124 as set forth fully herein and further alleges as follows:

*Liability*

130.    Defendant, RJ River, LLC, violated Florida common law by retaining a portion of

33

the wages (tips and overtips that customers left for their tipped employees) and/or by distributing such wages to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

131.    As a direct and proximate result of Defendant, RJ River, LLC's either retaining for itself and/or distributing a portion of the tips and overtips to traditionally non-tipped employees, it violated Florida's common law.

132.    Plaintiff and the Class are entitled to payment of all wages (tips and overtips) that they earned but that Defendant, RJ River, LLC, improperly retained and/or distributed to traditionally non-tipped employees.

## COUNT III$_C$

## FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES
### (ROMAN JONES)

133.    Plaintiff reincorporates and re-alleges paragraphs 1 through 34 and 117 through 124 as set forth fully herein and further alleges as follows:

### *Liability*

134.    Defendant, Roman Jones, violated Florida common law by retaining a portion of the wages (tips and overtips that customers left for their tipped employees) and/or by distributing such wages to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

135.    As a direct and proximate result of Defendant, Roman Jones, either retaining for himself, receiving, and/or distributing a portion of the tips and overtips to traditionally non-tipped employees, he violated Florida's common law.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

136.    Plaintiff and the Class are entitled to payment of all wages (tips and overtips) that they earned but that Defendant, Roman Jones, improperly retained, received, and/or distributed to traditionally non-tipped employees

## COUNT III

## PRAYER FOR RELIEF

137.    Plaintiff and the Class are entitled to a back pay award of wages (tips and overtips) they earned under the common law of Florida, plus all attorneys' fees and costs incurred pursuant to Fla. Stat. §448.08.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in his favor and in favor of the Class, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones jointly and severally after trial by jury and as follows:

   a.  Certifying this Count III as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) by Octavio Collado on behalf of the Class;

   b.  Designating Plaintiff as the representative for the Class;

   c.  Designating the undersigned as counsel for the Class;

   d.  Awarding Plaintiff and the Class unpaid wages (the tips/overtips improperly withheld/distributed) pursuant to Fla. Stat. §448.08;

   e.  Awarding pre-judgment and post-judgment interest as provided by law;

   f.  Awarding reasonable attorneys' fees and costs pursuant to Fla. Stat. §448.08; and

   g.  Awarding such other and further relief that this Court deems appropriate.

35

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Octavio Collado, demands a trial by jury of all issues so triable.

Respectfully submitted this <u>11th</u> day of January 2023,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
<u>brian@fairlawattorney.com</u>
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:      305.230.4884
*Counsel for Plaintiff(s)*
