UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER, RJ RIVER, LLC, AND ROMAN JONES' JOINT MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file their joint motion to dismiss with prejudice the Second Amended Complaint filed by Octavio Collado ("Plaintiff"). Defendants state the following in support thereof.

**PRELIMINARY STATEMENT**

Count I of the Second Amended Complaint must be dismissed with prejudice because Plaintiff fails to sufficiently plead a federal minimum wage violation under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff focuses almost all his allegations in Count I on the purported tip retention/distribution claim and never alleges that he was paid on a tip credit basis

or that the direct hourly wage he was paid plus the percentage of the service charge he received was below the FLSA's minimum wage. Additionally, Count I is a shotgun pleading because it improperly conflates a claim for alleged unlawful tip retention/distribution with a claim for purported minimum wage violations, which are separate causes of action under the FLSA.

Count II of the Second Amended Complaint must be dismissed with prejudice because Fla. Stat. § 448.110, the Florida Minimum Wage Act (FMWA), does not provide a cause of action to recover tips that were allegedly retained/distributed unlawfully. Instead, the FMWA only creates a cause of action where an employee is paid below the applicable Florida minimum wage. As with Count I, Plaintiff failed to allege that he earned less than the applicable Florida minimum wage after adding his percentage of the mandatory service charge to the direct hourly rate he was also paid.

Count III of the Second Amended Complaint must be dismissed with prejudice because the Florida Constitution's definition of "wage" only includes tips that are part of a tip credit afforded employers to meet the state's minimum wage obligation and does not include tips that are above and beyond the tip credit. In this case, Plaintiff does not allege in Count III that he was paid on a tip credit basis or less than the applicable minimum wage under Florida or federal law **after** combining the direct hourly rate and percentage of the mandatory service charge he admits to being paid.

Finally, Counts III$_b$ and III$_c$ of the Second Amended Complaint must be dismissed with prejudice because Plaintiff improperly attempts to allege a Florida common law claim for unpaid tips (or wages) against RJ and Jones, but they are not employers under Florida common law and Plaintiff does allege the existence of a contract between himself and RJ or Jones. Thus, common law liability cannot be established based on Florida common law.

## SUMMARY OF SECOND AMENDED COMPLAINT

Kiki is a restaurant located in Miami, Florida. *See* E.C.F. No. 59 at ¶ 14. Plaintiff claims he was employed at Kiki as a server and eventually became a captain. *Id.* at ¶ 8. Plaintiff alleges he received tips from a shared or pooled arrangement. *Id.* Plaintiff alleges that Defendants improperly retained and/or distributed a portion of the tips left by patrons and seeks to recover those tips. *Id.* at ¶¶ 2-3, 32, 37, 42, 46, 49-55, 58-64, 69-76, 93-96, 101-04, 112-15, 118, 126-28, 130-32, and 134-36.

Notably, the Second Amended Complaint is devoid of any allegations expressly identifying Plaintiff's hourly pay rate when the percentage of the service charge he received is added to the direct hourly wage he was paid. Instead, Plaintiff generally claims that his "direct hourly rate" was less than the applicable federal and Florida minimum wage while admitting that his "direct hourly rate" was "supplemented by a portion of a non-discretionary service charge . . .." *Id.* at ¶ 28.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

The Federal Rules of Civil Procedure require Plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A well-pleaded complaint requires "more than labels and conclusions" and must meet the following threshold requirements to survive a motion to dismiss: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5.

3

Under *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. 662, 678 (2009) (internal citations omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012). As set forth in detail below, Plaintiff fails to satisfy this basic pleading standard and therefore, the Court should dismiss his Second Amended Complaint in its entirety and with prejudice.

### I. COUNT I MUST BE DISMISSED WITH PREJUDICE BECAUSE IT FAILS TO SUFFICIENTLY ALLEGE A MIMIMUM WAGE VIOLATION UNDER THE FLSA AND IT IS A SHOTGUN PLEADING

Count I of the Second Amended Complaint fails to allege a minimum wage violation under the FLSA because it does not claim Plaintiff was paid on a tip credit basis or that the direct hourly rate he was paid plus the percentage of the service charge he received was below the FLSA's minimum wage. *See* E.C.F. No. 59 at ¶¶ 1-76. Count I is also a shotgun pleading that must be dismissed to the extent it tries to combine a tip retention/distribution and minimum wage claim in a single count.

**A. Count I Must be Dismissed with Prejudice Because Plaintiff Still Fails to Allege he was Paid on a Tip Credit Basis.**

Plaintiff's failure to allege in Count I that Defendants took a tip credit towards the federal minimum wage bars him from claiming that the alleged unlawful tip retention/distribution claim under sections 203(m)(2)(B) and 216(b) of the FLSA is also a minimum wage violation under the statute. The significance of Plaintiff's omission is magnified by the fact that he acknowledges being paid an hourly rate and a percentage of the service charge but fails to allege that the combination of those wages does not meet the federal minimum wage. *See* E.C.F. No. 59 at ¶¶ 8, 28, 40.

Plaintiff's theory that sections 203(m)(2)(B) and 216(b) permit or require him to allege a minimum wage claim without having to specifically allege that he was paid on a tip credit basis and that his **total** hourly rate was below the federal minimum wage when combining the direct hourly rate with the percentage of the service charge is baseless and a misinterpretation of the FLSA.  Employers must pay their employees the federal minimum wage of $7.25 per hour unless the employee is exempt. *See* 29 U.S.C. § 206(a)(1)(C).  However, section 203(m)(2)(A) of the FLSA permits an employer to take a "tip credit" that allows the employer to pay its tipped employees a reduced direct wage that is supplemented by tips received from patrons to reach the federal minimum wage.  Additionally, section 203(m)(2)(B) explains that an "employer may not keep tips received by its employees for any purposes . . . **regardless** of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B) (emphasis added).  That language establishes clearly that it is unlawful for an employer to keep an employee's tips even when a tip credit is not taken.  Naturally, the FLSA creates a cause of action to protect an employee's tips when the employer does not take a tip credit and pays the employee at least the federal minimum wage.

That cause of action is found at 29 U.S.C. § 216(b), which specifically grants employees a **separate** cause of action against an employer for violating certain provisions of the FLSA, including sections 206 (minimum wage), 207 (overtime), and 203(m)(2)(B) (tip retention).  The cause of action for alleged minimum wage and overtime violations is stated as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their **unpaid minimum wages, or their unpaid overtime compensation, as the case may be**, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b) (emphasis added).  The cause of action for alleged tip retention violations is **separately** stated as follows:

5

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or the employees affected in the amount of the sum of any tip credit taken by the employer **and all such tips unlawfully kept by the employer**, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b) (emphasis added). It is clear from the previously quoted sections of the FLSA, that an alleged minimum wage violation is **not necessary** to present a cause of action to recover "tips unlawfully kept by the employer" when the employer does not take a tip credit and pays above the federal minimum wage. *See id*.

Plaintiff's contrived theory that he can or must allege a federal minimum wage claim to assert a cause of action based on section 203(m)(2)(B) has no merit. The only viable manner for Plaintiff to bring an FLSA section 206 minimum wage claim while simultaneously pursuing a section 203(m)(2)(B) cause of action is to allege that (1) Defendants took a tip credit and (2) that by taking such credit the improper retention and/or distribution of tips reduced his hourly pay below the required federal minimum wage, and then separately allege a tip retention/distribution violation. Plaintiff has failed to present such allegations in Count I and it must be dismissed for that reason. *See Rodriguez v. City Buffet Mongolian Barbeque Inc.*, No. 8:18-cv-2745-T-60CPT, 2020 U.S. Dist. LEXIS 84823, at *11–12 (M.D. Fla. Apr. 22, 2020) report and recommendations adopted, 2020 U.S. Dist. LEXIS 34187, at *1–2 (M.D. Fla. May 13, 2020) (analyzing plaintiff's minimum wage claim as a separate cause of action from his anti-tip retention claim under 29 U.S.C. § 203(m)(2)(B)).

### B. Count I Must be Dismissed with Prejudice Because Plaintiff's Minimum Wage Allegations Remain Insufficient.

Plaintiff's conclusory and general allegations in Count I that he was paid a direct hourly rate less than the applicable federal minimum wage are insufficient to state an FLSA minimum wage claim in the context of the Second Amended Complaint. Plaintiff repeatedly admits in the

Second Amended Complaint that his direct hourly rate was "supplemented by a portion of a non-discretionary service charge . . . ." *Id.* at ¶¶ 8, 28, and 40.  Despite Plaintiff's repeated admissions that the direct hourly rate was "supplemented" with a percentage of a mandatory service charge, he **never** alleges that the direct hourly rate and percentage of the service charge equaled an hourly rate below the federal minimum wage. *See* E.C.F. No. 59 at ¶¶ 1-76.  Instead, Plaintiff focuses almost all his allegations in Count I on the purported tip retention/distribution claim. *See id*. ¶¶ 2-3, 37, 42, 46, 49-55, 58-64, and 69-76.

The Second Amended Complaint is legally deficient because it impermissibly leaves to speculation whether Plaintiff was paid below the federal minimum wage **after** adding his service charge percentage to his direct hourly rate.  *See Twombly*, 550 U.S. at 555 ("Factual allegations **must** be enough to raise a right to relief above the **speculative level**.") (emphasis added); *Rodriguez*, 2020 U.S. Dist. LEXIS 84823, at *11–12 ("In order to state an FLSA minimum-wage claim, a plaintiff **must therefore plead sufficient facts** . . . to show that the defendant did not pay him this minimum hourly rate.") (emphasis added).  Accordingly, Count I of the Second Amended Complaint does not establish a minimum wage claim as currently pled.

    **C. Count I Must be Dismissed with Prejudice Because it Remains a Shotgun Pleadings.**

The Eleventh Circuit has recognized four types of such shotgun pleadings.  The first is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach County. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).  The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1321–22.  The third is a complaint that fails to "separat[e] into a different count each cause of action or claim for

relief." *Id*. at 1322–23. The fourth is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323. Moreover, Rule 10 of the Federal Rules of Civil Procedure prohibits commingling several theories of liability into a single count. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds on which each claim rests." *Id*. at 1324.

Count I of the Second Amended Complaint is a shotgun pleading because it conflates an alleged claim for improper tip retention/distribution with a minimum wage claim.[1] E.C.F. No. 59 ¶¶ 2-3, 32, 37, 42, 46, 49-55, 58-64, and 69-76; Count I Wherefore Clause subsection (d) and (i). As previously stated in Section A above, a tip retention/distribution claim is a distinct and separate cause of action from a minimum wage claim under the FLSA. *See* 29 U.S.C. 216(b). Specifically, Section 216(b) provides separate causes of action for a violation of section 206 (minimum wage), 207 (overtime), and/or 203(m)(2)(B) (tip retention). The shotgun nature of Count I makes it unclear whether Plaintiff is trying to bring a tip retention claim, minimum wage claim, or both, which is inappropriate. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) (along with violating Rule 8, "shotgun" pleadings violate the pleading requirements of *Ashcroft v. Iqbal*); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-96 (11th Cir. 2018) (discussing dismissal of "shotgun" pleadings for violating Rule 8 in the context of Rule 12(b)(6) motions); *Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210-orl-40DCI, 2017 U.S. Dist. LEXIS 221548, at *14-15 (M.D. Fla. Mar. 21, 2017 (dismissing Count III of the plaintiff's complaint for

---

[1] Plaintiff is seemingly attempting to create the appearance of a federal minimum wage claim in Count I to facilitate bringing a FMWA claim in Count II.

8

lumping together multiple claims into a single count); *Graham v. NCL (Bah.) Ltd.*, 20-22826-Civ-Scola, 2021 U.S. Dist. LEXIS 93699, at *3-6 (May 17, 2021) (same); *see also* Fed. R. Civ. P. 10(b) ("each claim founded on a separate transaction or occurrence . . . must be stated in a separate count.").

## II. COUNT II MUST BE DISMISSED WITH PREJUDICE BECAUSE THE FLORIDA MINIMUM WAGE ACT DOES NOT RECOGNIZE A CAUSE OF ACTION TO RECOVER TIPS WHEN THE EMPLOYER'S RETENTION OF TIPS DO NOT CREATE A FLORIDA MINIMUM WAGE VIOLATION

The FMWA's purpose is to "provide measures appropriate for the implementation of section 24, Art. X of the State Constitution . . .." Fla. Stat. § 448.110(2). The Florida Constitution provides that "Employers shall pay Employees Wages no less than the **Minimum Wage** for all hours worked in Florida." Fla. Const. Art. X § 24(c) (emphasis added). As Plaintiff notes in his Second Amended Complaint, Article X, Section 24 only provides that "[f]or tipped Employees meeting the eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." Fla. Const. Art. X § 24(c). However, neither section 448.110, Florida Statutes, or Article X, Section 24, of the Florida Constitution guarantee or protect an employee's tips from, or create a cause of action for, an employer's alleged improper retention/distribution of tips when it does not relate directly to a Florida minimum wage violation. In fact, the FMWA specifically states that "[t]he court shall not award any economic damages on a claim for unpaid minimum wages not expressly authorized in this section." Fla. Stat. § 448.110(6)(c)1.

As with Count I of the Second Amended Complaint, Plaintiff **never** alleges in Count II that the direct hourly rate and percentage of the service charge he was paid equaled an hourly rate below the Floride minimum wage. *See* E.C.F. No. 59 at ¶¶ 1-34 and 77-88. Plaintiff's omission

9

of such an allegation is fatal to Count II because Plaintiff specifically admits his "direct hourly rate" was "supplemented" by the amount he earned from the mandatory service charge Kiki imposed on all customers. *Id.* at ¶ 28. Without an allegation clearly claiming an FMWA minimum wage violation **after** adding the supplemented amount from the service charge percentage, Plaintiff is omitting a critical factual allegation necessary to allege a Florida minimum wage claim and place Defendants on notice regarding the basis of the purported minimum wage violation.

Moreover, the focus of Plaintiff's Second Amended Complaint, like the Amended Complaint, remains to recover tips based on the alleged unlawful retention/distribution of tips, which is unrelated to a minimum wage claim under the FMWA. Thus, allowing Plaintiff to proceed with Count II in the face of his repeated allegations establishing the Second Amended Complaint is actually about recovering tips as opposed to unpaid minimum wages, is prejudicial to Defendants where Plaintiff will seek class certification under Rule 23 of the Federal Rules of Civil Procedure based on the insufficiently pled minimum wage violation brought pursuant to the FMWA.

In closing, the FMWA only creates a cause of action when there is a violation of the Florida minimum wage. Like the issues addressed *supra*, Plaintiff has not alleged that he earned less than the applicable Florida minimum wage after adding his percentage of the mandatory service charge to the direct hourly rate he was also paid. Plaintiff's failure to make such an allegation in Count II of the Second Amended Complaint bars him from asserting a claim for a minimum wage violation under the FMWA. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Rodriguez*, 2020 U.S. Dist. LEXIS 84823, at *11–12 ("In order to state an FLSA minimum-wage claim, a plaintiff **must therefore plead sufficient facts** . . . to show that the defendant did not pay him this minimum hourly rate.")

(emphasis added). Therefore, Count II of the Second Amended Complaint must be dismissed with prejudice.

### III. COUNT III MUST BE DISMISSED WITH PREJUDICE BECAUSE THE TIPS AT ISSUE IN THIS CASE CANNOT BE DEEMED WAGES UNDER FLORIDA COMMON LAW AS A RESULT OF THE FLORIDA CONSTITUTION

The Florida Constitution expressly states that the term "'Wage' shall have the meaning[] established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. Art. X § 24(b). The FLSA defines "wage," in relevant part, as follows:

> In determining **the wage an employer is required to pay a tipped employee**, the amount paid such employee by the employee's employer shall be an amount equal to—
>
> (i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (ii) an **additional amount on account of the tips received** by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m)(2)(A)(i)-(ii) (emphasis added). Moreover, the FLSA's regulations state as follows regarding the regular rate and tips:

> Any tips received by the employee **in excess of the tip credit** need not be included in the regular rate. Such tips **are not payments made by the employer to the employee as renumeration for employment** within the meaning of the Act.

29 C.F.R. § 531.60 (emphasis added). It is clear from the FLSA's definition of "wage" and its corresponding regulation, as **expressly** adopted by the Florida Constitution, that the term "wage" only includes tips that are part of a tip credit afforded employers to meet the state's minimum wage obligation and does not include tips that are above and beyond the tip credit. *See* 29 U.S.C. § 203(m)(2)(A)(i)-(ii); 29 C.F.R. § 531.60.

11

In this case, Plaintiff does not allege in Count III that he was paid on a tip credit basis or less than the applicable minimum wage under Florida or federal law **after** combining the direct hourly rate and percentage of the mandatory service charge he admits to being paid. *See* E.C.F. No. 59 ¶¶ 1-34, 117-37. Without such allegations, Count III fails to establish that Plaintiff was paid below the applicable minimum wage and on a tip credit basis to make up the difference pursuant to Florida and federal law. Plaintiff's conclusory and misleading allegations suggesting the contrary are insufficient. *See Chaparro*, 693 F.3d at 1333 ("if allegations are indeed more conclusory than factual, then the court does not have to assume their truth")

Thus, the tips at issue in this case are excluded from the term "wage" under the Florida Constitution and FMWA because Count III does not allege that Plaintiff was actually paid below minimum wage and on a tip credit basis. *See* E.C.F. No. 59 ¶¶ 1-34, 117-37. It follows logically that Florida's common law is construed consistent with the Florida Constitution's meaning of the term "wage," which **excludes** the tips at issue in this case as alleged in Count III where they are above and beyond the tip credit. *See State ex rel. Clayton v. Bd. of Regents*, 635 So. 2d 937, 938 (Fla. 1994) ("For a principle of law to be governed by the common law in Florida, that principle . . . must not be inconsistent wit]h the constitution and laws of the United States or the acts of the legislature of this State."); *see also* 29 C.F.R. § 531.60 ("tips received by the employee in excess of the tip credit . . . are not payments made by the employer to the employee as renumeration for employment").

Plaintiff's reliance on *Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589, 2021 U.S. Dist. LEXIS 64142 (M.D. Fla. Mar. 31, 2021) report and recommendations adopted, 2021 U.S. Dist. LEXIS 75564 (M.D. Fla. Apr. 20, 2021) to support his claim that Florida common law includes tips within the term "wages" is misplaced. In *Hamann*, the Middle District of Florida held

that plaintiff established a claim for unpaid tips under Florida common law because the term "wages" is construed broadly to mean all compensation paid by an employer for performance of services by an employee. 2021 U.S. Dist. LEXIS 64142 at *11. It is clear from the Florida Constitution's definition of "wage" and the Second Amended Complaint's omission of allegations suggesting Plaintiff was paid on a tip credit basis, that the tips at issue cannot be viewed as compensation paid by an employer for performance of services by an employee. *See* 29 C.F.R. § 531.60 ("Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not payments made by the employer to the employee as renumeration for employment within the meaning of the Act."); 29 U.S.C. § 207(e)(1) ("As used in this section the 'regular rate' . . . shall not be deemed to include - (1) sums paid as gifts . . . as a reward for service[.]"); 29 C.F.R. § 531.52(a) ("A tip is a sum presented by a customer as a gift or gratuity in recognition for some service performed for the customer. . . . Whether a tip is to be given, and its amounts, are matters determined solely by the customer.").

Moreover, the *Hamann* court relied on distinguishable dicta from cases arising in the Middle District of Florida and the Florida Third District Court of Appeal that do not pertain to tips. Specifically, the *Hamann* court cited to *Short v. Bryn Alan Studios, Inc.*, No. 8:08-CV-145-T-30TGW, 2008 U.S. Dist. LEXIS 42308, at *3 (M.D. Fla. May 28, 2008) and *Coleman v. City of Hialeah*, 525 So.2d 435, 436–37 (Fla. 3d DCA 1988). Notably, *Short* is a non-binding opinion in which the plaintiff was seeking unpaid "sitting fees, commissions and/or bonuses, and accrued vacation pay, as well as an award of attorney's fees." 2008 U.S. Dist. LEXIS 42308, at *3. The court in *Short* did not address tips being classified as wages, and merely mentioned in a footnote that Black's Law Dictionary included the term "tips" in its definition of compensation. 2008 U.S. Dist. LEXIS 42308, at *n. 4. Similarly, *Coleman* does not relate to an employer's failure to

13

distribute employee tips. 525 So.2d at 437–38. In *Coleman*, the plaintiff filed a lawsuit to collect employee disability benefits that he claimed were owed to him as a disabled police officer. *Id.* at 435. Again, the only reference to tips in the *Coleman* case comes from the court citing Black's Law Dictionary's definition of the term "wages." *Id.* at 436–37. Significantly, the *Short* opinion does not reference the Florida Constitution's meaning of "wage" as only encompassing tips received as part of an employer's tip credit and the *Coleman* case was decided prior to the effective date of the Florida Constitution's minimum wage amendment on May 2, 2005. Thus, Count III of the Second Amended Complaint must be dismissed with prejudice for the forgoing reasons.

### IV. COUNTS III$_b$ AND III$_c$ MUST BE DISMISSED WITH PREJUDICE AS TO RJ RIVER, LLC, AND ROMAN JONES BECAUSE PLAINTIFF HAS NOT PLED A CAUSE OF ACTION UNDER FLORIDA COMMON LAW

Counts III$_b$ and III$_c$ attempt to allege a common law claim against RJ, and Jones as an individual, but Plaintiff has not alleged facts under Florida common law to establish that either of them entered a contract with Plaintiff. *Alban vs. 2k Clevelander LLC,* No. 17-CV-23923, 2018 U.S. Dist. LEXIS 147348, at *18 (S.D. Fla. Aug. 28, 2018) ("[u]nder Florida common law, an employee can recover unpaid wages under a breach of contract theory"); *Alfonso vs. Care First Medical Center Inc.,* No. 14-22717-CIV, 2015 U.S. Dist. LEXIS 27006, at *8 (S.D. Fla. Mar. 4, 2015) (same); *Coffie vs. Dist. Bd. Of Trustees, Miami-Dade Comm. College*, 739 So.2d 148, 149 (Fla. 3d DCA 1999) ("here the employee proceeded to trial only on common law theories of recovery - breach of contract and fraud.").

Moreover, Florida's constitution and precedent explains that "[f]or a principle of law to be governed by the common law in Florida, that principle must have existed as part of the common and statutory law of England on July 4, 1776, . . . [and] the common law principle, as it existed on July 4, 1776, must have been 'clear and free from doubt.'" *See State ex rel. Clayton*, 635 So. 2d

at 938.  Here, it is unclear there is a Florida common law claim against an alleged business owner for unpaid tips (or wages) because there is no binding precedent permitting such a cause of action. RJ and Jones have not located a Florida case holding an employer liable under the common law for unpaid wages based upon conclusory allegations that a defendant "employed" the plaintiff and there are unpaid wages in the absence of pleading breach of contract, express or implied. Accordingly, RJ and Jones cannot be held liable under Florida common law for unpaid tips (or wages) simply because Plaintiff alleges that either of them were an owner of and/or operated the restaurant where Plaintiff was employed.  *See also Culver-Taylor vs. Foster*, 2019 WL 1430402 (N.D. Fla. 2019) ("Federal courts 'are supposed to apply state law, not rewrite it.'") (*citations omitted*).

Plaintiff has not alleged that RJ or Jones entered a contract with him for employment.  To assert a claim based on breach of a contract, the plaintiff must allege the existence of "(1) a valid contract; (2) a material breach; and (3) damages."  *Beck vs. Lazard Fresres & Co. LLC*, 175 F.3d 913, 914 (11th Cir. 1999); *Gelfound vs. Metlife Insurance Company of Connecticut*, 998 F. Supp. 2d 1356, 1359 (S.D. Fla. 2014).  "To prove the existence of a contract, Plaintiff must come forward with evidence of an offer, an acceptance, consideration, and specific contractual terms." *Washington vs. School Board of Hillsborough County*, 731 F. Supp. 2d 1309, 1320 (M.D. Fla. 2010) (*citing W.R. Townsend Contracting Inc., vs. Jensen Civil Construction Inc.,* 728 So.2d 297, 299 (Fla. 1st DCA 1999)).  Plaintiff has not alleged the existence of a contract between himself and RJ or Jones or any other required *prima facie* prong.  Plaintiff's failure to plead the elements necessary to establish a contract between himself and RJ or Jones bars his claim for unpaid tips (or wages) against RJ and Jones individually.  As a result, Counts III$_b$ and III$_c$ of the Second Amended Complaint must be dismissed with prejudice.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## **CONCLUSION**

Based upon the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River, LLC, and Roman Jones respectfully requests that this Honorable Court enter an order: (1) dismissing Plaintiff's Second Amended Complaint with prejudice; (2) awarding Defendants their attorney fees and costs incurred in connection with this motion; and (3) granting such other and further relief as this Court deems just and proper.

Dated: January 25, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600 | Levine & Partners, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352 |
| /s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email: rey.velazquez@jacksonlewis.com<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: roman.sarangoulis@jacksonlewis.com | /s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: asr@levinelawfirm.com<br>*Counsel for RJ River, LLC* |
| *Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served on January 25, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## **SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*