UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND ROMAN JONES,

    Defendants.
_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

### I. INTRODUCTION

Plaintiff, Octavio Collado, pursues this case for himself and the other similarly situated tipped employees who worked at the Defendants' restaurant to recover the tips that Defendants improperly retained, received, and/or distributed. [ECF No. 59.] Each Defendant filed an Answer to the initial Complaint. [ECF Nos. 1, 27, 28.] The initial Complaint and Count I of the Second Amended Complaint both allege a violation of the FLSA's minimum wage requirements through tip confiscation prohibited by 29 U.S.C. §203(m)(2)(B). [*Compare* ECF No. 1 with No. 61 at Count I.] Having realized the amount of money involved for the tips at issue, Defendants now contend that Count I is a "shotgun pleading", that a Plaintiff cannot only seek to recover tips under the FLSA, that the Florida Minimum Wage Act does not permit the recovery of only tips, and that Florida law does not consider tips to be "wages". [ECF No. 63.] In sum, the Defendants are wrong on all accounts, and their Motion is properly denied.

1

## II. THE SECOND AMENDED COMPLAINT

The Second Amended Complaint complies with Fed. R. Civ. P. 8 by containing a "short and plain statement of the claim" and with Fed. R. Civ. P. 10(b) by stating each claim "in a separate count" for each Defendant. Mr. Collado drafted his complaint to avoid the redundancy caused by reiterating the same basic factual allegations in successive counts by providing preliminary information in paragraphs 1 through 34 followed by three separate Counts:

<blockquote>

Count I: A proposed "opt-in" collective action for the recovery of the tips/overtips that Defendants improperly distributed pursuant to 29 U.S.C. §216(b); see also *Lopez v. Fun Eats and Drinks, LLC*, 2021 WL 5302361 (N.D. Tex. 2021);

Count II: A proposed Rule 23 class action to address Defendants' violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 et seq., in conjunction with Article X, Section 24 of the Florida Constitution; and

Count III: A proposed Rule 23 class action for unpaid wages under Florida common law to address Defendants' improper distribution of the wages (tips/overtips) earned by Plaintiff and the class, as well as their attorneys' fees pursuant to Fla. Stat. §448.08. *See Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257 (M.D. Fla. 2021).

</blockquote>

[ECF No. 59 at ¶2.] The Second Amended Complaint includes two additionl claims under Florida state law involving the FMWA and Florida common law at Counts II and III.[1] Count I is unchanged and remains a claim for recovery of the tips improperly distributed by Defendants pursuant to the FLSA. [ECF Nos. 1, 63.] Defendants did not previously challenge the allegations in Count I and so they waived their challenges to its viability. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("the filing of an amended complaint does not automatically

---

[1] Mr. Collado included all Defendants in each Count due to the imposition of joint and several liability provided by the FLSA and the FMWA. *See Manfred v. Bennett Law, PLLC*, 2012 WL 6102071, at *3 (S.D. Fla. Dec. 7, 2012) (denying motion to dismiss for failing to plead separate claims against each Defendant due to allegations of "joint and several liability"). Mr. Collado opted for brevity in his Amended Complaint but included separate sub-counts directed to each Defendant based on the Motion to Dismiss filed by RJ River, LLC. [ECF No. 56.]

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

revive all defenses or objections that the defendant may have waived in response to the initial complaint.") Although Defendants can challenge Counts II and III as new claims, they waived their challenge to Count I by filing Answers to the initial Complaint. [ECF Nos. 27, 28.]

### III. ARGUMENT

Mr. Collado seeks to recover from Defendants the tips they improperly retained, received, distributed, and/or disbursed. [ECF No. 63, *passim*.] Defendants ignore the allegations in the Second Amended Complaint, just like they ignore the law, in trying to persuade the Court that a dismissal with prejudice is appropriate. As the first time that the Court will decide the viability of the operative pleading in this case, dismissal with prejudice is not appropriate, and any dismissal should provide Mr. Collado with leave to amend to the extent the Court finds any deficiency.

The main differences between the three causes of action at issue in the Second Amended Complaint relate to the availability of liquidated damages (equal to the tips improperly distributed under the FLSA and FMWA), the applicable statute of limitations (2 and 3 years under the FLSA, 4 and 5 years under the FMWA, and 4 years under Florida common law), and the mechanism for prosecuting the claims on behalf of others (as a collective action under §216(b) of the FLSA and as a class action under Rule 23 for the FMWA and Florida common law claims.

### Count II – The FMWA Tip Confiscation Claim – Is Viable As Pled

The Florida Minimum Wage Act ("FMWA") is codified in Art. X, §24(b), Fla. Const., and in Fla. Stat. §448.110. The FMWA incorporates the definition of "wages" provided by the FLSA at Art. X, §24(b). The FLSA considers tips as part of the wages that an employer pays a tipped employee for purposes of determining whether a minimum wage violation occurred. *Biller v. Cafe Luna of Naples, Inc.*, 2017 WL 11633268, at *4 (M.D. Fla. Feb. 7, 2017) ("Employers can factor the employee's tips into the calculation of the employee's wages.") (*Citing* 29 U.S.C. § 203(m); and 29

3

C.F.R. § 531.51.) The FLSA prohibits employers from retaining or improperly distributing tips in the same statutory section in which the term "wages" is defined. *See* 29 U.S.C. §203(m). The FMWA provides a private right of action to tipped employees whose tips are improperly taken or distributed by an employer. Fla. Stat. §448.110. Since tips are considered part of the minimum guaranteed wages under the FLSA, the improper confiscation of tips by an employer in Florida also is actionable under the FMWA.

### Count III – The Florida Common Law Claim – Is Properly Pled

Florida common law provides a remedy for an employee to recover the tips improperly retained or distributed by an employer. *See Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257, at *5 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021).

### A. Defendants' Motion Is Properly Denied As To Count I.

#### 1. Count I meets or exceeds the standard for pleading an FLSA claim.

The Eleventh Circuit Court of Appeals explained that FLSA claims are not difficult or exacting to plead in *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008):

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.

In line with this reasoning, the Middle District Court in *Horwitz v. 13 Cafe & Lounge, Inc.*, 2010 WL 5262772 (M.D. Fla. 2010), recognized as follows:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation omitted). For an alleged FLSA violation, as in the instant case, these pleading requirements are

4

simple and straightforward. *See Sec. of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir.2008).

The Eleventh Circuit later clarified that stating a claim under the FLSA merely requires that, "The facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of [Defendants'] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Stating a claim under the FLSA merely involves alleging facts supporting each of the necessary elements:

> To establish a claim under FLSA, Plaintiff must demonstrate that Defendants employed her, that Defendant is an enterprise engaged in interstate commerce, that Plaintiff worked in excess of a 40–hour week and Defendants did not pay her overtime wages or a minimum wage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir.2008).

*Dubyk v. RLF Pizza, Inc.*, 2014 WL 1153044 (S.D. Fla. 2014) (denying motion to dismiss FLSA claim for failure to state a cause of action); *accord Mullins v. Posh Potties, LLC*, 2013 WL 5728105 (S.D. Fla. 2013). Defendants do not contend that Mr. Collado failed to allege that he was a tipped employee, that Defendants paid him an hourly wage that was less than the minimum wage, that they also paid him a portion of the service charge, and that he was entitled to receive tips. Instead, they ask the Court to require hyper-detailed facts beyond those necessary to state a prima facie claim under the FLSA instead of obtaining this information through discovery.

    2.    <u>Count I clearly alleges the claim asserted against Defendants as one to recover tips pursuant to §203(m)(2)(B) and §216(b) of the FLSA and is not a "shotgun pleading".</u>

Defendants contend that Count I is a shotgun pleading "to the extent it tries to combine a tip retention/distribution and minimum wage claim in a single count". [ECF No. 63 at 4.] Defendants misread Count I to include a claim that is not present – notably a claim for the difference between the hourly rate paid and the applicable minimum wage – as a basis for dismissal of Count I. Defendants' imaginative argument lacks merit and does not support a finding that

5

Count I is defective. There is nothing within Count I from which an intelligent reader could glean that Mr. Collado seeks to recover for anything other than the tips improperly retained, received, and/or distributed (and liquidated damages based thereon). [ECF No. 63 at ¶¶33, 53, 62, 73, 76.] Mr. Collado clearly and specifically alleged *how* and *why* Defendants violated §203(m)(2)(B) and for which he seeks to recover the tips at issue, liquidated damages, and his attorneys' fees and costs pursuant to §216(b) for himself and others similarly situated. [ECF No. 63 at ¶76: "Plaintiff and the Collective are entitled to a back pay award of the tips and overtips they earned but that Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred."] The *ad damnum* clause of Count I seeks the same.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit Court of Appeals identified four types of shotgun pleadings. *Id.* Defendants argue that the Second Amended Complaint must be dismissed without identifying which of the four infirmities they claim it suffers from. The irony.

Defendants seemingly argue that the Second Amended Complaint falls into the third category, "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.*, 1322–23. They argue that Count I is violative of Rule 8 by not separating a claim for the difference between the reduced hourly wage paid and the federal minimum wage from a claim for tip confiscation. The Defendants' argument is based on a misreading of the allegations of Count I, which does fall into any of the enumerated categories of "shotgun pleadings", and so their motion is properly denied.

> **The amended complaint fits none of those categories**. Carnival's primary concern—that the titles of the two counts imply that the Plaintiff brings claims for direct negligence, while the bodies of the two counts suggest that the Plaintiff is at least in part pursuing claims for vicarious liability—does not fall within the ambit of shotgun pleadings. (Mot. at 4-5); *Weiland*, 792 F.3d at 1321-23. **While the Plaintiff's mistitling of the two vicarious liability counts as claims for "negligence" on its own could be confusing, <u>the supporting paragraphs of both counts make clear that the Plaintiff pleads claims for vicarious liability</u>. The amended complaint is not a shotgun pleading, and the Court will not dismiss it as such**. [*Emphasis added*.]

*Mclean v. Carnival Corp.*, 2023 WL 372061, at *2 (S.D. Fla. Jan. 24, 2023).

Mr. Collado specifically, repeatedly, and solely seeks recovery of the tips (including the overtips) that Defendants improperly withheld and/or distributed under §203(m)(2)(B)) in Count I. Mr. Collado alleges in Count I that he seeks "to recover as damages all tips and overtips" that Defendants "improperly retained, received, and/or … improperly distributed." [ECF No. 59 at ¶¶33, 53, 62, 73.] Paragraphs 33, 53, 62, and 73 of Count I confirm that the *only* claim is for the tips (including overtips) that Defendants "improperly retained, received, and/or … improperly distributed". *Id.* Mr. Collado specifies the prohibition on tip retention proscribed by 29 U.S.C. §203(m)(2)(B) in paragraphs 50, 59, and 70 of Count I. *Id.* Mr. Collado seeks to impose liability on Defendants for and to recover the tips (and overtips) that Defendants "improperly retained/received/distributed". *Id.*, at ¶76. Even if Mr. Collado sought to recover the difference in the hourly wage paid and the tips improperly retained, which he does not, doing so would not have violated Rule 8. *See e.g.., Hoenninger v. Leasing Enterprises, Ltd.*, 803 Fed. Appx. 756, 759 (5th Cir. 2020) ("If an employer violates FLSA by keeping tips paid to employees, it 'shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.'") (*Citing* 29 U.S.C. § 216(b).)

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

      3.    <u>Mr. Collado states a cause of action for failure to pay a least a minimum wage under the FLSA by alleging a violation of 29 U.S.C. §203(m)(2)(B).</u>

The FLSA, at 29 U.S.C. §203(m)(2)(B), expanded the prohibition against employers from keeping their employees' tips to precluding employers from distributing tips to traditionally non-tipped managerial or supervisory employees.

> **Prior to March 23, 2018, only employers were prohibited from participating in a tip pool**. *Cf. Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1361–62 (M.D. Fla. 2016) ("[S]ection 203(m) effectively prohibits any arrangement or agreement between an employer and employee whereby any portion of the employee's tips becomes the property of the employer."). However, **after March 23, 2018, 29 U.S.C. § 203(m) was modified to prohibit managers and supervisors from participating in a tip pool**. *See* 29 U.S.C. § 203(m)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips regardless of whether or not the employer takes a tip credit.") (effective March 23, 2018); *see also Miller v. Garibaldi's Inc.*, No. CV414-007, 2018 WL 1567856, at *4 (S.D. Ga. Mar. 30, 2018). [*Emphasis added.*]

*Duren v. Int'l Follies, Inc.*, 2021 WL 9274495, at *9 (N.D. Ga. July 12, 2021). The FLSA explicitly provides a claim for recovery of tips distributed to managers/supervisory that was not unavailable before the 2018 amendment. *See Malivuk v. Ameripark, LLC*, 694 Fed. Appx. 705, 708 (11th Cir. 2017).

Defendants advance the mistaken proposition that the *only* way to seek relief through 29 U.S.C. §§203(m)(2)(B) and 216(b) is by alleging the failure to pay at least the federal minimum wage, despite the clear statutory language to the contrary. Congress amended 29 U.S.C. §203(m) in April of 2018 to specifically codify the prohibition against employers retaining any portion of the tips (or overtips) earned by their employees at 29 U.S.C. §203(m)(ii)(B), regardless of whether a tip credit has been taken or not:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**. [*Emphasis added.*]

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

The impact of §203(m)(2)(B) is to provide a remedy to recover confiscated or improperly distributed tips whether the employer uses those tips towards tip credit or not.

Congress simultaneously amended 29 U.S.C. §216(b) to provide a cause of action and to specify the damages recoverable when an employer improperly keeps or distributes tips:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. **Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages**. An action to recover [for such] liability ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees **for and in behalf of himself or themselves and other employees similarly situated**. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. [*Emphasis added*.]

"Through the amendment, Congress added a cause of action under the FLSA for employees whose tips are taken by their employers." *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 232 (3d Cir. 2019). Defendants contend that Count I is mislabeled, an argument disputed by Mr. Collado, but which if true would not require dismissal. *Auto-Owners Ins. Co. v. Triple P Const. Inc.*, 2009 WL 1457115, at *1 (N.D. Fla. May 23, 2009) ("mislabeling ordinarily is not a basis for dismissing a claim").

Defendants' gripe appears to be with the title given to Count I, but "That which we call a rose by any other name would smell as sweet". *Ideal Image Dev. Corp. v. Idealaser Hair Removal Corp.*, 2019 WL 3890345, at *1 (S.D. Fla. June 25, 2019) (*quoting* William Shakespeare, *Romeo and Juliet*); *see also Mclean*, 2023 WL 372061, at *2.

Ultimately, Defendants fail to provide a legitimate basis for the dismissal of Count I.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

**B.     The FMWA, By Incorporating The Definition Of Wages Provided By The FLSA, Permits A Cause Of Action For Tips Improperly Distributed As Alleged At Count II.**

Defendants request the Court to utilize a myopic reading of the FMWA in requesting the dismissal of Count II. Defendants provide the Court with no guidance, let alone citations to supportive authority, for the proposition that the FMWA does not permit a claim to recover the tips that Defendants improperly distributed. Defendants undermine their arguments for dismissal of Count II with their arguments for dismissal of Count III, and their positions cannot be reconciled.

Admittedly, whether the FMWA allows an employee may recover from an employer the tips improperly distributed appears to be an issue of first impression following the 2018 amendment of 29 U.S.C. §203(m). Few courts have faced the issue of whether a violation of §203(m)(2)(B) constitutes a violation of the minimum guaranteed wage – and there is no binding authority on the issue from any state or federal court. In addressing the interplay between §203(m)(2)(B) and the "minimum wage", at least one Court determined that the "minimum wage" includes tips. *See e.g.*, *Norsoph v. Riverside Resort & Casino, Inc.*, 2020 WL 641223, at *15 (D. Nev. Feb. 11, 2020), *amended*, 2020 WL 8571839 (D. Nev. May 21, 2020) ("the newly enacted § 203(m)(2)(B) provides a **minimum guarantee** by precluding employers from keeping employees' tips, including by sharing with management, regardless of whether the employer takes a tip credit." [*Emphasis added.*])

The starting point for the analysis is the FMWA, specifically Art. X, §24 of the Florida Constitution, which provides as follows:

> **(b) Definitions**. As used in this amendment, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations.

The FLSA's definition of "wage" is found at 29 U.S.C. §203(m). In §203(m), Congress provided a

10

lengthy definition and explanation of the term "wage" in subsections (1) and (2):

(m)

(1) "Wage" paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: Provided, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: Provided further, That the Secretary is authorized to determine the fair value of such board, lodging, or other facilities for defined classes of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee.

(2)

(A) **In determining the wage an employer is required to pay a tipped employee**, the amount paid such employee by the employee's employer shall be an amount equal to--

(i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

(ii) **an additional amount on account of the tips received by such employee** which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

(B) **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

The statutory definition of the term "wage" provided by §203 of the FLSA contemplates "tipped

employees" who receive "tips". "Pursuant to the FLSA, minimum wage employees who receive more than $30/month in tips are defined as tipped employees within the minimum wage system (*i.e.*, tipped minimum wage employees)" *Nail v. Shipp*, 2019 WL 3719397, at *3 (S.D. Ala. Aug. 6, 2019). Mr. Collado alleges in Count II that he was a "tipped employee" who received "tips", but that Defendant improperly retained/distributed the tips.

Whether the tips at issue are part of Mr. Collado's wages and the wages of those similarly situated is a matter to be addressed in the discovery phase of this case. The reason is because, "Employers of tipped employees may consider tips as part of the tipped employees['] wages, but employers must pay a direct reduced minimum wage if they claim a 'tip credit.'" *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (quoting 29 U.S.C. § 203(m) (footnotes omitted); *accord Chavez v. Grill Enterprises, LLC,* 2022 WL 6568970, at *16 (S.D. Fla. Aug. 15, 2022), *report and recommendation adopted*, 2022 WL 4244017 (S.D. Fla. Sept. 15, 2022).

  **C.**  **<u>Defendants' Argument That Tips Are Not Wages Under Florida Law Is Contrary To Florida Law.</u>**

"The term 'unpaid wages' is construed broadly under Florida common law.*" Pastrana v. Level Up Fitness, LLC*, 2021 WL 5631776, at *5 (S.D. Fla. Dec. 1, 2021). Notwithstanding this proposition, Defendants misdirect the Court away from the broad construction of "unpaid wages" under Florida common law and towards the FLSA and the FMWA, even though Mr. Collado does not use either as a basis for his common law claim for unpaid wages. Defendants focus their efforts on the FLSA, on the FMWA, and on trying to distinguish the cases that find "unpaid wages" to include "tips" but do so without providing the Court with any authority for finding otherwise. The obvious reason for the Defendants' failure is that the law does not support their position. Because tips are "unpaid wages" recoverable under Florida common law, Count III is viable as pled.

12

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Defendants start off not by directing the Court to any provision of Florida common law but to the FLSA. Defendants ignore the legislative and judicial consideration of tips as "wages" under Florida law to advance their bogus theory. Since Mr. Collado does not pursue Count III under the FLSA, the federal legislature's treatment of "tips" is irrelevant to Count III.

In the context of awarding attorneys' fees to an employee who prevails in an action for unpaid wages under Florida's common law pursuant to the prevailing party fee provision of Fla. Stat. §448.08, Florida appellate courts rely on the definition of "wages" contained Black's Law Dictionary 1416 (5th ed. 1979) to include tips:

> "Wages. A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.
>
>> Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses, and reasonable value of board, rent, lodging, payments in kind, **tips**, and any other similar advantage received from the individual's employer or directly with respect to work for him. (citation omitted). Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed." [*Emphasis added*.]

*Coleman v. City of Hialeah*, 525 So. 2d 435, 437 at fn. 7 (Fla. 3d DCA 1988) (*citing Ferry v. XRG Int'l, Inc.*, 492 So.2d 1101, 1103 (Fla. 4th DCA 1986), and *Gulf Solar, Inc. v. Westfall*, 447 So.2d 363, 366–67 (Fla. 2d DCA 1984).)

The District Court for the Middle District of Florida likewise found that unpaid tips are "wages" recoverable under Florida common law:

> In this instance, **Hamann seeks her unpaid tips pursuant to Section 448.08. Hamann is entitled to such money as unpaid wages under Florida common law**. *See Short v. Bryn Alan Studios, Inc.*, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008) (finding that sitting fees, commissions and/or bonuses, and accrued vacation pay are considered "wages" for purposes of Section 448.08); *see Coleman v. City of Hialeah*, 525 So.2d 435, 437 (Fla. Dist. Ct. App. 1988) (citing, among other sources, the Black's Law Dictionary definition of "wages," which includes tips, in finding that Florida courts determine that

"wages" involve some compensation paid to an employee for services rendered to his employer, including salaries, commissions, bonuses, vacation pay, and severance pay). Accordingly, Hamann additionally should be awarded $877 in unpaid tips.

*Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257, at *5 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021). Defendants take issue with *Coleman* and *Hamann* but provide no contrary legal authority to support their position.

Although Mr. Collado does not believe that the Court is constrained to analyze the Florida legislature's treatment of wages under Florida's common law, it is worth noting that the Florida legislature does not necessarily exclude tips from "wages". Section 443.1217, Florida Statutes, provides that "wages… include tips or gratuities" for purposes of reemployment assistance.

Rather than cite any case decided under Florida law, Defendants instead direct the Court to 29 C.F.R. §531.60 for the erroneous proposition that the FLSA does not consider tips "that are above and beyond the tip credit" as wages. [ECF No. 63 at 11.] The clearest way to demonstrate the fallacy in Defendants' argument is through a side-by-side comparison of Defendants' representations against the actual text of 29 C.F.R. §531.60:

| **Kiki's Citation** | **Actual Citation** |
|---|---|
| Moreover, the FLSA's regulations state as follows regarding the regular rate wage and tips: | **§ 531.60 Overtime payments.**<br><br>**When overtime is worked by a tipped employee** who is subject to the overtime pay provisions of the Act, **the employee's regular rate of pay is determined by dividing the employee's total remuneration for employment** (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid. (See part 778 of this chapter for a detailed discussion of overtime |

| | |
|---|---|
| Any tips received by the employee **in excess of the tip credit** need not be included in the regular rate. Such tips **are not payments made by the employer to the employee as renumeration for employment** within the meaning of the Act.<br><br>29 C.F.R. § 531.60 (emphasis added). | compensation under the Act.) In accordance with section 3(m)(2)(A), a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour (not in excess of the minimum wage required by section 6(a)(1) minus the cash wage paid (at least $2.13)), the reasonable cost or fair value of any facilities furnished to the employee by the employer, as authorized under section 3(m) and this part, and the cash wages including commissions and certain bonuses paid by the employer. **Any tips received by the employee in excess of the tip credit need not be included in the regular rate**. Such tips **are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act**.<br>[*Emphasis added*.] |

Defendants misconstrue 29 C.F.R. §531.60, which instructs that tips received by an employee *beyond those used to satisfy the tip credit* cannot be considered part of an employee's *regular rate of pay* when calculating the overtime rate owed to a tipped employee. *See also* 29 C.F.R. §531.59(a). In other words, what 29 C.F.R. §531.60 says is that "The same tip credit can be applied to an employer's overtime obligations." *Rosell v. VMSB, LLC*, 2021 WL 4990913, at *4 (S.D. Fla. June 22, 2021), *report and recommendation adopted*, 2022 WL 898589 (S.D. Fla. Mar. 28, 2022).

Considering that Florida common law permits an employee to recover tips as "unpaid wage", the Defendants' Motion to Dismiss directed to Count III is properly denied.

### IV.  DEFENDANTS' ARGUMENTS FOR DISMISSAL OF COUNTS III$_B$ AND III$_C$ IGNORE THAT MR. COLLADO'S COMMON LAW CLAIM FOR WAGES AGAINST THEM IS PROPER.

Two of the Defendants, RJ River, LLC, and Mr. Jones, contend that the Court should dismiss Counts III$_B$ and III$_C$ by arguing that Mr. Collado did not plead a breach of contract claim

15

against them. [ECF No. 63 at 14: "Plaintiff has not alleged facts under Florida common law to establish that either of them entered a contract with Plaintiff."] While not as prevalent in this District, claims for unpaid wages are more often litigated as viable, stand-alone claims in the Middle District of Florida. *See e.g.*, *Perez v. Mediglez Wellness Ctr., Inc.*, 2013 WL 5566183 at *4 (M.D. Fla. Oct. 8, 2013); *Mussett v. One Touch Direct. LLC*, 2016 WL 153228 at *2 (M.D. Fla. 2016)); and *Grantham v. Bayside Bus. Enterprises*, 2017 WL 11113198, at *3 (M.D. Fla. Apr. 12, 2017), *report and recommendation adopted*, 2017 WL 11113199 (M.D. Fla. May 8, 2017). The Court in *Hamann* made clear that an action for "unpaid wages" under Florida common law can properly seek tips. 2021 WL 1931257, at *5.

Common law claims for unpaid wages can be akin to claims for breach of contract. *Eldredge v. EDCare Mgmt., Inc.*, 2013 WL 6169217, at *5 (S.D. Fla. Nov. 22, 2013) (collecting cases) (dismissing complaint that comingled overtime and common law wage claim into single count). Mr. Collado alleges that Defendants agreed to pay him an hourly wage, a portion of the service charges collected, and tips. [ECF No. 59 at ¶28.] He also alleges that each of the Defendants either retained or improperly distributed the tips he should have received. *Id.*, at ¶¶130, 131, 134, 153.] These allegations against each of the individual Defendants is sufficient to state a claim for unpaid wages – even if construed as a claim for breach of contract – as demonstrated by the following:

> Florida common law permits actions to recover unpaid wages and broadly construes wages to include all compensation paid by an employer for the performance of service by an employee. *Id.* (citing *Richey v. Modular Designs. Inc.*, 879 So. 2d 665 (Fla. 1st DCA 2004); *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 366 (Fla. 2d DCA 1984)). This also includes promised, but unpaid wages. *See Hanshaw v. Veterans & Medicaid Planning Grp., PLLC*, No. 5:17-cv-410-Oc-41PRL, 2019 WL 3854986, at *5 (M.D. Fla. Mar. 28, 2019) (finding that **allegations that an employer orally promised to pay quarterly bonus to plaintiff and that plaintiff subsequently performed duties were sufficient to state a claim for unpaid wages under Florida law**). [*Emphasis added.*]

*Bonich v. NAS Component Maint., Inc.*, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020). Mr. Collado

alleged that each Defendant promised to pay him an hourly wage, a portion of the service charges, and tips – just like he alleges they promised the same payments to each of the other employees at issue. *Compare Bonich, Id.* When the allegations in Count III are measured against the applicable standard of pleading, Mr. Collado states a claim under Florida's common law for unpaid wages that survives the Defendants' request for dismissal.

## CONCLUSION

The Court properly denies the Defendants' Motion to Dismiss because the Complaint is not a shotgun pleading. Mr. Collado properly and sufficiently pled his claim for unpaid tips recoverable under the FLSA, the FMWA, and Florida's common law in separate counts as to each Defendant. For the foregoing reasons, the Defendants' Motion to Dismiss is due to be denied.

Respectfully submitted this 27th day of January 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff(s)*