UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

      Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

      Defendants.

_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER,
ROMAN JONES, AND RJ RIVER, LLC, JOINT MOTION TO COMPEL IN-
PERSON SETTLEMENT CONFERENCE**

      Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones

("Jones"), and RJ RIVER, LLC ("RJ") (collectively "Defendants"), by and through their

undersigned counsel, hereby file their joint motion to compel in-person settlement conference.

Defendants state the following in support thereof:

      1.      On February 23, 2023, Plaintiff filed a one count Collective Action Complaint

alleging Fair Labor Standards Act ("FLSA") violations. [E.C.F. No. 1].  Plaintiff subsequently

filed an Amended Complaint (E.C.F. No. 40) and Second Amended Complaint (E.C.F. No. 59)

alleging violations of the FLSA, Florida Minimum Wage Act ("FMWA"), and Florida common

law claim for unpaid wages. Defendants filed motion to dismiss the Amended Complaint and

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Second Amended Complaint in their entirety.  The Second Amended Complaint is presently pending before the court. [E.C.F. No. 63].

2.      On September 26, 2022, this Court entered its *Order Requiring Scheduling Report, Certificate of Interested Parties, and Statement of Claim and Response in FLSA Case*. [E.C.F. No. 6]. The Court's Order expressly provides that the parties must participate in a Settlement Conference with Magistrate Judge Otazo-Reyes. *Id.* at p. 4. Additionally, the Order stated that the parties' appearance at the Settlement Conference "**shall be in person**; telephonic appearance is prohibited absent court order." *Id.* (emphasis added).

3.      The parties commenced communication about the scheduling of the Settlement Conference on or about January 17, 2023, in which Plaintiff acknowledged the parties were required to participate "in person."

4.      On January 30, 2023, the parties agreed upon a date of February 15, 2023, for the Settlement Conference to take place in person.  There were never any communications about the Settlement Conference not being in person on February 15.

5.      On January 30, 2023, Plaintiff's counsel's office advised that the judge was no longer available on February 15, 2023, and proposed February 16, 2023.  On January 30, 2023, Defendants confirmed their availability on February 16, 2023, and requested that the Settlement Conference be conducted in person.

6.      On January 30, 2023, Plaintiff's counsel's office advised that it requested the conference be in person but that the Judge's chambers explained "it may not be possible but should it be possible they will set it in person."  Immediately after undersigned counsel received Plaintiff's counsel's office email suggesting they were okay with the Settlement Conference being in person and that it was up the Magistrate Judge, Plaintiff's counsel sent an email to undersigned counsel

advising he was objecting to an in-person Settlement Conference. This was the first time such a representation was conveyed to Defendants.

7.   As a result of the mix messages from Plaintiff's counsel's office and Plaintiff's counsel first communication about objecting to an in-person Settlement Conference, undersigned counsel communicated with Plaintiff's counsel on January 30, 2023, requesting the reason he and/or the Plaintiffs could not appear in person on February 16. Plaintiff's counsel did not respond to that email.

8.   On January 30, 2023, Judge Otazo-Reyes subsequently entered the Order Scheduling Settlement Conference for February 16, 2023, at 10:30 a.m. [E.C.F. No. 66]. The Order states in paragraph 1 that the Settlement Conference is "to be conducted at the C. Clyde Atkins, United States Courthouse, 301 N. Miami Avenue, 10th Floor, Miami, Florida, 33128." *Id*. at ¶ 1. However, later in paragraph 5, the order states the "[s]ettlement Conference shall be conducted via Zoom video conference." *Id.* at ¶ 5.

9.   On February 1, 2023, undersigned counsel reminded Plaintiff's counsel that the Court order directing the parties to participate in a Settlement Conference required "in person" participation in response to his request to reschedule the Settlement Conference set for February 16, 2023, because of a conflict with his schedule. Defendants agreed to resetting the Settlement Conference to February 17, 2023, but requested that the Settlement Conference be conducted in person pursuant to the Court's order.

10.   Importantly, undersigned counsel also candidly explained that Defendants strongly believe only an in-person Settlement Conference will facilitate the unfettered exchange of information, which will result in the free flowing, bilateral exchange of facts, documents, and legal positions, critical to increasing the possibility of reaching a resolution during the Settlement

Conference.  Plaintiff's counsel was also advised that Defendants would file a motion to compel the in-person Settlement Conference if Plaintiff did not agree to comply with the Court order.

11.     Plaintiff's Counsel responded to Defendants' communication and again rejected an in-person Settlement Conference because he claimed all his clients would be at his office (which is in Coral Gables), rather than the Downtown Miami Courthouse.  Among other meritless reasons also conveyed for not having the Settlement Conference in person, Plaintiff's counsel claimed that there was an altercation between one of the Plaintiffs and a Kiki's manager.   Plaintiff's counsel advised that Defendants could file their motion to compel the in-person Settlement Conference and Plaintiff would respond as appropriate.

12.     In a final effort to avoid the filing of this motion, Defendants responded and advised that they did not object to moving the Settlement Conference to February 17, but that the Settlement Conference had to be in-person as required by the Court's Order no matter the date. Defendants also conveyed that the Plaintiffs could travel to the Downtown Miami Courthouse just as easily as they could to Plaintiff's counsel's office and that the Kiki's manager involved in the alleged altercation was never going to attend the Settlement Conference.  Plaintiff did not respond to the previously referenced communication, and based on Plaintiff's prior communication to file the motion to compel in-person participation at the Settlement Conference, this motion followed.

## **MEMORANDUM OF LAW**

On September 26, 2022, this Court entered its *Order Requiring Scheduling Report, Certificate of Interested Parties, and Statement of Claim and Response in FLSA Case* ("Order"). [E.C.F. No. 6]. The Order expressly provides that the parties must participate in a Settlement Conference with Magistrate Judge Otazo-Reyes. *Id.* at p. 4. Additionally, the Order states that the parties' appearance at the Settlement Conference "**shall be in person**; telephonic appearance is

prohibited absent court order." *Id.* (emphasis added).  Plaintiff should be required to comply with the Court's Order for the following reasons.

As a preliminary matter, Plaintiff has not filed a motion seeking leave of court for a Zoom Settlement Conference.  Moreover, Plaintiff's claims regarding the reasons for not wanting to participate in an in-person Settlement Conference are meritless.  As previously stated, the manager involved in the alleged altercation is not and was never going to attend the Settlement Conference. Also, the Plaintiffs can travel to the Courthouse just as easily as they can to their counsel's office.

Additionally, Plaintiff and all opt-in Plaintiffs should be required to attend the Settlement Conference in person as required by the Court's Order for the following reasons.  First, Plaintiff never informed Defendants that they were not willing to comply with the Court's Order requiring in-person attendance until January 30, 2023, even though the parties communicated about the Settlement Conference as early as January 17, 2023, in which Plaintiff acknowledged the parties were required to participate "in person."   Second, Plaintiff never advised and still have not communicated that he intends to seek leave of court for him and the opt-in Plaintiffs to attend the Settlement Conference via Zoom.  Third, Plaintiff has not communicated any compelling reason not to participate in-person.  Finally, as noted above, attending the Settlement Conference in person will facilitate a potential resolution of the claims because it is more conducive to a fruitful exchange of facts, documents, and legal positions without the potential interference of weak internet connections, microphone and/or camera issues, and the impersonal nature of staring at a computer screen.

In closing, this is a complicated case that already has a number of issues raised as a result of Plaintiff's Second Amended Complaint, the pending motion to dismiss, and the amount of

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Plaintiffs involved.  As a result, this Settlement Conference should be conducted in person as required by the Court's Order.

## **CONCLUSION**

For the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River LLC, and Roman Jones, respectfully requests that this Honorable Court enter an order: (1) requiring Plaintiff, the opt-in Plaintiffs, and their counsel to participate in-person during Settlement Conference and (2) granting such other and further relief as this Court deems just and proper.

## **CERTIFICATION**

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated:  February 2, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

/s/ *Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email*: rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*

*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

/s/ *Allan Reiss*
Allan Reiss, Esq
Florida Bar No. 858500
Email: asr@levinelawfirm.com
*Counsel for RJ River, LLC*

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on

February 2, 2023, on all counsel of record on the Service List below via transmission of Notices

of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*