UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND ROMAN JONES,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**MOTION TO COMPEL IN-PERSON SETTLEMENT CONFERENCE**

**I. INTRODUCTION**

This is a putative collective and class action lawsuit to recover what is likely millions of dollars for Plaintiff, Octavio Collado, the Opt-In Plaintiffs, and the other tipped captains, servers, and bussers employed at Defendants' restaurant because of Defendants' improper tip confiscation practices. As apparent from their recent submissions, Defendants are utilizing different ploys to try and frustrate the orderly administration of this case. Their most recent ploy is to provide the Court with a partial and distorted factual history to try and coerce an in-person settlement conference when one is not needed. Defendants' excitement over a non-issue illustrates the lengths to which Defendants will go to defend the tips they were caught taking illegally.

1

## II. RELEVANT HISTORY

1. The parties, meaning Plaintiff and Defendants, coordinated to conduct the settlement conference in this case on February 15, 2023.

2. Undersigned counsel, along with his associate attorney, commenced a jury trial with the Honorable Beth Bloom on January 30, 2023.

3. One of the undersigned law firm's paralegals contacted the Court on January 30, 2023, to confirm the settlement conference. The court advised the parties that February 15, 2023, was no longer available.

4. The Court offered to conduct a settlement conference on February 16, 2023, via zoom.

5. Without following the firm's internal proper procedures and without contacting the undersigned counsel first to confirm the date, this same paralegal from the undersigned law agreed to February 16, 2023 – a date on which the undersigned previously reserved in the firms' calendar, and which was coordinated with counsel and the witness take a deposition of a non-party in *Perez vs. City of Opa-Locka*, due to the discovery cut-off in early March 2023.

6. Defense counsel responded that they were available on February 16, 2023 but requested that the settlement conference be conducted in person.

7. Without contacting the undersigned or any attorney in the firm, the paralegal in question parroted the defense counsel's request for the settlement conference to be in person.

8. At 4:24 p.m., and while in a trial before Judge Bloom, the undersigned responded to defense counsel by email (for the first time that day) that Plaintiff did not agree to conduct the settlement conference in person, "especially considering the amendment to the local rule that makes the default attendance for mediation as remote."

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

9. The undersigned's paralegal promptly contacted the Court and advised that Plaintiff did not agree (and had mistakenly agreed) to in-person attendance.

10. The undersigned continued to appear before Judge Bloom in trial for the remainder of the day on January 31, 2023, until receiving a verdict at about 4:15 pm.

11. Counsel went back and forth by email about the need for an in-person vs. remote settlement conference.

12. Defense counsel conditioned the agreement to reschedule the settlement conference from February 16 to 17 upon the undersigned's agreement to conduct the settlement conference in person in an email sent at 4:39 pm on Wednesday, February 1, 2023.

13. Defense counsel filed the instant Motion at 1:12 pm on Thursday, February 2, 2023.

14. Not once did the defense counsel pick up the phone before filing the instant Motion.

### III. ARGUMENT

In-person mediation is an antiquated concept, and experience during and since the pandemic resulted in a shift in the Local Rules for the Southern District of Florida to provide that "Unless the Court orders otherwise, the parties shall decide whether their mediation conference will be conducted in person or by video-conference and, if the parties cannot agree, the mediation conference shall be held by video-conference." (L.R. 16.2(a)(2).)

Undersigned counsel and his clients are concerned that because of the abusive management style of those who operate the Defendants' restaurant, an in-person settlement conference will not facilitate a resolution. Moving past the present impediments to settlement due to the premature stage of this case and the information yet to be exchanged, it would serve no legitimate purpose for Defendants to stare down their former employees to try and intimidate them.

3

Defendants do not indicate *why* appearing at a federal courthouse instead of remotely would impede the potential for settlement. Defendants acknowledge that Mr. Collado and the Opt-In Plaintiffs would prefer to appear at the settlement conference remotely from the office of the undersigned. Given that the instant case involves issues of fact and law upon which both parties presently disagree, nothing could be gained by personally appearing at a settlement conference. While Defendants argue that an in-person settlement conference would be more likely to foster a resolution anywhere, they do not support that argument with any factual or legal basis. In contrast, Local Rule 16.2(a)(2) provides that the default for a Court Annexed Mediation shall be "by video-conference" if the parties cannot agree.

Given that attorneys' fees are at issue in this case, it would be more efficient for the parties to appear remotely than to travel to the Courthouse to go through the same process, albeit at a different location.

## CONCLUSION

The Court properly denies the Defendants' Joint Motion to Compel and to conduct the settlement conference through video conference.

Respectfully submitted this 8th day of February 2023,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:   305.230.4884
        *Counsel for Plaintiff(s)*