UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC
D/B/A KIKI ON THE RIVER
AND ROMAN JONES,

    Defendants.
_____/

**PLAINTIFF'S AGREED MOTION FOR ENLARGEMENT OF TIME
TO CONDUCT A SETTLEMENT CONFERENCE**

    Plaintiff, Octavio Collado, requests that the Court extend the deadline to conduct the settlement conference required by this Court at ECF No. 6 based on the following good cause:

*Introduction*

    1.    Mr. Collado filed this putative class and collective action against his former employers for himself and other similarly situated captains, servers, and bussers who worked at Defendants' restaurant and who improperly retained and/or distributed tips under both Florida and federal law.

    2.    Mr. Collado initially filed this lawsuit pursuant to the FLSA, which triggered the Court to enter its standard Order for FLSA Cases. [ECF No. 6.]

    3.    That Order requires the parties to conduct a settlement conference within 60 days from the Defendants' response(s) to the Statement of Claim. *Id.*

4. Defendants filed their Responses to the Statement of Claim on November 17 and 18, 2022. [ECF Nos. 30, 31.]

5. Meanwhile, seven additional former employees joined this lawsuit.

6. The parties attempted to coordinate a settlement conference with Magistrate Judge Otazo-Reyes for February 15, 2023.

7. The office of the undersigned attempt to confirm that date with Magistrate Judge Otazo-Reyes' office on January 30, 2023.

8. Unfortunately, the parties were advised that February 15 was no longer available but that February 16, 2023, was available.

9. The undersigned was not readily reachable on January 30-31, 2023, due to his attendance at trial before this Court in *Monzon Cejas vs. Downrite Engineering Corp*.

10. A recently hired paralegal from the office of the undersigned inadvertently confirmed Plaintiff's availability for February 16, 2023, when that date was not available due to a previously scheduled deposition in *Perez vs. City Opa-Locka*, S.D. Fla. Case No.: 1:22-CV-20748-LENARD, which deposition was re-noticed back on January 13, 2022, due to the March 2023 discovery cut-off. That paralegal no longer works for the firm.

11. Undersigned counsel learned of the mishap in coordinating the settlement conference late in the afternoon on January 30, 2023 and immediately brought the issue to the defense counsel's attention.

12. The parties have since conferred and were further advised that Magistrate Judge Otazo-Reyes is not available on February 15 or 17, 2023, but that Magistrate Judge Otazo-Reyes

would provide additional dates of availability if the Court entered an Order extending the time to conduct a settlement conference.

13. Plaintiff understands the purpose of timely completing a settlement conference in an FLSA case and, while mindful of that purpose, also submits that this case is not a run-of-the-mill FLSA case due to the joinder of 7 Opt-In Plaintiffs, the pending Motion for Conditional Certification, and the discovery and related accounting relevant to the claims at issue.

14. Plaintiff thus requests that the Court extend the time for the parties to complete their settlement conference through March 31, 2023.

### *The Law*

15. Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."

16. Plaintiff submits that granting the requested enlargement of time will serve the interests of justice and will further comport with the spirit of the Federal Rules of Civil Procedure as embodied in Rule 1.

17. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

18. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

WHEREFORE Plaintiff, Octavio Collado, requests that the Court enter an Order extending the deadline for to complete a settlement conference in this case considering the good cause shown above.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Defendants agreed to the relief requested above.

                                                                FAIRLAW FIRM
*Counsel for Plaintiff*

*s/*Brian H. Pollock, Esq.
Brian H. Pollock, Esq.

Dated this 9th day of February 2023.

                                         Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*