UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
d/b/a KIKI ON THE RIVER,
RJ RIVER, LLC, and
ROMAN JONES,

    Defendants.
_____/

**JOINT RESPONSE BY DEFENDANTS 450 NORTH RIVER
DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND RJ RIVER, LLC, IN
OPPOSITION TO PLAINTIFF'S RENEWED
<u>MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION</u>**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC, ("RJ") (collectively "Defendants"), by and through their respective undersigned counsel, hereby file their Response to the Renewed Motion for Conditional Certification of a Collective Action [ECF No. 65] filed by Plaintiff Octavio Collado ("Collado" or "Plaintiff"), and state as follows in opposition:

**<u>PRELIMINARY STATEMENT</u>**

As a preliminary matter, Plaintiff titled the current motion before the Court as a "Renewed" Motion for Conditional Certification of a Collective Action ("the Motion"). However, this is not a renewed motion. It is an amended motion because Plaintiff makes substantiative changes to the content of the prior motion [ECF No. 44] rather than simply

remedying the procedural defect as is implied by the title. Specifically, Plaintiff includes the declaration of an individual that was not included in the initial motion for conditional certification and made substantive changes to previous declarations that he uses in the Motion to try to rebut Defendants' response to the initial motion.

Nevertheless, the Motion must still be denied because Count I of the Second Amended Complaint fails to state a claim upon which relief may be granted. As Defendants address in more detail through their Joint Motion to Dismiss the Second Amended Complaint [ECF No. 63], Count I of the Second Amended Complaint improperly conflates a claim for unlawful tip retention with a claim for minimum wage violations, which are separate causes of action under the FLSA. Plaintiff claims in conclusory fashion that Count I is an FLSA minimum wage claim. However, none of the allegations in the Second Amended Complaint establish that Plaintiff, or any other employee, earned less than the applicable minimum wage or were paid on a tip credit basis. Instead, the sole focus of the allegations in the Second Amended Complaint is that Defendants improperly retained Plaintiff's tips. Plaintiff is seemingly attempting to create the appearance of a minimum wage claim in Count I to facilitate bringing a Florida Minimum Wage Act ("FMWA") claim in Count II. Plaintiff's misleading allegations only serve to confuse potential putative class members and interfere with their understanding of the claims being asserted when determining whether to opt into the case.

Additionally, the Motion should be denied because Plaintiff has failed to establish that the proposed putative class of "captains, servers, and bussers" are similarly situated or that enough individuals from each group are interested in joining the class. Plaintiff claims that the proposed collective is "[a]ll persons who worked, were employed by, or engaged as captains, servers, and/or bussers . . . any time from September 23, 2019, and up through the rendition of a

judgment in this matter" [E.C.F. No. 65 at pg. 2]. Plaintiff generally claims these positions are similarly situated because they are tipped employees who are subject to the same pay practice and refers the Court to new declarations submitted by himself and two opt-in plaintiffs - Augusto Guerra ("Guerra") and Francis Taylor ("Taylor"). *Id.* at pg. 4-5. However, Plaintiff and Guerra failed to state when they worked as servers versus captains, which prohibits this court from determining if they held one or both of these positions during the applicable statutory limitation period. Additionally, the possibility that servers or captains occasionally performed busser duties does not mean that individuals that were employed as bussers are similarly situated and/or interested in joining this action. Lastly, Taylor is the only individual that claims he was employed as a busser, but concedes he held this position outside of the statutory limitation period. Therefore, the court cannot accurately or adequately confirm if any busser in the proposed class is interested in joining this action based on Taylor's declaration.

Further, the Motion should be denied or substantially limited because Plaintiff's discovery and notice requests are overly broad, excessive, and unduly burdensome. First, Plaintiff's request for a list of potential plaintiffs within ten (10) days including the individuals' addresses, cell-phone numbers, and emails is overly broad and does not provide Defendants with sufficient time to compile the requested information. Next, Plaintiff's request to use such information to email, call, and text potential class members is excessive and improper. Likewise, Plaintiff's requests to post notices at Kiki, provide notices with employees' paychecks, and send reminders about the notice is redundant and would give the impression that the Court is endorsing this action. Moreover, Plaintiff's scope of the potential putative class including individuals for a three-year period prior to September 23, 2022, is improper because the look-back period for the potential putative class should be limited to three (3) years from the date the

Collective Action Notices are mailed. Also, Plaintiff's request for a 90-day notice period is unreasonable and should be limited to 45 days. Finally, to the extent that the Court does permit Plaintiff to send notices to a putative class in any form, they must be revised and Defendants request that the notices be confidential.

<b><u>MEMORANDUM OF LAW</u></b>

**I.   The Motion is Premature and Improper because Count I of the Second Amended Complaint Fails to State a Claim Upon Which Relief May be Granted.**

Plaintiff's Motion must be denied because he has not met the threshold burden of pleading a cause of action in Count I of the Second Amended Complaint. As Defendants explain in greater detail through the filing of their Joint Motion to Dismiss [ECF No. 63], Count I of the Second Amended Complaint fails to plead a cause of action because it conflates an alleged claim for improper tip retention with a minimum wage claim. [E.C.F. No. 59 ¶¶ 2-3, 32, 37, 42, 46, 49-55, 58-64, and 69-76; Count I Wherefore Clause subsection (d) and (i)]. Under the FLSA, a tip retention claim is a distinct and separate cause of action from a minimum wage claim. *See* 29 U.S.C. 216(b). Specifically, Section 216(b) provides separate causes of action for a violation of section 206 (minimum wage), 207 (overtime), and/or 203(m)(2)(B) (tip retention).

Here, the allegations in the Second Amended Complaint bare no substantive relation to a minimum wage claim other than Plaintiff's misleading allegations that "Defendants paid their tipped employees an hourly wage that was less than the applicable Florida or federal minimum wage" while acknowledging that Plaintiff and "others similarly situated" were **also** paid "a portion of the mandatory service charge" Kiki collected from customers. [E.C.F. No. 59 ¶¶ 8, 28, and 40]. While Plaintiff vaguely describes Kiki's pay practices, Count I never alleges that he was paid on a tip credit basis or that his **total hourly rate of pay** was less than the applicable

minimum wage **after** his hourly pay was combined with his share of the service charge. [E.C.F. No. 59 ¶¶ 3, 28]. Although Plaintiff fails to allege in Count I that he was paid on a tip credit basis or earned less than minimum wage when his hourly rate and share of the service charge are combined, he asserts in conclusory fashion that Count I of the Second Amended Complaint is an FLSA minimum wage claim. [E.C.F. No. 59 at ¶ 3; Count I Wherefore Clause subsection (i)]. Plaintiff makes those conclusory minimum wage claims in the face of repeated allegations that Defendants improperly retained Plaintiff's tips and that he seeks to recover those tips. [E.C.F. No. 59 at ¶¶ 2-3, 32, 37, 42, 46, 49-55, 58-64, and 69-76; Count I Wherefore Clause subsection (d)].

The opt-in notices that were filed only add to the conflating and confusing nature of Count I of the Second Amended Complaint. [E.C.F. Nos. 4, 5, 7, 15, 22, 25, 38, 41]. The boilerplate declarations allege the following conclusory claim: "I was not paid at least minimum wage, all the tips that I earned, and/or all overtime that I earned." *Id*. The Second Amended Complaint does not allege any overtime claim, and despite Plaintiff's misleading efforts to suggest a minimum wage claim, he never alleges in Count I that he was paid on a tip credit basis or his **total compensation** between the hourly rate **and** the percentage of the service charge equaled less than the applicable minimum wage.

Plaintiff's failure to properly plead a cause of action in Count I is detrimental to his request to conditionally certify a putative class because the potential putative class members cannot be sure what they are opting into. As currently pled in the Second Amended Complaint, it is unclear whether Plaintiff is trying to bring a tip retention claim, minimum wage claim, or both in Count I, which would be inappropriate. *See* Fed. R. Civ. P. 8(a); *see also, Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210-orl-40DCI, 2017 U.S. Dist. LEXIS 221548, at *14-15

(M.D. Fla. Mar. 21, 2017 (dismiss Count III of the plaintiff's complaint for lumping together multiple claims into a single count); *Graham v. NCL (Bah.) Ltd.*, 20-22826-Civ-Scola, 2021 U.S. Dist. LEXIS 93699, at *3-6 (May 17, 2021) (same). Additionally, the Second Amended Complaint gives the incorrect impression that a minimum wage claim may exist even when the employee's share of the service charge increases the hourly rate above the minimum wage. If Plaintiff intends on representing a class of individuals, he must be required to affirmatively and clearly state a cause of action before he requests the Court to conditionally certify a class. Therefore, the Motion is premature and must be dismissed until the resolution of Defendants' pending Motion to Dismiss the Second Amended Complaint.

## II. Plaintiff Has Failed to Show that There are Similarly Situated Individuals Who Desire to Opt-in to the Case

The right to proceed on behalf of other employees is not automatic, but instead must be approved by the court. *See Brooks v. BellSouth Telecomm's, Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1995), *aff'd*, 114 F.3d 1202 (11th Cir. 1997) (stating that the broad remedial purposes of the FLSA are best served if the district court is found to have the authority and discretion to give notice to other potential class members to 'opt in' to plaintiff's class). For the Court to order such notice, the plaintiff must show: (1) there are other employees who desire to opt-in to the litigation; and (2) these other employees are "similarly situated" with respect to their job requirements and their pay provisions. *See Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff fails to meet his burden as to both elements.

Courts commonly consider five factors at the conditional certification stage in determining whether members of a class are similarly situated: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the

6

same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claimed violations are similar. *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1202 (S.D. Fla. 2019).

Notably, the Southern District of Florida has previously explained that a request to certify a class nearly identical to the one presented by Plaintiff was insufficient. Specifically, in *Alvarez v. Uno Rest. Assocs.*, the plaintiff sought the conditional certification of a class pursuant to section 216(b) for the following employees:

> All bussers and servers ('tipped employee') who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum regular and overtime wage for one or more weeks during the Relevant Time Period.

No. 17-24452-Civ-Scola, 2018 U.S. Dist. LEXIS 84745, at *5 (S.D. Fla. May 21, 2018).

There, the plaintiff claimed that bussers and servers should be a certified class because they were subject to the same unlawful tip retention practices. *Id.* at 2, 6. The plaintiff submitted his own affidavit and the affidavit of an opt-in plaintiff who swore that he suffered the same alleged wrongs as the plaintiff. The court explained that the allegations in the complaint and the affidavits were insufficient to certify a class of servers and bussers because the "affidavits [were] devoid of any detail explaining how bussers and servers are similarly situated and say nothing about the respective job duties associated with either position." *Id.* at 7. The court also noted that the plaintiff failed to establish that any servers would want to join the class since the only individuals who submitted affidavits and opted into the case were bussers. *Id.* The court expressly stated that it "is not enough that [the plaintiff] and the purported class members were tipped employees who served restaurant patrons" because even if the court found

that both categories of employees were subject to the same tip practices, there were no allegations establishing they were similarly situated. *Id.* at 8.

Here, like the plaintiff in *Alvarez*, Plaintiff has failed to establish that captains, servers, and bussers are similarly situated. In support of the Motion, Plaintiff presented new declarations for himself and Guerra and a new declaration by Taylor. [*See* E.C.F. No. 65-1; 65-2; 65-3]. However, the declarations submitted by Plaintiff and Guerra have a fatal flaw - they do not identify when they were servers and captains. Plaintiff claims he was employed as a server and a captain from August 7, 2017, through January 2, 2022. [E.C.F. No. 65-1 ¶ 5]. Guerra claims he "worked for the Defendants from about October 2017 through September 2022, as a server and then as a captain[.]" [E.C.F. No. 65-2 ¶ 5]. Notably, Plaintiff and Guerra fail to state the exact dates when they worked as a server and a captain. Plaintiff and Guerra's failure to identify the specific dates when they worked as a captain and server is fatal to Plaintiff's request for conditional certification because the Court cannot determine what position they held during the applicable statute of limitations. Because Plaintiff and Guerra claim they were employed for several years outside of the statute of limitations, which dates back only to September 23, 2019, it is possible that they were *only* a server *or* captain within the statute of limitations. For example, if Plaintiff and Guerra were only a captain during the applicable statute of limitations, then there is no evidence that any servers, other than Taylor, have joined the class, and if they were only a server, then there is no evidence that any captains have joined the class.

Additionally, Plaintiff and Guerra failed to allege that they were ever employed as bussers, and none of the remaining opt-in notices assert that the individuals were employed as bussers. Plaintiff's claim that servers or captains occasionally performed busser duties, even if accurate, does not mean that the individuals employed as bussers are interested in joining this

8

action. *See Alvarez*, 2018 U.S. Dist. LEXIS 84745, at *5 (plaintiff failed to establish that any servers would want to join the class since the only individuals who submitted affidavits and opted into the case were bussers).

Taylor is the only opt-in plaintiff that claims he was employed by Kiki as a busser. However, a close examination of Taylor's declaration reveals that he was employed as a Busser from October 2017 through "the first semester of 2018," which is outside of the proposed class's statute of limitations that Plaintiff has identified as dating back to September 23, 2019. Therefore, Plaintiff has failed to establish that any individual employed as a busser during the relevant limitations period has an interest in joining this action. *See id*.

Finally, Plaintiff notes that seven (7) individuals filed opt-in notices joining the lawsuit. [E.C.F. No. 65 at pg. 4]. However, a cursory review of these opt-in declarations reveals that they are all identical bare bone declarations that only provide that the individuals "worked at Kiki . . . and [were] employed by 450 North River Drive, LLC, RJ River, LLC, and Roman Jones . . .." [E.C.F. Nos. 4, 5, 7, 15, 22, 25, 38, and 41]. Noticeably missing from all the opt-in declarations are any facts relating to what positions the individuals held or the duties they performed. As a result, the opt-in declarations should be given no weight because the individuals did not state their positions or duties and failed to identify how their unknown positions had duties that were similar to a captain or server.

Merely alleging that captains, servers, and bussers were employed by Kiki and subject to the same improper tip retention is insufficient to establish a class where Plaintiff and Guerra failed to identify when they worked as servers and captains, where Taylor failed to allege he was employed as a busser within the applicable statute of limitations, and where the opt-in notices fail to identify any information about what specific position the individual held and when they

9

held the position. *See Alvarez,* U.S. Dist. LEXIS 84745, at *5-8. Therefore, this Motion must be denied.

      **III.**    **Plaintiff's Request for Expedited Discovery and Proposed Methods of Disseminating the Notice are Intrusive, Overly Broad, Excessive, and Redundant**

              **A.**    **Three Years from the Date of Conditional Certification Should be the Appropriate Time Period for Discovery Pertaining to Information Sought in the Motion for Conditional Certification**

FLSA claims generally must be brought within two years of the alleged violation or within three years for willful violations. 29 U.S.C. § 255(a). The FLSA statute of limitations for putative FLSA collective action members is not tolled by the filing of a complaint, because an opt-in plaintiff does not commence his or her action until the date on which that plaintiff files his or her written opt-in form. 29 U.S.C. § 256(b).

Accordingly, the appropriate period for discovery purposes pertaining to the information sought in the Motion is the three-year period preceding the date of this Court's conditional certification approval, if any. *Madison v. United Site Servs. of Fla.*, No. 6:16-cv-1991-Orl-41DCI, 2017 U.S. Dist. LEXIS 159991, at *11 (M.D. Fla. Aug. 17, 2017) (ordering Defendant to provide information of the putative plaintiffs who worked for Defendant during the three years preceding the Court's order conditionally certifying the case as a collective action). Additionally, the applicable look-back period to elect to opt-in to the class should be limited to a three (3) year period from the date the notice is emailed or physically mailed.[1] *See Gutescu v. Carey Int'l, Inc.*, No. 01-4026-civ-Martinez-Simonton, 2003 U.S. Dist. LEXIS 27507, at *51 (S.D. Fla. Jun. 16, 2003) (concluding that the opt-in notice should be sent only to those

---

[1] Defendants note that it has agreed to extend the statutory look-back period an additional 14 days based on Plaintiff's agreement to provide Defendants with a 14-day extension to file this Response. Thus, the applicable look-back period would be 14 days prior to the date of the mailing of the notices if the Court permits the sending of such notices.

employees that performed work for defendant within three years from the date the notice is mailed). Therefore, any relief the Court grants because of the Motion should be limited accordingly.

### B. Plaintiff Has Not Established the Need for Putative Class Members' Cell Phone Numbers and the Request is Unnecessarily Intrusive

Plaintiff is not entitled to the cell-phone numbers of proposed putative class members because notice via email and United States mail is adequate. *Villarino v. Pacesetter Pers. Serv.*, No. 20-60192-CIV-SINGHAL/VALLE, 2021 U.S. Dist. LEXIS 259382, at *20 (S.D. Fla. 2021) (holding the "notice should be mailed to putative class members' last known address[.]"); *Kiley v. Medfirst Consulting Healthcare Staffing, LLC*, 297 F. Supp. 3d 1260, 1268 (S.D. Ala. 2018) ("permitting notice via email, but denying notice via text because "the court is concerned that a text message notice could be incomplete and might not convey the seriousness of the communication."). Courts have frequently held that text message notice is appropriate only when all other means fail. Plaintiff has not shown that directly emailing and mailing the notice to the last known addresses will fail or that there is a need to issue the notice via text message or otherwise communicate by calling proposed putative class members. *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-434-FtM-38MRM, 2019 U.S. Dist. LEXIS 78007, at *49 (M.D. Fla. Mar. 28, 2019), *adopted, in part, by* 2019 U.S. Dist. LEXIS 107480, at *34-35 (M.D. Fla. Jun. 26, 2019). As Plaintiff concedes, it is not prevalent for courts in the Southern District of Florida to require defendants to produce employees' cell-phone numbers. [E.C.F. No. 65 at pg. 17]. Accordingly, Plaintiff has no need for the putative class members' cell phone numbers.

Further, Plaintiff's request for the putative class members cell phone numbers is unnecessarily intrusive under any circumstances. That is especially true in this case where Plaintiff has not demonstrated in the Motion that emailing **and** mailing the notices to the last

known addresses will fail or the need to otherwise communicate by texting and/or calling putative class members. As a result, Plaintiff is already permitted to contact the putative class through electronic correspondence by way of email if the Motion is granted. Thus, providing Plaintiff the ability to call and text message putative class members in addition to emailing is unnecessarily intrusive and redundant. *Miller v. JAH, LLC,* No. 5:16-cv-01543-AKK, 2018 U.S. Dist. LEXIS 2139, at *8-9 (N.D. Ala. Jan. 5, 2018) (denying plaintiff's request to text message the notice to putative class members because (1) the individuals may have limited cellular plans and incur costs with the messages and (2) the messages will subject the individuals to "the annoyance of unsolicited messages that congress passed the Telephone Consumer Protection Act, in part, to address.").

Accordingly, the request for cell phone numbers to call and/or text message putative class members must be denied. To the extent Defendants are required to produce any information, however, including email and physical addresses, they respectfully request at least 30 days to search through hundreds of personnel records to compile the information and then prepare as requested for production.

    **C.    Plaintiff Should Not be Permitted to Send Periodic Confirmations or Reminders Regarding this Action**

Courts in this Circuit have explained that "[r]eminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit." *Smith v. Wiring Specialist, Inc.*, No. 2:14-cv-277-FtM-29DNF, 2014 U.S. Dist. LEXIS 1335446, at *8 (M.D. Fla. Sept. 25, 2014); *see also, Cooper v. E. Coast Assemblers, Inc.*, No. 12-80995-CIV-MARRA, 2013 U.S. Dist. LEXIS 10435, at *11 (S.D. Fla. Jan. 24, 2013) ("no 'reminder notice postcards' may be sent."); *Anish v. National Securities Corporation*, 10-80330-CIV-

MARRA, 2012 U.S. Dist. LEXIS 125075, at *6 (S.D. Fla. Sep. 2, 2012) ("Plaintiff may not send out a reminder notice 10 days prior to the expiration of the opt-in period.").

Plaintiff's request for confirmation and reminder communications entails an intrusive and unnecessary four-part process. First, Plaintiff is seeking permission to send the initial court approved notice. Second, Plaintiff is requesting permission to send text messages and call putative class members to allegedly ensure that the initial notice was received. Third he is requesting authority to send a reminder notice via text, email, and correspondence, half-way through the Court approved notice period. Finally, Plaintiff is seeking the ability to send a fourth communication via text and cell phone call to allegedly ensure that the putative class members received the reminder notice. Plaintiff's request to have **four** communications with each member of the putative class is intrusive, overbroad, excessive, and likely to give the impression to putative class members that the Court is encouraging their involvement in the case. To avoid any potential unintended inference that the Court is encouraging individuals to opt-in to this action, Plaintiff's request to send confirmation communications and reminder notices must be denied.

### D. Plaintiff's Request to Post Notices at Kiki and Provide Notices to Individuals in the Proposed Putative Class with their Paycheck is Disruptive and Redundant

In addition to the four communications addressed in the prior section, Plaintiff has requested that Defendants be required to post a notice in the restaurant for the entire notice period. Plaintiff's request should be denied because he failed to demonstrate that Defendants will not cooperate in the collective action process and that notice by mail is insufficient to provide potential class members notice. *See e.g., Ciani v. Talk of the Town Rests., Inc.,* No. 8:14-cv-2197-T-33AEP, 2015 U.S. Dist. LEXIS 5580 at *14-15 (noting that "other courts have

required that Class Notice be posted at the workplace only after a showing that a defendant has failed to cooperate in the collective action process."); *Phelps v. MC Communications, Inc.*, 2011 U.S. Dist. LEXIS 84428 at *17 (D. Nev. Aug. 1, 2011) (declining to order defendants to post notices in all locations, as there was "no indication that service by first class mail would be ineffective or inadequate.").

Additionally, it will be unduly disruptive and redundant for Defendants to post a notice in the restaurant. Plaintiff's proposed putative class is limited to "captains, servers, and bussers" and may be reduced as previously argued herein. Therefore, employees who are not in the putative class will view and read the posted notice. Posting a notice regarding this collective action in the restaurant will disrupt the workplace by causing distractions associated with the posted notice and confuse Kiki's employees who are not entitled to opt-in to this case. Such a result is prejudicial to Kiki as the restaurant expects and must have its employees focused on working instead of talking about ongoing litigation or trying to figure out whether or why they are included or excluded. Therefore, Defendants respectfully request that the Court deny Plaintiff's request to have the notice posted inside Kiki.

In relation to providing the notice with the proposed putative class employees' paychecks, the request is also unnecessarily intrusive because, as of the most recent payroll, only fourteen employees received a paper check. Of the fourteen individuals who receive paper checks, none are bussers, one is a server, two are captains. The extremely small number of employees in the proposed putative class receiving paper checks limits the reach of the distribution in this manner. Also, distribution of the notice with paper checks will be disruptive to the workplace even with the limited number receiving the notice. Such employees will receive the check and notice prior to or during their shift, which will cause the same distractions

addressed regarding the posting of the notice. Lastly, the requested distribution with checks is redundant because all these putative class employees will receive the notice via email and/or United States mail if approved by the Court.

### E.     Plaintiff's Request for a 90-day Notice Period to Opt-In is Excessive

A 90-day opt-in period is excessive, and many Florida courts adopt 45 or 60-day periods. *See, e.g., Brasaus v. Freshpoint of S. Fla., Inc.*, No. 15-CV-61529-WPD, 2016 U.S. Dist. LEXIS 186957, *9 (S.D. Fla. Feb. 11, 2016) (45-day opt-in period); *Lara v. G&E Fla. Contrs., LLC*, 2015 U.S. Dist. LEXIS 105981 (S.D. Fla. July 21, 2015) (60-day notice period); *Trentman v. RWL Communs., Inc.*, No. 2:15-cv-89-FtM-38CM, 2015 U.S. Dist. LEXIS 58153, at *16 (M.D. Fla. May 2, 2015) (60-day notice period); *Randle v. Allconnect, Inc.*, 2014 U.S. Dist. LEXIS 62271 (N.D. Ga. May 6, 2014) (45-day notice period). Thus, Defendants request the opt-in period be limited to 45 days if the Court grants the Motion.

### F.     Putative Class Members that Receive a Notice of This Action Must be Barred from Publishing the Notice on Social Media or Otherwise Disseminating the Notice to Third Parties

Generally, the purpose of the Court's involvement in the preparation and distribution of collective action notices is to "ensure that [the notice] is timely, accurate, and informative." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989). Further, courts have explained that "the purpose for judicial notice [] is simply to inform potential class members of their rights[.]" *Robinson v. Ryla Teleservices, Inc.*, No. CA 11-131-KD-C, 2011 U.S. Dist. LEXIS 147207, at *n.7 (S.D. Ala. Dec. 20, 2011) (internal quotation marks omitted) (citing *Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010)).

Plaintiff's proposed putative class is limited to a group of individuals that work or worked at Kiki. If these individuals receive notice of this action, they must be prohibited from

publishing the notice on social media or otherwise disseminating the notice to third parties because further dissemination extends beyond the purposes of the notice, which is to notify the class members of their rights in relation to this case. *See Hoffman-LaRoche*, 493 U.S. at 172; *see also Swales v. KLLM Transp. Services, LLC*, 985 F.3d 430, 442 (5th Cir. 2021) (explaining the court's determination of similarly situated employees at the outset of the case is critical because "it ensures that any notice sent is proper in scope - that is, sent only to potential plaintiffs."). Such dissemination, whether via social media or otherwise to third parties, has the inherent risk of spreading misinformation. As evidence of social media misinformation, the Court need look no further than the Tik Tok video Plaintiff's counsel posted pertaining to this case, which states in part, as follows:

> We filed this lawsuit in federal court and we're proceeding against Kiki on the River and its corporate owners to recover the tips that were either unlawfully retained or improperly distributed to traditionally non-tipped employees.

*See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074. There has been no adjudication pertaining to the tips at issue in this case, yet Plaintiff's counsel takes to social media and conveys a statement that is misleading and subject to the incorrect interpretation that Kiki and its "corporate owners" violated the law. Plaintiff has circulated this video among current and former Kiki employees despite the fact the Court has not approved conditional certification or the content or mode of communication for the notice.

The Court's notice will be specific and advises potential class members of their rights. The more attenuated the Court's notice becomes because of improper dissemination, the greater the risk of unintended harm to the Defendants because of inaccurate characterizations of the Court's notice, including but not limited to, incomplete or inaccurate publications such as omitting critical information, dates, and deadlines. Moreover, social media and/or other third-

party dissemination damages the Kiki brand and the Defendants without an adjudication of wrongdoing and will hurt Kiki's business, Defendants' reputations, and the current employees' livelihood.

Such a result goes well beyond the intended purpose of the Court approved notice and is prejudicial to Defendants. As a result, Defendants request that any notice authorized by the Court contain a statement prohibiting putative class members from publishing the notice on social media or otherwise disseminating the notice to third parties.

### G.   Defendants' Oppose Plaintiff's Proposed Notices and Consent Form

The substance of the notice proposed by Plaintiff and the way he proposes to disseminate the notice are inappropriate. Additionally, Plaintiff's request for personal information about putative collective members is unwarranted and intrusive, and could encourage improper and unauthorized contact. If, over Defendants' objections, conditional certification is granted, Defendants respectfully requests that counsel be given a period of three weeks from the issuance of any order granting conditional certification to "meet and confer" on the terms of a notice and consent form, and the terms of disclosure, if any, of private putative class information relating to the notice. *See Moxley v. Os Rest. Servs., LLC,*, 8:21-cv-1760, 2022 U.S. Dist. LEXIS 85204, at *13 (M.D. Fla. May 11, 2022) (requiring the parties to meet and confer regarding the "information needed to send notice, as well as its content and method of distribution."); *see also, Conchado v. Kauff'S, Inc.*, 20-cv-80344, 2020 U.S. Dist. LEXIS 259179, at *9-10 (S.D. Fla. June 5, 2020) (requiring the parties to meet and confer regarding defendant's issues with plaintiff's submitted proposed notice in order to address any issues jointly); *D'Antuono v. C & G of Groton, Inc.*, No. 11-CV-0033 (MRK), 2011 U.S. Dist. LEXIS 135402, at *19 (D. Conn. Nov. 23, 2011) (ordering parties to submit joint revised notice, and if no agreement, ordering parties to submit separate reports explaining "disagreements and reasons for each party's respective

preferences"). Alternatively, Defendants respectfully request ten (10) days from the date of the Court's order to file their proposed notice and consent form should the Court not allow conferral.

Defendants believe conferral on the draft notices and consent form submitted by Plaintiff is required because they include a number of issues that Defendants' contest, including but not limited to the following. The notices do not explain that Defendants intend to defend this lawsuit, the notices minimize the fact that there has been no adjudication of unlawful conduct by Defendants, the notices do not inform the potential class members that they become a party to this lawsuit, the notices do not explain the employee may be subject to depositions and involved in discovery, the notices emphasis Plaintiff's summary of the FLSA unnecessarily, the notices do not include Defendants' counsel's contact information, and the notices do not advise individuals of potential liability for attorney fees and costs if Plaintiff is unsuccessful in his claims. *See Garcia v. J and J, Inc.*, 19-cv-60728-BLOOM/Valle, 2019 U.S. Dist. LEXIS 127200, at * (S.D. Fla. ) (Bloom, J.) (explaining the plaintiff's notice must be revised because (1) it did not advise individuals of right to choose their own attorney, (2) it did not provide the defendant's counsel's contact information, (3) it did not notify the individuals of the potential liability for attorneys' fees and costs, (4) it did not notify the individuals about the need to participate in discovery, (5) it included inappropriate language about plaintiff's counsel's ability to reuse the form and refile a separate claim, and (6) it included language regarding the statute of limitations.) As a result, Defendants request that the parties confer regarding these issues before the Court approves the unilateral submissions filed by Plaintiff.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that the Court enter an Order: (a) denying the Motion entirely; or in the alternative, (b) limiting the scope of the proposed putative class as set forth above (c) limiting the scope of the notice and consent form as set forth above; (d) requiring conferral about the notice and consent form during the three weeks immediately following the order, or alternatively, providing Defendants ten (10) days from the date of the Court's order to file their proposed notice and consent form should the Court not allow conferral; and (e) granting such further relief as the Court deems appropriate.

Dated: February 17, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600 | Levine & Partners, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352 |
| /s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email: *rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com* | /s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: asr@levinelawfirm.com<br>*Counsel for RJ River, LLC* |
| *Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on February 17, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

19

**SERVICE LIST**

Brian Pollock, Esq.  
Florida Bar No. 174742  
Email: *brian@fairlawattorney.com*  
FAIRLAW FIRM  
135 San Lorenzo Ave.  
Coral Gables, Florida 33146  
Telephone: (305) 230-4884  

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.  
Florida Bar No.: 069779  
Email: *rey.velazquez@jacksonlewis.com*  
Roman Sarangoulis, Esq.  
Florida Bar No. 1011944  
Email: roman.sarangoulis@jacksonlewis.com  
JACKSON LEWIS P.C.  
One Biscayne Tower  
2 South Biscayne Boulevard, Suite 3500  
Miami, Florida 33131  
Telephone: 305-577-7600  
Facsimile: 305-373-4466  

*Counsel for 450 North River Drive, LLC, d/b/a Kiki on the River, and Roman Jones*

Allan Reiss, Esq.  
Florida Bar No. 858500  
Email: *Asr@Levinelawfirm.com*  
Levine & Partners, P.A.  
3350 Mary Street  
Miami, Florida 33133  
Telephone: (305) 372-1352  
Facsimile: (305) 372-1352  

*Attorneys for RJ River, LLC*