UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

      Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

      Defendants.

_____/

## REPLY SUPPORTING

## PLAINTIFF'S RENEWED MOTION

## FOR CONDITIONAL CERTIFICATION

## <u>OF A COLLECTIVE ACTION</u>

## I. INTRODUCTION

Certifying Count I of the Second Amended Complaint for collective treatment furthers "the purposes of § 216(b) actions under the FLSA: (1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008) (*citing Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Defendants argue that Count I of the Second Amended Complaint is not viable even though its merits are irrelevant at the conditional certification stage. *See e.g.*, *Wright v. Waste Pro USA, Inc.*, 2020 WL 8641581, at *3 (S.D. Fla. Dec. 22, 2020) (collecting cases) ("Based on the foregoing, the Court declines to evaluate the merits of the case, or to make inquiries into factual disputes or the credibility of evidence in its analysis of whether Plaintiff and others are similarly situated.") Defendants contest that sufficient interest in the case exists, despite the demonstrated interest by numerous similarly situated former employees who joined and continue to join this case. [ECF Nos. 4, 5, 7, 15, 22, 25, 38, 41, 83.] Defendants oppose the expedited production of information, the means of notice designed to properly inform the greatest number of impacted current and former employees of their rights, the form of the notice, and the consent form proposed without cogent reasons for their opposition and without factual support. The Defendants' opposition to certification and to the proposed notice are obstructionist tactics that do not preclude granting the relief Mr. Collado requests.

## II. ARGUMENT

The issues involved in Count I of the Second Amended Complaint are appropriate for collective action treatment. Defendants paid and treated their captains, servers, and bussers according to standardized policies. In Count I, Mr. Collado seeks the tips that Defendants either improperly retained or distributed in violation of 29 U.S.C. §203(m)(2)(B). The demonstrated interest in this case by others similarly situated to Mr. Collado and the common pay practice at issue satisfy the "lenient burden of showing there are other employees similarly situated with regard to their job requirements and pay provisions at this conditional certification stage". *Flete v. All Am. Facility Maint. Inc.*, 2020 WL 5534270, at *3 (S.D. Fla. July 13, 2020).

### A.  **Defendants' Misplaced Arguments For Dismissal Are Properly Ignored.**

Defendants improperly contest the viability of Mr. Collado's claim that the improper

retention or distribution of tips cannot form the basis for a claim under the FLSA, despite the specific authority provided by 29 U.S.C. §§203(m)(2)(B) and 216(b). Defendants' argument contesting the merits of Counts I is not properly considered at this stage in the proceeding. *See Herrera v. Mattress Firm, Inc.*, 2017 WL 4270619, at \*6 (S.D. Fla. Sept. 26, 2017) (collecting cases). The FLSA, at 29 U.S.C. §§203(m)(2)(B) and 216(b), obliviates the Defendants' argument for dismissal if it were to be considered.

**B.  <u>Mr. Collado Is Similarly Situated To The Captains, Servers, And Bussers.</u>**

"The *only* question at this point is whether Plaintiffs have shown a 'reasonable basis' for their claim that similarly situated employees are interested in opting into this lawsuit." *Vandergriff v. Olympia Mgmt. Inc.*, 2019 WL 2420060, at \*3 (N.D. Ala. June 10, 2019) [*emphasis added*] (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996)). The evidence confirms Mr. Collado is similarly situated, was subjected to a commonly applicable tip practice, and that others desire to join. "Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to "rais[e] the Plaintiff's contention beyond one of pure speculation." *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012) (*quoting Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at \*4 (S.D.Fla. May 17, 2006)). Mr. Collado demonstrated sufficient interest in this case through the Declarations from two additional former employees and the Notices of Consent to Join filed by 9 other former employees. [ECF Nos. 4, 7, 15, 22, 25, 38, 83, 84, 85.] *See Harapeti v. CBS Television Stations, Inc.*, 2020 WL 8083695 (S.D. Fla. Dec. 21, 2020) (granting conditional certification when 3 employees opted into the lawsuit).

Defendants' "sufficiency of interest" argument focuses not on how many people are interested but on whether those who joined this case are "similarly situated." [ECF No. 82 at 6.] Defendants mistakenly rely on *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197 (S.D. Fla. 2019), an FLSA minimum wage case against a restaurant in which this Court certified a collective action comprised of tipped, front-of-the-house employees with different job titles paid according to a common practice. The *Compere* case does not support the Defendants' argument. In granting conditional certification in *Compere*, the Court cited *McClean v. On the Half Shell, Inc.*, 2018 WL 8578016, at \*3 (M.D. Fla. Oct. 24, 2018), as a case conditionally certifying a collective inclusive of bartenders and servers to support its focus on the pay policies at issue and not the job titles given to the employees. ("More importantly, both classes were allegedly subject to the same unlawful

policies, viz. the deletion of hours and performance of work without compensation.") Thus, the cases Defendants rely on confirm that titles are immaterial to the Court's decision.

Proving "similarly situated" requires Mr. Collado to "demonstrate that he and potential plaintiffs together were victims of a common policy or plan that violated the law." *Chalker v. Burlington Coat Factory of Florida, LLC*, 2013 WL 5954783, at *1 (M.D. Fla. Nov. 7, 2013) (*quoting Longcrier v. HL–A Co., Inc.*, 595 F.Supp.2d 1218, 1236 (S.D. Ala. 2008)). The "similarly situated" analysis focuses on the policies and practice(s) at issue. "Plaintiffs at the conditional-certification stage are therefore not required to demonstrate a unified, explicit scheme of FLSA violations, but rather must show only that they are similarly situated with respect to general workplace policies and practices." *Alequin v. Darden Restaurants, Inc.*, 2013 WL 3939373, at *6 (S.D. Fla. July 12, 2013).

The discovery responses from Defendants confirm that Mr. Collado, the Opt-In Plaintiffs, and the putative Collective were subjected to common pay practices. (Exhibit "A".)[1] Defendant, 450 North River Drive, LLC, identified the standardized practices that Kiki on the River used to collect and distribute tips and overtips to captains, servers, and bussers (including bussers and food runners) in its Answers to Interrogatories (Exhibit "A"). Its Answer to Interrogatory No. 5 describes the common pay practices used and confirms that no tipped employee was treated differently than Mr. Collado, regardless of the job title of the tipped employee, in explaining how tips were distributed. *Id. Compare Chalker v. Burlington Coat Factory of Fl, LLC*, 2013 WL 594784 at *1 (M.D. Fla. Nov. 7, 2013) (explaining employee may prove that he is similarly situated for conditional certification if he shows that he is the victim of a corporately derived (and not isolated) policy or plan that violated the law along with the putative class). Then, in response to Interrogatory No. 19, Defendant 450 North River Drive, LLC concedes that discrepancies exist in its tip distribution – meaning that it acknowledges owing tips to Mr. Collado and those similarly situated. (Exhibit "A".)

Defendants argue that Mr. Collado is not similarly situated to the other captains, servers, and bussers by relying on one distinguishable case: *Alvarez v. Uno Rest. Associates, Inc.*, 2018 WL 2305561 (S.D. Fla. May 21, 2018). The plaintiff in *Alvarez* relied on his affidavit and the affidavit of one opt-in plaintiff, but neither described their job duties or the pay practices at issue:

---

[1]     Mr. Collado does not concede that the Interrogatory Answers and Objections at Exhibit "A" are sufficient, and the parties are conferring about those issues as required by Local Rule 7.1.

Importantly, Alvarez's complaint and his supporting affidavits are devoid of any detail explaining how bussers and servers are similarly situated and say nothing about the respective job duties associated with either position. Alvarez also fails to provide any evidence that a server would want to join the class since no server has filed an affidavit or consent to join the class. It is not enough that Alvarez and the purported class members were tipped employees who served restaurant patrons. Even if the Court were to find that the complaint's allegations and affidavits provide enough information to support that the conclusion that Alvarez and the other tipped employees were subject to the same payment provisions and alleged wrongs, Alvarez has not provided the Court with enough information about how the proposed class members are similarly situated.

*Alvarez*, 2018 WL 2305561, at *3. This case is sufficiently distinct to render *Alvarez* inapposite considering the number of opt-in Plaintiffs herein, the number and details provided in the Declarations, the number of Declarations, and the evidence establishing that Defendants' pay practices were uniformly applicable to their tipped employees.

Defendants also oppose conditional certification with the supposition: that, "it is possible that they [Messrs. Collado and Guerra] were *only* a server *or* captain within the statute of limitations." [ECF No. 82 at 8.] Defendants offer no evidence to raise their argument beyond mere speculation despite possessing the documents to identify the specific dates when each person worked, and the position worked by each. Furthermore, the common pay practices identified in the Answers to Interrogatories make any distinction immaterial. (Exhibit "A".)

Mr. Collado satisfies the "fairly lenient standard" to support conditional certification. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

## C.  Defendants Fail To Support Their Requested Gag Order.

 Defendants seek a gag order to prevent any social media posts about this case and levy an unwarranted *ad hominem* attack on the undersigned by claiming that a TikTok post is "misleading" and contains "misinformation."[2] [ECF No. 82 at 16.] Defendants attack the undersigned by stating, "Plaintiff's counsel takes to social media and conveys that Kiki and its 'corporate owners' violated the law." *Id.* The Defendants' arguments on this topic are either unsupported or wrong.

First, Defendants fail to cite a law, rule, or case supporting any claim that the social media

---

[2]     Defendants also erroneously claim that "Plaintiff has circulated this video among current and former Kiki employees despite the fact the Court has not approved conditional certification or the content or mode of communication for the notice." [ECF No. 82 at 16.] Defendants' argument is unsupported in fact.

post was legally, procedurally, or ethically improper. Defendants would have directed the Court to some supportive authority if there were any impropriety, but they do not.

The Defendants' description of the TikTok video also is inaccurate. The TikTok video does (a) not identify anything other than the fictitious name "Kiki on the River," (b) suggest that the Court made any decisions on liability, (c) mention joining the lawsuit, (d) mention conditional certification,          or          (e)          to          contact          the          undersigned. (https://www.tiktok.com/@fairlawfirm/video/7200398055902924074.) The video accurately recounts that Mr. Collado filed the instant lawsuit in this United States District (federal) Court, including against two corporate Defendants whom he alleges are his employers, and whom he alleges either unlawfully retained or improperly distributed tips which he seeks to recover for himself and for the others similarly situated. *Id.*; *compare* ECF Nos. 1, 59. The Defendants' claim that the video is "misleading" is a ploy, as the video explains (verbally and in the verbatim captions) that the case "is in the discovery phase" and that the parties are "exchanging documents back and forth so we can determine whether that money was distributed improperly and if so where that money went who it went to and how much money we're talking about." (https://www.tiktok.com/@fairlawfirm/video/7200398055902924074.) The suggestion that any inaccuracy exists is fantastical.

The only seemingly analogous situation addressed by courts occurred when counsel advertised for FLSA claims before conditional certification. In those situations, courts found no proscription against advertising for FLSA claims. Courts faced with situations involving advertising for FLSA claims held that general advertisements were permitted if done according to the applicable ethical rules but prohibited counsel from initiating direct contact with members of the collective beyond the notice authorized by the Court. *See e.g.*, *Campo v. Granite Services Int'l, Inc.*, 584 F. Supp. 3d 1337, 1349 (N.D. Ga. 2022) (approving notice in collective actin despite Facebook advertisement); and *Gardner v. G.D. Barri & Associates Inc.*, 2021 WL 2474032, at *4 (D. Ariz. June 17, 2021) ("Counsel may continue to make general advertisements and may respond to inquiries from collective members.") These cases rely on *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989), wherein the Supreme Court instructed that "Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims."

The TikTok video was not an advertisement. It was part of a series of TikTok videos by

the undersigned law firm – which gain anywhere from a few hundred views to over 1.2 million views – about employment law topics for employers and employees. (https://www.tiktok.com/@fairlawfirm.) They provide general information on various topics.

Defendants request that the Court prohibit members of the Collective from publishing the notice authorized by the Court on any social media platforms but again fail to support their request for this type of gag order. Social media is a recognized method for disseminating general information and providing notice of a collective action. *Qiang Lu v. Purple Sushi Inc.*, 447 F.Supp.3d 89, 93 (S.D.N.Y 2020). If members of the collective end up publishing the approved notice on social media, and not to anyone in particular, doing so arguably only furthers the purpose of the FLSA. Of course, direct dissemination by one member of the collective to another is not okay.

### D. Mr. Collado's Proposed Notice Is Accurate, Consistent With The FLSA's Broad Remedial Purpose, And Should Be Approved Without Modification.

Defendants' notice arguments are antithetical to the purpose of the FLSA's collective action mechanism. Although Defendants have all the time and pay records for each putative class member, they inexplicably oppose expedited production of the time, pay, and tip records for the three years before the filing of the initial Complaint. They propose an additional delay while the parties confer on the language of the Notice if any revisions are required. A simple cure to address Defendants' delay tactics is to toll the limitations period as of the date of the Order conditionally certifying the collective action. Tolling is particularly appropriate here to prevent the Opt-In Plaintiffs from losing the ability to claim the tips at issue, considering that the purpose of the statute(s) of limitations would not be defeated.

> Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, *see Delaware State College v. Ricks*, 449 U.S. 250, 256-257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980); American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 561, 94 S.Ct. 756, 770 (1974), (concurring opinion); *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965), but these ends are met when a class action is commenced.

*Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983). The tolling period should relate back to the date that Mr. Collado filed his Motion for Conditional Certification. *Brown v. 1888 Mills*, LLC, 339 F.R.D. 692, 699 (N.D. Ga. 2021) ("To begin, the Court will equitably toll the statute of limitations as of the date Brown filed her motion for conditional certification (August 10, 2021), as the time period for the Court to issue a ruling should not be held against her and the other

Plaintiffs."); *see also Abelson v. Sarasota Cnty., Florida*, 2020 WL 3971830, at \*3 (M.D. Fla. July 14, 2020) ("The Court will toll the FLSA statute of limitations during this 14-day period to avoid prejudice to the rights of the putative collective action members.")

        1.      <u>The look-back period should be three years (and three weeks).</u>

The parties conferred and agreed that the limitations period is properly tolled for 21 days from whatever date the Court establishes. The parties initially agreed to toll the limitations period for 14 days commensurate with the 14-day extension Defendants received to respond to the initial Motion for Conditional Certification. (Exhibit "B".) The tolling agreement was not to run from the mailing of notices but to add 14 days to whatever date the Court established. *Id.*, *but see* ECF No. 82 at 10, fn. 1. Defendants also agreed to toll the limitations period for another 7 days based on their request for a commensurate extension to respond to the Renewed Motion for Conditional Certification. (Exhibit "C".) The parties agree that 21 days must be added to the limitations period.

        2.      <u>Notice by text message is an appropriate means of notification.</u>

Effective notice of a collective action lawsuit in 2023 should include text messaging. Many courts allow text message notice in FLSA cases. *See Grajeda v. Verified Moving Pros, LLC*, 2022 WL 17987191, at \*2 (S.D. Fla. Sept. 22, 2022) (approving text message notice); *Thrower v. Universalpegasus, Int'l Inc.*, 2020 WL 5258521at \*11-12 (S.D. Texas, Sept. 3, 2020) (Text message notice approved in FLSA case because it would increase the likelihood that employees receive notice); *Vasto v. Credico United States LLC*, 2016 WL 2658172 (S.D.N.Y. 2016) (Text message notice approved in FLSA case); *Eley v. Stadium Group, LLC*, 2015 WL 5611331 at \*3 (D.D.C. 2015) (Text message notice approved in FLSA case); *Irvine v. Destination Wild Dunes Mgmt.*, 132  F.Supp.3d  707, 711 (D.S.C. 2015) (Text message notice approved in FLSA case found to be "eminently reasonable"). The prevalence of spam email filters and the amount of spam email received makes email notice less effective than in prior years, while reliance on text messaging is more commonly used for commercial and personal communication. *Roldan v. Bland Landscaping Co., Inc.*, 341 F.R.D. 23, 35 (W.D.N.C. 2022). Most people now rely on their cell phones as their primary means of communication, making receiving a text message the best method to ensure receipt of notice of the pendency of this collective action. "Considering the changes in technology and the way we communicate, allowing plaintiffs to send notice via text message will increase the likelihood of

potential class members receiving notice. This is the aim of the FLSA." *Pryke v. First Solar, Inc.*, 2021 WL 5027565, at *3 (N.D. Ohio Oct. 29, 2021).

Mr. Collado agrees to limit the text message notification to include: (1) a brief sentence indicating that the receiver was identified as a potentially tipped employee who worked for Defendants during the previous three years who may be affected by a pending lawsuit and (2) a hyperlink to the Court approved notice and consent to join form. *See e.g.*, *Grajeda*, 2022 WL 17987191, at *2.

3.      <u>A ninety-day notice period is appropriate.</u>

Affording putative members of the collective ninety days to join these proceedings is appropriate due to the transitory nature of the service industry and the national trend. "[W]hile notice periods may vary, numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *McCoy v. Transdev Services, Inc.*, 2020 WL 2319117, at *7 (D. Md. May 11, 2020) (*citing Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *10 (D. Kan. Mar. 28, 2011) (denying the defendant's request to shorten the opt-in period below ninety days); *Calderon v. Geico Gen. Ins. Co.*, 2011 WL 98197, at *2, 8–9 (D. Md. Jan. 12, 2011) (authorizing a ninety-day notice period); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 68–69 (E.D. Pa. 2009) (finding a ninety-day opt-in period to be reasonable).) In this Circuit, Courts routinely approve ninety-day notice periods. *See e.g Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *4 (S.D. Fla. Oct. 6, 2020); *Isaacs v. One Touch Direct, LLC*, 2015 WL 248658, at *3 (M.D. Fla. Jan. 20, 2015) ("courts, including this Court, routinely grant ninety-day opt-in periods."); *Love v. Phillips Oil, Inc.*, 2008 WL 5157677, at *3 (N.D. Fla. Dec. 9, 2008) *Park v. B&M Mgmt. Co., LLC*, 2022 WL 1516308, at *1 (M.D. Ala. May 13, 2022)

4.      <u>Expedited production is appropriate.</u>

Because the statute of limitations begins to run for FLSA claimants until they affirmatively opt into this lawsuit, absent tolling, expedited production of the requested information is imperative to protect the rights of the collective. *See Laos v. Grand Prize Motors, Inc.*, 2012 WL 718713 at *2 (S.D. Fla. Mar. 6, 2012) (requiring defendants to produce to the plaintiff, within fifteen (15) days of conditional certification order, a complete list of all putative class members, including their last known home address, telephone number, e-mail addresses, and the last four digits of the social security number, taxpayer ID number, and financial account numbers, of employees).

5. <u>Posting at the Defendants' restaurant is necessary for effective notice.</u>

Defendants oppose informing current employees of their legal rights related to this lawsuit by opposing posting a notice at their restaurant. Defendants argue that this posting would be disruptive without addressing the benefits of posting a notice at the workplace for current employees. *Compare Denney v. Lester's, LLC,* 2012 WL 3854466, at *1 (E.D. Mo. Sept. 5, 2012) (requiring notice be posted for the entire notice period "in the break areas and/or kitchens of their restaurants and to disseminate such notice with paychecks and/or pay stubs"). *Hubbard*, 2020 WL 6038110, at *4 (approving 90-day notice period for the affected employees who worked for Defendant within the three years before the action being filed, requiring an Excel spreadsheet within 14 days, and requiring Defendant "to post the Notice and Consent in a conspicuous location in the same areas where they post government-required notices"). Although Defendants claim their business would be adversely affected by posting notice, this Court was not persuaded previously when considering the same argument. *Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 482 (S.D. Fla. 2018) ("Defendants' business will not be "crippled" by the posting of the Notice in an area where no customers can see it, such as the employee break room or in the back of the restaurant. The Court finds Plaintiffs' request to post the Notice at Defendants' restaurant reasonable.") *Didoni*, 327 F.R.D. 475 at 481–82.

6. <u>The proposed notice should be approved as drafted.</u>

The proposed Notice provides that the Court has not adjudicated the merits and that participation in the lawsuit does not guarantee "that there will be any money." [ECF No. 65-1 at 1.] Defendants request that the Court include their contact information on the notice without any explanation. *Rosell v. VMSB, LLC*, 2020 WL 7767879, at *4 (S.D. Fla. July 7, 2020) ("including defense counsel directly in the posted notice seems unnecessary absent a specific showing"). "[I]ncluding defense counsel's contact information without additional instruction—like an explicit warning not to contact defense counsel if an individual decides to join the lawsuit as a plaintiff— would create confusion and render the notice less effective." *Valdez v. MichPat & Fam, LLC*, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022); *see also Jibowu v. Target Corp.*, 2020 WL 7385695, at *5 (E.D.N.Y. Dec. 16, 2020). Considering the misinformation in Defendants' filings with this Court to date, the risk of including the defense counsel's information – especially without an admonition – is unwarranted and would be inappropriate.

Defendants ask to include a statement that joining could subject someone to responsibility for attorneys' fees and costs, although "including a warning to potential class members that they may be burdened with attorneys' fees and costs would potentially chill participation in this action." *Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4760671, at \*3 (M.D. Fla. Aug. 24, 2018). While a prevailing FLSA Defendant may recover its costs upon prevailing, there is no right to recover attorneys' fees absent exceptional circumstances. Defendants acknowledge their having violated §203(m)(2)(B) in their Answer to Interrogatories Nos. 19, eliminating the possibility of their recovery of attorneys' fees in this case and making any reference to the Defendants' recovery of attorneys' fees unnecessary. *Moxley v. OS Rest. Services, LLC*, 2022 WL 3268289, at \*2 (M.D. Fla. July 5, 2022) (requiring references to the "additional language regarding potential litigation costs" but not attorneys' fees and requiring "that the notice should inform potential members of all obligations, including the possibility of responding to written requests, sitting for a deposition, or appearing at trial") [*emphasis in original*].

> Defendant fails to show, or even allude to, that Plaintiffs brought this suit in bad faith. And as a showing of bad faith is necessary to award attorney's fees in FLSA cases, the chance that such a finding will be made in this case is not material enough to warrant referencing fees in the notice.

*Rosell v. VMSB, LLC*, 2020 WL 7767879, at \*5 (S.D. Fla. July 7, 2020). If any statement is to be included, it should parallel that previously approved by this Court: "Class members may be liable for incidental defense costs if they fail to obtain a favorable judgment. However, unless the court concludes that the litigation was undertaken in bad faith, class members will not be liable for defendant's attorney's fees." *Martin v. Partsbase, Inc.*, 2020 WL 8254281, at \*4 (S.D. Fla. Dec. 7, 2020).

### III. CONCLUSION

Plaintiff, Octavio Collado, requests that the Court determine that Count I is appropriate for conditional certification, that he can send notice to all captains, servers, and bussers, and that Defendants must produce the requested information to enable him to provide notice and a reminder notice as requested.

Respectfully submitted this 27th day of February 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*