UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

    Defendants.
_____/

## JOINT MOTION TO POSTPONE SETTLEMENT CONFERENCE UNTIL AFTER PENDING MOTIONS ARE DECIDED

Plaintiff, Octavio Collado, Opt-In Plaintiffs, Yordan Acosta, Francis Taylor, Augusto Guerra, Patricia Buraschi, Jovana Majetic, Inese Berzina, Douglas Ocampo, and Andreas Bouras, and Defendants, 450 North River Drive, LLC d/b/a Kiki on the River, RJ River, and Roman Jones, jointly request that the Court permit them to postpone the settlement conference (presently scheduled for March 1, 2023) based on the following good cause:

1.    The parties jointly bring this motion after having conferred several times by phone, for over an hour in total, to discuss in depth the upcoming settlement conference scheduled for March 1, 2023, to make the best use of the Court's time.

2.    While the parties dispute many of the legal and factual issues in this case, they agree that because this is not a typical FLSA case, the parties will be in the best position to resolve some or the issues in dispute after the Court resolves the pending motions.

**Procedural Status**

3. Mr. Collado now proceeds on his Second Amended Complaint which is not at issue due to the Defendants' Motion to Dismiss in response wherein they challenge the viability of each of the three claims pled. [ECF Nos. 59, 63.]

4. Also pending is Mr. Collado's Motion for Conditional Certification directed to Count I of the Second Amended Complaint, through which he seeks the Court's permission to assemble a collective action to address Count I, and to which Defendants filed a Response in Opposition. [ECF Nos. 65, 82.]

5. The Court's resolution of these two pending Motions will determine whether Mr. Collado may proceed on one or more of the claims pled in the Second Amended Complaint and, if so, whether Count I of the Second Amended Complaint can proceed on a collective basis pursuant to 29 U.S.C. §216(b).

6. Magistrate Judge Otazo-Reyes conducted a hearing and scheduled a settlement conference for March 1, 2023. [ECF No. 81.]

**The Issues**

7. Although the parties exchanged some time, pay, tip, and account records, they have not exchanged all the information necessary to have a productive settlement conference due, in large part, to the fact that former employees of Kiki on the River continue joining this case and have done so in the days preceding the settlement conference scheduled for March 1, 2023. [ECF Nos. 4, 5, 7, 15, 22, 25, 38, 41, 83.]

8. The parties submit that conducting a settlement conference when the Defendants' former employees continue opting into the lawsuit, when the Court has not yet resolved whether any claims may proceed past the pleading stage, and when the Court has not yet determined

whether the FLSA claim at Count I is addressed on an aggregate basis will not be productive at this time.

9. Practically speaking, and after extensive telephonic conferrals, the parties could not formulate a framework to resolve the claims presented by the individuals who joined the lawsuit nor resolve the claims on an aggregate basis due to the uncertainties surrounding the pending motions.

10. While the parties are mindful of the purpose of conducting a settlement conference fairly early in the litigation process, this case presents unique challenges and issues that make conducting an early settlement conference futile.

11. The parties thus propose that the Court postpone the settlement conference from March 1, 2023, and extend the time for the parties to conduct their settlement conference so that it occurs within 30 days after the Court rules on the pending Motion to Dismiss and the pending Motion for Conditional Certification with the 30 days commencing on the later of the two rulings.

12. After the Court rules on these two pending Motions, the parties will be better positioned to evaluate the claims at issue and whether their attempt at resolution should be approached by focusing on settling individual or aggregate claims.

13. The parties also discussed making themselves available to further discuss the above issues with the Court if necessary.

WHEREFORE Plaintiff, Octavio Collado, Opt-In Plaintiffs, Yordan Acosta, Inese Berzina, Patricia Buraschi, Jovana Majetic, Francis Taylor, Augusto Guerra, and Andreas Bouras, Defendants, 450 North River Drive, LLC d/b/a Kiki on the River, RJ River, LLC, and Roman Jones, jointly request that the Court grant the relief requested above.

Respectfully submitted this 27th day of February 2023,

<div style="display: flex;">

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

s/Reynaldo Velazquez, Esq.
Reynaldo Velazquez, Esq.
Fla. Bar No. 069779
*rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Fla. Bar No. 1011944
roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
*Counsel for 450 North River Drive, LLC,
d/b/a Kiki on the River, and Roman Jones*

s/Allan S. Reiss, Esq.
Allan S. Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
*Counsel for RJ River, LLC*

</div>