UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER, RJ RIVER, LLC, AND ROMAN JONES' MOTION FOR PROTECTIVE ORDER**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c), hereby file their joint Motion for Protective Order. Defendants state the following in support thereof.

**PRELIMINARY STATEMENT**

Plaintiff Octavio Collado's ("Mr. Collado") and his counsel, Plaintiff's counsel Brian Pollock's, Esq. ("Mr. Pollock"), should be prohibited in their communications with putative class members. Specifically, Mr. Pollock continues to communicate with putative class members via TikTok[1] videos relating to the pending action, which are posted on his law firm's public account.

---

[1] TikTok is a popular social media and video-sharing application that allows users to create and share videos that can be viewed by the public and/or other TikTok users. TikTok accounts

On February 12, 2023, Mr. Pollock uploaded his first TikTok video relating this action (the "February 12 TikTok").[2] The February 12 TikTok includes misleading information because it implies Defendants improperly distributed tips, which is not accurate. On February 17, 2023, the day Defendants filed their Response to the Motion for Conditional Certification of a Collective Action (the "Response"), Mr. Pollock uploaded a second video relating to this case and the Response (the "February 17 TikTok"). The February 17 TikTok also contains misleading information about the reasons why Defendants opposed the Motion for Conditional Certification of a Collective Action.[3]

As a result, the Court should (1) prohibit Mr. Pollock's, and his clients', communications with putative class members until there is a ruling on Plaintiff's Motion for Conditional Certification of a Collective Action; (2) require that Mr. Pollock cease the posting of any further videos, posts, tweets, messages, etc. on any social media platforms, including TikTok, about the pending action; and (3) order that any and all currently posted videos, posts, tweets, messages, etc. relating to this action be deleted from any and all social media platforms in his control or the control of his law firm.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

"[D]istrict courts are empowered with relatively broad discretion to prohibit communications between parties and putative class members." *Longcrier v. HL-A Co.* 595 F. Supp. 2d 1218, 1226 (S.D. Ala. 2008); *See also, Martin v. Partsbase, Inc.*, No. 20-80235-Civ-Brannon, 2020 U.S. Dist. LEXIS 248626, at *16-17 (S.D. Fla. Dec. 7, 2020). "This is particularly

---

can be private or public. The account maintained by Plaintiff's Counsel's firm, @fairlawfirm, is a public account at the time of this filing.
[2]     *See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074.
[3]     *See* https://www.tiktok.com/@fairlawfirm/video/7201226796317084970.

true to limit 'communications with putative collective members when such communications cross the boundaries of propriety, including when the communications are unbalanced, misleading, or factually inaccurate.'" *Id.* The purpose of prohibiting communications with putative class members is to allow the court to oversee the action. *Martin v. Partsbase, Inc.*, 2020 U.S. Dist. LEXIS 248626, at *17. If a court does not oversee communications between parties or counsel and putative class members the communications can "obstruct [the] Court in the discharge of its duties to oversee [the] collective action, and [it] undermines the integrity of the judicial process." *Id.* To be entitled to relief from contacting putative class members the moving party must show (1) a communication occurred or be threatened to occur and (2) the communication at issue threatens the proper functioning of litigation. *Jones v. Jeld-Wen, Inc.*, 250 F.D.R. 554, 561-62 (S.D. Fla. 2008). Here, both prongs are met.

Mr. Pollock has communicated with putative class members through uploading of the February 12 and 17 TikToks. *See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074 *See also,* https://www.tiktok.com/@fairlawfirm/video/7201226796317084970. As noted above, Mr. Pollock's law firm's TikTok account is a public account that can be accessed and viewed by anyone, including putative class members. It is apparent that this video reached its intended audience of putative class members because since the February 12 TikTok was posted six (6) new individuals have opted into this lawsuit. Therefore, the first prong is established.

Further, Mr. Pollock's videos are misleading and only provide his audience with one side of the story while leaving Defendants with no opportunity for Defendants to respond. For example, in the February 12 TikTok Mr. Pollock misleads his audience by stating the following:

3

> We filed this lawsuit in federal court and we're proceeding against Kiki on the River and its corporate owners to recover the tips that were either unlawfully retained or improperly distributed to traditionally non-tipped employees.

See https://www.tiktok.com/@fairlawfirm/video/7200398055902924074. However, there has been no adjudication pertaining to the tips at issue in this case and Defendants have no redress to respond to these claims. Accordingly, Mr. Pollock's statement conveys a one-sided story that is misleading and subject to the incorrect interpretation that Kiki and its "corporate owners" violated the law.

Further, Mr. Pollock states in the February 17 TikTok that Kiki has opposed Plaintiff's Motion for Conditional Certification of a Collective Action, and that **such opposition "means" defendants do not want to let opposing counsel inform current and former employees of their rights about this lawsuit.** https://www.tiktok.com/@fairlawfirm/video/7201226796317084970. Mr. Pollock's statement is (1) not true and (2) a gross oversimplification of the issues associated with Kiki's right to and the reasons for disputing conditional class certification. Mr. Pollock's statement again portrays Jones and Kiki in a negative light to indirectly solicit current and former restaurant employees.

Said point is illustrated later in the February 17 TikTok when Mr. Pollock essentially invites current and former non-party employees to the courthouse for the settlement conference. **Not surprisingly, non-parties appeared at the settlement conference and Defendants objected to their participation.** As a result, the Court was required to add the non-parties as opt-in plaintiffs during the settlement conference to facilitate their participation. Opposing counsel's February 17 TikTok, as reflected by the appearance of non-parties at the settlement conference, amounts to a second successful end run and willful

undermining of the Court's authority to determine whether, how, and when to provide notification of the option to join this lawsuit.

Mr. Pollock's continued posting of videos relating to this action leave Defendants with no choice but to file the instant motion. Mr. Pollock should be prohibited from disseminating one-sided and inaccurate information about the case to putative class members—especially when there has been no ruling on whether this case will be conditionally certified as a collective action. Plaintiff is attempting to use his online presence to usurp the Court's authority to oversee and mange this case, and has effectively done so as is demonstrated by the influx of putative class member since the February 12 posting. As a result, Defendant requests the Court grant its Motion for Protective Order.

## **CONCLUSION**

Based upon the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River, LLC, and Roman Jones respectfully requests that this Honorable Court enter an order: (1) prohibit Mr. Pollock's, and his clients', communications with putative class members until there is a ruling on Plaintiff's Motion for Conditional Certification of a Collective Action; (2) require that Mr. Pollock cease the posting of any further videos posts, tweets, messages, etc. on social media platforms, including TikTok, about the pending action; and (3) order that any and all currently posted videos, posts, tweets, messages, etc. relating to this action be deleted from any and all social media platforms in his control or the control of his law firm; and (4) granting such other and further relief as this Court deems just and proper.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CERTIFICATE OF GOOD FAITH

Defendants hereby certify that movant attempted to conferred with Plaintiff's counsel regarding the matters set forth in this Motion via email on March 2, 2023. Plaintiff's counsel has not responded to the conferral; however, based on prior communications regarding the issues presented in this Motion Defendants anticipate Plaintiff objecting to the relief sought. Nevertheless, due to the nature of the requested relief and time being of the essence Defendants submit this motion in good faith.

Dated:  March 2, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600 | Levine & Partners, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352 |
| /s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email: *rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com* | /s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: asr@levinelawfirm.com<br>*Counsel for RJ River, LLC* |

*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on March 2, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

**SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

4886-5059-4388, v. 1