UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
for himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER, RJ RIVER, LLC, AND ROMAN JONES'
REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC ("RJ"), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, hereby file their joint Reply in Support of their Motion for Protective Order. Defendants state the following in support thereof.

**PRELIMINARY STATEMENT**

Plaintiff's Response contends that the Motion for Protective Order makes *ad hominem* attacks directed at his counsel Brian Pollock, Esq. That is inaccurate. Defendants are raising well-founded concerns about the TikTok videos that Defendants believe are having detrimental and permanent effects on the pending litigation. To be clear, the concerns Defendants raise in the motion are based on the content of the TikTok videos and exists irrespective of the person responsible for their production and dissemination.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Plaintiff filed his Renewed Motion for Conditional Certification of a Collective Action on January 27, 2023, [ECF No. 65]. While Plaintiff's Renewed Motion for Conditional Certification of a Collective Action was pending, Mr. Pollock took to social media to discuss the pending litigation in one-sided videos that mischaracterize the litigation.[1] A review of the February 15[2] and 17 TikTok videos and their comments demonstrate that the effect of the videos was to communicate with potential putative class members, providing them (among others) misleading information, and soliciting individuals to join the action.

The claim in Plaintiff's Response that the TikTok videos were not directed at putative class members because they were videos for the public places form over substance. It is apparent the TikTok posts reached putative class members because, not only were they viewed over 50,000 times, at least one individual stated she was previously employed at Kiki. In response, opposing counsel requested that the putative class member contact his office. It is also clear that the information contained in the videos mislead putative class members because the comments include statements such as "It's Miami, they're guilty" and "Miami of course. Full of fraudulent business and people." Moreover, Plaintiff recently commented on the post stating "Justice for All!!!!" as if there has been a determination as to any Defendants' culpability. As a result, and for the detailed reasons that follow, Defendants request the Court grant their Motion for Protective Order.

---

[1]   See   https://www.tiktok.com/@fairlawfirm/video/7200398055902924074   and https://www.tiktok.com/@fairlawfirm/video/7201226796317084970.

[2]   For clarification of the record, Defendants previously identified Mr. Pollock's first TikTok relating to this case as the February 12 TikTok. It has subsequently been determined that the first TikTok was in fact posted on February 15, 2023.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### A. Fed. R. Civ. P. 26(c) is the Appropriate Means to Request a Protective Order, and even if it is Not, citing to Rule 26(c) is not a basis for denying Defendant's Motion

Plaintiff's claim that Fed. R. Civ. P. 26(c) ("Rule 26") does not provide the relief requested in Defendants' Motion is a red herring intended to distract from the issues presented. A careful review of the case law cited by Defendants and Plaintiff reveals that when a party is seeking a protective order to limit the other party's communication with putative class members, Rules 26(c) is applicable. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, n. 16 (1981) (citing *In re Halkin*, 589 F.2d 176, 193 (1976) ("To establish 'good cause' for a protective order under Federal Rule of Civil Procedure 26(c) 'the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped conclusory statements.'").

To the extent Rule 26 may not be applicable, the Court still has the authority to restrain a party's communications with putative class members through the issuance of a protective order. *See Longcrier v. HL-A Co.* 595 F. Supp. 2d 1218, 1226 (S.D. Ala. 2008) (granting a plaintiff's motion for protective order to restrict the defendant from communicating with putative class members); *See also, Martin v. Partsbase, Inc.*, No. 20-80235-Civ-Brannon, 2020 U.S. Dist. LEXIS 248626, at *16-17 (S.D. Fla. Dec. 7, 2020) (entering a tailored protective order to restrict certain communications with putative class members). Accordingly, Plaintiff's claim that Defendants' Motion for Protective Order should be denied because it seeks relief pursuant to Rule 26 does not have merit.

### B. The Attempted Conferral in this Particular Instance was Sufficient

The first TikTok video was posted by Mr. Pollock on February 15, 2023. Notably, this was after Plaintiff filed his Renewed Motion for Conditional Certification of a Collection Action, but before Defendant's Response was due. Defendants addressed the February 15 TikTok in their

3

Response to Plaintiff's Renewed Motion for Conditional Certification of a Collective Action and explained the video conveyed a statement that was misleading and subject to incorrect interpretation. [ECF No. 82]. Subsequently, counsel for Defendants and Mr. Pollock addressed the February 15 TikTok via email. Specifically, the email stated as follows:

> Your statements that the TikTok I posted contains misleading information is unfounded. That TikTok was not directed to anyone in particular, nor was it directed to solicit others to join, and instead was part of a social media strategy that involves posting about employment law topics.

It is apparent Mr. Pollock disagreed with Defendants' opposition to the February 15 TikTok video, and that is confirmed by the second TikTok he posted that led to this motion.

During the afternoon of March 1, 2023, and after the conclusion of the settlement conference, Defendants' counsel learned that Mr. Pollock posted the second TikTok video relating to this litigation. Defendants' counsel decided on March 2, 2023, that a Motion for Protective Order was necessary and proper because it was the **second** video, and that prompt action was necessary. Thereafter, Defendants' counsel attempted to confer with Mr. Pollock via email at approximately 3:35 p.m. regarding the filing of the Motion for Protective Order. Defendants' counsel waited just under two hours for a response and moved forward with the filing at approximately 5:28 p.m. when a response was not received. Significant to the decision to file was the email quoted above in which Mr. Pollock claims Defendants' concerns are "unfounded." Therefore, the attempted conferral in this instance was sufficient.

### C. The TikTok Communications Contain Misleading Information and their Practical Effects are to Communicate with and Solicit Putative Class Members

As a preliminary matter, the prohibition against communicating with putative class members applies to all parties and their counsel. *See Gulf Oil Co. v. Bernard*, 452 U.S. at 100 ("a district court has both the duty and broad authority to exercise control over a class action and to

enter appropriate orders **governing the conduct of counsel and parties**.") (emphasis added); *see also Taylor v. Shippers Transp. Express, Inc.*, No. CV 13-02092, 2014 U.S. Dist. LEXIS 190290, at *9-11 (C.D. Cal. July 8, 2014) (granting defendant's request for court intervention as to plaintiff's communications with the putative class). Therefore, Plaintiff's suggestion that courts "traditionally limit their involvement in pre-certification communications" to defendants is not a basis to deny this Motion for Protective Order.

In this case, the Motion for Protective Order should be granted. Despite Plaintiff's Response suggesting the contrary, the communications are directed to putative class members even if they are subject to being viewed by the public, they do contain misleading information that is abusive, and invite participation.

### a. The TikTok Videos are Communications with the Putative Class

The TikTik videos do communicate with putative class members. Simply because the TikTok videos are not sent directly to specific individuals does not change the fact that they are intended for putative class members even if they can be viewed by other individuals.

This point is illustrated by the fact that Mr. Pollock used the TikTok videos as an interactive tool to specifically respond to viewer comments about the litigation. As the Response concedes, the second TikTok video resulted from a request for an update on the litigation after the first video was posted on February 15. [ECF No. 102 at p. 13]. In response to the viewer's request for an update on the litigation, the second TikTok video was posted on February 17, 2023, and included another misleading statement and essentially invited the putative class to join the lawsuit prior to the settlement conference that occurred on March 1, 2023. Accordingly, the effect of the videos, irrespective of the alleged general communication, is to communicate with and solicit putative class members. This is not a situation where the TikTok videos are speaking generally about employers allegedly taking employees' tips and their rights when that happens. No, the videos

specifically reference, among other things about the case, Kiki on the River, the claims against the restaurant and an owner, and the status of the case.

### b. The TikTok's Videos Do Include Misinformation and Solicit Involvement in this Lawsuit

The TikTok videos threaten the proper function of the litigation because they provide the putative class with misleading information and the effect of the videos is to solicit individuals to join the lawsuit. The misleading information contained in the TikTok videos are addressed in the Motion for Protective Order. [*See* ECF No. 96 at p. 3-4]. The misleading information is abusive because in one instance it suggests Kiki and its "corporate owners" violated the law. *See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074. In the second instance it is abusive because the video conveys Defendants' opposition to the Motion for Conditional Certification of a Collective Action "means" Defendants do not want Mr. Pollock to inform putative class members of their rights. *See* https://www.tiktok.com/@fairlawfirm/video/7201226796317084970.

Moreover, the effect of the TikTok videos is to solicit involvement in the case. For example, a viewer of the February 17 TikTok video stated she previously worked at Kiki. *See* https://www.tiktok.com/@fairlawfirm/video/7201226796317084970. In response, Mr. Pollock wrote "**Hi, please contact my office and we can talk**." *Id.* (emphasis added). Therefore, it is clear the effect of the videos, irrespective of any claim to the contrary, is to communicate with putative class members, and this exchange expressly illustrates how the videos and subsequent communications can be and was exploited to invite the putative class member to speak to Mr. Pollock about this case.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

### c. The Balance of the Representations Made in the Response are Refuted by the TikTok Videos and/or Do Not Have Merit

The February 17 TikTok video does identify the date and general location of the settlement conference as reflected by the following:

> We've got an appointment on **March 1st with the federal magistrate judge** with those people who joined the lawsuit already to see whether we can resolve the case and if so what those terms would be. . . [.]  And about that **March 1st date, that's for anybody who joins the lawsuit they would have to personally appear at the settlement conference in downtown Miami in the federal courthouse, there's a specific courthouse you have to go to, with the federal magistrate judge, to attend the settlement conference in person to try to resolve the case**.

See https://www.tiktok.com/@fairlawfirm/video/7201226796317084970 (emphasis added).  The communication was seemingly successful in its attempt to rally additional putative class members to join prior to the settlement conference because at least three (3) individuals appeared that were not parties to the lawsuit.  Contrary to Plaintiff's claims, Defendants' counsel objected to non-parties being present at the confidential settlement conference and the Court had to approve their appearance via a ruling from the bench.  To be clear, Defendants did not reference the February 17 TikTok video in their objections as they did not know about its existence until after the settlement conference.

Plaintiff states that "No TikTok videos discuss the 'reasons' behind any actions taken by any party (or their counsel) to any legal proceedings[.]"  However, as previously stated, the second TikTok video conveys in no uncertain terms that Mr. Pollock received a response to Plaintiff's Renewed Motion to Conditionally Certify a Collective Action "from Kiki on the River's lawyers asking the judge to not certify a collective action, **which means to not let us inform each of the people who work at Kiki who would be affected by this lawsuit by sending them an email or a letter . . . to notify them of their rights about this lawsuit**[.]"  See https://www.tiktok.com/@fairlawfirm/video/7201226796317084970.  This statement implies that

Defendants are opposing the Motion for Conditional Certification of a Collective Action for the nefarious or unjust reason of not informing putative class members of their rights. This statement is not only inaccurate, but also paints Defendants in a negative light without any basis. The negative impact of opposing counsel's statement is clearly visible in the comments where individuals stated in response to this inaccurate claim that "I'm never eating there again! I'm appalled!" and "Definitely make sure they get paid **a lot of restaurants and clubs see how much their employees make and want parts** [sic] stop letting them take our money." *Id.*

Plaintiff's response further claims that the "TikTok videos [] do not include the style of the lawsuit or the case number, name any corporate defendant or Mr. Jones, directly solicit potential class members, or invite – let alone insinuate – that others could contact [Mr. Pollock] to join this lawsuit." [ECF No. 102 at p. 10]. Said comment is completely inaccurate and rebutted by a review of the TikTok videos and comments. The February 15 TikTok video states that a case was filed against Kiki on the River and the thumbnail cover photo on the video reads "**Lawsuit Against Kiki On The River For Improper Tips Distribution**." *See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074. Mr. Pollock also writes in a comment to the February 15 TikTok "The case is collado v. 450 north river drive and pending on federal court in Miami. If you google the case, you'll find it." *Id.* Accordingly, the videos do identify Kiki as a defendant in this case.

Lastly, Plaintiff raises an issue that is immaterial to the analysis pertaining to the resolution of the Motion for Protective Order. Specifically, the Response suggests incorrectly that Defendants' admission to a variance in the distribution of tips requires a finding that the FLSA was violated. That suggestion is inaccurate because there is no evidence at this juncture suggesting that the variance is a product of the unaccounted tips going to non-tipped employees. In other words, if the unaccounted tips went to tipped employees, there is no violation of the FLSA.

Mr. Pollock should be barred from posting any further TikTok videos or social media posts relating to the pending litigation. Defendants have no recourse to limit these improper communications short of Court intervention, which is necessary to preserve the proper functioning of the litigation. Therefore, Defendants request that the Court grant their Motion for Protective Order.

## CONCLUSION

Based upon the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River, LLC, and Roman Jones respectfully requests that this Honorable Court enter an order: (1) prohibiting Mr. Pollock's, and his clients' communications with putative class members until there is a ruling on Plaintiff's Motion for Conditional Certification of a Collective Action; (2) require that Mr. Pollock cease the posting of any further videos posts, tweets, messages, etc., on social media platforms, including TikTok, about the pending action; (3) order that any and all currently posted videos, posts, tweets, messages, etc., relating to this action be deleted from any and all social media platforms in his control or the control of his law firm; and (4) granting such other and further relief as this Court deems just and proper.

Dated: March 21, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>/s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email: *rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br><br>*Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | LEVINE & PARTNERS, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352<br><br>/s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: *asr@levinelawfirm.com*<br><br>*Counsel for RJ River, LLC* |

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on March 21, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>s/ Roman Sarangoulis</u>
Roman Sarangoulis, Esq.

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Counsel for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel Attorneys for RJ River, LLC*