UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-23074-CIV-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
*for himself and all others similarly situated*,

  Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC, *et al.*,

  Defendants.
_____/

## ORDER

  THIS CAUSE came before the Court upon Plaintiff Octavio Collado's ("Plaintiff") Notice of Discovery Hearing [D.E. 103]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 26]. The undersigned held a hearing on this matter on April 5, 2023 (hereafter, "Hearing"). In accordance with the rulings at the Hearing, it is

  ORDERED AND ADJUDGED as follows:

  1. With respect to Defendants 450 North River Drive LLC, d/b/a Kiki on the River ("450"), Roman Jones ("Jones"), and RJ River, LLC's ("RJ") (collectively, "Defendants") Initial Disclosures, Defendants shall expand their production of payroll records from three to five years and shall unredact the employee names contained in those documents. These unredacted payroll records shall be produced subject to the terms of an agreed confidentiality order to be submitted by the parties for the undersigned's approval. Should the parties be unable to reach agreement, they may submit competing proposed confidentiality orders. Further, with respect to all of

Plaintiff's discovery requests, Defendants shall expand the time frame of their responses from three to five years.

2.   With respect to Plaintiff's interrogatories seeking individuals' contact information, responses providing defense counsel's address for those individuals who are still under Jones' or 450's control is sufficient; however, a last known address must be provided for individuals no longer under such control.  With respect to Plaintiff's additional request for the social security numbers and other personal identifying information ("PII") of those individuals, Jones and 450 may provide such information under the terms of the anticipated confidentiality order.  Any unresolved issues with regard to PII may be brought to the undersigned's attention in accordance with the governing discovery dispute protocol.

3.   With respect to Plaintiff's Interrogatory No. 7, 450 shall identify all responsive documents by Bates number.  However, 450 need not perform the computations required by this interrogatory because they can be equally performed by Plaintiff based on the data contained in said documents.  Should Plaintiff encounter difficulties performing the computations, he may seek 450's assistance.  Any unresolved issues with regard to the computations may be brought to the undersigned's attention in accordance with the governing discovery dispute protocol.

4.   Jones' objections to Plaintiff's Interrogatories Nos. 6, 11, and 13 are sustained. Jones' objections to Plaintiff's Interrogatory No. 10 are overruled.  Jones shall respond to this interrogatory by identifying only the bank accounts of 450 and/or RJ for which he is (or was) a signatory during the relevant time frame.  Jones need not disclose in his answer the existence *vel non* of other signatories to those bank accounts.

5.   Jones shall amend his answer to Plaintiff's Interrogatory No. 14 to specify the

sources of information available to him regarding the existence of prior settlements for purposes of answering this interrogatory.

**DONE AND ORDERED** in Chambers at Miami, Florida this <u>6th</u> day of April, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record