UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
For himself and all others
similarly situated,

      Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

      Defendants.

_____/

### **THIRD AMENDED COMPLAINT**

     Plaintiff, Octavio Collado, for himself and all others similarly situated, sues Defendants, 450 North River Drive, LLC d/b/a Kiki On The River, RJ River, LLC, and Roman Jones, as both a proposed "opt-in" collective action as to their FLSA claim and as a Federal Rule of Civil Procedure 23 class action as to their Florida law claims as follows:

### ***Overview***

    1.    Plaintiff brings this Third Amended Complaint for himself and other similarly situated employees who were entitled to receive and who received tips while working for Defendants at their restaurant known as "Kiki on the River."

    2.    Plaintiff asserts the following three (3) claims for himself and for the others similarly situated:

Count I:    A proposed "opt-in" collective action 29 U.S.C. §216(b) for the recovery of the tips/overtips that Defendants improperly retained/distributed in

1

violation of 29 U.S.C. §203(m)(2)(B); see also *Lopez v. Fun Eats and Drinks, LLC*, 2021 WL 5302361 (N.D. Tex. 2021);

Count II:    A proposed Rule 23 class action to address Defendants' violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 et seq., in conjunction with Article X, Section 24 of the Florida Constitution; and

Count III:   A proposed Rule 23 class action for unpaid wages under Florida common law to address the improper retention/distribution of the wages (tips/overtips) earned by Plaintiff and the class and their attorneys' fees pursuant to Fla. Stat. §448.08 against Defendant, 450 North River Drive, LLC. *See Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257 (M.D. Fla. 2021).

3.     Plaintiff brings his FLSA claim (Count I) against all Defendants as <u>a proposed "opt-in" collective action pursuant to 29 U.S.C. §216(b)</u> and seeks to recover tips/overtips, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs for himself and all other similarly situated traditionally tipped front-of-the-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters),  who eventually opt into the class and who worked for the Defendants within the three (3) years preceding the filing of this action (the "Collective Action Class").

4.     Plaintiff brings his Florida Minimum Wage Act Claim (Count II) against all Defendants <u>as a proposed Rule 23 class</u> for himself and all other similarly situated traditionally tipped front-of-the-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters), who worked for Defendants during the five (5) years preceding the filing of this action for Count II.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

5.      Plaintiff brings his Florida Common Law Claim for Unpaid Wages (Count III) against Defendant, 450 North River Drive, LLC, <u>as a proposed Rule 23 class</u> for himself and all other similarly situated traditionally tipped front-of-the-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters), who worked for Defendants during the four (4) years preceding the filing of this action.

6.      Plaintiff knows of (and the undersigned counsel also currently represents) others similarly situated to him who have and/or are interested in opting into the collective being proposed in Count I with the Court supervising the process.

7.      Plaintiff also knows of (and the undersigned counsel currently represents) other similarly situated individuals who currently work or have worked for Defendants and would seek recovery of damages in any Rule 23 classes created to pursue a claim under the Florida Minimum Wage Act and a Florida common law claim for unpaid wages and who, even if no Rule 23 classes were to be certified by the Court, intend to pursue their legal claims under the aforementioned laws either individually or as part of multi-plaintiff litigation.

### Parties

8.      Plaintiff and the others similarly situated are *sui juris* adults who worked or who work for Defendants at their restaurant known as Kiki on the River as front-of-the-house tipped employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters).

9.      Plaintiff worked for Defendants as a front-of-the-house tipped employee, particularly as a server and then as a captain, at Kiki on the River.

10.     Plaintiff was an "employee" of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

11.     Plaintiff was a non-exempt employee of the Defendants.

12.     Defendants are believed to have records identifying the exact dates when they employed Plaintiff and the other similarly situated front-of-the-house tipped employees.

13.     **Defendant, 450 North River Drive, LLC**, is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business in Florida, at all times material.

14.     **Defendant, RJ River, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit restaurant business in Florida at all times material.

15.     Defendants 450 North River Drive, LLC and RJ River, LLC, operate under the fictitious name of "Kiki On The River," a restaurant in Miami, Florida.

16.     Defendants, 450 North River Drive, LLC and RJ River, LLC, use the same mailing/business address, with RJ River, LLC as the managing member of 450 North River Drive, LLC, and with both LLCs sharing membership/ownership/direction/control through at least one member – Roman Jones.

17.     **Defendant, Roman Jones,** was and is an owner/officer/director/manager of Kiki On The River for the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for operational decisions, supervised Plaintiff and the others in their work, and was partially or totally responsible for paying Plaintiff's wages and the wages of other similarly situated tipped front-of-the-house employees.

18.     Defendants were Plaintiff's direct employers, joint employers, and co-employers, as the term "employer" is defined by 29 U.S.C. §203(d).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

19.     Defendants were also the direct employers, joint employers, and co-employers of the similarly situated front-of-the-house tipped employees who worked at Kiki on the River.

20.     Defendants maintained the control, oversight, and direction over Plaintiff and the other front-of-the-house tipped employees, including the ability to hire, fire, and discipline them.

21.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

### *Jurisdiction and Venue*

22.     Defendants have been, at all material times, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

23.     Defendants cooked, prepared, and stored perishables and alcoholic beverages using machinery, appliances, refrigeration, goods, and materials that have also moved through interstate commerce.

24.     Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

25.     Defendants' annual gross revenues from this interstate commerce are believed to exceed $1,000,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff and the other similarly situated front-of-the-house tipped employees worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

26.     As evidence of its gross annual revenues, Defendant, 450 North River Drive LLC, received over $2.4 million in forgiven PPP loans – meaning that its operating expenses alone exceeded the jurisdictional threshold during a limited window of several months.

27.     This Court has original jurisdiction over the Plaintiff's federal question claim at Count I pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over the Plaintiff's class claims at Counts II and III arising under Florida law pursuant to 28 U.S.C. §1367 and/or 28 U.S.C. §1343.

28.     Venue in this Court is proper under 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, and because Plaintiff and the Defendants' other front-of-the-house tipped employees worked in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid the tips and overtips that they earned in Miami-Dade County.

### *Background Facts*

29.     Defendants, like the owners of most service establishments, allowed their customers to leave discretionary gratuities.

30.     Defendants' customers left gratuities (tips and overtips) intended to be paid to Plaintiff and the other similarly situated front-of-the-house tipped employees who worked for Defendants.

31.     The discretionary gratuities (tips) that Defendants' patrons left are referred to as "tips" or "overtips."

32.     Defendants also allowed certain patrons to accumulate their bills into "house accounts," whereby Defendants allowed their patrons to accumulate their bills into larger aggregate bills and to pay those aggregate bills periodically, but with less frequency than each dining visit – such as monthly.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

33.     Defendants' patrons with "house accounts" paid tips and /or overtips that were intended to be paid to Plaintiff and the other similarly situated front-of-the-house tipped employees who worked for Defendants.

34.     Defendants exercised complete control over the tips and overtips that their patrons left for their tipped employees, accumulating them in a "tip pool" or another aggregate arrangement, and then Defendants either retained a portion of the tips and overtips collected (by failing to distribute all tips and overtips collected) and/or distributed a portion of the tips and overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

35.     Defendants' unlawful pay practices deprived Plaintiff and the other similarly situated front-of-the-house tipped employees of the tips and overtips they earned and should have received, which amount results in a significant sum when aggregated.

36.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable attorneys' fee for all services related to this matter.

**COUNT I**
**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT**
**(TIP CONFISCATION)**

***Satisfaction of Conditions Precedent***

37.     Plaintiff complied with all conditions precedent to bringing this claim under the FLSA, as the FLSA imposes no condition precedent to bringing a lawsuit.

38.     The FLSA always precluded employers like Defendant, 450 North River Drive, LLC, from retaining any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees.

**7**

### *Background Facts*

39.     The FLSA was amended in 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may (a) not keep any portion of the tips and/or overtips earned by their employees for any reason – even when employers pay their employees more than the minimum wage – and (b) may not distribute tips to managers or supervisors:

> **An employer may not keep tips received by its employees for any purposes**, **including allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

40.     The 2018 amendment to the FLSA confirms that each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

41.     The FLSA makes each "employer" jointly and severally liable for all wages, liquidate damages, attorneys' fees, and costs owed.

### *Collective Action Allegations*

42.     Defendants employed more than 50 front-of-the-house tipped employees in Miami, Miami-Dade County, Florida, during the three (3) years since the initial Complaint was filed.

43.     Plaintiff brings this Count I as a collective action pursuant to 29 U.S.C. § 216(b) for himself and all other similarly situated individuals who are part of the following:

> All front-of-the-house tipped employees who worked at Kiki on the River any time during the three (3) years before filing the Complaint and up through the rendition of a judgment in this matter.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

44.     These individuals identified in paragraph 41 are called the "Collective."

45.     The Collective includes the persons who worked for Defendants as front-of-the-house tipped employees with various job titles, such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters, at the Kiki on the River restaurant during the three (3) years before the filing of the initial Complaint through the present, who were paid on an hourly basis, and who worked in customer-facing (front-of-the-house), non-managerial and non-supervisory jobs, who were entitled to share in the tips and overtips that Defendants collected and aggregated into a "tip pool," and who were subject to the same pay practices as Plaintiff.

46.     Plaintiff performed the same type of work under the same procedures, rules, and regulations as the Defendants' other similarly situated front-of-the-house tipped employees who worked for Defendants at their Kiki on the River restaurant in Miami, Miami-Dade County, Florida, and who relied at least in part on tips and overtips for their wages.

47.     The Collective of similarly situated workers who may become plaintiffs in this action includes the currently and formerly employed front-of-the-house tipped employees who worked for Defendants but to whom Defendants did not distribute all the tips and overtips that they earned.

48.     The members of the Collective are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical, to those presented by Plaintiff.

49.     The members of the Collective are known to Defendants and can be located through the mailing addresses, email addresses, and/or telephone records that Defendants collected.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

50.     Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b), with the Court managing the Notice process.

51.     Collective Action treatment of Count I is appropriate because Plaintiff and the Collective were subjected to the common business practices referenced in this Count I. The success of this FLSA claim depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices resulted in their failure to pay/distribute the tips and overtips that Defendants received properly, that the Collective earned and were entitled to receive, but which the Defendants either retained or failed to distribute properly in violation of 29 U.S.C. §203(m)(2)(B).

### COUNT I$_A$

### VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
### (TIP CONFISCATION CLAIM AGAINST 450 NORTH RIVER DRIVE, LLC)

52.     Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein.

53.     Defendant, 450 North River Drive, LLC, employed Plaintiff and other front-of-the-house tipped employees in its restaurant, "Kiki on the River."

### *Liability*

54.     Defendant, 450 North River Drive, LLC, disregarded the FLSA's prohibition against retaining the tips by employers and its prohibition against distributing tips to managers or supervisors when it kept a portion of the tips and/or overtips and/or when it distributed such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

55.     As a direct and proximate result of Defendant, 450 North River Drive, LLC,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

retaining a portion of the tips and/or overtips intended to for its front-of-the-house tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant, 450 North River Drive, LLC, violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Plaintiff and the Collective.

56.   Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, 450 North River Drive, LLC, improperly retained and/or that Defendant, 450 North River Drive, LLC, improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

57.   Defendant, 450 North River Drive, LLC, willfully and intentionally refused to pay Plaintiff and the Collective all the tips and/or overtips they earned/received during the relevant time.

58.   Defendant, 450 North River Drive, LLC, either knew from prior experience because of its being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ, or it recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips and overtips they earned and/or that its patrons left (a) violated the FLSA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips (and overtips) received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then it failed to timely correct its violation(s).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**COUNT I<sub>B</sub>**

**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
(TIP CONFISCATION CLAIM AGAINST RJ RIVER, LLC)**

59.     Plaintiff reincorporates and re-alleges paragraphs 1 through 51 as though set forth fully herein.

60.     Defendant, RJ River, LLC, employed Plaintiff and other similarly situated captains, servers, and bussers in its restaurant, "Kiki on the River".

*Liability*

61.     The FLSA always precluded employers like Defendant, RJ River, LLC, from retaining any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

62.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may not keep any portion of the tips and/or overtips earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

63.     Defendant, RJ River, LLC, disregarded the FLSA's prohibition on retaining the tips and/or overtips left by patrons by retaining a portion of the tips and overtips and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

64.     As a direct and proximate result of Defendant, RJ River, LLC, retaining a portion

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

of the tips and/or overtips received by its employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors, Defendant, RJ River, LLC, violated the FLSA and damaged Plaintiff and the Collective.

65.     Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, RJ River, LLC, improperly retained and/or that Defendant, RJ River, LLC, improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

66.     Defendant, RJ River, LLC, willfully and intentionally refused to pay Plaintiff and the Collective all the tips and overtips they earned/received during the relevant time.

67.     Defendant, RJ River, LLC, either knew from prior experience because of its being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ, or it recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that its patrons left (a) violated the FLSA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FLSA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then it failed to timely correct its violation(s).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

**COUNT I$_C$**

**VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
(TIP CONFISCATION CLAIM AGAINST ROMAN JONES)**

68.     Plaintiff reincorporates and re-alleges paragraphs 1 through 51 as though set forth fully herein.

69.     Defendant, Roman Jones, is an officer, director, member, and/or managing member of Defendants, 450 North River Drive, LLC and RJ River, LLC.

70.     Defendant, Roman Jones, had operational control over Defendants, 450 North River Drive, LLC and RJ River, LLC, and is jointly liable for the damages sustained by Plaintiff and the Collective.

71.     Defendant, Roman Jones, made significant operational decisions on behalf of Defendants, 450 North River Drive, LLC and RJ River, LLC, he had signatory authority for them, and he maintained the right to hire, fire, and make decisions regarding the employment of Plaintiff and the Collective.

### *Liability*

72.     The FLSA always precluded employers like Defendant, Roman Jones, LLC, from retaining or receiving any portion of the tips and/or overtips and from distributing any tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

73.     The FLSA was amended in April 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may not keep any portion of the tips and/or overtips earned by their employees for any reason – even if in situations in which employers pay their employees more than the minimum wage:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

**An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

74.     Defendant, Roman Jones, disregarded the FLSA's prohibition on retaining the tips and/or overtips left by patrons by retaining or receiving a portion of the tips and/or overtips and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

75.     As a direct and proximate result of Defendant, Roman Jones, retaining or receiving a portion of the tips and/or overtips received by his tipped employees and/or by distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant, Roman Jones, violated the FLSA and damaged Plaintiff and the Collective.

76.     Plaintiff and the Collective are entitled to recover as damages all tips and overtips that Defendant, Roman Jones, improperly retained, received, and/or that he improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

77.     Defendant, Roman Jones, willfully and intentionally refused to pay Plaintiff and the Collective all the tips (and overtips) they earned/received during the relevant time.

78.     Defendant, Roman Jones, either knew from prior experience as a result of his being previously sued for violating the FLSA by improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. 1:19-CV-25174-MARTINEZ, and *Murin v. Star Island Entertainment, LLC*, S.D. Fla. 1:17-CV-20614-MORENO, or he recklessly failed to investigate whether its failure to pay Plaintiff and the Collective all of the tips (and overtips) they earned and/or that its patrons left, (b) he either knew from prior experience or recklessly failed to

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

investigate whether the aforementioned practice violated the FLSA, (c) he either knew from prior experience or recklessly failed to investigate whether his failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FLSA, (d) and then failed to correct his violation(s) timely.

## COUNT I

## PRAYER FOR RELIEF

79.     Plaintiff and the Collective are entitled to a back pay award of the tips and overtips they earned, but that Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in his favor and in favor of the Collective, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, jointly and severally, after trial by jury and as follows:

    a.  Designating this Count as a Collective Action by Octavio Collado on behalf of the Collective he represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing the consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

    b.  Designating Plaintiff as the representative for the Collective;

    c.  Designating the undersigned as counsel for the Collective;

    d.  Awarding Plaintiff and the Collective the tips and overtips improperly withheld/distributed and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §§ 203(m)(2)(B) and 216(b);

    e.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201, 203(m)(2)(B), *et seq.*;

16

f.   Issuing an injunction prohibiting Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, from continued unlawful practices, policies and patterns set forth herein;

g.   Awarding pre-judgment and post-judgment interest as provided by law;

h.   Awarding reasonable attorneys' fees and costs;

i.   Declaring Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, to be in willful violation of the minimum wage provisions of the FLSA;

j.   Declaring that the statute of limitations should be three (3) years; and

k.   Awarding such other and further relief that this Court deems appropriate.

## COUNT II
## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT

### *Satisfaction of Conditions Precedent*

80.    While Plaintiff does not believe that the pre-suit notice requirements of Fla. Stat. §448.110(6) are constitutional, or that pre-suit notice is required by Fla. R. Civ. P. 1.220 or Fed. R. Civ. P. 23 for class claims involving the FMWA, Plaintiff nevertheless complied with any such requirement(s) by serving Defendants with the notice required by the FMWA on November 10, 2022, and on December 8, 2022.

81.    Defendants thereafter failed to resolve the FMWA claims to the Plaintiff's satisfaction within the time permitted by law.

### *Class Action Allegations*

82.    Plaintiff seeks to bring this Count II on a class basis because, during the last five years, he and the other similarly situated front-of-the-house tipped employees with various job titles at Kiki on the River, such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters, were subjected to the same wrongful pay practices and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

policies that operated to deprive him and the others similarly situated front-of-the-house tipped employees of the tips they earned, in violation of the FMWA.

83.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of and is a member of the following putative class that he seeks to represent:

> All persons who worked, were employed by, or engaged as front-of-the-house tipped employees at Kiki On The River any time during the five (5) years prior to the filing of the Complaint and up through the rendition of a judgment in this matter.

84.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's immediate family.

85.     This Count II is properly maintainable on a class basis pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

   a.   <u>Numerosity</u>:   This Count II satisfies numerosity. The class defined above is sufficiently numerous that separate joinder of each member is impracticable, as the Class will comprise more than fifty (50) people. Though the exact number and identity of Class members are not presently known, they can be identified through the records in Defendants' possession, custody, and control.

   b.   <u>Commonality</u>: The named Plaintiff's claim in Count II raises questions of law and fact common to each member of the Class, which include, but are not limited to:

   i.   whether Defendants paid a direct hourly wage below the minimum wage required by the FMWA;

   ii.  whether Defendants collected tips/overtips from patrons who paid upon completion of their dining;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

iii.  whether Defendants allowed patrons to accumulate bills into "house accounts:

iv.  whether Defendants collected tips/overtips when patrons settled (or paid) their "house accounts";

v.  whether Defendants took control over and pooled the tips/overtips left for their tipped employees;

vi.  whether Defendants were required to properly distribute all the tips/overtips that patrons left for the front-of-the-house tipped employees;

vii.  whether Defendants improperly retained any portion of the tips/overtips that patrons left for the front-of-the-house tipped employees;

viii.  whether Defendants improperly distributed any portion of the tips/overtips patrons left for the front-of-the-house tipped employees to managers or traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors);

ix.  whether tips/overtips are included within the definition of minimum wages under the FMWA;

x.  whether Defendants owe any tips/overtips to Plaintiff and the Class; and

xi.  whether Defendants' conduct willfully violated the FMWA.

c.  Defendants' defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

d.  <u>Typicality</u>:  The named Plaintiff's claim in Count II is typical of the claims of the Class members because the representative Plaintiff, like all members of the Class, worked as a front-of-the-house tipped employee, in particular a captain and a server, who was paid a direct hourly wage that was below the applicable minimum wage required by the FMWA, received tips and/or overtips from a "tip pool", and who did not receive all of the wages he earned due to the same and/or similar policies applied to all other front-of-the-house tipped employees with various job

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

titles at Kiki on the River, such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters, who also were paid a direct hourly wage below the applicable Florida minimum wage and who also received tips and/or overtips from a "tip pool" while working for Defendants during the past five years.

e. <u>Adequacy</u>: Plaintiff will vigorously pursue the claims alleged in Count II on behalf of himself and other similarly situated front-of-the-house tipped employees at Kiki on the River. Neither the Plaintiff nor his claims have any adverse interests to the proposed absent class members because he asserts the same claims under Florida law (FMWA) and seeks the same relief as would the Class members if each were to bring a similar action individually. Plaintiff will adequately protect and represent the interests of each Class member. Furthermore, the Plaintiff's counsel is experienced in wage class actions and intimately familiar with Florida and federal wage laws.

f. <u>Predominance</u>:   Pursuant to Rule 23(b)(3), class certification of Count II is appropriate because the FMWA claim alleged on behalf of the Class, as described in Count II, predominates over any question of law or fact affecting only individual members of the Class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to the Plaintiff as well as every other member of the proposed Class.

g. <u>Superiority</u>:  Class representation is superior to other available methods for the fair and efficient adjudication of the FMWA claim at Count II for a number of reasons including, but not limited to, the following: (1) the FMWA claim at Count II

challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for Defendants for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members do not have the resources to bring their claims individually; (4) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

86.     Notice of the Court's certification of Count II as a Class Action and of any result or resolution of Count II can be provided to Class members by first-class mail, email, text message, by the provision of notice in the paychecks/stubs to class members still employed by Defendants, by publication, by posting at a conspicuous location visited by the members of the Class still working for Defendants, by text message, and/or such other methods of notice as deemed appropriate by the Court.

### *The Law*

87.     The Florida Constitution provides that "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services to avoid economic hardship." Fla. Const., Art. X, §24(a).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

88.     Plaintiff and the similarly situated front-of-the-house tipped employees are/were entitled to be paid at least the minimum wage established by the Florida Minimum Wage Act. Fla. Stat. §448.110; and Art. X, §24, Fla. Const.

89.     Article X, Section 24 of the Florida Constitution states that "the terms 'Employer,' 'Employee' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations."

90.     The FMWA has "intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of [Article X, Section 24 of the Florida Constitution] and any implementing statutes or regulations." *Id.* at § 24(e).

91.     The FLSA permits employers to consider part of the gratuities left by customers (tips and/or overtips) as part of the wages paid to their employees for purposes of satisfying the minimum wage requirements, 29 U.S.C. §203(m)(2)(A), and the FMWA incorporates that definition of "wage." Art. X, §24(b) and (c).

92.     The Florida Minimum Wage Act specifically states, "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." Art. X, §24(c).

93.     A "tip credit" is the difference between the minimum wage and the amount paid to a tipped employee.

94.     "An employer is permitted to apply a 'tip credit' only if it satisfies two requirements: (1) the tipped employee must be informed of the tip credit practice and (2) the employee must retain all the tips she receives. The employee will be deemed to retain her tips even if she participates in a valid tip-pooling arrangement that is limited to those employees who 'customarily

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

and regularly receive tips.'" *Biller v. Cafe Luna of Naples, Inc.*, 2017 WL 11633268, at *4 (M.D. Fla. Feb. 7, 2017) (*citing* 29 U.S.C. §§203(m) and 531.59.)

95.     Defendants paid Plaintiff and their other similarly situated front-of-the-house tipped employees with various job titles, such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters, at their Kiki on the River a direct hourly wage that was less than the applicable Florida minimum wage during all times material to this Count II.

96.     Defendants considered the all or part of the gratuities left by customers (tips and overtips) as part of the wages they paid to their employees for purposes of satisfying the minimum wage requirements imposed by the FMWA.

97.     Plaintiff and the other similarly situated front-of-the-house tipped employees with various job titles at Kiki on the River were and (those currently employed are) engaged in occupations that customarily and regularly received more than $30/month in tips.

## COUNT II_A

## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
## (450 NORTH RIVER DRIVE, LLC)

98.     Plaintiff reincorporates and re-alleges paragraphs 1 through 36 and 80 through 97 as set forth fully herein and further alleges as follows:

### *Liability*

99.     Defendant 450 North River Drive, LLC, paid Plaintiff and the other similarly situated tipped front-of-the-house employees a direct hourly wage below the direct minimum hourly wage required by the FMWA.

100.     Defendant 450 North River Drive, LLC, maintained control over the tips and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

overtips paid by patrons by receiving, aggregating, and/or pooling that money.

101.    Defendant, 450 North River Drive, LLC, paid Plaintiff and its front-of-the-house tipped employees a "tip credit" wage that was less than the direct hourly wage required by the FMWA.

102.    Defendant 450 North River Drive, LLC, violated the FMWA by paying a "tip credit" wage but retaining a portion of the tips and/or overtips patrons left for their tipped employees and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors) each week instead of distributing all tips and overtips to only the front-of-the-house tipped employees who worked during each shift when the tips were earned.

103.    As a direct and proximate result of Defendant, 450 North River Drive, LLC's retaining a portion of the tips and/or overtips that should have been paid to its front-of-the-house tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant, 450 North River Drive, LLC, violated the FMWA.

104.    Plaintiff and the Class are entitled to payment of all tips and/or overtips that Defendant, 450 North River Drive, LLC, improperly retained and/or that Defendant, 450 North River Drive, LLC, improperly distributed.

105.    Defendant, 450 North River Drive, LLC, willfully and intentionally refused to pay Plaintiff and the Class all tips and overtips they earned/received during the relevant time, thereby violating the FMWA.

106.    Defendant, 450 North River Drive, LLC, either knew from prior experience as a result of its being previously sued for improperly sharing tips with traditionally non-tipped

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ (a) violated the FLSA and therefore the FMWA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then it failed to timely correct its violation(s) of the FMWA.

**COUNT II<sub>B</sub>**

**VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
(RJ RIVER, LLC)**

107.    Plaintiff reincorporates and re-alleges paragraphs 1 through 36 and 80 through 97 as set forth fully herein and further alleges as follows:

***Liability***

108.    Defendant RJ River, LLC, paid Plaintiff and the other similarly situated tipped front-of-the-house employees a direct hourly wage below the direct minimum hourly wage required by the FMWA.

109.    Defendant RJ River, LLC, maintained control over the tips and overtips paid by patrons by receiving, aggregating, and/or pooling that money.

110.    Defendant, RJ River, LLC, paid Plaintiff and its front-of-the-house tipped employees a "tip credit" wage that was less than the direct hourly wage required by the FMWA.

111.    Defendant RJ River, LLC, violated the FMWA by paying a "tip credit" wage but retaining a portion of the tips and/or overtips patrons left for their tipped employees and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners,

25

officers, directors, partners, managers, or supervisors) each week instead of distributing all tips and overtips to only the front-of-the-house tipped employees who worked during each shift when the tips were earned.

112.    As a direct and proximate result of Defendant, RJ River, LLC's retaining a portion of the tips and/or overtips that should have been paid to its front-of-the-house tipped employees and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant, RJ River, LLC, violated the FMWA.

113.    Plaintiff and the Class are entitled to payment of all tips and/or overtips that Defendant, RJ River, LLC, improperly retained and/or that Defendant, RJ River, LLC, improperly distributed.

114.    Defendant, RJ River, LLC, willfully and intentionally refused to pay Plaintiff and the Class all tips and overtips they earned/received during the relevant time, thereby violating the FMWA.

115.    Defendant, RJ River, LLC, either knew from prior experience as a result of its being previously sued for improperly sharing tips with traditionally non-tipped employees in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:19-CV-25174-MARTINEZ (a) violated the FLSA and therefore the FMWA, (b) it either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) it either knew from prior experience or recklessly failed to investigate whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then it failed to timely correct its violation(s) of the FMWA.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### COUNT II<sub>C</sub>

### VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
### (ROMAN JONES)

116.     Plaintiff reincorporates and re-alleges paragraphs 1 through 36 and 80 through 97 as set forth fully herein and further alleges as follows:

117.     Defendant, Roman Jones, is an officer, director, member, and/or managing member of Defendants, 450 North River Drive, LLC and RJ River, LLC.

118.     Defendant, Roman Jones, had operational control over Defendants, 450 North River Drive, LLC and RJ River, LLC, and/or supervised Plaintiff and the Class, and he is jointly liable for the damages sustained by Plaintiff and the other similarly situated captains, bussers, and servers he employed at "Kiki on the River".

119.     Defendant, Roman Jones, made significant operational decisions on behalf of Defendants, 450 North River Drive, LLC and RJ River, LLC, he had signatory authority for them, and he maintained the right to hire, fire, and make decisions regarding the employment of Plaintiff and the other similarly situated captains, servers, and bussers at "Kiki on the River".

### *Liability*

120.     Defendant Roman Jones, paid Plaintiff and the other similarly situated tipped front-of-the-house employees a direct hourly wage below the direct minimum hourly wage required by the FMWA.

121.     Defendant Roman Jones, maintained control over the tips and overtips paid by patrons by receiving, aggregating, and/or pooling that money.

122.     Defendant, Roman Jones, paid Plaintiff and its front-of-the-house tipped employees a "tip credit" wage that was less than the direct hourly wage required by the FMWA.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

123.    Defendant Roman Jones, violated the FMWA by paying a "tip credit" wage but retaining a portion of the tips and/or overtips patrons left for their tipped employees and/or by distributing such tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors) each week instead of distributing all tips and overtips to only the front-of-the-house tipped employees who worked during each shift when the tips were earned.

124.    As a direct and proximate result of Defendant, Roman Jones's retaining a portion of the tips and/or overtips that should have been paid to his front-of-the-house tipped employees at Kiki on the River and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendant, Roman Jones, violated the FMWA.

125.    Plaintiff and the Class are entitled to payment of all tips and/or overtips that Defendant, Roman Jones, improperly retained and/or that Defendant, RJ River, LLC, improperly distributed.

126.    Defendant, Roman Jones, willfully and intentionally refused to pay Plaintiff and the Class all tips and overtips they earned/received during the relevant time, thereby violating the FMWA.

127.    Defendant, Roman Jones, either knew from prior experience as a result of his having been previously sued for violating the minimum wage laws in *Arriaga vs. 450 North River Drive, LLC*, S.D. Fla. 1:19-CV-25174-MARTINEZ, and *Murin v. Star Island Entertainment, LLC*, S.D. Fla. 1:17-CV-20614-MORENO,  (a) violated the FLSA and therefore the FMWA, (b) he either knew from prior experience or recklessly failed to investigate whether the aforementioned practice violated the FMWA, (c) he either knew from prior experience or recklessly failed to investigate

28

whether their failure to distribute the tips and overtips received from and paid by patrons with "house" accounts during the relevant time period violated the FMWA, (d) and then he failed to timely correct his violation(s) of the FMWA.

## COUNT II

## PRAYER FOR RELIEF

128.    Plaintiff and the Class are entitled to a back pay award of tips and overtips they earned, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in their favor and in favor of the Class, and against Defendants, 450 North River Drive, LLC, RJ River, LLC, and Roman Jones, jointly and severally, after trial by jury and as follows:

a. Certifying this Count II as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) by Octavio Collado on behalf of the Class;

b. Designating Plaintiff as the representative for the Class;

c. Designating the undersigned as counsel for the Class;

d. Awarding Plaintiff and the Class the tips and overtips improperly withheld/distributed - and an additional equal amount as liquidated damages, pursuant to the FMWA;

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FMWA;

f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs;

i. Declaring Defendants to be in willful violation of the minimum wage provisions of the FMWA;

j. Declaring that the statute of limitations should be five (5) or more years and/or that the limitations should be tolled, as appropriate; and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

k.   Awarding such other and further relief that this Court deems appropriate.

## COUNT III – FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES
## (AGAINST 450 NORTH RIVER DRIVE, LLC)

129.    Plaintiff reincorporates and re-alleges paragraphs 1 through 36 as set forth fully herein and further alleges as follows:

130.    Tips are considered "wages" under Florida law. *See* Fla. Stat. §443.1217 ("wages… include tips or gratuities" for purposes of reemployment assistance); and *Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257, at *5 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021) ("In this instance, Hamann seeks her unpaid tips pursuant to Section 448.08. Hamann is entitled to such money as unpaid wages under Florida common law.")(*citing Coleman v. City of Hialeah*, 525 So. 2d 435, 437 (Fla. 3d DCA 1988) (defining "wages" to include "tips").)

131.    Federal law, likewise, considers "tips" that employees receive in the course of their employment to be "wages" paid by their employer:

> For purposes of this chapter, **tips received by an employee in the course of his employment shall be considered remuneration for such employment (and deemed to have been paid by the employer** for purposes of subsections (a) and (b) of section 3111). Such remuneration shall be deemed to be paid at the time a written statement including such tips is furnished to the employer pursuant to section 6053(a) or (if no statement including such tips is so furnished) at the time received; except that, in determining the employer's liability in connection with the taxes imposed by section 3111 with respect to such tips in any case where no statement including such tips was so furnished (or to the extent that the statement so furnished was inaccurate or incomplete), such remuneration shall be deemed for purposes of subtitle F to be paid on the date on which notice and demand for such taxes is made to the employer by the Secretary.

26 U.S.C.A. §3121(q); *see also United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 241 (2002) (discussing the requirement that employers report all tips to the IRS.)

132.    In this Count III, Plaintiff seeks for himself and the other similarly situated front-of-

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

the-house tipped employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters), who worked and currently work at the Kiki on the River, the tips and overtips that Defendant, 450 North River Drive, LLC, improperly retained and/or distributed. *See Pastrana v. Level Up Fitness, LLC*, 2021 WL 5631776, at *4 (S.D. Fla. Dec. 1, 2021) (recognizing claims for unpaid wages under Florida common law).

### *Satisfaction of Conditions Precedent*

133.    Plaintiff complied with all conditions precedent to bringing his claim under the common law of Florida, as the common law of Florida imposes no condition precedent to bringing a lawsuit for unpaid wages.

### *Class Action Allegations*

134.    Plaintiff seeks to bring this Count III on a class basis because, during the last four years, he and the other front-of-the-house tipped employees at the Kiki on the River were subjected to the same wrongful pay practices and policies that deprived them of the wages (tips and overtips) they were entitled to receive according to the common law of Florida and the standardized agreements they entered into with Defendant, 450 North River Drive, LLC.

135.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of and is a member of the following putative class that he seeks to represent:

> All persons who worked at, were employed by, or were engaged as front-of-the-house tipped employees at Kiki On The River any time during the four (4) years before filing the Complaint and up through the rendition of a judgment in this matter.

136.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendants, their officers, directors,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's immediate family.

137.    This Count III is properly maintainable on a class basis pursuant to Federal Rule of Civil Procedure 23(a) and 23b)(3).

    a.  <u>Numerosity</u>:  This Count III satisfies numerosity. The class defined above is sufficiently numerous that separate joinder of each member is impracticable, as the Class will comprise more than fifty (50) Class members from the last four years. Though the exact number and identity of Class members are presently unknown to Plaintiff, they can be identified through the records in Defendant's possession, custody, and control.

    b.  <u>Commonality</u>:  The named Plaintiff's claims in Count III raise questions of law and fact common to each member of the class, which include, but are not limited to:

        i.  whether Defendant, 450 North River Drive, LLC, offered to pay its front-of-the-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters) a direct hourly wage that was less than the applicable Florida minimum wage;

        ii.  whether Defendant, 450 North River Drive, LLC, also offered to pay its front-of-the-house employees with the tips and overtips as a condition of employment and continued employment;

        iii.  whether Plaintiff and the Class members accepted the offers by Defendant, 450 North River Drive, LLC, to receive the reduced hourly wage supplemented by the tips and overtips as a condition of their employment and continued employment;

        iv.  whether Defendant, 450 North River Drive, LLC, paid its front-of-the-house employees the reduced hourly wage;

        v.  whether Defendant, 450 North River Drive, LLC, collected and/or aggregated the tips and overtips from patrons who paid upon completion of their dining;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

vi.   whether Defendant, 450 North River Drive, LLC, allowed patrons to accumulate bills into "house accounts:

vii.   whether Defendant, 450 North River Drive, LLC, collected tips/overtips when patrons settled their "house accounts";

viii.   whether Defendant, 450 North River Drive, LLC, was required to distribute all the tips/overtips they it to only their front-of-the-house tipped employees in accordance with its agreements with them;

ix.   whether the tips/overtips are considered "wages" under Florida common law;

x.   whether Defendant, 450 North River Drive, LLC, improperly retained any portion of the tips/overtips;

xi.   whether Defendant, 450 North River Drive, LLC, improperly distributed any portion of the tips/overtips to managers or traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors);

xii.   whether Defendant, 450 North River Drive, LLC, breached its contract(s) with Plaintiff and the other similarly situated front-of-the-house tipped employees by retaining any portion of the tips/overtips;

xiii.   whether Defendant, 450 North River Drive, LLC, breached its contract(s) with Plaintiff and the other similarly situated front-of-the-house tipped employees by distributing any portion of the tips/overtips to managers or traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors);

xiv.   whether Defendant, 450 North River Drive, LLC, owe sany tips/overtips as wages to Plaintiff and the Class; and

xv.   whether Florida common law provides a cause of action for unpaid wages.

c.   Defendant, 450 North River Drive, LLC's defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and the entire Class and are not distinguishable or applicable against individual members of the proposed Class.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

d. <u>Typicality</u>:  The claims of the named Plaintiff in Count III are typical of the claims of the Class members because the representative Plaintiff, like all members of the Class, worked as a front-of-the-house tipped employee (in particular as captain and then as a server) who was entitled to receive as wages the tips and overtips he earned according to the contractual agreements he entered into with Defendant, 450 North River Drive, LLC, but who was deprived of those tips and overtips by Defendant, 450 North River Drive, LLC, as a result of its either retaining for itself or improperly distributing tips and/or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), and by the same and/or similar policies applied to all front-of-the-house tipped employees working at Kiki on the River.

e. <u>Adequacy</u>: Plaintiff will vigorously pursue the claims alleged in Count III on behalf of himself and other captains, servers, and bussers similarly situated. Neither the Plaintiff nor his claims have any adverse interests to the proposed absent class members because he asserts the same claims under Florida common law and seeks the same relief as would the Class members if each were to bring a similar action individually. Plaintiff will adequately protect and represent the interests of each absent class member. Furthermore, Plaintiff's counsel is experienced in wage class actions and intimately familiar with claims for unpaid/underpaid wages under Florida law.

f. <u>Predominance</u>:  Pursuant to Rule 23(b)(3), class certification of Count III is appropriate because the Florida common law wage claim alleged on behalf of the Class in Count III predominates over any question of law or fact affecting only

individual members of the Class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff and every other member of the proposed Class.

g.  Superiority:  Class representation is superior to other available methods for the fair and efficient adjudication of the Florida common law claim for unpaid wages for a number of reasons including, but not limited to, the following: (1) this action challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some Class members may have only worked for Defendant, 450 North River Drive, LLC, for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) Class members do not have the resources to bring their claims individually; (4) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant, 450 North River Drive, LLC; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

138.   Notice of the Court's certification of this Count III as a Class action and of any result or resolution of Count III can be provided to Class members by first-class mail, email, by provision of Notice of the Class Action in the paychecks/stubs issued to Class members still employed by Defendant, 450 North River Drive, LLC, by publication, by text message, or such other methods of notice as deemed appropriate by the Court.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### *Facts*

139.    In exchange for employment and continued employment, Defendant 450 North River Drive, LLC, offered to pay an hourly wage to Plaintiff and each Class member.

140.    In exchange for employment and continued employment, Defendant 450 North River Drive, LLC, also offered to collect and to then distribute to Plaintiff and each Class member all the tips and overtips the patrons at Kiki on the River left during each shift they worked

141.    Defendant 450 North River Drive, LLC, offered each front-of-the-house tipped employee a percentage of the tips and overtips based on such factors as the total amount of tips and overtips that Defendants collected during each shift, the position in which each person worked during each shift, and the hours each person worked during each shift, as further identified in its Answer to Interrogatory No. 5 of Exhibit "A". [1]

142.    Plaintiff and each Class member accepted the offer(s) by Defendant, 450 North River Drive, LLC, to receive the agreed-upon percentage(s) of the tips and overtips as a condition of their employment and/or continued employment with Defendant.

### *Liability*

143.    Defendant, 450 North River Drive, LLC, violated Florida common law by breaching its contractual agreements with Plaintiff and each Class member by retaining a portion of the wages (tips and overtips that customers left for their tipped employees) and/or by distributing such wages (tips and overtips) to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

---

[1]    Defendant, 450 North River Drive, LLC, has not yet identified the specifics of its contractual agreements with Plaintiff or the Class for the time before September 2019, but is expected to supplement its response to include a five-year time period based on the Court's Order at ECF No. 121.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

144.     As a direct and proximate result of Defendant, 450 North River Drive, LLC's either retaining for itself and/or distributing a portion of the tips and overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), it breached the contractual agreement(s) it entered into with Plaintiff and each Class member and violated the Florida common law that precludes employers from retaining any of the wages earned by employees.

145.     Plaintiff and the Class were damaged as a direct and proximate result of the breaches by Defendant, 450 North River Drive, LLC, improperly retaining and/or distributing to traditionally non-tipped employees the all wages (tips and overtips) that they earned but that they did not receive.

146.     Plaintiff and the Class are entitled to payment of all wages (tips and overtips) that they earned but that Defendant, 450 North River Drive, LLC, improperly retained and/or distributed to traditionally non-tipped employees.

## PRAYER FOR RELIEF

147.     Plaintiff and the Class are entitled to a back pay award of wages (tips and overtips) they earned under the common law of Florida, plus all attorneys' fees and costs incurred pursuant to Fla. Stat. §448.08.

WHEREFORE Plaintiff, Octavio Collado, demands the entry of a judgment in his favor and in favor of the Class, and against Defendant, 450 North River Drive, LLC, after trial by jury and as follows:

  a.  Certifying this Count III as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) by Octavio Collado on behalf of the Class;

  b.  Designating Plaintiff as the representative for the Class;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

c.   Designating the undersigned as counsel for the Class;

d.   Awarding Plaintiff and the Class unpaid wages (the tips/overtips improperly withheld/distributed) pursuant to Fla. Stat. §448.08;

e.   Awarding pre-judgment and post-judgment interest as provided by law;

f.   Awarding reasonable attorneys' fees and costs pursuant to Fla. Stat. §448.08; and

g.   Awarding such other and further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Octavio Collado, demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of April 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff(s)*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4884
*www.fairlawattorney.com*