UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
For himself and all others
similarly situated,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

## **PLAINTIFF'S OBJECTION TO AND APPEAL OF ORDER**

Plaintiff, Octavio Collado, through undersigned counsel, and pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Local Magistrate Judge Rule 4, objects to and appeals the Order entered by United States Magistrate Judge Alicia M. Otazo-Reyes at ECF No. 121 (the "Order") and states as follows:

### I.  INTRODUCTION

This is a putative collective and class action in which Mr. Collado requested that Defendants, 450 North River Drive, LLC and Roman Jones, provide discoverable information in response to Interrogatories. (Exhibits "A" and "B".) The Court referred all discovery issues to U.S. Magistrate Judge Otazo-Reyes in its Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge. [ECF No. 2.] Magistrate Judge Otazo-Reyes conducted a discovery hearing to entertain oral argument on Defendants' objections to the Interrogatories on April 5, 2023, and issued a written ruling thereon the following day. [ECF

1

No. 121.] Mr. Collado objects to and appeals to this Court the discovery Order because it is clearly erroneous and/or contrary to the law in several respects. Mr. Collado requests that this Court reverse those portions of the Order that sustain the Defendants' objections and thereby prevent him from accessing information that is relevant, discoverable, and proportional to the needs of this case and to require Defendants to provide better Answers as per the below.

## II. LEGAL STANDARD

Mr. Collado seeks this Court's review of the Order entered on April 7, 2023 [ECF No. 121] pursuant to 28 U.S.C. § 636(B)(1)(A) and S.D. Fla. L. Mag. R. 4(A). Under Local Rule 4(a)(1), any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) within fourteen (14) days after being served with the Magistrate Judge's order. To appeal and/or object, the party must file with the Clerk of the Court, and serve on all parties, written objections that specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position. *Id.*

> Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). " 'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.' " *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

*Gonzalez Ramos v. U.S. Dep't of Agric.*, 2022 WL 15640187, at *2 (S.D. Fla. Oct. 28, 2022).

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### III. RULINGS AT ISSUE

As a preliminary matter, Defendants 450 North River Drive, LLC and Roman Jones agreed to provide better and/or more responses to several of the interrogatories, leaving for the Court to address the objections and responses to Interrogatory Nos. 1, 2, 6, 7, 10, 11, 13 and 14 to Mr. Jones and Nos. 1, 2, 3, 6, 7, and 17 to 450 North River Drive, LLC at the discovery hearing. [ECF No. 103.] The resultant Order addressed the relevant time period for initial disclosures, initial disclosure documents, and discovery (starting 5 years before the initial Complaint was filed) and then generally addressed the issues of personal contact information and personal identifying information. [ECF No. 121.] The Order also sustained Mr. Jones' objections to Interrogatories Nos. 6, 11, 13, and partially overruled his objections to Nos. 10 and 5. The Order did not address the remaining issues argued at the hearing nor establish a deadline for the revised Initial Disclosures or better answers to be served. *Id.* Regarding the rulings in the Order, Mr. Collado will address each ruling to which he objects and appeals *in seriatim*.

#### A.   Ruling No. 2.

The first discovery issue concerning the Defendants' answers and objections to the Interrogatories involves their objection to providing the contact and identifying information for not only the Defendants' managerial employees but also one of the named defendants – Mr. Jones. Mr. Collado specifically requested the last known address and telephone numbers for witnesses in several of the Interrogatories directed to Defendants, 450 North River Drive, LLC (Exhibit "A") and to Roman Jones (Exhibit "B"). Although Defendants did not object to providing the last known addresses for the currently employed personnel or for Mr. Jones, the Court nonetheless denied Mr. Collado's request to compel the disclosure of their last known addresses. The ruling is as follows:

2. With respect to Plaintiff's interrogatories seeking individuals' contact information,

3

responses providing defense counsel's address for those individuals who are still under Jones' or 450's control is sufficient; however, a last known address must be provided for individuals no longer under such control. With respect to Plaintiff's additional request for the social security numbers and other personal identifying information ("PII") of those individuals, Jones and 450 may provide such information under the terms of the anticipated confidentiality order. Any unresolved issues with regard to PII may be brought to the undersigned's attention in accordance with the governing discovery dispute protocol.

[ECF No. 121 at 2.][1]

Prohibiting Mr. Collado from obtaining the last known address for each witness and Mr. Jones (a named Defendant) is clearly erroneous and contrary to law because the ruling cannot be reconciled with the mandatory disclosure requirements imposed by Fed. R. Civ. P. 26(a)(1)(A)(1):

> Rule 26(a) provides in pertinent part:
>
> (1) Initial Disclosure.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party ***must***, without awaiting a discovery request, **provide to the other parties**:
>
> > (i) the name and, if known, **the address** and telephone number of each individual likely to have discoverable information— ...
>
> Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). **The requirements of Rule 26(a) are mandatory**. *Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-cv-156-T-24TBM, 2010 WL 11508155, at *1 (M.D. Fla. May 17, 2010). **Providing counsel's business address does not satisfy Rule 26(a)'s requirements, unless no other address or telephone number is known**. *Id.* (citing *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681 (N.D. Ga. 2000).)

*Van Hoek v. McKesson Corp.*, 2018 WL 7286517, at *1 (M.D. Fla. June 21, 2018) (granting motion to compel disclosure of home addresses) [*emphasis added*]; *accord Kinslow-Dobbs v. Kindred Healthcare, Inc.*, 2018 WL 11482216, at *3 (M.D. Fla. Apr. 5, 2018) ("Defendant is ordered to provide personal

---

[1] In the interrogatories served on Defendants, Mr. Collado sought the date of birth and social security number for only Mr. Jones. (Exhibits "A" and "B.") The issue of whether Mr. Collado is entitled to discovery of the dates of birth and social security numbers of other witnesses, including in deposition, was not a discovery issue brought before the Court.



4

contact information….") The Order denying Mr. Collado's request for the last known address for each witness and Mr. Jones deprives Mr. Collado of the ability to conduct background checks on the witnesses and on Mr. Jones. *Townsend v. Hosp. Bd. Of Directors of Lee County*, 2010 WL 3702546 (M.D. Fla. Sept. 16, 2010). The ruling is both clearly erroneous and contrary to law.

In addition, the ruling that Mr. Collado is not entitled to Mr. Jones' date of birth and social security number is also clearly erroneous and contrary to law. Discovery of a party's social security number and date of birth is routinely discoverable to enable the adverse party to conduct a background check. *See e.g.*, *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 at fn. 2 (M.D. Fla. 2000) ("It should be noted, in the Court's experience, that the discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters.")

**B.      Ruling No. 3.**

In Interrogatory No. 7 directed to Defendant, 450 North River Drive, LLC, Mr. Collado requested that his former employer identify the people employed as captains, servers, and bussers during each week for the relevant time period and the percentage of tips/overtips distributed to each captain, server, and busser each week. ECF No. 121 at 2.] Although Defendant already has the information requested, and although it already performed the required calculations necessary to fully answer Interrogatory No. 7, and although it was required to maintain documents identifying each person who participated in the tip pool and the amount distributed to each, Defendant refused to provide the information.

Defendant objected by claiming that the interrogatory was overly broad in seeking information for five (5) years and that it was not reasonably calculated to lead to the discovery of admissible evidence. (Exhibit "A.") The Court sustained the Defendant's objection and sustained

5

Defendant's refusal to provide this information, ruling as follows:

> 3. With respect to Plaintiff's Interrogatory No. 7, 450 shall identify all responsive documents by Bates number. However, 450 need not perform the computations required by this interrogatory because they can be equally performed by Plaintiff based on the data contained in said documents. Should Plaintiff encounter difficulties performing the computations, he may seek 450's assistance. Any unresolved issues with regard to the computations may be brought to the undersigned's attention in accordance with the governing discovery dispute protocol.

[ECF No. 121 at 2.]

The ruling is clearly erroneous and contrary to law because Defendant did not timely preserve its objection that providing the requested calculations was too burdensome (or substantiate its objection with an affidavit or other evidence). *Great Am. Ins. Co. v. Veteran's Support Org.*, 2015 WL 10633939, at *6 (S.D. Fla. Aug. 24, 2015). The ruling is clearly erroneous because Defendant not only already performed the calculations in determining the tips to be paid to each tipped employee during each pay period, but it also showed a document identifying the tips distributed and to whom each week. Furthermore, it would not be possible for Mr. Collado to perform the calculations proposed by the Order with the information provided by Defendant because Mr. Collado would need information not produced to him to perform the calculations (such as the persons and positions in the "Tipped Support Staff Pool," the points assigned to each tipped employee, the tips received Defendant collected, and the persons in the tip pool). (Exhibit "A" at 12.) Consequently, the Order is clearly erroneous and contrary to the law.

### C. <u>Ruling No. 4.</u>

The next discovery issue involves the decision to preclude Mr. Collado from accessing discoverable information that would enable him to substantiate his claim that Mr. Jones is an "employer" who is jointly and severally liable under the FLSA and the FMWA. In particular, Mr. Collado requested that Defendants identify all persons who have signatory authority for the bank

6

accounts maintained by 450 North River Drive, LLC and RJ River, LLC in response to Interrogatory No. 10, to identify all signatories to each lease he signed for 450 North River Drive, LLC and RJ River, LLC in response to Interrogatory No. 11, and to identify all contracts, leases and agreements that Mr. Jones signed on behalf of 450 North River Drive, LLC and RJ River, LLC in response to Interrogatory No. 6. (Exhibit "B.") The Order only required Mr. Jones to identify the bank accounts for 450 North River Drive, LLC and RJ River, LLC that he is an authorized signatory. [ECF No. 121 at 2.]

> The Magistrate Judge's ruling at issue is reproduced below:
>
> 4. Jones' objections to Plaintiff's Interrogatories Nos. 6, 11, and 13 are sustained. Jones' objections to Plaintiff's Interrogatory No. 10 are overruled. Jones shall respond to this interrogatory by identifying only the bank accounts of 450 and/or RJ for which he is (or was) a signatory during the relevant time frame. Jones need not disclose in his answer the existence *vel non* of other signatories to those bank accounts.

[ECF No. 121 at 2.]

The Order deprives Mr. Collado of the ability to obtain discoverable evidence, and it is clearly erroneous and contrary to the law. The extent to which an individual is an authorized signatory on business bank accounts, can bind the corporation to financial obligations, and controls a company's "purse strings" are factors routinely considered in determining whether that individual is an "employer" under the FLSA. *See e.g.*, *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) (the individual who "negotiated leases and vendor contracts" was an employer under the FLSA after "[c]onsidering the totality of the circumstances"); *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1290 (S.D. Fla. 2015) ("maintains financial control" and "maintains operational control"); *Arias v. Alphine Towing, Inc.*, 2011 WL 11073004, at *9 (S.D. Fla. Feb. 8, 2011) (individuals who were "signatories to the bank account" found to be "employers"). The extent to which Mr. Jones was the only bank account signatory,

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

exercised that authority, whether he had the authority to and actually signed the leases and other contractual agreements for the corporate Defendants would substantiate the allegations that he was Mr. Collado's statutory employer under the FLSA and FMWA. *Compare Solano v. A Navas Party Prod., Inc.*, 728 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010) (denying defendants' summary judgment motion regarding individual liability as an employer where the individual was "a signatory on the business accounts".) Moreover, whether Mr. Jones directed others to sign checks on behalf of the corporate employer(s) would also tend to demonstrate that he was an "employer" under the FLSA. *Leon v. M.I. Quality Lawn Maint., Inc.*, 2011 WL 13220282, at *3 (S.D. Fla. Feb. 11, 2011) (the individual who "authorized and would direct [another employee] to sign checks on behalf of the company" was an "employer" under the FLSA.) The decision to deny Mr. Collado access to this discoverable information is clearly erroneous and contrary to the law.

### D. Ruling on Interrogatory No. 2 to Mr. Jones.

The Order did not contain the *ore tenus* ruling sustaining Mr. Jones' objections to Interrogatory No. 2. [ECF No. 121.] Interrogatory No. 2 requested Mr. Jones to answer whether he has ever been charged with a crime and, if so, the nature of each such charge, the county and state where brought, and the disposition and case number for each. (Exhibit "B" at 4.) The Court made an *ore tenus* ruling sustaining the Defendant's objections to Interrogatory No. 2. The Court's ruling is clearly erroneous and contrary to the law, since the criminal history of a named defendant (and of a witness) is discoverable – including for impeachment purposes. *See Onemata Corp. v. Rahman*, 2021 WL 517657 at *3 (S.D. Fla. Oct. 26, 2021) (discussing legitimate interest in obtaining criminal history of a witness, including for impeachment purposes).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## IV. CONCLUSION

Mr. Collado requests that the Court sustain his objections to the Order, as set forth above, and to require Defendants, 450 North River Drive, LLC and Roman Jones, to provide him with better interrogatory answers within 10 days from the entry of the Court's Order.

Respectfully submitted this 17th day of April 2023,

                                                          s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff(s)*

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*