UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

       Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

       Defendants.

_____/

### DEFENDANT 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER'S ANSWERS AND OBJECTIONS TO PLAINTIFF OCTAVIO COLLADO'S FIRST SET OF INTERROGATORIES

Defendant, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki" or "Defendant"), by and through its undersigned counsel, serves the following Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant 450 North River Drive, LLC.

### GENERAL COMMENTS, OBJECTIONS AND QUALIFICATIONS

Defendant endeavored to respond to Plaintiff's First Set of Interrogatories on the basis of the best information available. The answers set forth herein are made without waiving the following:

1.      The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper grounds, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action;

2.      The right to object on any and all proper grounds at any time, to other Interrogatories or other discovery requests involving or relating to the subject matter of the Interrogatories herein responded to; and

3.      The right, at any time, to revise, correct, modify, or clarify any of the responses provided herein.

4.      Defendant objects to Plaintiff's "instructions" and "definitions" to the extent they are inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of Florida.

5.      Kiki objects to these interrogatories to the extent they exceed the applicable limit provided by Rule 33. Interrogatories 7 and 8 incorporate several discrete requests into a single interrogatory. As a result, Plaintiff served in excess of twenty-five (25) interrogatories when including discrete subparts and all interrogatories as of interrogatory 14 exceed the twenty-five limit and are subject to this objection.

6.      All of Defendant's Answers are made subject to the above comments, objections, and qualifications and assume that Plaintiff's Interrogatories to Defendant are not seeking information and/or documents prepared in anticipation of litigation or by/at the request or direction of undersigned counsel (Jackson Lewis P.C.) or prior defense counsel, or the various correspondence by and between Defendant and its counsel regarding the matters raised in Plaintiff's demand, charge, and/or complaints.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 1

Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to Defendant, 450 North River Drive, LLC, as well as his/her full name, date of birth, social security number, and current residential address.

### OBJECTION

Kiki objects to this interrogatory to the extent it requests personal identification information including residential addresses, date of birth, and social security number. Kiki also objects to this interrogatory because it is overly broad and not proportional to the needs of the case. Lastly, Kiki objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   This interrogatory's request for Kiki's representative's addresses, date of birth, and social security number bears no relation to the allegations in Plaintiff's Second Amended Complaint or the anticipated defenses.

### ANSWER

Subject to the above objections, Kiki states the following:

1.      Sia Hemmati,
        450 North River Drive, LLC, d/b/a Kiki on the River's Managing Partner
        c/o Defendant's counsel
        Reynaldo Velazquez, Esq.
        Roman Sarangoulis, Esq.
        JACKSON LEWIS, P.C.
        One Biscayne Tower, Suite 3500
        2 South Biscayne Boulevard
        Miami, Florida 33131

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 2

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

### ANSWER

1.      Octavio Collado, Plaintiff
        c/o Plaintiffs' counsel
        FAIRLAW FIRM
        135 San Lorenzo Ave.
        Coral Gables, Florida 33146
        Telephone: (305) 230-4884

Collado has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

2.      Yordan Acosta, Opt-in Plaintiff
        c/o Plaintiffs' counsel
        FAIRLAW FIRM
        135 San Lorenzo Ave.
        Coral Gables, Florida 33146
        Telephone: (305) 230-4884

Acosta has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

3.      Francis Taylor, Opt-in Plaintiff
        c/o Plaintiffs' counsel
        FAIRLAW FIRM
        135 San Lorenzo Ave.
        Coral Gables, Florida 33146
        Telephone: (305) 230-4884

Taylor has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

4.      Augusto Guerra, Opt-in Plaintiff
        c/o Plaintiffs' counsel
        FAIRLAW FIRM
        135 San Lorenzo Ave.
        Coral Gables, Florida 33146

Telephone: (305) 230-4884

Guerra has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

5.  Patricia Buraschi, Opt-in Plaintiff
    c/o Plaintiffs' counsel
    FAIRLAW FIRM
    135 San Lorenzo Ave.
    Coral Gables, Florida 33146
    Telephone: (305) 230-4884

Buraschi has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

6.  Jovana Majetic, Opt-in Plaintiff
    c/o Plaintiffs' counsel
    FAIRLAW FIRM
    135 San Lorenzo Ave.
    Coral Gables, Florida 33146
    Telephone: (305) 230-4884

Majetic has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

7.  Inese Berzina, Opt-in Plaintiff
    c/o Plaintiffs' counsel
    FAIRLAW FIRM
    135 San Lorenzo Ave.
    Coral Gables, Florida 33146
    Telephone: (305) 230-4884

Berzina has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

8.  Antonio Gomez, Opt-in Plaintiff
    c/o Plaintiffs' counsel
    FAIRLAW FIRM
    135 San Lorenzo Ave.
    Coral Gables, Florida 33146
    Telephone: (305) 230-4884

Gomez has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

9.  Roman Jones, 450 North River Drive, LLC, d/b/a Kiki on the River's owner
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Mr. Jones has knowledge about his and RJ RIVER's lack of involvement in Kiki's daily operations.

10. Sia Hemmati, 450 North River Drive, LLC, d/b/a Kiki on the River's Managing Partner
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Mr. Hemmati has knowledge of the work responsibilities pertaining to Plaintiffs' jobs, the procedures and policies relating to Kiki's compensation of captains, servers and bussers, and the distribution of tips to tipped employees.

11. Kevin Mendez, 450 North River Drive, LLC, d/b/a Kiki on the River's Chief Financial Officer
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Mr. Mendez has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's compensation of captains, servers and bussers, and the distribution of tips to tipped employees.

12. Xandra Hollow, 450 North River Drive, LLC, d/b/a Kiki on the River's General Manager
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Ms. Hollow has knowledge of Plaintiffs' pay, their duties and responsibilities, the procedures and policies relating to Kiki's compensation of captains, servers and bussers, and the distribution of tips to tipped employees.

13.   Vigan Krasniqi, Former 450 North River Drive, LLC, d/b/a Kiki on the River's
      General Manager

Mr. Krasniqi has knowledge of Plaintiffs' pay, their duties and responsibilities, the
procedures and policies relating to Kiki's compensation of captains, servers and bussers,
and the distribution of tips to tipped employees.

14.   Dean Tsakanikas, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
      Chief Operating Officer
      Address unknown

Mr. Tsakanikas has knowledge of Plaintiffs' pay, their duties and responsibilities, the
procedures and policies relating to Kiki's compensation of captains, servers and bussers,
and the distribution of tips to tipped employees.

15.   Marina Belfor, 450 North River Drive, LLC, d/b/a Kiki on the River's payroll
      specialist
      c/o Defense counsel
      Jackson Lewis P.C.
      One Biscayne Tower, Suite 3500
      Two South Biscayne Boulevard
      Miami, Florida 33131

Ms. Belfor has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's
compensation of captains, servers and bussers, and the distribution of tips to tipped
employees.

16.   Adrian Bzura, 450 North River Drive, LLC, d/b/a Kiki on the River's Senior
      Accountant
      c/o Defense counsel
      Jackson Lewis P.C.
      One Biscayne Tower, Suite 3500
      Two South Biscayne Boulevard
      Miami, Florida 33131

Mr. Bzura has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's
compensation of captains, servers and bussers, and the distribution of tips to tipped
employees.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 3

On a day-to-day basis, identify all persons with managerial and/or supervisory roles over

Plaintiff and each Opt-In Plaintiff during the five (5) years prior to the filing of the initial

Complaint through the present, and provide the last known address for each person if not

currently employed by 450 North River Drive, LLC.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information

that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks

information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

## ANSWER

Subject to the above objections, and limited to a three (3) year period, the below individuals

supervised Plaintiff and the opt-in plaintiffs:

1.  Xandra Hollow, 450 North River Drive, LLC, d/b/a Kiki on the River's General
    Manager
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

2.  Vigan Krasniqi, Former 450 North River Drive, LLC, d/b/a Kiki on the River's
    General Manager

3.  Dean Tsakanikas, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
    Chief Operating Officer
    Address unknown

8

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 4

Describe all facts that support any defense that Plaintiff's claims for unpaid/underpaid tips and/or overtips are barred, overstated, and/or unrecoverable.

### ANSWER

Kiki distributed all tips that were processed by the restaurant from credit card transactions to its tipped employees in accordance with all applicable laws and its tip payment policies. Any variance that may exists between the tips the restaurant processed from credit card transactions and the distribution of those tips to tipped employees, have related explanations and where an explanation is not apparent, the variance was inadvertent and would have been corrected had it come to the restaurant's attention. Kiki is unaware of a single instance when any of the Plaintiffs complained that they did not receive all their tips. Kiki never handles cash tips. Cash tips are accepted by the Captains and distributed as they see fit without oversight or interference by Kiki.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 5

Identify how Defendant, 450 North River Drive, LLC, quantified all tips and overtips received each shift during the 5 years prior to the filing of the initial Complaint through the present, the documents and electronic documents used to track this information, how those tips/overtips were distributed, to whom, when, and identify by name, position, and if no longer employed, last known address, email address, and telephone number for each person involved in the tip/overtip collection, accounting, and distribution process.

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim. Defendants also objects because the interrogatory is overly broad and unduly burdensome to the extent it seeks the names of all tipped employees that received tips.

### ANSWER

Subject to the above objection and limited to a three (3) year period, Kiki distributes credit card tips to tipped employees on a weekly basis in their checks. Kiki's credit card tip distribution policy changed several times at the request of the tipped employees who believed the tip distribution percentages should be changed.

From approximately September 2019 through February 14, 2021, the credit card tip distribution policy was the following:

- Kiki pooled 100% of the credit card tips received and distributed the credit card tips to Captains, Servers, Bussers, Food Runners, Bartenders, Barbacks, Hostesses, and Dock Masters using an internal points system.
  - First, Kiki would determine the total points for tipped employees that worked the shift. Total points per tipped employee is determined by multiplying the points assigned to each tipped employee by the hours worked by each tipped employee that worked the shift.
  - Kiki would then total all the points for the tipped employees that worked the shift.

- o Kiki would next divide pooled tips for the shift by the total points to determine the point value.
- o Finally, Kiki would multiply the tip point values by the total points for each tipped employee to determine the credit card tips to be received by each tipped employee participating in the tip pool.

From approximately February 15, 2021 through February 21, 2021 the credit card tip tip distribution policy was the following:

- Captains/Servers and Bartenders/Barbacks received 50% of the credit card tips left by customers.
- The remaining 50% of the credit card tips were pooled and distributed among the following tipped employees: Captains, Servers, Bussers, Food Runners, Bartenders, Barbacks, Hostesses, and Dock Masters using the internal point system.

From approximately February 22, 2021 through March 7, 2021 the credit card tip distribution policy was the following:

- Captains/Servers and Bartenders/Barbacks received 50% of the credit card tips left by customers.
  - o Captains and Bartenders received 60% and Servers and Barbacks received 40% of the 50% that was distributed to them.
- The remaining 50% of the credit card tips were pooled and distributed among the following tipped employees:  Bussers, Food Runners, Hostesses, and Dock Masters using the internal point system.
  - o Captains, Servers, Bartenders, and Barbacks did not participate in this tip pool.

From approximately March 8, 2021 through April 11, 2021 the credit card tip distribution policy was the following:

- Captains kept 50% of the credit card tips.
- The remaining 50% of Captains' credit card tips and 100% of Bartenders' credit card tips were pooled and distributed among the following tipped employees: Servers, Bussers, Food Runners, Bartenders, Barbacks, Hostesses, and Dock Masters using the internal point system.
  - o Captains did not participate in this tip pool.

From approximately April 12, 2021 through October 10, 2021 the credit card tip distribution policy was the following:

- Captains and Servers received 50% of their credit card tips.
  - o Captains received 60% of the credit card tips and Servers received 40% of the 50% distributed to them.

- The remaining 50% of Captains' credit card tips and 100% of Bartenders' credit card tips were pooled and distributed among the following tipped employees: Bussers, Food Runners, Bartenders, Barbacks, Hostesses, and Dock Masters using the internal point system.
    - Captains and Servers did not participate in this tip pool.

From approximately October 11, 2021 through January 2, 2022 the credit card tip distribution policy was the following:

- Kiki maintained three separate credit card tip pools:
    - Tipped Support Staff Pool,
    - Captains and Servers Pool,
    - Bartender and Barback Pool.
- Captains contributed 50% of their credit card tips to the Captains and Server pool and the remaining 50% to the Tipped Support Staff pool, which included Bussers, Food Runners, Hostesses, and Dock Masters.
    - The credit card tips in the Support Staff pool was distributed using the internal point system. Captains, Servers, Bartenders and Barbacks did not participate in the Tipped Support Staff pool.
    - Within the Captains and Servers Pool, Captain received 60% of the credit card tips and Servers received 40%.
- Bartenders contributed 100% of the credit card tips to the Bartender and Barback Pool.
    - Within the Bartenders and Barbacks Pool, Bartenders received 75% of the credit card tips and Barbacks received 25%.

From approximately January 3, 2022 through December 4, 2022 the credit card tip distribution policy was the following:

- Kiki maintained three separate pools:
    - Tipped Support Staff Pool,
    - Captains and Servers Pool,
    - Bartender and Barback Pool.
- Captains contributed 50% of their credit card tips to the Captains and Server pool and the remaining 50% to the Tipped Support Staff Pool, which included Servers, Bussers, Food Runners, Hostesses, and Dock Masters.
    - The credit card tips in the Tipped Support Staff pool were distributed using the internal point system.
    - Bartenders and Barbacks did not participate in the Tipped Support Staff pool.
    - Within the Captains and Servers Pool, Captains received 70% of the credit card tips and Servers received 30%.
- Bartenders contributed 100% of the credit card tips to the Bartender and Barback Pool.
    - Within the Bartenders and Barbacks Pool, Bartenders received 75% of the credit card tips and Barbacks received 25%.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

From approximately December 5, 2022 through the present the credit card tip distribution policy is the following:

- Kiki maintains two separate pools:
  - o Tipped Support Staff Pool,
  - o Bartender and Barback Pool.
- Captains and Servers keep a total of 70% of credit card tips.
  - o The Captains keep 50% of the credit card tips and the Server on the assigned table keeps 20%.
- The remaining 30% of the Captains and Servers' credit card tips go to the Tipped Support Staff Pool, which includes Servers, Bussers, and Food Runners.
  - o The credit card tips in the Tipped Support Staff Pool are distributed using the internal point system.
  - o Bartenders and Barbacks do not participate in the Tipped Support Staff pool.
- Bartenders contribute 100% of the credit card tips to the Bartender and Barback Pool.
  - o Within the Bartenders and Barbacks Pool, Bartenders receive 75% of the credit card tips and Barbacks received 25%

The individuals responsible for distributing the credit card tips in accordance with the above policies were the following:

1. Marina Belfor, 450 North River Drive, LLC, d/b/a Kiki on the River's payroll specialist
   c/o Defense counsel
   Jackson Lewis P.C.
   One Biscayne Tower, Suite 3500
   Two South Biscayne Boulevard
   Miami, Florida 33131

2. Alejandra Monard, 450 North River Drive, LLC, d/b/a Kiki on the River's Former payroll specialist
   Address unknown

3. Jean Langout, 450 North River Drive, LLC, d/b/a Kiki on the River's Former payroll specialist
   Deceased

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 6

Identify how Defendant, 450 North River Drive, LLC, quantified the tips and overtips received upon the settlement/payment of all house accounts during the 5 years prior to the filing of the initial Complaint through the present, including identifying each person/entity who held a "house account", the date each was settled/paid, the amount of each payment, the discretionary amounts paid as tips/overtips, the documents and electronic documents used to track this information, how those tips/overtips were distributed, to whom, when, and identify by name, position, and if no longer employed, last known address, email address, and telephone number for each person involved in the collection, accounting, and distribution of tips/overtips from hous eaccounts [sic].

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim, the names of the persons/entities that held house accounts, the dates each house account was settled, and the amount each house account settled. Defendant also objects because the interrogatory is overly broad and unduly burdensome to the extent it seeks the names of all tipped employees that received house account credit card tips

### ANSWER

Subject to the above objections and limited to a three (3) year period, credit card tips paid on "house accounts" are quantified in the same manner as all other credit card tips as explained in Kiki's answer to Interrogatory No. 5. There is no separate record of "house accounts." The individual's tab is simply left open in the system to be paid and closed out at a later date. Like all other cash tips, Kiki never handles cash tips pertaining to "house accounts." Cash tips left by

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

"house account" customers are accepted by the Captains and distributed as they see fit without

oversight or interference by Kiki.

The individuals responsible for distributing the tips were the following:

1.  Marina Belfor, 450 North River Drive, LLC, d/b/a Kiki on the River's payroll
    specialist
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

2.  Alejandra Monard, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
    payroll specialist
    Address unknown

3.  Jean Langout, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
    payroll specialist
    Deceased

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 7

From the five years prior to the filing of the initial Complaint through the present, please state the following:

a) The total number of persons employed as captains during each week;

b) The percentage of tips/overtips distributed to each captain each week;

c) The total number of persons employed as servers during each week;

d) The percentage of tips/overtips distributed to each server each week;

e) The total number of persons employed as bussers during each week; and

f) The percentage of tips/overtips distributed to each busser each week.

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

### ANSWER

Subject to the above objection and limited to a three (3) year period, Kiki refers Plaintiff to its payroll records which were provided with its Response to Plaintiff's Statement of Claim.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 8

Please identify each type of document that you made, kept, or preserved relating to the employment, hiring, work terms, payments to, earnings by, deductions from, tips paid to, and tips received from each Plaintiff and Opt-In Plaintiff during the five years prior to the filing of the initial Complaint in this case through the present.

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim and information regarding "each type of document that you made, kept, or preserved relating to the employment, hiring, [and] work terms." Kiki also objects to this interrogatory to the extent it suggests Kiki or any named defendant in this case "received" tips from the Plaintiffs.

### ANSWER

Subject to the above objections and limited to a three (3) year period, Kiki refers Plaintiffs to the payroll records that were produced with its Response to Plaintiff's Statement of Claim. Kiki's payroll records identify payments, earnings, deductions, and credit card tips distributed to Plaintiffs.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 9

Please identify each person who you expect to provide expert testimony in any deposition in this case or at trial and state the subject matter on which each such person may give expert testimony.

### ANSWER

Discovery has only recently commenced, and Kiki has not yet determined if or who it will retain as experts in this matter. Kiki reserves the right to amend this response if and when it decides to retain expert(s).

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## **INTERROGATORY NO. 10**

Please identify the factual basis for each of your Affirmative Defenses.

## **OBJECTION**

Kiki objects to this request because it has not filed any Affirmative Defenses to the claims asserted in the Second Amended Complaint, which is the current operative pleading. Therefore, Kiki cannot answer this interrogatory at this time.

19

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 11

Please identify all administrative regulations, orders, ruling, and interpretations, administrative practices, and enforcement policies of United States agencies on which you relied to not pay overtime to Plaintiff, including the date you received, printed, and/or first consulted each.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information relating to alleged unpaid overtime. However, none of the allegations in the Second Amended Complaint relate to alleged unpaid overtime.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## **INTERROGATORY NO. 12**

Please identify by name and address each of your accountants hired for/by you for the past

5 years.

## **ANSWER**

1.   Kevin Mendez, 450 North River Drive, LLC, d/b/a Kiki on the River's Chief
     Financial Officer
     c/o Defense counsel
     Jackson Lewis P.C.
     One Biscayne Tower, Suite 3500
     Two South Biscayne Boulevard
     Miami, Florida 33131

2.   Adrian Bzura, 450 North River Drive, LLC, d/b/a Kiki on the River's Senior
     Accountant
     c/o Defense counsel
     Jackson Lewis P.C.
     One Biscayne Tower, Suite 3500
     Two South Biscayne Boulevard
     Miami, Florida 33131.

3.   Claudia Duque, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
     Accountant
     Address unknown

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 13

For each Point-of-Sale system used at Kiki on the River during the five (5) years prior to the filing of the initial Complaint through the present, please state for each:

a) The brand name;

b) The vendor's name, address, and telephone number;

c) The manufacturer's name, address, and telephone number;

d) Brand name of the software used for the system; and

e) State whether any time-keeping or Point of Sale System has been changed, altered, updated and/or replaced during – and if so, please identify all such changes/alterations/updates/replacements.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

## ANSWER

Subject to the above objection and limited to a three (3) year period, Kiki currently uses Toast as its Point-of-Sale system. Toast is located at 401 Park Drive, Suite 801, Boston MA 02215 and its phone number is (617) 682-0225. Kiki is not aware what Plaintiff is referring to with regards to a "vendor." Additionally, Kiki is not aware of what internal software Toast uses for its Point-of-Sales services. Kiki has not changed, altered, updated, or replaced Toast's time-keeping or Point-of Sale systems.

Previously, Kiki used Future Point-of-Sales. Future was purchased from Anthony Rivero, and his phone number is (786) 234-6715. Kiki is not aware of what internal software Future uses

for its Point-of-Sales services. Kiki has not changed, altered, updated, or replaced Future's time-keeping or Point-of Sale systems.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 14

State whether Defendants ever discussed with Plaintiff or any of the Opt-In Plaintiffs the tips and/or overtips at issue in this lawsuit. If your answer is in the affirmative, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address, and telephone number of the individual(s) who spoke with Plaintiff.

### OBJECTION

Defendant objects to this request to because it is overly broad, unduly burdensome, vague, and ambiguously phrased. This request is generally directed at "Defendants" as opposed to a specific individual. Therefore, to properly respond to this request Kiki would be required to guess what defendant is referenced and/or interview every individual it has employed from the opening of the restaurant through present to determine if anyone discussed tips with the Plaintiff or any of the Opt-In Plaintiffs.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 15

Please identify all members of 450 North River Drive, LLC during the five years prior to the filing of the initial Complaint through the present, and for each member, please identify the name of the contact person, each member's role, and identify each managing member, and identify the present custodian of all documents regarding the management and operations of 450 North River Drive, LLC.

## OBJECTION

Defendant objects to this request because it is overly broad, unduly burdensome, vague, and ambiguously phrased to the extent it seeks information about "members" of 450 North River Drive, LLC, without defining the term. Additionally, Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 16

If you contend that Mr. Collado is not an adequate representative of the other captains, servers, and/or bussers, please the basis for your contention.

## ANSWER

Collado is not an adequate representative of the class of captains, servers, and bussers because he has failed to allege that he was employed as a busser during the applicable timeframe. Additionally, discovery has only recently commenced; therefore, Kiki cannot know all of the issues with Collado's adequacy as a class representative at this time and reserves the right to raise additional objections as discovery progresses.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 17

For each week during the five years prior to the filing of the initial Complaint to the present, please state the following:

    a) The total amount of tips/overtips (discretionary gratuities) received each week;

    b) The total amount of tips/overtips (discretionary gratuities) distributed each week, including to whom (amount and position for each recipient), the amount distributed, how distributed, and when distributed;

    c) The total amount of tips/overtips (discretionary gratuities) received upon the settlement/payment of "house accounts" each week; and

    d) The total amount of tips/overtips (discretionary gratuities) distributed each week from the "house accounts", including to whom (amount and position for each recipient), the amount distributed, how distributed, and when distributed.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim and about non-parties.

## ANSWER

Subject to the above objections and limited to a three (3) year period, Kiki refers Plaintiffs to the documents produced in support of its Response to Plaintiff's Statement of Claim.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 18

If you paid/distributed any tips/overtips were to any manager, supervisor, and/or owner of the Kiki on the River restaurant during the five years prior to the filing of the initial Complaint to the present, please state the following:

    a) The names of each such person;

    b) The amount received by each such person each week;

    c) The position/title of each person each week in which s/he received tips/overtips; and

    d) Why you distributed tips/overtips to each such person.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

## ANSWER

Subject to the above objection and limited to a three (3) year period, Kiki did not pay or distribute tips to any managers, supervisors, or owners of Kiki at any time.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

### INTERROGATORY NO. 19

Please state whether 450 North River Drive, LLC, failed to distribute any tips/overtips it received during any week during the five years prior to the filing of the initial Complaint in this case through the present and, if so, please state all reasons why you failed to do so, the amount that you believe you failed to distribute during each such week, the week(s) at issue, the amount of money that it should have distributed it, and to whom:

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

### ANSWER

Subject to the above objections and limited to a three (3) year period, Defendant did not intentionally fail to distribute any tips it processed. Any variance that may exists between the tips the restaurant processed from credit card transactions and the distribution of those tips to tipped employees, have related explanations and where an explanation is not apparent, the variance was inadvertent and would have been corrected had it come to the restaurant's attention. Kiki is unaware of a single instance when any of the Plaintiffs complained that they did not receive all their tips.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## **VERIFICATION**

I, SIA HEMMATI, for 450 North River Drive, LLC, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and/or based on information contained in company records.

SIA HEMMATI,
representative of 450 North River Drive,
LLC d/b/a Kiki on the River

STATE OF FLORIDA                )

                                            ) ss:

COUNTY OF *Miami Dade*        )

SWORN TO AND SUBSCRIBED to before me this ___8th___ day of ___February___, 2023, by SIA HEMMATI, who is personally known to me or has produced _____Driver License_____ as identification.

_____

Notary Name Printed

My Commission Expires/Seal:

Notary Public State of Florida
Ylian Scott-Prieto
My Commission GG 343715
Expires 06/11/2023

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

Dated: February 8th, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600
Facsimile:   305-373-4466

*s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No. 069779
E-mail: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
E-mail: *roman.sarangoulis@jacksonlewis.com*
*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, the foregoing document is being served on all counsel of record identified on the attached Service List via electronic mail.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

4867-5624-6862, v. 1