UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

      Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

      Defendants.

_____/

### DEFENDANT ROMAN JONES' ANSWERS AND OBJECTIONS TO PLAINTIFF OCTAVIO COLLADO'S FIRST SET OF INTERROGATORIES

Defendant, Roman Jones ("Jones" or "Defendant"), by and through his undersigned

counsel, serves the following Answers and Objections to Plaintiff's First Set of Interrogatories to

Defendant, Roman Jones.

### GENERAL COMMENTS, OBJECTIONS AND QUALIFICATIONS

Defendant endeavored to respond to Plaintiff's First Set of Interrogatories on the basis of

the best information available. The answers set forth herein are made without waiving the

following:

1.     The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper grounds, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action;

2.     The right to object on any and all proper grounds at any time, to other Interrogatories or other discovery requests involving or relating to the subject matter of the Interrogatories herein responded to; and

3.     The right, at any time, to revise, correct, modify, or clarify any of the responses provided herein.

Defendant objects to Plaintiff's "instructions" and "definitions" to the extent they are inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of Florida.

All of Defendant's Answers are made subject to the above comments, objections, and qualifications and assume that Plaintiff's Interrogatories to Defendant are not seeking information and/or documents prepared in anticipation of litigation or by/at the request or direction of undersigned counsel (Jackson Lewis P.C.) or prior defense counsel, or the various correspondence by and between Defendant and its counsel regarding the matters raised in Plaintiff's demand, charge, and/or complaints.

2

### INTERROGATORY NO. 1

Please state your full name, all aliases and names by which you have been known by, all addresses at which you lived during the past five years, your date of birth, and your social security number.

### OBJECTION

Jones objects to this interrogatory to the extent it requests personal identification information including his addresses for the past five (5) years, date of birth, and social security number. Jones also objects to this interrogatory because it is overly broad and not proportional to the needs of the case. Lastly, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory's request for Jones' addresses for the past five (5) years, date of birth, and social security number bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising.

### ANSWER

1.    Roman Jones
      c/o Defendant's counsel
      Reynaldo Velazquez, Esq.
      Roman Sarangoulis, Esq.
      JACKSON LEWIS, P.C.
      One Biscayne Tower, Suite 3500
      2 South Biscayne Boulevard
      Miami, Florida 33131

### INTERROGATORY NO. 2

Please state whether you have ever been charged with a crime and, if so, please state the nature of each such charge, the County and State in which each was brought, the disposition of each such charge, and the case number(s) for each.

### OBJECTION

Jones objects to this interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising.

### INTERROGATORY NO. 3

Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

### ANSWER

1.    Octavio Collado, Plaintiff
c/o Plaintiffs' counsel
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

Collado has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

2.    Yordan Acosta, Opt-in Plaintiff
c/o Plaintiffs' counsel
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

Acosta has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

3.    Francis Taylor, Opt-in Plaintiff
c/o Plaintiffs' counsel
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

Taylor has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

4.    Augusto Guerra, Opt-in Plaintiff
c/o Plaintiffs' counsel
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146

Telephone: (305) 230-4884

Guerra has knowledge of the allegations contained in the Second Amended Complaint as they relate to his and the other Plaintiffs' claims.

5.   Patricia Buraschi, Opt-in Plaintiff
     c/o Plaintiffs' counsel
     FAIRLAW FIRM
     135 San Lorenzo Ave.
     Coral Gables, Florida 33146
     Telephone: (305) 230-4884

Buraschi has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

6.   Jovana Majetic, Opt-in Plaintiff
     c/o Plaintiffs' counsel
     FAIRLAW FIRM
     135 San Lorenzo Ave.
     Coral Gables, Florida 33146
     Telephone: (305) 230-4884

Majetic has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

7.   Inese Berzina, Opt-in Plaintiff
     c/o Plaintiffs' counsel
     FAIRLAW FIRM
     135 San Lorenzo Ave.
     Coral Gables, Florida 33146
     Telephone: (305) 230-4884

Berzina has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

8.   Antonio Gomez, Opt-in Plaintiff
     c/o Plaintiffs' counsel
     FAIRLAW FIRM
     135 San Lorenzo Ave.
     Coral Gables, Florida 33146
     Telephone: (305) 230-4884

Gomez has knowledge of the allegations contained in the Second Amended Complaint as they relate to her and the other Plaintiffs' claims.

9. Roman Jones, 450 North River Drive, LLC, d/b/a Kiki on the River's owner
   c/o Defense counsel
   Jackson Lewis P.C.
   One Biscayne Tower, Suite 3500
   Two South Biscayne Boulevard
   Miami, Florida 33131

Mr. Jones has knowledge about his and RJ RIVER's lack of involvement in Kiki's daily operations.

10. Sia Hemmati, 450 North River Drive, LLC, d/b/a Kiki on the River's Managing
    Partner
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Mr. Hemmati has knowledge of the work responsibilities pertaining to Plaintiffs' jobs, the procedures and policies relating to Kiki's compensation of captains, servers and bussers, and the distribution of tips to tipped employees.

11. Kevin Mendez, 450 North River Drive, LLC, d/b/a Kiki on the River's Chief
    Financial Officer
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Mr. Mendez has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's compensation of captains, servers and bussers  and the distribution of tips to tipped employees.

12. Xandra Hollow, 450 North River Drive, LLC, d/b/a Kiki on the River's General
    Manager
    c/o Defense counsel
    Jackson Lewis P.C.
    One Biscayne Tower, Suite 3500
    Two South Biscayne Boulevard
    Miami, Florida 33131

Ms. Hollow has knowledge of Plaintiffs' pay, their duties and responsibilities, the procedures and policies relating to Kiki's compensation of captains, servers and bussers, and the distribution of tips to tipped employees.

13.    Vigan Krasniqi, Former 450 North River Drive, LLC, d/b/a Kiki on the River's
       General Manager

Mr. Krasniqi has knowledge of Plaintiffs' pay, their duties and responsibilities, the
procedures and policies relating to Kiki's compensation of captains, servers and bussers,
and the distribution of tips to tipped employees.

14.    Dean Tsakanikas, 450 North River Drive, LLC, d/b/a Kiki on the River's Former
       Chief Operating Officer
       Contact information unknown

Mr. Tsakanikas has knowledge of Plaintiffs' pay, their duties and responsibilities, the
procedures and policies relating to Kiki's compensation of captains, servers and bussers,
and the distribution of tips to tipped employees.

15.    Marina Belfor, 450 North River Drive, LLC, d/b/a Kiki on the River's payroll
       specialist
       c/o Defense counsel
       Jackson Lewis P.C.
       One Biscayne Tower, Suite 3500
       Two South Biscayne Boulevard
       Miami, Florida 33131

Ms. Belfor has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's
compensation of captains, servers and bussers, and the distribution of tips to tipped
employees.

16.    Adrian Bzura, 450 North River Drive, LLC, d/b/a Kiki on the River's Senior
       Accountant
       c/o Defense counsel
       Jackson Lewis P.C.
       One Biscayne Tower, Suite 3500
       Two South Biscayne Boulevard
       Miami, Florida 33131

Mr. Bzura has knowledge of Plaintiffs' pay, the procedures and policies relating to Kiki's
compensation of captains, servers and bussers, and the distribution of tips to tipped
employees.

## INTERROGATORY NO. 4

8

Identify your position within each of the Corporate Defendant(s) and describe your daily activities for each of the Corporate Defendants during three years prior to the filing of the initial Complaint.

### ANSWER

I have no position or title with 450 North River Drive, LLC, d/b/a Kiki on the River. I am a corporate manager of RJ River, LLC. I have no "daily activities" for either corporate entity. However, I go periodically to Kiki on the River late in the evening or early morning hours to interact with customers, and assess the restaurant's ambiance and guest experience.

### INTERROGATORY NO. 5

If you contend that you did not supervise, hire, or manage Plaintiff or the Opt-In Plaintiffs three years prior to the filing of the initial Complaint, then please identify each person who did by name, address, telephone number, and each such person's position with the Corporate Defendant(s) during this same timeframe, and then each such person's current employment status with the Corporate Defendant(s).

### ANSWER

1.   Xandra Hollow, 450 North River Drive, LLC, d/b/a Kiki on the River's General Manager
     c/o Defense counsel
     Jackson Lewis P.C.
     One Biscayne Tower, Suite 3500
     Two South Biscayne Boulevard
     Miami, Florida 33131

     Ms. Hollow has been working with me in various capacities for approximately ten (10) years. She has been an employee of Kiki's for approximately four (4) years. She started at Kiki as an Assistant General Manager and is currently the General Manager.

2.   Vigan Krasniqi, Former 450 North River Drive, LLC, d/b/a Kiki on the River's General Manager

     Mr. Krasniqi was the general manager at Kiki for approximately two (2) years. He is not currently employed by Kiki.

3.   Dean Tsakanikas, 450 North River Drive, LLC, d/b/a Kiki on the River's Former Chief Operating Officer
     Contact information unknown

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## INTERROGATORY NO. 6

Please identify each contract, lease, and agreement that you signed on behalf of 450 North River Drive, LLC, and/or RJ River, LLC, and the current custodian of each such document.

## OBJECTION

Jones objects to this interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising. Information relating to Jones signing a contract, lease, and/or agreement on behalf of 450 North River Drive, LLC, and/or RJ River, LLC, and the current custodian of each such document has no relevance to the claims or anticipated defenses, including but not limited to Jones not being an "employer" as defined by the FLSA.

### INTERROGATORY NO. 7

Please identify your role in processing payroll, signing checks, as well as hiring and firing decisions on behalf of Kiki on the River, during the five years prior to the filing of the initial Complaint in this case.

### OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

### ANSWER

Subject to the above objection and limited to a three (3) year period, none.

12

## INTERROGATORY NO. 8

Please state if you have ever been named as a Plaintiff, Defendant, or witness in a lawsuit and, if so, then please state the nature of the claim, identify whether you were a Plaintiff, Defendant, or witness, whether you gave a deposition, the case number and jurisdiction of each such claim, and the outcome.

## OBJECTION

Jones objects to this interrogatory to the extent it seeks information unrelated to the claims and defenses at issue in this case because it is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information beyond the claims and defenses at issue in this case is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In that regard, this interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising.

## ANSWER

I was a named defendants in a cases alleging FLSA violations:

1. *Gianni Arriaga v. 450 North River Drive, LLC; RJ River LLC; Klima LLC; RJ 210 LLC; 210 23rd Management LLC; Roman K. Jones; Aristidis Nanos; Mark Lehmkuhl; and Lee Lyon.*

2. *Erica Murin and Pierre Page v. Star Island Entertainment, LLC; Emilio Guerra; Luis Puig; Justin Levine; and Roman K Jones.*

## INTERROGATORY NO. 9

Please identify all conversations you had with Plaintiff and/or each Opt-In Plaintiff regarding hiring, hours worked, pay, and/or tips during the five years prior to the filing of the initial Complaint through the present including the and date, time, method of communication (phone, verbal, email, text, message), and substance of each such conversation.

## OBJECTION

Defendant objects to this interrogatory to the extent it is overly broad and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence because it seeks information for a five (5) year period, which is beyond the statute of limitations of an FLSA claim.

## ANSWER

Subject to the above objection and limited to a three (3) year period, none.

## INTERROGATORY NO. 10

Please identify each bank account for 450 North River Drive, LLC and RJ River, LLC of which you are/were a signatory, and identify each other signatory during the time period during which Plaintiff worked for Defendants.

## OBJECTION

Jones objects to this interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising. Information relating to Jones being a signatory on bank accounts has no relevance to the claims or anticipated defenses, including but not limited to Jones not being an "employer" as defined by the FLSA.

### INTERROGATORY NO. 11

Please identify each lease for Kiki on the River restaurant and/or for 450 North River Drive, LLC on which you are/were a signatory, and identify each other signatory during the time period during which Plaintiff worked for Defendants.

### OBJECTION

Jones objects to this interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising. Jones signing—or lack of signing—of lease agreements for Kiki or the other signatories of such agreements have no bearing on the allegations in the Second Amended Complaint or the anticipated defenses, including but not limited to not being an "employer" as defined by the FLSA.

## INTERROGATORY NO. 12

For each instance in which you have testified in deposition and/or trial during the past five (5) years, please state the date on which you gave testimony, whether it was in deposition or trial, the attorney who represented you, the style of the case, and the court in which the case was pending.

## OBJECTION

Jones objects to this interrogatory to the extent it seeks information unrelated to the claims and defenses at issue in this case because it is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information beyond the claims and defenses at issue in this case is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In that regard, this interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising. This request is not tailored to any specific type of case, such as claims for alleged FLSA violations as asserted by Plaintiff in this case.

## INTERROGATORY NO. 13

Please identify each lease for Kiki on the River restaurant and/or for 450 North River Drive, LLC on which you are/were a signatory, and identify each other signatory during the time period during which Plaintiff worked for Defendants.

## OBJECTION

Jones objects to this interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Additionally, Jones objects because the requested information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory bears no relation to the allegations in Plaintiff's Second Amended Complaint or the defenses Jones' anticipates raising. Jones signing—or lack of signing—of lease agreements for Kiki or the other signatories of such agreements have no bearing on the allegations in the Second Amended Complaint or the anticipated defenses, including but not limited to Jones not being an "employer" as defined by the FLSA

## INTERROGATORY NO. 14

For each settlement agreed that you signed on behalf of yourself, 450 North River Drive, LLC, and/or RJ River, LLC to resolve an lawsuit involving an alleged violation of the Fair Labor Standards Act and/or the Florida Minimum Wage Act, please state the style of each case, the court where each was pending, the date on which you signed each, and whether you signed each on behalf of a corporate entity (and if so which) and/or if you signed for yourself.

## ANSWER

To the best recollection, the only settlement agreement I recall signing is in the case of *Gianni Arriaga v. 450 North River Drive, LLC; RJ River LLC; Klima LLC; RJ 210 LLC; 210 23rd Management LLC; Roman K. Jones; Aristidis Nanos; Mark Lehmkuhl; and Lee Lyon.* I signed the agreement on behalf of RJ River, LLC; 450 North River Drive, LLC; 210 23rd Management, LLC and myself individually.

19

## **VERIFICATION**

I, Roman Jones, declare under penalty of perjury that the foregoing is true and correct to

the best of my knowledge.

ROMAN JONES

STATE OF FLORIDA     )

                           ) ss:

COUNTY OF _Florida_    )

SWORN TO AND SUBSCRIBED to before me this _8_ day of _February_.

2023, by ROMAN JONES, who is personally known to me or has produced

_____ as identification.

_Monica Franqui_

Notary Name Printed

My Commission Expires/Seal: _01/12/2024_.

Notary Public State of Florida
Monica Franqui Fernandez
My Commission GG 945946
Expires 01/12/2024

Dated: February 8, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600
Facsimile:   305-373-4466

*s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No. 069779
E-mail: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
E-mail: *roman.sarangoulis@jacksonlewis.com*
*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, the foregoing document is being

served on all counsel of record identified on the attached Service List via electronic mail.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO: 1:22-CV-23074-BLOOM/OTAZO-REYES

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

4856-1506-9518, v. 1