# EXHIBIT

# "D"

EXHIBIT "D"

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

    Defendants.
_____/

## DECLARATION OF HIOSMEL ZAYAS

I, Hiosmel Zayas make the following declaration pursuant to 28 U.S.C. §1746 and declare as follows:

1. My name is Hiosmel Zayas.

2. I make this Declaration based on my personal knowledge.

3. I consented to join in this case.

4. I am over the age of 18, *sui juris*, and competent to testify to the matters contained in this Declaration.

5. I worked for the Defendants from about October 2017 to April 2022 as a bartender at Kiki on the River, a restaurant in Miami, Florida.

6. Throughout my employment at Kiki on the River, I worked as a tipped employee at the bar.

7. I regularly interacted with customers at the bar, where I would craft cocktails, pour drinks, serve alcoholic and non-alcoholic beverages, and would enter charges and payment information into the point-of-sale system used at Kiki on the River.

8. Kiki on the River included an automatic service charge on the bill for customers to pay.

9. In addition to paying the mandatory service charge, customers could leave/pay an additional amount as a gratuity or tip in addition to any service charge.

10. Kiki on the River would receive the overtips paid by credit cards.

11. When I received cash tips, I was required to give them to the designated Closing Bartender who worked at Kiki on the River for my shift.

12. The Closing Bartender for every shift was required to collect and distribute the tips to the bar. The closing bartender would keep a large portion of the tips and then distribute the rest amongst us.

13. Kiki on the River would collect and take control of all the credit card tips.

14. In addition to receiving tips earned at the bar, I also participated in the tip pool at Kiki on the River, into which I received a portion of the tips or gratuities left by patrons at the tables.

15. My paychecks at Kiki on the River came from 450 North River Drive, LLC, and included an hourly wage that was less than the applicable minimum wage, commissions (or service charges), and tips they collected to make up for the difference.

16. On a weekly basis, 450 North River Drive, LLC would pay me and issue my pay stub.

17. My paystubs identified the hourly wages I received, the service charges (commissions) shared with me, and the tips that were being paid to me.

18. Although customers left tips on their bills, I did not receive all the tips that Kiki on the River was supposed to be paid to me, meaning Defendants either kept a portion of the tips or improperly distributed a portion of the tips to employees who were not entitled to receive tips.

19. I know from talking with my former coworkers that they also had customers leave significant overtips, but we did not get all the tips/overtips that we were supposed to receive from the tip pool managed by Kiki on the River.

20. I have personal knowledge that other tipped employees at Kiki on the River will want to participate in this lawsuit, but many of them are unaware of their rights regarding minimum wages and tips.

21. Defendants employed over 50 others during the time I worked for them who performed similar – if not the same type of work as me – and who were subject to the same type of pay violation practices as me.

22. I believe that many of my former coworkers also would join this lawsuit and recover the tips (overtips) they earned but did not receive while working for Defendants if they knew about this lawsuit.

23. After Mr. Collado told me about this lawsuit, I joined.

24. My personal experience with Defendants is that they are likely to retaliate against anyone who speaks up about not being paid properly, because of the management style at the restaurant.

25. Employees who currently work for the Defendants would benefit from the Court supervising a process in which they would be notified of their rights and that federal law can protect them if they are retaliated against for making a claim (or joining this lawsuit) to recover the tips (overtips) owed to them.

26. If the Court supervised the process of notifying current employees, to hopefully protect the currently employed tipped employees working for Defendants from being retaliated against, I think that others would end up joining this lawsuit to recover the tips (overtips) they earned but did not receive.

27. I fully understand and aver the facts contained within this Declaration are true and correct.

## DECLARATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By _____
Hiosmel Zayas (Apr 21, 2023 16:30 EDT)
Hiosmel Zayas

04/21/2023
DATE

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*