UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
for himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S REQUEST
FOR RELIEF IN COUNT I OF THE THIRD AMENDED COMPLAINT
SEEKING DECLARATION THAT DEFENDANTS WILLFULLY VIOLATED
THE FLSA'S MINIMUM WAGE PROVISION AND REQUEST FOR RELIEF IN
<u>COUNT II SEEKING RECOVERY OF ALL TIPS</u>**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), hereby file their joint motion to strike and state the following in support thereof:

    1.    Plaintiff filed his Third Amended Complaint on April 7, 2023. (ECF No. 122).

    2.    Count I of the Third Amended Complaint alleges a violation of the Fair Labor Standard Act's (FLSA) section prohibiting employers from unlawfully retaining tips. (*See* ECF No. 122, ¶¶ 37-79).

    3.    Count II of the Third Amended Complaint attempts to allege a minimum wage violation of the Florida Minimum Wage Act (FMWA). (*See* ECF No. 122, ¶¶ 80-128).

4.      Counts I and II of the Third Amended Complaint contain claims for relief and allegations that are immaterial to the causes of action alleged.

5.      The "Wherefore" clause of Count I seeks a declaration that Defendants are in "willful violation of the minimum wage provision of the FLSA[.]"  That claim for relief is immaterial because a tip confiscation claim, and minimum wage claim are different causes of action under the FLSA.  Additionally, the claim for relief at issue is immaterial because Count I does not allege a violation of the FLSA's minimum wage provision.

6.      Count II alleges repeatedly that Plaintiff's remedy for the purported violation of the FMWA is "payment of all tips and/or overtips" that Defendants allegedly unlawfully retained and/or distributed.  Such allegations and claims for relief, as well as any other allegation or claim for relief in the Third Amended Complaint that suggests Plaintiff's remedy is the "payment of all tips and/or overtips," are immaterial because the FMWA does not provide a cause of action to recover tips.  Specifically, the allegations that must be stricken are paragraph 82, 85(b)(x), 104, 113, 125, 128 and subparagraph "d" of Counts II's "Wherefore" clause.

7.      Based on the forgoing, Defendants respectfully request that their motion to strike be granted.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

"[T]he Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter" upon a defendant's motion prior to filing a responsive pleading.  Fed. R. Civ. P. 12(f).  "[A] prayer for relief not available under the applicable law is properly subject to a motion to strike." *Hodge v. Orlando Utils. Comm'n*, 6:09-cv-1059-Orl-19DAB, 2009 U.S. Dist. LEXIS 110464, *10-11 (M.D. Fla. Nov. 23, 2009).

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

    **A.**    **Subparagraph (i) of Count I's "Wherefore" Clause Must be Stricken**

Count I of the Third Amended Complaint is a "Tip Confiscation" claim brought pursuant to the FLSA. (ECF No. 122 ¶¶ 37-79). A "tip confiscation" claim is a distinct and separate cause of action from a minimum wage claim under the FLSA. *See* 29 U.S.C. 216(b); *see also Rodriguez v. City Buffet Mongolian Barbeque Inc.*, No. 8:18-cv-2745-T-60CPT, 2020 U.S. Dist. LEXIS 84823, at *11–12 (M.D. Fla. Apr. 22, 2020) report and recommendations adopted, 2020 U.S. Dist. LEXIS 34187, at *1–2 (M.D. Fla. May 13, 2020) (analyzing plaintiff's minimum wage claim as a separate cause of action from his anti-tip retention claim under 29 U.S.C. § 203(m)(2)(B)). The cause of action for an alleged FLSA "tip confiscation" claim is stated as follows:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or the employees affected in the amount of the sum of any **tip credit taken by the employer and all such tips unlawfully kept by the employer**, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b) (emphasis added). The cause of action for an alleged FLSA minimum wage violation is **separately** stated as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their **unpaid minimum wages,** or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b) (emphasis added). Moreover, none of the allegations in Count I allege that Defendants violated the FLSA's minimum wage provision or otherwise claim that Plaintiff was paid less than the applicable federal minimum wage. (*Id.*). As a result, Plaintiff's request for a declaration finding Defendants in "willful violation of the minimum wage provision of the FLSA" is immaterial to Count I and must be stricken.

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

**B.      Allegations and Claims for Relief in Count II Claiming Plaintiff's Remedy for the Purported Violation of the FMWA is the "payment of all tips and/or overtips" Must be Stricken Because the FMWA Does Not Provide a Cause of Action to Recover Tips**

The FMWA's purpose is to "provide measures appropriate for the implementation of section 24, Art. X of the State Constitution . . . ." Fla. Stat. § 448.110(2). The Florida Constitution provides that "Employers shall pay Employees Wages no less than the **Minimum Wage** for all hours worked in Florida." Fla. Const. Art. X § 24(c) (emphasis added). As Plaintiff acknowledges in his Third Amended Complaint, Article X, Section 24 only provides that "[f]or tipped Employees meeting the eligibility requirements for the tip credit under the FLSA, Employers may credit towards **satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit**." Fla. Const. Art. X § 24(c) (emphasis added). However, neither section 448.110, Florida Statutes, or Article X, Section 24, of the Florida Constitution guarantee or protect an employee's tips from, or create a cause of action for, an employer's alleged improper retention/distribution of tips when it does not relate directly to a Florida minimum wage violation. In fact, the FMWA specifically states that "[t]he court **shall not award any economic damages** on a claim for unpaid minimum wages not expressly authorized in this section." Fla. Stat. § 448.110(6)(c)1.

It is clear the FMWA only provides a cause of action to recover unpaid Florida minimum wages. *See* Fla. Stat. § 448.110(6)(a) (establishing the prerequisite for filing an FMWA civil action and stating "prior to bringing any claim for **unpaid minimum wages** pursuant to this section . . ..) (emphasis added). As a result, Plaintiff's only remedy in the unlikely event he prevails with the FMWA claim is the difference between the alleged direct wage he was paid and the applicable minimum wage, and **not** the "payment of all tips and/or overtips" that were allegedly retained or distributed unlawfully. *See Rosell v. Vsmb*, No. 20-20857-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 116663, *4 (S.D. Fla. June 22, 2021) (when there is a tip credit violation the

4

"**employees may recover only up to the tip credit and not the actual tips**") (emphasis added); *Dalley v. CG RYC, LLC*, No. 18-20128-CIV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 150696, at *4 (S.D. Fla. Aug. 31, 2018) ("employees may recover **only up to the tip credit and not the actual tips**.") (emphasis added); *see e.g., Frank v. Fresh on the Square LLC*, No. 5:20-cv-372-Oc-30PRL, 2021 U.S. Dist. LEXIS 178426, *5 (M.D. Fla. Sept. 20, 2021) (plaintiff is "entitled to **full minimum wage** for the hours she worked" if defendant "improperly claimed a tip credit") (emphasis added).

Thus, all allegations and claims for relief suggesting Plaintiff's FMWA remedy is the "payment of all tips and/or overtips" are immaterial and must be stricken. Such allegations include, but may not be limited to, paragraphs 82, 85(b)(x), 104, 113, 125, 128 and subparagraph "d" of Counts II's "Wherefore" clause.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order granting this motion to strike and specifically striking (i) subparagraph "i" of Count I's "Wherefore" clause; (ii) striking paragraphs 82, 85(b)(x), 104, 113, 125, 128, and subparagraph "d" of Counts II's "Wherefore" clause; (iii) striking any other allegation or claim for relief in the Third Amended Complaint that suggests Plaintiff's remedy under the FMWA is the "payment of all tips and/or overtips;" (iv) awarding Defendants their reasonable attorney fees and costs for having to litigate this issue; and (v) granting Defendants any other relief this Court deems just and proper.

Dated: April 26, 2023

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

By: *s/ Allan Reiss*
Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel for Defendant, RJ River, LLC*

Respectfully submitted,

By: *s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Counsel for Plaintiff*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel for RJ River, LLC*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600

*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*