UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
for himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS AND REQUESTS FOR RELIEF IN COUNT II OF THE THIRD AMENDED COMPLAINT SEEKING RECOVERY OF ALL TIPS AND/OR OVERTIPS**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River, LLC, (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), hereby file their joint motion to strike and state the following in support thereof:

1. Plaintiff filed his Third Amended Complaint on April 7, 2023. (ECF No. 122).

2. Count II of the Third Amended Complaint attempts to allege a minimum wage violation of the Florida Minimum Wage Act (FMWA). (*See* ECF No. 122, ¶¶ 80-128).

3. Count II of the Third Amended Complaint contains a claim for relief and allegations that are immaterial to the cause of action alleged.

4. Count II alleges repeatedly that Plaintiff's remedy for the purported violation of the FMWA is "payment of all tips and/or overtips" that Defendants allegedly unlawfully retained

and/or distributed. Such allegations and claims for relief, as well as any other allegation or claim for relief in the Third Amended Complaint that suggests Plaintiff's remedy is the "payment of all tips and/or overtips" as it relates to Count II, are immaterial because the FMWA does not provide a cause of action to recover tips. Specifically, the allegations that must be stricken are paragraph 82, 85(b)(x), 104, 113, 125, 128 and subparagraph "d" of Counts II's "Wherefore" clause.

5. Based upon the forgoing, Defendants respectfully request that their motion to strike be granted.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

"[T]he Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter" upon a defendant's motion prior to filing a responsive pleading. Fed. R. Civ. P. 12(f). "[A] prayer for relief not available under the applicable law is properly subject to a motion to strike." *Hodge v. Orlando Utils. Comm'n*, 6:09-cv-1059-Orl-19DAB, 2009 U.S. Dist. LEXIS 110464, *10-11 (M.D. Fla. Nov. 23, 2009).

> A. **Allegations and Claims for Relief in Count II Claiming Plaintiff's Remedy for the Purported Violation of the FMWA is the "payment of all tips and/or overtips" Must be Stricken Because the FMWA Does Not Provide a Cause of Action to Recover Tips**

The FMWA's purpose is to "provide measures appropriate for the implementation of section 24, Art. X of the State Constitution . . . ." Fla. Stat. § 448.110(2). The Florida Constitution provides that "Employers shall pay Employees Wages no less than the **Minimum Wage** for all hours worked in Florida." Fla. Const. Art. X § 24(c) (emphasis added). As Plaintiff acknowledges in his Third Amended Complaint, Article X, Section 24 only provides that "[f]or tipped Employees meeting the eligibility requirements for the tip credit under the FLSA, Employers may credit towards **satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit**." Fla. Const. Art. X § 24(c) (emphasis added). However, neither section 448.110, Florida

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

Statutes, or Article X, Section 24, of the Florida Constitution guarantee or protect an employee's tips from, or create a cause of action for, an employer's alleged improper retention/distribution of tips when it does not relate directly to a Florida minimum wage violation.  In fact, the FMWA specifically states that "[t]he court **shall not award any economic damages** on a claim for unpaid minimum wages not expressly authorized in this section." Fla. Stat. § 448.110(6)(c)1.

It is clear the FMWA only provides a cause of action to recover unpaid Florida minimum wages.  *See* Fla. Stat. § 448.110(6)(a) (establishing the prerequisite for filing an FMWA civil action and stating "prior to bringing any claim for **unpaid minimum wages** pursuant to this section . . ..) (emphasis added).  As a result, Plaintiff's only remedy in the unlikely event he prevails with the FMWA claim is the difference between the alleged direct wage he was paid and the applicable minimum wage, and **not** the "payment of all tips and/or overtips" that were allegedly retained or distributed unlawfully.  *See Rosell v. Vsmb*, No. 20-20857-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 116663, *4 (S.D. Fla. June 22, 2021) (when there is a tip credit violation the "**employees may recover only up to the tip credit and not the actual tips**") (emphasis added); *Dalley v. CG RYC, LLC*, No. 18-20128-CIV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 150696, at *4 (S.D. Fla. Aug. 31, 2018) ("employees may recover **only up to the tip credit and not the actual tips**.") (emphasis added); *see e.g., Frank v. Fresh on the Square LLC*, No. 5:20-cv-372-Oc-30PRL, 2021 U.S. Dist. LEXIS 178426, *5 (M.D. Fla. Sept. 20, 2021) (plaintiff is "entitled to **full minimum wage** for the hours she worked" if defendant "improperly claimed a tip credit") (emphasis added).

Thus, all allegations and claims for relief suggesting Plaintiff's FMWA remedy is the "payment of all tips and/or overtips" are immaterial and must be stricken.  Such allegations

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

include, but may not be limited to, paragraphs 82, 85(b)(x), 104, 113, 125, 128 and subparagraph "d" of Counts II's "Wherefore" clause.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order granting this motion to strike and specifically striking (i) paragraphs 82, 85(b)(x), 104, 113, 125, 128, and subparagraph "d" of Counts II's "Wherefore" clause; (ii) striking any other allegation or claim for relief in the Third Amended Complaint that suggests Plaintiff's remedy under the FMWA is the "payment of all tips and/or overtips;" (iii) awarding Defendants their reasonable attorney fees and costs for having to litigate this issue; and (iv) granting Defendants any other relief this Court deems just and proper.

Dated: April 27, 2023

Respectfully submitted,

By: *s/ Allan Reiss*
Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel for Defendant, RJ River, LLC*

By: *s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served on April 27, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

## **SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Counsel for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600

*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel for RJ River, LLC*