UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE
COUNT II OF PLAINTIFF'S THIRD AMENDED COMPLAINT AND
450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER,
MOTION TO DISMISS WITH PREJUDICE COUNT III**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file their joint motions to dismiss with prejudice Count II of the Third Amended Complaint[1] ("Third Amended Complaint") and Kiki's motion to dismiss with prejudice Count III of the Third Amended Complaint. Defendants state the following in support thereof.

---

[1] Defendants are not required to file an answer to the Third Amended Complaint while a motion to dismiss is pending, even when the motion to dismiss addresses only portions of the complaint. *See Webber v. National General Assurance Co.*, No. 4:14-cv-490-MW/CAS, 2015 U.S. Dist. LEXIS 179483, at *1-2 (N.D. Fla. Oct. 20, 2015) ("[a] pending motion to dismiss - even one that only addresses some of a plaintiff's claims - tolls the time for a responsive pleading…[t]his is true even when the motion to dismiss is addressed at an amended complaint"). Accordingly, Defendants will file their answer and affirmative defenses after disposition of the instant motion.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

**PRELIMINARY STATEMENT**

Count II of the Third Amended Complaint must be dismissed with prejudice because Plaintiff cannot plead in good faith that he was paid on a tip credit basis as a result of the percentage of the service charge he previously acknowledged being paid in addition to the direct wage. Specifically, Plaintiff's claim that he was paid a "'tip credit' wage" is undermined and contradicted by the allegations in the original Complaint [ECF No. 1], Amended Complaint [ECF No. 40] and Second Amended Complaint [ECF No. 59], which recognize he was also compensated with a percentage of the mandatory service charge Kiki imposed on customers. To circumvent the Court's order granting Defendants' motion to dismiss the Second Amended Complaint, Plaintiff omits from the Third Amended Complaint any reference to the prior allegations recognizing Kiki's payment of the service charge percentage. Plaintiff's omission of the service charge allegation from the Third Amended Compliant to sidestep dismissal of the FMWA claim based on the Court's prior dismissal of the same claim in the Second Amended Complaint is an act of bad faith.

Count III of the Third Amended Complaint must be dismissed with prejudice because the Florida Constitution's definition of "wage" only includes tips that are part of a tip credit afforded employers to meet the state's minimum wage obligation and does not include tips that are above and beyond the tip credit. In this case, Plaintiff does not allege in Count III or any of the incorporated paragraphs to Count III that he was paid on a tip credit basis. Therefore, Plaintiff has failed to plead that his alleged unpaid tips are wages under Florida common law.

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure require Plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

2

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A well-pleaded complaint requires "more than labels and conclusions" and must meet the following threshold requirements to survive a motion to dismiss: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5. Under *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. 662, 678 (2009) (internal citations omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012).

As set forth in detail below, Plaintiff fails to satisfy this basic pleading standard and therefore, the Court should dismiss Counts II and III of the Third Amended Complaint with prejudice. Defendants respectfully submit that dismissal with prejudice is particularly appropriate in this case because it will be the **third failed** attempt to plead a cause of action under the FMWA and Florida common law following two motions to dismiss. Additionally, this case has remained unnecessarily in the pleading stage for more than seven months because of Plaintiff's efforts to create a cause of action and/or remedy under the FMWA and Florida common law that does not exist. The gravamen of Plaintiff's case, as gleaned from the four iterations of the complaints filed over the seven months, is that he and the putative class allegedly had their tips improperly retained and/or distributed and they are entitled to recover those tips. The only law that provides a cause of action to obtain such a remedy is the FLSA. Plaintiff must be prohibited from continuing to waste judicial resources and run up legal fees on causes of action that do not exist outside the FLSA.

### A. Count II Must be Dismissed with Prejudice Because of the Conflicting Allegations Contained in the Complaint, Amended Complaint, and Second Amended Complaint that Plaintiff Omits in Bad Faith from the Third Amended Complaint to Sidestep Dismissal of Said Complaint Based on the Court's Order Granting Defendants' Motion to Dismiss the Second Amended Complaint

In certain circumstances, a court does not need to follow the general rule prohibiting it from analyzing prior pleadings. *See Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, n. 1 (S.D. Fla. 2016). One such instance is when the plaintiff omits previously plead facts to avoid a known dispositive defense previously raised by the defendant. *Id.* In *Fernandez*, the plaintiff's original and first amended complaints included allegations regarding underlying unlawful reprisal proceedings before the Florida Department of Education. *Id.* The defendant argued in its motions to dismiss the original and first amended complaints that the underlying proceedings bared the federal case based on of res judicata. *Id.* The plaintiff then removed all references to the unlawful reprisal proceedings in the second amended complaint. *Id.* The court held that the plaintiff was manipulating the allegations in the pleadings to avoid a dispositive defense, and it considered the allegation in the original and first amended complaint when reviewing the motion to dismiss the second amended complaint. *Id.*

In this case, Plaintiff is "manipulating the allegations in the pleadings to avoid a dispositive defense." *Id.* Specifically, the Third Amended Complaint removes all references to the percentage of the non-discretionary service charge Kiki paid Plaintiff that was previously described in the Complaint, Amended Complaint, and Second Amended Complaint, and was the basis for dismissal of the FMWA claim in the Second Amended Complaint.

For example, the Complaint alleged that "Plaintiff and the Collective" was paid "an hourly rate, plus a part of the service charge." ECF No. 1 at ¶ 26. The Amended Complaint alleged that "Plaintiff and the others similarly situated" were paid "an hourly rate of pay, supplemented by a

4

non-discretionary service charge." ECF No. 40 at ¶ 30. Defendants moved to dismiss the Amended Complaint arguing in part that it is "devoid of any allegations suggesting that the hourly rate **and service charge** Plaintiff was paid equaled less than the applicable minimum wage." ECF No. 55 at 3 (emphasis added); ECF No. 56 at 2. The Second Amended Complaint alleged that "Plaintiff and the other similarly situated captains, servers, and bussers" were paid "a direct hourly rate of pay that was less than the applicable Florida or federal minimum wage, supplemented by a portion of a non-discretionary service charge." ECF. No. 59 at ¶ 28. Defendants moved to dismiss the FMWA claim in the Second Amended Complaint arguing that Plaintiff failed to allege "that the direct hourly rate and **percentage of service charge** he was paid equaled an hourly rate below the Florida minimum wage. ECF No. 63 at 9-10 (emphasis added). As previously mentioned, the Court granted Defendants' motion to dismiss the FMWA claim based on that argument. *See* ECF No. 63 at 9-11; ECF No. 112.

Now, the Third Amended Complaint makes no reference to the non-discretionary service charge that was used to supplement Plaintiff's pay. That omission comes after the FMWA claim in the Second Amended Complaint was dismissed because of Plaintiff's acknowledgement of the service charge percentage payment and subsequent failure to allege that the direct hourly rate and the percentage of service charge equaled an hourly rate below the Florida minimum. Plaintiff only alleges in the Third Amended Complaint that he was paid a "'tip credit' wage" that was less than the applicable minimum wage under the FMWA. ECF No. 122 at ¶¶ 101-02, 110-11, 122-23. It is apparent Plaintiff removed all references to the percentage of the non-discretionary service charge he was paid from the Third Amended Complaint for the sole purposes of attempting to avoid the successful defense Defendants previously raised in their motion to dismiss the Second Amended Complaint. Defendant respectfully submits that such bad faith pleading tactics should

not be permitted and Count II of the Third Amended Complaint should be dismissed with prejudice because it still fails to allege that the direct hourly rate and **percentage of service charge** Plaintiff was paid equaled an hourly rate below the Florida minimum. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Rodriguez v. City Buffet Mongolian Barbeque Inc.*, No. 8:18-cv-2745-T-60CPT, 2020 U.S. Dist. LEXIS 84823, at *11–12 (M.D. Fla. Apr. 22, 2020) report and recommendations adopted, 2020 U.S. Dist. LEXIS 34187, at *1–2 (M.D. Fla. May 13, 2020) ("In order to state an FLSA minimum-wage claim, a plaintiff **must therefore plead sufficient facts** . . . to show that the defendant did not pay him this minimum hourly rate.") (emphasis added).

Plaintiff has attempted to plead a FMWA claim three (3) times and has yet to plead what his total hourly rate of pay was after totaling the sum of his direct wage and the percentage of the service charge he was paid. Thus, the FMWA claim in Count II of the Third Amended Complaint should be dismissed with prejudice. *See Hill v. Bank of Am., Inc.*, 512 Fed. App. 905, 907 (11th Cir. 2013) (holding dismissal of a complaint with prejudice is appropriate after three iterations).

### B. Count III Must Be Dismissed with Prejudice Because the Tips at Issue Cannot be Deemed Wages Under Florida Common Law as a Result of the Florida Constitution

The Florida Constitution expressly states that the term "'Wage' shall have the meaning[] established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. Art. X § 24(b). The FLSA defines "wage," in relevant part, as follows:

> In determining **the wage an employer is required to pay a tipped employee**, the amount paid such employee by the employee's employer shall be an amount equal to
>
> (i)   the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

> (ii) an **additional amount on account of the tips received** by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m)(2)(A)(i)-(ii) (emphasis added). Moreover, the FLSA's regulations state as follows regarding the regular rate and tips:

> Any tips received by the employee **in excess of the tip credit** need not be included in the regular rate. Such tips **are not payments made by the employer to the employee as renumeration for employment** within the meaning of the Act.

29 C.F.R. § 531.60 (emphasis added). It is clear from the FLSA's definition of "wage" and its corresponding regulation, as **expressly** adopted by the Florida Constitution, that the term "wage" only includes tips that are part of a tip credit afforded employers to meet the state's minimum wage obligation and does not include tips that are above and beyond the tip credit. *See* 29 U.S.C. § 203(m)(2)(A)(i)-(ii); 29 C.F.R. § 531.60.

In this case, Plaintiff does not allege in Count III, or Paragraphs 1-36 which are incorporated into Count III, that he was (1) paid on a tip credit basis or (2) paid less than the applicable minimum wage under Florida or federal law.[2] *See* E.C.F. No. 122 ¶¶ 1-36, 129-47. Without such allegations, Count III fails to establish that Plaintiff was paid below the applicable minimum wage and on a tip credit basis to make up the difference pursuant to Florida and federal law.

Thus, the tips at issue in this case are excluded from the term "wage" under the Florida Constitution and FMWA because Count III does not allege that Plaintiff was actually paid below minimum wage and on a tip credit basis. *See* E.C.F. No. 122 ¶¶ 1-36, 129-47. It follows logically

---

[2] Defendants recognize that Plaintiff alleged in Count II that he was paid a "'tip credit' wage." However, Plaintiff did not allege in Count III or otherwise incorporate into Count III any allegations that he was paid on a tip credit basis. *See* E.C.F. No. 122 ¶¶ 1-36, 129-47.

that Florida's common law is construed consistent with the Florida Constitution's meaning of the term "wage," which **excludes** the tips at issue in this case as alleged in Count III where they are above and beyond the tip credit. *See State ex rel. Clayton v. Bd. of Regents*, 635 So. 2d 937, 938 (Fla. 1994) ("For a principle of law to be governed by the common law in Florida, that principle . . . must not be inconsistent with the constitution and laws of the United States or the acts of the legislature of this State."); *see also* 29 C.F.R. § 531.60 ("tips received by the employee in excess of the tip credit . . . are not payments made by the employer to the employee as renumeration for employment").

Plaintiff's reliance on *Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589, 2021 U.S. Dist. LEXIS 64142 (M.D. Fla. Mar. 31, 2021) report and recommendations adopted, 2021 U.S. Dist. LEXIS 75564 (M.D. Fla. Apr. 20, 2021) to support his claim that Florida common law includes tips within the term "wages" is misplaced. In *Hamann*, the Middle District of Florida held that plaintiff established a claim for unpaid tips under Florida common law because the term "wages" is construed broadly to mean all compensation paid by an employer for performance of services by an employee. 2021 U.S. Dist. LEXIS 64142 at *11. It is clear from the Florida Constitution's definition of "wage" and the Third Amended Complaint's omission of allegations suggesting Plaintiff was paid on a tip credit basis, that the tips at issue cannot be viewed as compensation paid by an employer for performance of services by an employee. *See* 29 C.F.R. § 531.60 ("Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not payments made by the employer to the employee as renumeration for employment within the meaning of the Act."); 29 U.S.C. § 207(e)(1) ("As used in this section the 'regular rate' . . . shall not be deemed to include - (1) sums paid as gifts . . . as a reward for service[.]"); 29 C.F.R. § 531.52(a) ("A tip is a sum presented by a customer as a gift or gratuity in

recognition for some service performed for the customer. . . . Whether a tip is to be given, and its amounts, are matters determined solely by the customer.").

Moreover, the *Hamann* court relied on distinguishable dicta from cases arising in the Middle District of Florida and the Florida Third District Court of Appeal that do not pertain to tips. Specifically, the *Hamann* court cited to *Short v. Bryn Alan Studios, Inc.*, No. 8:08-CV-145-T-30TGW, 2008 U.S. Dist. LEXIS 42308, at *3 (M.D. Fla. May 28, 2008) and *Coleman v. City of Hialeah*, 525 So.2d 435, 436–37 (Fla. 3d DCA 1988). Notably, *Short* is a non-binding opinion in which the plaintiff was seeking unpaid "sitting fees, commissions and/or bonuses, and accrued vacation pay, as well as an award of attorney's fees." 2008 U.S. Dist. LEXIS 42308, at *3. The court in *Short* did not address tips being classified as wages, and merely mentioned in a footnote that Black's Law Dictionary included the term "tips" in its definition of compensation. 2008 U.S. Dist. LEXIS 42308, at *n. 4. Similarly, *Coleman* does not relate to an employer's failure to distribute employee tips. 525 So.2d at 437–38. In *Coleman*, the plaintiff filed a lawsuit to collect employee disability benefits that he claimed were owed to him as a disabled police officer. *Id.* at 435. Again, the only reference to tips in the *Coleman* case comes from the court citing Black's Law Dictionary's definition of the term "wages." *Id.* at 436–37. Significantly, the *Short* opinion does not reference the Florida Constitution's meaning of "wage" as only encompassing tips received as part of an employer's tip credit and the *Coleman* case was decided prior to the effective date of the Florida Constitution's minimum wage amendment on May 2, 2005.

Plaintiff has attempted to plead a Florida common law claim three (3) times and has yet to allege that he was paid on a tip credit basis and/or paid less than the applicable minimum wage under Florida or federal law. Thus, the Florida common law claim in Count III of the Third

9

Amended Complaint should be dismissed with prejudice. *See Hill*, 512 Fed. App. at 907 (holding dismissal of a complaint with prejudice is appropriate after three iterations).

## CONCLUSION

Based upon the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River, LLC, and Roman Jones respectfully requests that this Honorable Court enter an order: (1) dismissing Counts II and III of the Third Amended Complaint with prejudice; (2) awarding Defendants their attorney fees and costs incurred in connection with this motion; and (3) granting such other and further relief as this Court deems just and proper.

Dated:  April 27, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C. | Levine & Partners, P.A. |
| One Biscayne Tower, Suite 3500 | 3350 Mary Street |
| Two South Biscayne Boulevard | Miami, Florida 33133 |
| Miami, Florida 33131 | Telephone: (305) 372-1352 |
| Telephone: (305) 577-7600 | |
| /s/ *Reynaldo Velazquez* | /s/ *Allan Reiss* |
| Reynaldo Velazquez, Esq. | Allan Reiss, Esq |
| Florida Bar No.: 069779 | Florida Bar No. 858500 |
| Email: rey.velazquez@jacksonlewis.com | Email: asr@levinelawfirm.com |
| Roman Sarangoulis, Esq. | *Counsel for RJ River, LLC* |
| Florida Bar No. 1011944 | |
| Email: roman.sarangoulis@jacksonlewis.com | |
| *Counsel for 450 North River Drive, LLC,* | |
| *d/b/a Kiki on the River and Roman Jones* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on April 27, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

**SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

4867-6682-9151, v. 1