UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

       Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

       Defendants.

_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER,
ROMAN JONES, AND RJ RIVER, LLC, JOINT RESPONSE IN OPPOSITION
TO PLAINTIFF'S OBJECTION TO AND APPEAL OF THE MAGISTRATE
JUDGE'S DISCOVERY ORDER DATED APRIL 6, 2023**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC ("RJ") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Response in opposition to Plaintiff's Objection to and Appeal of Order.  Defendants state the following in support thereof:

1.      On April 5, 2023, Magistrate Judge Otazo-Reyes conducted a discovery hearing on discovery matters raised by Plaintiff, Octavio Collado ("Collado").  [ECF No. 119].  The hearing lasted approximately one-hour.  *Id.*  At the hearing, Judge Otazo-Reyes heard the arguments of counsel, and she made rulings within her broad discretion to oversee discovery on each of the issues presented.  On April 6, 2023, Judge Otazo-Reyes entered her detailed written Order ("the Order") explaining her rulings on each of the disputes raised by Plaintiff.  [ECF No. 121].

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

2. No rulings in the Order are clearly erroneous or contrary to the law. As Defendants explain in more detail below, there is legal authority supporting each of Judge Otazo-Reyes' rulings. Accordingly, the rulings cannot be clearly erroneous or contrary to law.

3. Moreover, Plaintiff cannot establish that any of the rulings are clearly erroneous or contrary to law because the cases he cites are not binding authority from the Eleventh Circuit Court of Appeal requiring specific discovery rulings. Instead, Plaintiff relies on district court orders that are distinguishable in many instances and dicta from one Eleventh Circuit case. Thus, Plaintiff's objections and appeal are meritless and must be denied

## MEMORANDUM OF LAW

To alter a magistrate judge's order on discovery the "appealing parties . . . bear the **heavy burden** of showing that the orders are 'clearly erroneous or contrary to law.'" *Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850-ROSENBERG/BRANNON, 2017 U.S. Dist. LEXIS 7528, *2-3 (S.D. Fla. Jan. 19, 2017) (emphasis added) (quoting 28 U.S.C. § 636(b)(1)(A). Additionally, **"[i]t is extremely difficult to justify alteration of the magistrate judge's non-dispositive action** . . . because clear error is a highly deferential standard of review." *Id.* (emphasis added) (internal quotation marks omitted) (citing *Holton v. City Thomasville School Dist.*, 425 F. 3d 1325, 1350 (11th Cir. 2005) and 12 Wright, Miller and Marcus, *Federal Practice and Procedure Civ. 2d* § 309).

Generally, an order is considered clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the **definite and firm conviction that a mistake has been committed**." *Doe*, 2017 U.S. Dist. LEXIS 7528, *3-4 (quoting *Holton*, 425 F. 3d at 1350) (emphasis added). An order may be deemed contrary to law only "where it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 U.S. Dist.

LEXIS 7528, *4.  Here, Plaintiff has not identified any issues with Judge Otazo-Reyes' Order that are clearly erroneous or contrary to law.

**Timing of Defendants' Amendments and the Order's Alleged Omissions:**

Plaintiff's "preliminary" concerns with the Order regarding the timing of Defendants' amendments to their discovery responses and alleged omissions of issues argued at the hearing are not subject to appeal.  Plaintiff's concerns regarding the timing of Defendants' amended discovery answers and the order's alleged omissions are not matters that are clearly erroneous or contrary to any law.  Moreover, Plaintiff failed to identify the issues he claims were omitted from the order. In light of the forgoing, Plaintiff must raise his alleged concerns pertaining to the timing of Defendants' amended answers and purported omissions from the order directly with Judge Otazo-Reyes.[1]

**Ruling No. 2:**

Judge Otazo-Reyes was well within her discretion to allow Defendants to identify their counsel as the point of contact for Jones and their employed managerial employees.  *See Nathaniel v. Am. Airlines*, No. 2007/0033, 2008 (U.S. Dist. LEXIS 95336, *5-12 (D.V.I. Nov. 20, 2008) (holding "the Magistrate's Order denying Plaintiff's Motion to Compel Defendant to produce the home addresses and telephone numbers of its employees who were involved in the decision to remove Plaintiff from Flight 1290 is **not clearly erroneous or contrary to law**.") (emphasis added).  The ruling limiting the PII that Defendants must provide for current managerial employees is supported by case law as reflected in *Nathaniel* because it would be unethical for Plaintiff's

---

[1]      Defendants also note that Judge Otazo-Reyes advised Plaintiff that her rulings were without prejudice.  Therefore, Plaintiff may resubmit issues to the Court if there are any changes in the facts of the case that could lead to potentially different outcomes on the issues discussed in the Order.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

counsel to contact individuals who are managerial and still employed by Defendants.  *Id.*  Further, the claims alleged relate directly to Plaintiff's employment and potentially the conduct of the identified individuals in their capacity as managerial employees.  Notably, Plaintiff has alleged that Defendants, and their managerial employees, improperly retained or distributed tips in violation of the FLSA.  [ECF No. 122 at ¶¶ 34, 54, 63, 74].  Accordingly, statements and information provided by current managerial employees may be binding on the company and impact the defenses to the case.  *Id.*  As a result, it was not clearly erroneous or contrary to law for Judge Otazo-Reyes to require Plaintiff to communicate with Defendants' counsel instead of providing the addresses and telephone numbers of managerial employees and/or Jones.

Similarly, Plaintiff is not entitled to Jones' PII including his date of birth and social security number.  *See Bacchus v. Benson*, No. 4:07cv186, 2007 U.S. Dist. LEXIS 106145, at *3-5 (N.D. Fla. Nov. 29, 2007).  Individual's personal information such as date of birth and social security number need not be provided through written discovery because such information leaves the individual suspectable to identity theft.  *Id.*  In *Bacchus*, the court explained the defendant did not make any showing that the plaintiff's social security number was needed to do a background check, and with the increased risk of identity theft, personal identifiable information such as a social security number is not just background information.  *Id.*  Similarly, here, Plaintiff has no need to obtain Jones' PII and has not made any showing that Jones' social security number is needed to do a background check.  *Id.*  These requests are made for no reason other than to harass Jones. Further, Judge Otazo-Reyes' Order was not clearly erroneous or contrary to law because courts have denied the same or similar requests related to social security numbers and dates of birth.

**Ruling No. 3:**

In interrogatory number 7 directed to Kiki, Plaintiff asked Kiki to identify the following: (1) the number of individuals employed as captains, servers, and bussers from the prior five (5) years and (2) the percentage of tips distributed to each captain, server, or busser during that time.

In response, Kiki directed Plaintiff to the payroll records that it produced, which contain all the data that Plaintiff is seeking in its original format.[2]  Kiki is permitted to direct Plaintiff to records that is produced pursuant to Fed. R. Civ. P. 33(d) which states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries

Specifically, the payroll records that Kiki has produced covering three years and will continue to produce for the fourth and fifth year identify every captain, server, and by position. Further, the records provide the total amount of tips distributed to all employees, as well as each individual employee, and each category of employee (i.e., captain, servers, and bussers).  With these records, Plaintiff will be able to discern all the information he seeks, and the burden of deriving or ascertaining the information Plaintiff seeks will be substantially the same for either

---

[2] Kiki limited its response to a three (3) year period, but Judge Otazo-Reyes has expanded that time to five (5) years.  Also, Kiki redacted the records it provided, but Otazo-Reyes has also resolved this issue as she is requesting the parties submit a confidentiality order. Kiki will be able to produce the unredacted records for a five (5) year period once the terms of the confidentiality order are agreed upon.

party.  Significantly, any calculations Defendants have performed were at the direction of their counsel and they are privileged and/or attorney work product.

Accordingly, it is not clearly erroneous or contrary to law to require Plaintiff to perform the work to obtain the information that he seeks when such information is readily available for the three years of records already in his possession and will be available for the fourth and fifth year.

**Ruling No. 4:**

Plaintiff's suggestion that the FLSA employer issue turns on having authority in relation to banking, contracts, leases, and/or agreements is untrue and a distortion of the FLSA's employer analysis.  Pursuant to the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer **in relation to an employee** . . . ." 29 U.S.C. § 203(d) (emphasis added). "As defined, an employer is not only a company for whom the employee directly works but also 'any person who (1) acts on behalf of that employer **and (2) asserts control over conditions of the employee's employment**." *Cabreja v. SC Maint., Inc.*, 8:19-cv-296-T-33CPT, 2019 U.S. Dist. LEXIS 112783, at *3 (M.D. Fla. June 19, 2019) (emphasis added) .  "Whether an individual falls within [the definition of employer] 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Otero v. Medicomp, Inc.*, No. 6:16-cv-599-Orl-28GJK, 2013 U.S. Dist. LEXIS 155569, at *2 (M.D. Fla. Oct. 30, 2013).  The Eleventh Circuit Court of Appeals has explained that the factors that the court considers when determining if an individual is an employer are the following:

> Whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

None of the factors contemplated by the Eleventh Circuit expressly relate to an individual being a signatory on any bank accounts, leases, agreements, or contracts. Further, those factors do not provide Plaintiff with the ability to conduct a fishing expedition to ascertain whether Jones or anyone else has authority in relation to banking, contracts, leases, and/or agreements on behalf of Kiki or RJ. Instead, the focus is limited primarily to the individual's day-to-day operational control over hiring and firing employees, supervising and controlling employees work schedules or conditions of employment, determining rate and method of payment, and maintaining employment records. *See Villarreal*, 113 F.3d at 205 (11th Cir. 1997). Therefore, it is not clearly erroneous or contrary to law to sustain the objections to interrogatory 6, 11, and 13 or limiting the response to interrogatory 10.

**Ruling on Interrogatory No. 2 to Mr. Jones:**

Finally, Plaintiff is not entitled to Jones' criminal history, assuming such a history exists, because it has no relation Plaintiff's claims. Plaintiff has alleged that his purported employers improperly retained and/or distributed tips that he was given by customers. These allegations do not have any relation to Jones' criminal history, and such information is not proportional to the needs of the case. Further, Plaintiff has proffered no evidence to show a good faith belief that Jones has a legally sufficient criminal history that should be subject to discovery. Therefore, Plaintiff has not, and cannot, show that the ruling limiting his ability to request information about Jones' criminal history is clearly erroneous or contrary to law.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CONCLUSION

For the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River LLC, and Roman Jones, respectfully requests that this Honorable Court enter an order: (1) denying Plaintiff's Objection to and Appeal of Order [ECF No. 124] and (2) granting such other and further relief as this Court deems just and proper.

Dated:  May 1, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

/s/ *Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email*: rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*

*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

/s/ *Allan Reiss*
Allan Reiss, Esq
Florida Bar No. 858500
Email: asr@levinelawfirm.com
*Counsel for RJ River, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 1, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

### SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

4880-9883-9136, v. 1