UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
d/b/a KIKI ON THE RIVER,
RJ RIVER, LLC, and
ROMAN JONES,

    Defendants.
_____/

**JOINT RESPONSE BY DEFENDANTS 450 NORTH RIVER
DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND RJ RIVER, LLC, IN
OPPOSITION TO PLAINTIFF'S SECOND RENEWED
MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC, ("RJ") (collectively "Defendants"), by and through their respective undersigned counsel, hereby file their Response to the Second Renewed Motion for Conditional Certification of a Collective Action [ECF No. 127] filed by Plaintiff Octavio Collado ("Collado" or "Plaintiff"), and state as follows in opposition:

**PRELIMINARY STATEMENT**

As a preliminary matter, this Court is not bound to apply the two-step conditional certification process as implied in Plaintiff's Second Renewed Motion for Conditional Certification of a Collective Action [ECF No. 127] ("the Motion" or "Plaintiff's Motion"). Nothing in the Fair Labor Standards Act ("FLSA") nor binding judicial precedent makes a two-

step conditional certification mandatory.[1] Recently, the Fifth Circuit Court of Appeals and several district courts within the Eleventh Circuit Court of Appeals have elected to forego the two-step process and instead implemented the more rigorous *Swales* one-step standard to determine if a collective action may be certified at the outset of the litigation. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021) (foregoing two-step conditional certification process and applying more rigorous standard to certify a collective action at the early stages of the case to avoid stirring up unnecessary litigation).

The *Swales* process is applied to the early stages of litigation to determine if the proposed putative class is similarly situated based on information and records obtained early in the litigation. The *Swales* process should be applied in this case because it prevents stirring up litigation as it relates to individuals that cannot be members of the class and is more cost effective and judicially efficient than the two-step process.

Whether the Court applies the *Swales* process or the two-step process, Plaintiff fails to establish that the proposed putative class is comprised of similarly situated employees and that there is an interest in joining this action from current or former employees in the ten positions Plaintiff seeks to certify. Therefore, the Motion must be denied under either standard.

Further, the Motion should be denied or substantially limited because Plaintiff's discovery and notice requests are overly broad, excessive, and unduly burdensome. First, Plaintiff's request for a list of potential plaintiffs within ten (10) days of a Court order, including the individuals' addresses, cell-phone numbers, and emails, is overly broad and does not provide Defendants with sufficient time to compile the requested information assuming the Court grants

---

[1] The two-step process entails the district court applying a lenient standard at the first stage to conditionally certify a putative class, and then at the second stage entertaining a motion to decertify by the defense usually after the close of discovery.

the Motion. Second, Plaintiff's request to use such information to email, call, and text potential class members is excessive and improper. Third, Plaintiff's requests to post notices at Kiki, provide notices with employees' paychecks, and send reminders about the notice is redundant and would give the impression that the Court is endorsing this action. Fourth, Plaintiff's scope of the potential putative class including individuals for a three-year period prior to September 23, 2022, is improper because the look-back period for the potential putative class should be limited to three (3) years from the date the Collective Action Notices are mailed. Fifth, Plaintiff's request for a 90-day notice period is unreasonable and should be limited to 45 days. Finally, to the extent that the Court does permit Plaintiff to send notices to a putative class in any form, they must be revised and Defendants request that the notices be confidential.

## MEMORANDUM OF LAW

**I.       The *Swales* Standard is the Better Test to Evaluate Plaintiff's Motion to Certify Count I of the Third Amended Complaint.**

Neither the FLSA nor judicial precedent requires this Court to apply a specific procedure when determining if a collective action should be certified. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 1219 (11th Cir. 2001) (explaining the two-step conditional certification process is a tool to use in managing collective actions, but not making it mandatory). While the Eleventh Circuit has endorsed the use of the two-step conditional certification process to address collective actions, it does not require such a process. *See Zuliani v. Santa Ana, LLC*, No. 17-62080, 2018 U.S. Dist. LEXIS 42922, at *4 (S.D. Fla. March 14, 2018) ("The Eleventh Circuit has endorsed a two-stage process that courts may (**but are not required to**) use to determine whether to certify a collective action.") (emphasis added).

In *Swales*, the court stated as follows in setting aside the two-stage conditional certification process:

3

> Two-stage certification of § 216(b) collective actions may be common practice. But practice is not necessarily precedent. And nothing in the FLSA, nor in Supreme Court precedent interpreting it, requires or recommends (or even authorizes) any 'certification' process. The law instead says that the district court's job is **ensuring that notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case**.

*Swales*, 985 F.3d at 440 (emphasis added).  Therefore, this Court has discretion to manage potential collective actions as it deems appropriate and to unitize the *Swales* standard.  *See Zuliani*, 2018 U.S. Dist. LEXIS 42922, at *15.

As previously stated, several district courts within the Eleventh Circuit Court of Appeals have recently foregone the antiquated two-step conditional certification process.  In its place, these district courts have used the Fifth Circuit Court of Appeals' more rigorous and efficient one-step *Swales* standard before certifying a collective action.  *See Green v. Atlas Senior Living, LLC*, No. CV421-237, 2022 U.S. Dist. LEXIS 100611, at *13-14 (S.D. Ga. June 6, 2022) (applying *Swales* one-step analysis); *Broome v. CRST Malone, Inc.*, No. 2:19-cv-01917-MHH, 2022 U.S. Dist. LEXIS 11329, *10-11 (N.D. Ala. Jan. 21, 2022) (applying *Swales* one-step analysis).

Defendants respectfully submit that the *Swales* one-step standard is the best option to assess the Motion at issue because it avoids stirring up litigation considering the breadth of the proposed putative class and differences in job positions.  *See Swales*, 985 F.3d at 441-42 (when notices are sent to employees that are not "potential plaintiffs . . . the district court risks crossing the line from using notice as a case management tool to using notice as a claims-solicitation tool").  Additionally, the *Swales* one-step standard is more cost effective and judicially efficient than the two-step conditional certification process.  *See Broome*, 2022 U.S. Dist. LEXIS 11329, at *9 ("The *Swales* process promotes efficiency by ensuring that the time and expense inherent in the distribution of notice is warranted."); *Green*, 2022 U.S. Dist. LEXIS 100611, at *13 ("Rigid

4

adherence to *Hipp* [two-step process] in this circumstance would potentially result in the Court granting Plaintiffs' motion for conditional certification despite already possessing evidence which would require it to grant a motion for decertification. Such a result would not square with a primary purpose of the FLSA's opt-in procedure, which 'reflects a policy in favor of judicial economy[.]'") (citing *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1313 (M.D. Ala. 2002)).

In summary, the *Swales* process facilitates a more fact specific review of the claims asserted and the scope of a putative class before notice is sent to a group of people who may not be properly included in the litigation. Defendants respectfully submit that is the best approach to prevent stirring up litigation and preserve judicial resources.

**II. Plaintiff's Motion Fails to Establish that the Proposed Class is Appropriate for a Collective Action Under Either the *Swales* One-Step Process or the Conditional Certification Two-Step Process.**

Whether the Court uses the *Swales* one-step process or the conditional certification two-step process, the Court must deny Plaintiff's Motion because both require putative class members to be similarly situated and Plaintiff fails to meet that requirement under either test. *See Swales*, 985 F.3d at 443 ("FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation"); *Hipp*, 252 F.3d at 1217 ("To maintain an opt-in class action under § 216(b), plaintiffs must demonstrate that they are 'similarly situated.'").

Plaintiff's motion and supporting declarations fail to establish that the proposed class of captains, servers, bussers, bartenders, bottle servers, food runners, barbacks, hosts, hostesses, and dockmasters are similarly situated. Even under the more lenient first stage analysis of the conditional certification two-part process, which we will use to illustrate the extent of Plaintiff's failure, the Motion falls short of the mark on the "similarly situated" requirement. A plaintiff

5

seeking to conditionally certify a class must show through affidavits "that there are other employees who are 'similarly situated' with respect to their job requirements **and** their pay provisions, and that these employees desire to opt in." *Benitez-Fajardo v. Seafood on the Table, Inc.*, No. 12-22237, 2013 U.S. Dist. LEXIS 194826, at *6-7 (S.D. Fla. Nov. 19, 2013).

Plaintiff only attached four declarations as exhibits to the Motion. Those four declarations represent the positions of captain, server, bartender, and bottle server. [E.C.F. No. 127-1, 127-3, 127-4 and 127-5]. Plaintiff does not have any declarations as exhibits to the Motion for the remaining **six** positions of the proposed class, which are the bussers, food runners, barbacks, hosts, hostesses, and dockmasters. Of those **six** positions that the Motion fails to provide any evidence for inclusion in the proposed class, **five** of them (food runners, barbacks, hosts, hostesses, and dockmasters) have not had anyone opt into the case. Only the busser position has individuals that have opted into the case, however, the declarations contained with the alleged bussers' opt-in notices are devoid of any facts describing the job duties of the position and/or how they were paid. [E.C.F. No. 83-1, 106-1, 109-1, and 117-1].

Therefore, of the ten positions Plaintiff seeks to include in the proposed class, there are **six positions** (bussers, food runners, barbacks, hosts, hostesses, and dockmasters) for which there is no evidence of their job duties or how they were paid and **five** positions (food runners, barbacks, hosts, hostesses, and dockmasters) for which there is no evidence that they want to opt into the case. Based on these glaring omissions, it is beyond doubt that Plaintiff has **failed** to establish that the ten positions Plaintiff seeks to certify are similarly situated. As a result, Defendants respectfully submit that Plaintiff's Motion must be denied.

Notably, the Southern District of Florida has previously explained that a request to certify a class of restaurant employees that was significantly more narrowly tailored than the one

presented by Plaintiff was insufficient. Specifically, in *Alvarez v. Uno Rest. Assocs.*, the plaintiff sought the conditional certification of a class consisting of only **two restaurant positions** as reflected by following:

> All **bussers and servers** ('tipped employee') who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum regular and overtime wage for one or more weeks during the Relevant Time Period.

No. 17-24452-Civ-Scola, 2018 U.S. Dist. LEXIS 84745, at *5 (S.D. Fla. May 21, 2018) (emphasis added).

In *Alvarez*, the plaintiff claimed that bussers and servers should be a certified class because they were subject to the same alleged unlawful tip retention practices. *Id.* at 2, 6. The plaintiff submitted his own affidavit and the affidavit of an opt-in plaintiff who swore that he suffered the same alleged wrongs as the plaintiff. The court explained that the allegations in the complaint and the affidavits were insufficient to certify a class of servers and bussers because the "affidavits [were] devoid of any detail explaining how bussers and servers are similarly situated and say nothing about the respective job duties associated with either position." *Id.* at 7. The court also noted that the plaintiff failed to establish that any servers would want to join the class since the only individuals who submitted affidavits and opted into the case were bussers. *Id.* The court expressly stated that it "is not enough that [the plaintiff] and the purported class members were tipped employees who served restaurant patrons" because even if the court found that both categories of employees were subject to the same tip practices, there were no allegations establishing they were similarly situated. *Id.* at 8.

In this case, Plaintiff's proposed putative class is generally described as "tipped front-of-the-house employees" that consist of **ten positions**, which is considerably broader than the **two**

7

**positions** proposed in *Alvarez*. Like *Alvarez*, Plaintiff attempts to link all ten positions by merely alleging in the Third Amended Complaint that they were tipped employees and they did not receive all their tips, but fails to convey any facts in the form of declarations regarding the duties of six positions, how those six positions were paid, the specific interest of five of the positions wanting to join the case, and/or how all ten positions are similarly situated.

As reflected in *Alvarez*, simply claiming that employees were subject to the same pay practices is **insufficient** to show that the employees were similarly situated because it does not establish that they had the same job requirements. *See id.* at 6-8; *see also Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1568 (11th Cir. 1991) ("the district court should satisfy itself that there are other employees of the department-employer **who desire to 'opt-in'** and who are 'similarly situated' with respect to their **job requirements** and with regard to their **pay provisions**.") (emphasis added). In this case, Plaintiff has failed to provide any facts to support how the positions of captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters have similar duties. Instead, the sole and insufficient focus of his claim is that the ten positions are similarly situated because they were subject to the same alleged tip retention and/or distribution violation. As reflected in *Alvarez*, that is not enough similarly situated evidence under the two-stage conditional certification process and unquestionably insufficient under *Swales*' one-step process. Therefore, Plaintiff's Motion must be denied because there is no support to establish that the ten positions of the proposed putative class are similarly situated.

Additionally, like *Alvarez*, Plaintiff has not shown that individuals from each of the **ten positions** are actually interested in joining this action. Specifically, Plaintiff cites to opt-in notices filed with this Court to support his vague proposition that there is an interest in joining

8

this lawsuit. [E.C.F. No. 127 pg. 4]. However, an inspection of these declarations reveals that no food runners, barbacks, hosts, hostesses, or dockmasters have opted into this case. Therefore, the proposed class is also improper because there is no evidence that five of the ten positions are interested in opting into the case.

### III. Plaintiff's Request for Expedited Discovery and Proposed Methods of Disseminating the Notice are Intrusive, Overly Broad, Excessive, and Redundant.

Plaintiff's expedited discovery request and proposed notice dissemination methods are an overreach and grounds for denying Plaintiff's Motion.

#### A. Three Years from the Date of Conditional Certification Should be the Appropriate Time Period for Discovery Pertaining to Information Sought in the Motion for Conditional Certification.

FLSA claims generally must be brought within two years of the alleged violation or within three years for willful violations. 29 U.S.C. § 255(a). The FLSA statute of limitations for putative FLSA collective action members is not tolled by the filing of a complaint, because an opt-in plaintiff does not commence his or her action until the date on which that plaintiff files his or her written opt-in form. 29 U.S.C. § 256(b).

Accordingly, the appropriate period for discovery purposes pertaining to the information sought in the Motion is the three-year period preceding the date of this Court's conditional certification approval, if any. *Madison v. United Site Servs. of Fla.*, No. 6:16-cv-1991-Orl-41DCI, 2017 U.S. Dist. LEXIS 159991, at *11 (M.D. Fla. Aug. 17, 2017) (ordering Defendant to provide information of the putative plaintiffs who worked for Defendant during the three years preceding the Court's order conditionally certifying the case as a collective action). Additionally, the applicable look-back period to elect to opt-in to the class should be limited to a three (3) year period from the date the notice is emailed or physically mailed. *See Gutescu v.*

*Carey Int'l, Inc.*, No. 01-4026-civ-Martinez-Simonton, 2003 U.S. Dist. LEXIS 27507, at *51 (S.D. Fla. Jun. 16, 2003) (concluding that the opt-in notice should be sent only to those employees that performed work for defendant within three years from the date the notice is mailed). Therefore, any relief the Court grants because of the Motion should be limited accordingly.

### B. Plaintiff Has Not Established the Need for Putative Class Members' Cell Phone Numbers and the Request is Unnecessarily Intrusive.

Plaintiff is not entitled to the cell-phone numbers of proposed putative class members because notice via email and United States mail is adequate. *Villarino v. Pacesetter Pers. Serv.*, No. 20-60192-CIV-SINGHAL/VALLE, 2021 U.S. Dist. LEXIS 259382, at *20 (S.D. Fla. 2021) (holding the "notice should be mailed to putative class members' last known address[.]"); *Kiley v. Medfirst Consulting Healthcare Staffing, LLC*, 297 F. Supp. 3d 1260, 1268 (S.D. Ala. 2018) ("permitting notice via email, but denying notice via text because "the court is concerned that a text message notice could be incomplete and might not convey the seriousness of the communication."). Courts have frequently held that text message notice is appropriate only when all other means fail. Plaintiff has not shown that directly emailing and mailing the notice to the last known addresses will fail or that there is a need to issue the notice via text message or otherwise communicate by calling proposed putative class members. *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-434-FtM-38MRM, 2019 U.S. Dist. LEXIS 78007, at *49 (M.D. Fla. Mar. 28, 2019), *adopted, in part, by* 2019 U.S. Dist. LEXIS 107480, at *34-35 (M.D. Fla. Jun. 26, 2019). As Plaintiff concedes, it is not prevalent for courts in the Southern District of Florida to require defendants to produce employees' cell-phone numbers. [E.C.F. No. 127 at pg. 18]. Accordingly, Plaintiff has no need for the putative class members' cell phone numbers.

Further, Plaintiff's request for the putative class members cell phone numbers is unnecessarily intrusive under any circumstances and facilitates an unsupervised verbal conversation between Plaintiff's counsel and putative class members. Such an intrusion and unsupervised verbal communication is unwarranted where Plaintiff has not demonstrated in the Motion that emailing **and** mailing the notices to the last known addresses will fail or the need to otherwise communicate by texting and/or calling putative class members. As a result, Plaintiff is already permitted to contact the putative class through electronic correspondence by way of email if the Motion is granted. Thus, providing Plaintiff the ability to call and text message putative class members in addition to emailing is unnecessarily intrusive and redundant. *Miller v. JAH, LLC,* No. 5:16-cv-01543-AKK, 2018 U.S. Dist. LEXIS 2139, at *8-9 (N.D. Ala. Jan. 5, 2018) (denying plaintiff's request to text message the notice to putative class members because (1) the individuals may have limited cellular plans and incur costs with the messages and (2) the messages will subject the individuals to "the annoyance of unsolicited messages that congress passed the Telephone Consumer Protection Act, in part, to address.").

Accordingly, the request for cell phone numbers to call and/or text message putative class members must be denied. To the extent Defendants are required to produce any information, however, including email and physical addresses, they respectfully request at least 30 days to search through hundreds of personnel records to compile the information and then prepare as requested for production.

      **C.    Plaintiff Should Not be Permitted to Send Periodic Confirmations or Reminders Regarding this Action.**

Courts in this Circuit have explained that "[r]eminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit." *Smith v. Wiring Specialist, Inc.*, No. 2:14-cv-277-FtM-29DNF, 2014 U.S. Dist. LEXIS 1335446,

11

at *8 (M.D. Fla. Sept. 25, 2014); *see also, Cooper v. E. Coast Assemblers, Inc.*, No. 12-80995-CIV-MARRA, 2013 U.S. Dist. LEXIS 10435, at *11 (S.D. Fla. Jan. 24, 2013) ("no 'reminder notice postcards' may be sent."); *Anish v. National Securities Corporation*, 10-80330-CIV-MARRA, 2012 U.S. Dist. LEXIS 125075, at *6 (S.D. Fla. Sep. 2, 2012) ("Plaintiff may not send out a reminder notice 10 days prior to the expiration of the opt-in period.").

Plaintiff's request for confirmation and reminder communications entails an intrusive and unnecessary four-part process. First, Plaintiff is seeking permission to send the initial court approved notice. Second, Plaintiff is requesting permission to send text messages and call putative class members to allegedly ensure that the initial notice was received. Third, Plaintiff is requesting authority to send a reminder notice via text, email, and correspondence, half-way through the Court approved notice period. Finally, Plaintiff is seeking the ability to send a fourth communication via text and cell phone call (that facilitates an unsupervised verbal conversation) to allegedly ensure that the putative class members received the reminder notice. Plaintiff's request to have **four** communications with each member of the putative class is intrusive, overbroad, excessive, and likely to give the impression to putative class members that the Court is encouraging their involvement in the case. To avoid any potential unintended inference that the Court is encouraging individuals to opt-in to this action, Plaintiff's request to send confirmation communications and reminder notices must be denied.

> **D.     Plaintiff's Request to Post Notices at Kiki and Provide Notices to Individuals in the Proposed Putative Class with their Paycheck is Disruptive and Redundant.**

In addition to the four communications addressed in the prior section, Plaintiff has requested that Defendants be required to post a notice in the restaurant for the entire notice period. Plaintiff's request should be denied because he failed to demonstrate that Defendants

will not cooperate in the collective action process and that notice by email and mail is insufficient to provide potential class members notice. *See e.g., Ciani v. Talk of the Town Rests., Inc.,* No. 8:14-cv-2197-T-33AEP, 2015 U.S. Dist. LEXIS 5580 at *14-15 (noting that "other courts have required that Class Notice be posted at the workplace only after a showing that a defendant has failed to cooperate in the collective action process."); *Phelps v. MC Communications, Inc.*, 2011 U.S. Dist. LEXIS 84428 at *17 (D. Nev. Aug. 1, 2011) (declining to order defendants to post notices in all locations, as there was "no indication that service by first class mail would be ineffective or inadequate.").

Additionally, it will be unduly disruptive and redundant for Defendants to post a notice in the restaurant. Plaintiff's proposed putative class consist of **all** tipped front-of-house employees such as "captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters." Therefore, posting a notice regarding this collective action in the restaurant will disrupt the workplace by causing distractions associated with the posted notice and confuse Kiki's employees who are not entitled to opt-in to this case such as employees who are not in the putative class that will also view and read the posted notice. Such a result is prejudicial to Kiki as the restaurant expects and must have its employees focused on working instead of talking about ongoing litigation or trying to figure out whether or why they are included or excluded. Therefore, Defendants respectfully request that the Court deny Plaintiff's request to have the notice posted inside Kiki.

In relation to providing the notice with the proposed putative class employees' paychecks, the request is also unnecessarily intrusive and ineffective because, as of the most recent payroll, only seven employees from the proposed class received a paper check. The extremely small number of employees in the proposed putative class receiving paper checks

limits the reach of the distribution in this manner. Also, distribution of the notice with paper checks will be disruptive to the workplace even with the limited number receiving the notice. Such employees will receive the check and notice prior to or during their shift, which will cause the same distractions discussed in relation to the posting of the notice. Lastly, the requested distribution with checks is redundant because all these putative class employees will receive the notice via email and/or United States mail if approved by the Court.

### E. Plaintiff's Request for a 90-day Notice Period to Opt-In is Excessive.

A 90-day opt-in period is excessive, and many Florida courts adopt 45 or 60-day periods. *See, e.g., Brasaus v. Freshpoint of S. Fla., Inc.*, No. 15-CV-61529-WPD, 2016 U.S. Dist. LEXIS 186957, *9 (S.D. Fla. Feb. 11, 2016) (45-day opt-in period); *Lara v. G&E Fla. Contrs., LLC*, 2015 U.S. Dist. LEXIS 105981 (S.D. Fla. July 21, 2015) (60-day notice period); *Trentman v. RWL Communs., Inc.*, No. 2:15-cv-89-FtM-38CM, 2015 U.S. Dist. LEXIS 58153, at *16 (M.D. Fla. May 2, 2015) (60-day notice period); *Randle v. Allconnect, Inc.*, 2014 U.S. Dist. LEXIS 62271 (N.D. Ga. May 6, 2014) (45-day notice period). Thus, Defendants request the opt-in period be limited to 45 days if the Court grants any part of the Motion.

### F. Putative Class Members that Receive a Notice of This Action Must be Barred from Publishing the Notice on Social Media or Otherwise Disseminating the Notice to Third Parties.

Generally, the purpose of the Court's involvement in the preparation and distribution of collective action notices is to "ensure that [the notice] is timely, accurate, and informative." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989). Further, courts have explained that "the purpose for judicial notice [] is simply to inform potential class members of their rights[.]" *Robinson v. Ryla Teleservices, Inc.*, No. CA 11-131-KD-C, 2011 U.S. Dist. LEXIS 147207, at

14

*n.7 (S.D. Ala. Dec. 20, 2011) (internal quotation marks omitted) (citing *Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010)).

Plaintiff's proposed putative class is limited to a group of individuals that work or worked at Kiki. If these individuals receive notice of this action, they must be prohibited from publishing the notice on social media or otherwise disseminating the notice to third parties because further dissemination extends beyond the purposes of the notice, which is to notify the class members of their rights in relation to this case. *See Hoffman-LaRoche*, 493 U.S. at 172; *see also Swales*, 985 F.3d at 442 (explaining the court's determination of similarly situated employees at the outset of the case is critical because "it ensures that any notice sent is proper in scope - that is, **sent only to potential plaintiffs**.") (emphasis added). Dissemination, whether via social media or otherwise to third parties, has the inherent risk of spreading misinformation and could be manipulated and/or construed as the Court endorsing participation in the case. *See Swales*, 985 F.3d at 440 ("district court's job is ensuring that notice goes out to those who are 'similarly situated,' in a way that **scrupulously avoids endorsing the merits of the case**") (emphasis added).

As evidence of social media misinformation, the Court need look no further than the TikTok videos Plaintiff's counsel posted pertaining to this case. The first states, in part, as follows:

> We filed this lawsuit in federal court and we're proceeding against Kiki on the River and its corporate owners to recover the tips that were either unlawfully retained or improperly distributed to traditionally non-tipped employees.

*See* https://www.tiktok.com/@fairlawfirm/video/7200398055902924074. There has been no adjudication pertaining to the tips at issue in this case, yet Plaintiff's counsel takes to social

15

media and conveys a statement that is misleading and subject to the incorrect interpretation that Kiki and its "corporate owners" violated the law.

The second video states that Kiki opposed Plaintiff's original Motion for Conditional Certification of a Collective Action, and that such opposition "means" defendants do not want to let opposing counsel inform current and former employees of their rights about this lawsuit. *See* https://www.tiktok.com/@fairlawfirm/video/7201226796317084970. Opposing counsel's statement is (1) untrue and (2) a gross oversimplifications of the issues associated with Kiki's right to and the reasons for disputing class certification. This statement again portrays Jones and Kiki in a negative light and indirectly solicits current and former Kiki employees.

Plaintiff has circulated these videos among current and former Kiki employees despite the fact the Court has not approved conditional certification or the content or mode of communication for the notice. The TikTok videos posted by Plaintiff's counsel have already stirred up litigation in this case prior to the Court's approval of any notice being sent. Specifically, opt-in Plaintiff Brenna Wagnon, a bottle server that was not part of the original proposed class, stated in her declaration submitted in support of the Motion as follows:

> I was scrolling through TikTok and saw a video about Kiki on the River's pay practices, **so I contacted Mr. Pollock's office** to find our more information. **After speaking with his office, I decided to join this case**.

[ECF No. 127-5] (emphasis added). Additionally, non-parties appeared at the Court ordered settlement conference after opposing counsel referenced the conference in a prior TikTok video.[2]

The Court's notice will be specific and advises potential class members of their rights. The more attenuated the Court's notice becomes because of improper dissemination, the greater

---

[2] Notably, Defendants have raised their concerns over these TikTok videos through a Motion for Protective Order, which was heard by Magistrate Judge Otazo-Reyes on April 5, 2023. [ECF No. 96].

the risk of unintended harm to the Defendants because of inaccurate characterizations of the Court's notice, including but not limited to, incomplete and inaccurate publications such as omitting critical information, dates, and deadlines. Moreover, social media and/or other third-party dissemination damages the Kiki brand and the Defendants without an adjudication of wrongdoing and will hurt Kiki's business, Defendants' reputations, and the current employees' livelihood.

Such a result goes well beyond the intended purpose of the Court approved notice and is prejudicial to Defendants. As a result, Defendants request that any notice authorized by the Court contain a statement prohibiting putative class members from publishing the notice on social media or otherwise disseminating the notice to third parties.

### G.   Defendants' Oppose Plaintiff's Proposed Notices and Consent Form.

The substance of the notice proposed by Plaintiff and the way he proposes to disseminate the notice are inappropriate. Additionally, Plaintiff's request for personal information about putative collective members is unwarranted and intrusive, and could encourage improper and unauthorized contact. If, over Defendants' objections, conditional certification is granted, Defendants respectfully requests that counsel be given a period of three weeks from the issuance of any order granting conditional certification to "meet and confer" on the terms of a notice and consent form, and the terms of disclosure, if any, of private putative class information relating to the notice. *See Moxley v. Os Rest. Servs., LLC,*, 8:21-cv-1760, 2022 U.S. Dist. LEXIS 85204, at *13 (M.D. Fla. May 11, 2022) (requiring the parties to meet and confer regarding the "information needed to send notice, as well as its content and method of distribution."); *see also, Conchado v. Kauff'S, Inc.*, 20-cv-80344, 2020 U.S. Dist. LEXIS 259179, at *9-10 (S.D. Fla. June 5, 2020) (requiring the parties to meet and confer regarding defendant's issues with plaintiff's submitted proposed notice in order to address any issues jointly); *D'Antuono v. C & G*

*of Groton, Inc.*, No. 11-CV-0033 (MRK), 2011 U.S. Dist. LEXIS 135402, at *19 (D. Conn. Nov. 23, 2011) (ordering parties to submit joint revised notice, and if no agreement, ordering parties to submit separate reports explaining "disagreements and reasons for each party's respective preferences"). Alternatively, Defendants respectfully request twenty (20) days from the date of the Court's order to file their proposed notice and consent form should the Court not allow conferral.

Defendants believe conferral on the draft notices and consent form submitted by Plaintiff is required because they include a number of issues that Defendants' contest, including but not limited to the following. The notices do not explain that Defendants intend to defend this lawsuit, the notices minimize the fact that there has been no adjudication of unlawful conduct by Defendants, the notices do not inform the potential class members that they become a party to this lawsuit, the notices do not explain the employee may be subject to depositions and involved in discovery, the notice emphasizes Plaintiff's summary of the FLSA unnecessarily, the notices do not include Defendants' counsel's contact information, and the notices do not advise individuals of potential liability for attorney fees and costs if Plaintiff is unsuccessful in his claims. *See Garcia v. J and J, Inc.*, 19-cv-60728-BLOOM/Valle, 2019 U.S. Dist. LEXIS 127200, at * (S.D. Fla. ) (Bloom, J.) (explaining the plaintiff's notice must be revised because (1) it did not advise individuals of right to choose their own attorney, (2) it did not provide the defendant's counsel's contact information, (3) it did not notify the individuals of the potential liability for attorneys' fees and costs, (4) it did not notify the individuals about the need to participate in discovery, (5) it included inappropriate language about plaintiff's counsel's ability to reuse the form and refile a separate claim, and (6) it included language regarding the statute of

limitations). As a result, Defendants request that the parties confer regarding these issues before the Court approves the unilateral submissions filed by Plaintiff.

## **CONCLUSION**

WHEREFORE, Defendants respectfully requests that the Court enter an Order: (a) denying Plaintiff's Second Renewed Motion for Conditional Certification of a Collective Action, (b) limiting the scope of the notice and consent form as set forth above; (c) requiring conferral about the notice and consent form during the three weeks immediately following the order, or alternatively, providing Defendants twenty (20) days from the date of the Court's order to file their proposed notice and consent form should the Court not allow conferral; and (d) granting such further relief as the Court deems appropriate.

Dated: May 5, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>/s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email*: rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br><br>*Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | Levine & Partners, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352<br><br>/s/ Allan Reiss<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: asr@levinelawfirm.com<br>*Counsel for RJ River, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 5, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, d/b/a Kiki on the River, and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*