UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

      Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' CORRECTED JOINT MOTION TO STRIKE**

Plaintiff Octavio Collado, for himself and others similarly situated, requests that the Court deny Defendants' Corrected Joint Motion to Strike Allegations and Requests for Relief in Count II of the Third Amended Complaint Seeking Recovery of All Tips and/or Overtips (hereinafter "Motion to Strike" or "Motion") [ECF No. 136] based on the following:

**I. INTRODUCTION**

Defendants employ a two-pronged approach to pretermit Mr. Collado's claim at Count II of the Third Amended Complaint to recover under the Florida Minimum Wage Act the wages (tips and overtips) they improperly retained and/or distributed. Defendants filed the instant Motion to Strike directed to Count II and then filed a Motion to Dismiss also directed to Count II. [ECF Nos. 136, 137.] The arguments in the Motion to Strike are unsupported in law and cannot result in the extraordinary remedy of striking allegations. None of the cases they cite foreclose Mr. Collado's claim under the FMWA to recover the tips (and overtips) the Defendants improperly

retained or distributed. The Court properly denies the Defendants' Motion to Strike and requires them to file a pleading responsive to the Third Amended Complaint.

## II. ARGUMENT

Defendants filed separate motions to strike [ECF No. 136] and then to dismiss [ECF No. 137] on the same day in derogation of Fed. R. Civ. P. 12(g). Defendants do not explain why they violated Rule 12(g). There is no question that their successive filings violated Rule 12(g).

> Defendant was therefore required to join the present Rule 12(f) motion with its previous Rule 12 motion, and Defendant makes no argument as to why he could not have included the issues raised in the present motion with his previous Rule 12 motion.

*Sharfman v. Premier Med., Inc.*, 2021 WL 6884683, at *3 (M.D. Fla. Dec. 29, 2021) (citing *Scott v. Gage*, 2012 WL 13103179, at *1 (M.D. Fla. Jan. 19, 2012).)

The Federal Rules of Civil Procedure preclude the Court from considering the merits of the Defendants' Motion to Strike and their later-filed Motion to Dismiss [ECF No. 136, 137]. *Barfoot v. Dolgencorp, LLC*, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying the later-filed motion to strike based on violation of Fed. R. Civ. P. 12(g)). Accordingly, the Court is limited to considering only the arguments raised in the Defendants' Motion to Strike [ECF No. 136] and denying their Motion to Dismiss [ECF No. 137] as waived. *Chen v. Cayman Arts, Inc.*, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) ("When the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather, this Court will follow the Federal Rules and strike the Third–Party Defendants' Second Motion to Dismiss as improper under Rule 12(g).")

**A.** <u>**Defendants Fall Short Of Meeting The Standard For Granting A Motion To Strike, Requiring Denial Of Their Motion.**</u>

"Generally, motions to strike are disfavored and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009) (*quoting Carlson Corp./Southeast v. School Bd. of Seminole County*, 778 F.Supp. 518, 519 (M.D. Fla. 1991).) "A motion to strike will be 'granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Redus El, LLC v. Pointe W. Master Prop. Owners Ass'n, Inc.*, 2022 WL 18027799, at *2 (S.D. Fla. Dec. 14, 2022), *report and recommendation adopted*, 2022 WL 18024878 (S.D. Fla. Dec. 30, 2022) (*quoting Blake v. Batmasian*, 318 F.R.D. 698 700-01 (S.D. Fla. 2017).) "Because this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" *Doe v. City of Miami Gardens*, 2018 WL 11408286, at *1 (S.D. Fla. July 6, 2018) (internal citations omitted). Defendants do not base their Motion to Strike on any binding case law that requires the allegations at issue be stricken from the Third Amended Complaint, they have not met the applicable standard, and they are not entitled to the requested relief.

**B.** <u>**None Of The Cases The Defendants Cite Support Their Arguments.**</u>

No controlling authority precludes Mr. Collado from recovering the tips and overtips that Mr. Collado seeks to recover in Count II. If a controlling case was on point, then Defendants did not cite it. While Defendants attempted to support their arguments with cases they claim are analogous, neither stands for the propositions offered by Defendants. After determining that the cases cited do not support Defendants' arguments, the only logical conclusion is that Defendants' Motion to Strike should be denied.

**_Rosell vs. VMSB, LLC._** Defendants first cite Magistrate Judge Torres' Report and Recommendation on the cross-motions for summary judgment in _Rosell v. VMSB, LLC_, 2021 WL 4990913, at *1 (S.D. Fla. June 22, 2021), for the proposition that "when there is a tip credit violation the '**employees may recover only up to the tip credit and not the actual tips**.'" [_Emphasis by Defendants_.] The _Rosell_ opinion Defendants cite does not contain the words they emphasized in boldface.[1] Because _Rosell_ does not contain the language Defendants represent to the Court as a direct quotation, _Rosell_ does not support the Defendants' request to strike the operative paragraphs from the Third Amended Complaint.

**_Dalley v. CG RYC, LLC._** Defendants next cite _Dalley v. CG RYC, LLC_, 2018 WL 7629048, at *4 (S.D. Fla. Aug. 31, 2018). In _Dalley_, the Court only considered the plaintiff's FLSA claim. _Id._ Notably, the Court in _Dalley_ noted that the complaint was filed on January 11, 2018. _Id._, at *1. As a complaint filed before the operative date for the "Consolidated Appropriations Act of 2018 (CAA), which amended section 203(m)", _Rodriguez v. City Buffet Mongolian Barbeque, Inc._, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), Defendants' reliance on _Dalley_ is misplaced because the operative complaint predates the statutory change in the FLSA that permitted the recovery of tips and overtips in §203(m)(2)(B).

**_Frank v. Fresh on the Square, LLC._** The _Frank_ case is inapposite because, the court's summary judgment order focused on "…the issue of whether Plaintiff was required to share her tips with expeditors who had insufficient customer interaction in order to properly share in the tip pool." _Frank v. Fresh on the Square LLC_, 2021 WL 4263331, at *1 (M.D. Fla. Sept. 20, 2021). While

---

[1]       The _Dalley_ case does not preclude the recovery of tips as damages under the FLSA. _See Rodriguez v. City Buffet Mongolian Barbeque, Inc._, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), _report and recommendation adopted_, 2020 WL 2473452 (M.D. Fla. May 13, 2020).

the Court passingly mentions the language quoted by Defendants, the Court in *Frank* did not rule, hold, or decide the damages the plaintiff could recover. This is another example of Defendants trying to convince the Court that their argument is based on law when it is not.

**C.**    <u>**Florida Law Does Not Leave Mr. Collado Without A Remedy To Recover The Tips The Defendants Improperly Retained Or Distributed.**</u>

Defendants cannot explain how or why Florida law would leave Mr. Collado without a remedy to recover the tips that they improperly retained or distributed. Defendants on the one hand claim that Mr. Collado cannot recover the tips at issue under the FMWA. [ECF No.136.] Defendants then argue in their next filing that neither the FMWA nor the Florida common law permits Mr. Collado to recover the tips they improperly retained or distributed. [ECF No. 137.] Defendants identify no precedent under Florida law allowing employers to abscond with their employees' tips or to improperly distribute their employees' tips in either Motion. [ECF Nos. 136. 137.] Accordingly, Defendants' Motion to Strike is properly denied.

## III. CONCLUSION

Mr. Collado requests that the Court deny the Defendants' Motion. It is premised upon a phantom quote not contained in one cited case (*Dalley*) and a quotation taken out of context from the other case (*Frank*) that does not represent the holding. Eliminating these two cases from Defendants' Motion leaves it unsupported in law. They failed to shoulder their burden in seeking the extraordinary remedy of striking pertinent allegations.

Respectfully submitted this 11th day of May 2023,

<div style="margin-left: 50%;">

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

</div>