UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS COUNTS II AND III
OF THE THIRD AMENDED COMPLAINT**

**I. INTRODUCTION**

"When the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather, this Court will follow the Federal Rules and strike the Third–Party Defendants' Second Motion to Dismiss as improper under Rule 12(g)." *Chen v. Cayman Arts, Inc.*, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) (striking later-filed motion to dismiss). Federal Rule of Civil Procedure 12(g) precludes the Court from considering the Defendants' Motion to Dismiss, which they filed after their Corrected Motion to Strike, due to the preclusion on filing successive motions. [ECF Nos.136, 137.] *Barfoot v. Dolgencorp, LLC*, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying the later-filed motion to strike based on violation of Fed. R. Civ. P. 12(g)). The Defendants do not explain why they violated Rule 12(g), but there is no question that they did. *Sharfman v. Premier Med., Inc.*, 2021 WL 6884683, at *3 (M.D. Fla. Dec.

29, 2021) (citing *Scott v. Gage*, 2012 WL 13103179, at *1 (M.D. Fla. Jan. 19, 2012).) Accordingly, Defendants waived the arguments raised in their later-filed Motion to Dismiss. The Court properly abstains from addressing the merits of the Defendants' Motion to Dismiss because they violated Rule 12(g)'s prohibition on successive filings. If the Court considers it on the merits, the result remains unchanged: the Motion to Dismiss should be denied, and Defendants should be given 10 days to file their Answer(s).

## II. ARGUMENT

Defendants improperly ask the Court to dismiss Count II of the Third Amended Complaint by relying on extraneous information. Defendants next ask the Court to dismiss Count III by arguing that the Florida Minimum Wage Act somehow restricted Florida common law's treatment of tips as wages, leaving Mr. Collado without a remedy under Florida law to recover the tips at issue. The Defendants never address how or why the law would allow them to abscond with the tips that belong to their employees. After considering the facts alleged in the Third Amended Complaint, the applicable law, and the arguments set forth below, the Defendants' Motion to Dismiss should be denied.

**A.** **The Florida Constitution Did Not Alter Or Restrict The Definition Of Wage Under Florida's Common Law, Requiring Denial Of The Motion As To Count III.**

Defendants argue that the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, redefined or restricted the definition of the term "wage" as it had been used in Florida's common law and interpreted by the courts. The Florida Supreme Court determined that the common law of Florida is not abrogated by statute "unless such a purpose is clearly expressed." *Gentile Bros. Co. v. Florida Indus. Comm'n*, 151 Fla. 857, 859 (1942). There is no expressed purpose in abrogating the

common law definition of "wages" in the Florida Minimum Wage Amendment or the FMWA, which means that the Defendants' argument is a fail.

This Court does not need to look any further than the text of Art. X, §24(b) to determine that the Defendants' argument about the purported "new," restrictive meaning of the term "wage" is baseless:

> (b)   DEFINITIONS.  **As used in this amendment**, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations. [*Emphasis added*.]

The "Definitions" provided by Art. X, §24(b) are not generally applicable. Instead, the definitions – including "wage" – are limited in their use. The only time the term "wage" has the same meaning as in the FLSA is when the term "wage" is used in Art. X, §24. or its implementing statute, Fla. Stat. §448.110 ("As used in this amendment….").

The Florida Minimum Wage Amendment to the Florida Constitution, like the FLSA, is in derogation of the common law. *Walling v. Am. Needlecrafts*, 139 F.2d 60, 63 (6th Cir. 1943) (discussing the FLSA as part of "…a class of regulatory statutes designed to implement a public social, or economic policy through remedies not only unknown to the common law but often in derogation of it….") (citations omitted). Since the minimum wage requirements are in derogation of the common law of Florida, the definitions contained therein must be "strictly construed." *Robertson v. Circuit Court for Highlands Cnty.*, 121 Fla. 848, 851 (1935) (when common law is modified by constitutional provision, the modification "being in derogation of the common law… is to be strictly construed….") Nothing in Art. X, §24 indicates that the "Definitions" found at subjection (b) are generally applicable. On the contrary, Art. X, §24 expressly states that the "Definitions" are not generally applicable:

> This amendment provides for payment of a minimum wage and **shall not be construed to preempt** or otherwise limit the authority of the state legislature or any other public body to adopt or enforce any other law, regulation, requirement, policy or standard that provides for payment of higher or supplemental wages or benefits, or that extends such protections to employers or employees not covered by this amendment. [*Emphasis added*.]

*Id.*, at (f).

The common law of Florida regarded tips as wages before the Florida Constitution was amended to include the Florida Minimum Wage Amendment and before the legislature passed Fla. Stat. §448.110.[1] Before Florida implemented its own minimum wage, appellate courts relied on the definition of "wages" contained in Black's Law Dictionary 1416 (5th ed. 1979) to include tips when determining that an employee who prevails in an action for unpaid wages under Florida's common law was entitled to recover their attorneys' fees under Fla. Stat. §448.08:

> "Wages. A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.
>
>> Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses, and reasonable value of board, rent, lodging, payments in kind, **tips**, and any other similar advantage received from the individual's employer or directly with respect to work for him. (citation omitted). Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed." [*Emphasis added*.]

*Coleman v. City of Hialeah*, 525 So. 2d 435, 437 at fn. 7 (Fla. 3d DCA 1988) (*citing Ferry v. XRG Int'l, Inc.*, 492 So.2d 1101, 1103 (Fla. 4th DCA 1986); *accord Ware v. Cadre Consulting Corp*, 2022 WL 4388851, at *4 (M.D. Fla. Sept. 6, 2022), *report and recommendation adopted*, 2022 WL 4385900 (M.D. Fla. Sept. 22, 2022); and *Gulf Solar, Inc. v. Westfall*, 447 So.2d 363, 366–67 (Fla. 2d DCA 1984).)

---

[1] *See Lee v. Askin Trucking, Inc.*, 05-14335-CIV, 2006 WL 8430906, at *3 (S.D. Fla. Feb. 8, 2006) ("On November 2, 2004, Floridians voted to amend the Florida Constitution by adding a minimum wage provision and on May 2, 2005, the Minimum Wage Amendment, codified at Article X, Section 24 of the Florida Constitution, went into effect.")

After the passage of Art.10, §24 and Fla. Stat. §448.110, Courts have continued to determine that the Florida common law uses an expansive definition of "wages" that is not limited to the definition contained ing Art. X, §24:

> Florida common law permits actions to recover unpaid wages and broadly construes wages to include all compensation paid by an employer for the performance of service by an employee. *Id.* (citing *Richey v. Modular Designs. Inc.*, 879 So. 2d 665 (Fla. 1st DCA 2004); *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 366 (Fla. 2d DCA 1984)). This also includes promised, but unpaid wages. *See Hanshaw v. Veterans & Medicaid Planning Grp., PLLC*, No. 5:17-cv-410-Oc-41PRL, 2019 WL 3854986, at *5 (M.D. Fla. Mar. 28, 2019) (finding that **allegations that an employer orally promised to pay quarterly bonus to plaintiff and that plaintiff subsequently performed duties were sufficient to state a claim for unpaid wages under Florida law**). [*Emphasis added.*]

*Bonich v. NAS Component Maint., Inc.*, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020).

The District Court for the Middle District of Florida likewise found that unpaid tips are "wages" recoverable under Florida common law:

> In this instance, **Hamann seeks her unpaid tips pursuant to Section 448.08. Hamann is entitled to such money as unpaid wages under Florida common law**. *See Short v. Bryn Alan Studios, Inc.*, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008) (finding that sitting fees, commissions and/or bonuses, and accrued vacation pay are considered "wages" for purposes of Section 448.08); *see Coleman v. City of Hialeah*, 525 So.2d 435, 437 (Fla. Dist. Ct. App. 1988) (citing, among other sources, the Black's Law Dictionary definition of "wages," which includes tips, in finding that Florida courts determine that "wages" involve some compensation paid to an employee for services rendered to his employer, including salaries, commissions, bonuses, vacation pay, and severance pay). Accordingly, Hamann additionally should be awarded $877 in unpaid tips.

*Hamann v. Little Italy's Meatballs, LLC*, 2021 WL 1931257, at *5 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021). "The term 'unpaid wages' is construed broadly under Florida common law." *Pastrana v. Level Up Fitness, LLC*, 2021 WL 5631776, at *5 (S.D. Fla. Dec. 1, 2021).

Although Mr. Collado does not believe that the Court is constrained to analyze the Florida legislature's treatment of wages under Florida's common law, it is worth noting that the Florida

legislature does exclude tips from what are considered "wages." Section 443.1217, Florida Statutes, provides that "wages… include tips or gratuities" when calculating reemployment assistance. Elsewhere, the Florida legislature defines "wages" to include "gratuities to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer" for purposes of determining an injured employee's average weekly wage rate under the workers' compensation scheme." Fla. Stat. §440.02(28).

The Defendants' argument that "wages" do not include tips cannot be reconciled with federal tax laws that consider "wages" to include tips. *See, e.g.*, 26 U.S.C. §§3102, 3401, 3402, 3403. While the Defendants' position that tips ceased being "wages" under Florida law once the Florida Minimum Wage Amendment and Florida Minimum Wage Act became effective would likely be popular with employees, it is not and cannot be reconciled with the law.

**B.     The 2018 Amendment To The FLSA Resulted In Amending The FMWA To Also Allow For The Recovery Of Tips Improperly Retained Or Distributed By An Employer.**

Defendants request the Court to cherry-pick the parts of the FLSA they want to be incorporated into the FMWA and ignore the parts they don't. They concede that the FLSA expressly incorporates the FLSA's definition of "wage" found in 29 U.S.C. §203(m)(2)(A) but pretend that the definition of "wage" contained at §203(m) did not include the prohibition against employers confiscating tips in §203(m)(2)(B). The Florida Minimum Wage Amendment rolls the prohibition against tip confiscation into its statutory framework by incorporating the definition of "wage" contained in 29 U.S.C. §203(m) in Art. X, §24(b)– not just particular sub-parts – and necessarily allows for the recovery of tips confiscated by an employer regardless of whether the tip credit is taken.

Defendants contend that the Florida Minimum Wage Amendment and the FMWA only

allow an aggrieved employee to recover as damages the difference between the hourly wage required by Florida law and the hourly wage paid. That is not true. Like the United States Constitution, the Florida Constitution "was written to be understood by the voters; its words and phrases were used in their normal and ordinary as distinguished from technical meaning." *D.C. v. Heller*, 554 U.S. 570, 576 (2008) (*quoting U.S. v. Sprague*, 282 U.S. 716, 731, 51 S.Ct. 220, 75 L.Ed. 640 (1931); and *Gibbons v. Ogden*, 9 Wheat. 1, 188, 6 L.Ed. 23 (1824).) It follows that, "A material variation in language suggests a variation in meaning. *Jones v. Governor of Florida*, 975 F.3d 1016, 1042 (11th Cir. 2020). As applied herein, the Florida Minimum Wage Amendment and the FMWA use and therefore intended to draw distinctions among the terms "minimum wage," "unpaid minimum wages," "unpaid wages," and "back wages unlawfully withheld."

Before filing a lawsuit under FMWA, an aggrieved person must serve a pre-suit notice on an employer that meets the following requirements:

> The notice must **identify the minimum wage** to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the **total amount of alleged unpaid wages** through the date of the notice. [*Emphasis added*.]

Fla. Stat. §448.110(6)(a). After an employer receives such a notice, the legislature requires the following procedure be followed:

> The employer shall have 15 calendar days after receipt of the notice to pay **the total amount of unpaid wages** or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period. If the employer fails to pay the **total amount of unpaid wages** or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for **unpaid minimum wages**, the terms of which must be consistent with the contents of the notice. [*Emphasis added*.]

*Id.*, at (6)(b). The Florida Minimum Wage Amendment identifies the available relief to a person aggrieved by a violation:

> Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the **full amount of any back wages unlawfully withheld** plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs.

Art. X, §24(e). The FMWA contains a similar provision to identify the remedies available when a person is aggrieved by a violation of the FMWA:

> Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the **full amount of any unpaid back wages unlawfully withheld** plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.

Fla. Stat. §448.110(6)(c)1.

The different terminology used in the Florida Minimum Wage Amendment and the FMWA confirm that Mr. Collado can recover the confiscated tips in his FMWA claim at Count II. The FMWA does not restrict its application to situations in which an employer pays an employee less than the applicable Florida minimum wage but also contemplates situations in which an employer violates the FMWA in other ways – such as the confiscation of tips as prohibited at 29 U.S.C. §203(m)(2)(B).

The Florida Minimum Wage Amendment and the FMWA provide a framework for an aggrieved employee to recover minimum wages and/or tips. If the legislature had intended otherwise, it would have foreclosed any claim other than for "unpaid minimum wage" by not only using the term "minimum wage" throughout. Each of these terms has its own legal significance. *City of Tampa v. Thatcher Glass Corp.*, 445 So. 2d 578, 579 (Fla. 1984) ("Terms of special legal significance are presumed to have been used by the legislature according to their legal meanings.") Using the term "back wages" contemplates a cause of action for "minimum wages" to recover more than just the difference in the "minimum wage" as recoverable damages:

> Thus, when the Legislature "has included a specific provision in one part of a statute and omitted it in another part," courts are instructed to presume that the Legislature "knows how to say what it means" and that the differentiation in the language "is intentional." *Paragon Health Servs., Inc. v. Cent. Palm Beach Mental Health Ctr., Inc.*, 859 So. 2d 1233, 1235 (Fla. 4th DCA 2003); *see also, e.g., Myers v. Hawkins*, 362 So. 2d 926, 929 (Fla. 1978) (courts should presume that statutory "language differentiation" is "intentional"); *Ocasio v. Bureau of Crimes Comp. Div. of Workers' Comp.*, 408 So. 2d 751, 753 (Fla. 3d DCA 1982) (Legislature's "deliberate use" of "quite different term[s]" in the same statutory provision is "strong evidence" that it intended "different meaning").

*Storey Mountain, LLC v. George*, 357 So. 3d 709, 714 (Fla. 4th DCA 2023). Interpreting the term "wages" to include tips, as is done in the FLSA and the Florida common law, would give effect to the differentiation in terms and make the distinction between "minimum wage" and "back wages" a logical one.

At this stage in our case, the burden is not on Mr. Collado to prove his claim at Count II is legally viable. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 735–36 (11th Cir. 1998) (*citing Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).) Defendants have not met this burden and have not established that the FMWA did not incorporate 29 U.S.C. 203(m)(2)(B)'s prohibition on tip confiscation. Therefore, their Motion to Dismiss directed at Count II should be denied.

### C. Defendants' Reliance On Extraneous Information Not Contained Within Count II Of The Third Amended Complaint Requires Their Motion Be Denied.

The law in this Circuit is that a subsequent pleading renders a prior pleading abandoned and a "legal nullity." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (the latest complaint "supersede[d] the former pleading[s]; the original pleading[s] [were] abandoned by the amendment, and [were] no longer a part of [Mr. Hoefling's] averments against his adversar[ies].")

(*quoting Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).) Defendants tacitly acknowledge this well-settled legal principle without doing so explicitly by citing *Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, n. 1 (S.D. Fla. 2016). In *Fernandez*, the District Court's non-binding opinion first recognized the general principle discussed above by citing *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), which provided as follows:

> As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir.2006) (citation and quotation omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

The Court in *Fernandez* then relied on non-binding District Court decisions from the Second Circuit to look past the general principle and consider allegations in prior pleadings. *Id.*, at fn. 1. Defendants rely on *Fernandez* to request that the Court consider the prior Complaints, disregarding the controlling law, and create an otherwise non-existent inconsistency or problem with the Third Amended Complaint.

> But, **while the Second Circuit has allowed defendants to reach back into prior (abandoned) complaints to attack a plaintiff's *current* allegations, <u>that's just not the law in our Circuit</u>**. *See, e.g.*, *Seiger by & through Seiger v. Philipp*, 735 F. App'x 635, 638 (11th Cir. 2018) (recognizing that a second amended complaint "supersede[s] the previous complaints and render[s] null their contradictory allegations"); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1370 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (cleaned up)). [*Emphasis added.*]

*Johnson v. Israel*, 576 F. Supp. 3d 1231, 1246 (S.D. Fla. 2021). "Here, none of the cases cited by Defendants stand for the broad proposition that courts must always look at a prior complaint when

the amended pleading contains allegations that are contradictory." *Goldstein v. Firer*, 2022 WL 18704836, at *2 (S.D. Fla. May 2, 2022).

Mr. Collado removed the reference to "service charge" not for an ulterior motive but because the term is not one expressly incorporated into the FMWA. The FMWA includes the definitions of the terms "Employer," "Employee," and "Wage" in the Florida Minimum Wage Amendment. The term "service charge" does not appear in Fla. Stat. §448.110 or Art. X, §24. Consequently, there is no need to discuss whether or to what extent a service was shared with Mr. Collado because the *only* pertinent facts he needs to allege are that Defendants are subject to the FMWA, that they violated it, and that they violated it by confiscating his tips. Defendants do not dispute that Mr. Collado alleged that they were required to pay him at least the minimum wage required by the FMWA, that they confiscated his tips, and that he suffered damages. Unlike in the FLSA, the FMWA does not require a separate claim to be pled for tip confiscation. *Compare* 29 U.S.C. §216(b).

As discussed above, Defendants violated the FMWA by confiscating tips, regardless of whether they paid Mr. Collado any additional amounts besides the "tip credit" wage and tips they distributed to him – such as a service charge. Thus, Mr. Collado only needed to allege in Count II that Defendants paid him the reduced minimum wage and confiscated his tips, which he did. As explained above, whether Defendants paid Mr. Collado all or part of a service charge is irrelevant to their liability and unnecessary to be pled in the Third Amended Complaint.

Mr. Collado is entitled to recover the tips that Defendants improperly confiscated as the "back wages" they owe him as an aggrieved person under the FMWA. Mr. Collado complied with the pre-suit notice requirements imposed by Fla. Stat. §448.110, he alleged that Defendants confiscated his tips, and that he is owed these tips as damages recoverable under the FMWA.

### III. CONCLUSION

Defendants finally concede that Mr. Collado states a claim for relief at Count I. They waived their arguments in the Motion to Dismiss relating to Counts II and III by violating Fed. R. Civ. P. 12(g). If the Court were to consider those arguments, then they still fail. The FMWA does not restrict the definition of "wage" beyond the term's use in the FMWA, nor does the definition of wage exclude "tips." Because the FMWA's definition of "wage" at 29 U.S.C. §203(m) includes "tips" and the prohibition on an employer confiscating them without providing for a separate cause of action, Count II is viable as pled.

Respectfully submitted this 11th day of May 2023,

                                                s/Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq.
                                                Fla. Bar No. 174742
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue
                                                Suite 770
                                                Coral Gables, FL 33146
                                                Tel:    305.230.4884
                                                *Counsel for Plaintiff*