UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

    Defendants.
_____/

# REPLY SUPPORTING PLAINTIFF'S SECOND RENEWED MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

## I. INTRODUCTION

The Defendants' primary objective is to avoid the Court certifying Count I as a collective action and thereby prevent the others similarly situated to Mr. Collado from being advised of their rights and the pendency of this case. Their first tactic is to urge the Court to decide conditional certification based on the one-step standard used in the Fifth Circuit and not the two-step procedure used in this Circuit for over twenty years. This Court should follow the two-step procedure, but even if it does not, Defendants never explain or offer any evidence about any relevant dissimilarities they contend prevent conditional certification. Defendants' delay tactics are less transparent when they oppose producing information that they possess on an expedited basis, oppose the notice process designed to efficiently and effectively notify each member of the putative collective, and fail to submit their proposed revisions to the notice and consent to join forms they received by email with the filing of the Motion. Lastly, the Defendants ask the Court to disregard the purposes behind the FLSA and the provision of notice by requesting a limitation on how the notice can be shared so they can dissuade people from joining by threatening opt-ins with responsibilities for costs and including defense counsel's contact information.

## II. ARGUMENT

### A. **The Court Should Follow The Eleventh Circuit's Preferred Two-Step Process For Conditional Certification Identified in *Hipp*.**

For over 20 years, District Courts within this Circuit have followed the two-step process approved by the Eleventh Circuit Court of Appeals in *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). Defendants urge the Court to use the Fifth Circuit's one-step standard from *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021) to determine whether to conditionally certify this case as a collective action. Defendants identify no District Court decision from within the State of Florida to have used the one-step standard because the Eleventh Circuit Court of Appeals endorses the two-step process. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("While not requiring a rigid process for determining similarity, we have sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase.") This Court should not be the first.

In *Swales*, the Fifth Circuit Court of Appeals identified a different process in which conditional certification of an FLSA is decided based on discovery concerning the "similarly situated" issue:

> Instead of adherence to *Lusardi*, or any test for "conditional certification," a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi*, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Swales*, 985 F.3d at 441.[1] The *Swales* Court identified the *Lusardi* test as "a two-step method for certifying a collective," making the *Lusardi* test similar (if not the same as) the two-step procedure approved in *Hipp* and used in this Circuit. *Swales*, 985 F.3d at 434. In *Swales*, "the parties had already engaged in substantial, although not complete, discovery on whether Plaintiffs and potential opt-ins were similarly situated…." 985 F.3d at 438. The parties *sub judice* have not.

Defendants cite two cases in which District Courts in the Eleventh Circuit used the approach discussed in *Swales* because they are the only two cases within this Circuit to have followed *Swales*. Neither is from Florida.

> It is true that the process identified in *Hipp* is not binding on the court. That said, very few district courts outside the Fifth Circuit have chosen to follow *Swales*, and no other circuit court has adopted its reasoning. One district court has considered and rejected Swales' application in this circuit. *Wright v. Waste Pro USA, Inc.*, No. 0:19-CV-62051-KMM, 2021 WL 1290299, at *2 (S.D. Fla. Apr. 6, 2021).

*Manasco v. Best In Town, Inc.*, 2022 WL 816469, at *6 (N.D. Ala. Mar. 17, 2022).

The first case Defendants cite is *Green v. Atlas Senior Living, LLC*, 2022 WL 2007398, at *5 (S.D. Ga. June 6, 2022). In *Green*, the court addressed conditional certification with a different procedural posture, *i.e.*, "After conducting discovery." That Court decided to utilize the *Swales* approach to conditional certification because of the availabile of deposition testimony. *Id.* The other case they cite is *Broome v. CRST Malone, Inc.*, 2:19- 2022 WL 205675 (N.D. Ala. Jan. 21, 2022). In *Broome*, the Court used the *Swales* approach after permitting class discovery. *Broome*, 2022 WL 205675, at *5 ("To examine Mr. Broome's proposal, the Court set a two-month time frame for notice discovery.")

Defendants' reliance on *Swales* is further misplaced, since they offer no evidence that Mr. Collado is not similarly situated to the other front-of-the-house tipped employees. Regardless of

---

[1] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

which approach the Court uses – which should remain the two-step approach discussed in *Hipp* – Defendants' contest to "similarly situated" fails.

### B. Mr. Collado Is Similarly Situated To Ten Categories Of Affected Current And Former Employees.

Defendants contend that Mr. Collado is not similarly situated to the captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters who worked at Kiki on the River during the relevant time. While they argue that the positions were not "similarly situated," they offer no evidence of dissimilarity in the work performed or pay practices and no analysis of why they are dissimilar. They perform no analysis to convince the Court that the ten categories of affected personnel are not "similarly situated." Defendants merely offer arguments of counsel and that not every position has joined this case before disseminating notice. *U.S. v. Valois*, 915 F.3d 717, 726 (11th Cir. 2019) ("statements and arguments of counsel are not evidence.")

"The *only* question at this point is whether Plaintiffs have shown a 'reasonable basis' for their claim that similarly situated employees are interested in opting into this lawsuit." *Vandergriff v. Olympia Mgmt. Inc.*, 2019 WL 2420060, at *3 (N.D. Ala. June 10, 2019) [*emphasis added*] (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). Mr. Collado is similarly situated, was subjected to a commonly applicable tip practice, and others clearly desire to join.

In certifying a case comprised "of both servers and bartenders," the District Court for the Middle District of Florida determined that "…what the employee serves—food or beverages—is a minor distinction." *Stuven v. Texas de Brazil (Tampa) Corp.*, 2013 WL 610651, at *4 (M.D. Fla. Feb. 19, 2013) (*citing See Haschak v. Fox & Hound Rest. Group*, 2012 WL 5509617, at *6 (N.D.Ill. Nov.14, 2012); and *Shajan v. Barolo, Ltd.*, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).) The only evidence before the Court at this stage in the proceedings is that Mr. Collado is "similarly situated to the putative class members with respect to the nature of the alleged violations." *Jewell v. Aaron's, Inc.*, 2012 WL 2477039, at *5 (N.D. Ga. June 28, 2012The Defendants offer no evidence that they subjected the putative class members to different pay practices or that they did not regularly receive more than $30/month in tips based on title or job description.

The "similarly situated" analysis focuses on the policies and practice(s) at issue. Proving "similarly situated" requires Mr. Collado to "demonstrate that he and potential plaintiffs together were victims of a common policy or plan that violated the law." *Chalker v. Burlington Coat Factory of*

*Florida, LLC*, 2013 WL 5954783, at *1 (M.D. Fla. Nov. 7, 2013) (*quoting Longcrier v. HL–A Co., Inc.*, 595 F.Supp.2d 1218, 1236 (S.D. Ala. 2008)). "Plaintiffs at the conditional-certification stage are therefore not required to demonstrate a unified, explicit scheme of FLSA violations, but rather must show only that they are similarly situated with respect to general workplace policies and practices." *Alequin v. Darden Restaurants, Inc.*, 2013 WL 3939373, at *6 (S.D. Fla. July 12, 2013).

Mr. Collado, the Opt-In Plaintiffs, and the putative Collective were subjected to the same pay practices. [ECF No. 122-1.] Defendant 450 North River Drive, LLC's Answer to Interrogatory No. 5 describes the common pay practices used at the restaurant and confirms that no tipped employee was treated differently than Mr. Collado, regardless of the job title of the tipped employee. *Id. Compare Chalker v. Burlington Coat Factory of Fl, LLC*, 2013 WL 594784 at *1 (M.D. Fla. Nov. 7, 2013) (explaining employee may prove that he is similarly situated for conditional certification if he shows that he is the victim of a corporately derived (and not isolated) policy or plan that violated the law along with the putative class). Defendant 450 North River Drive, LLC concedes in its response to Interrogatory No. 19 that discrepancies exist in its tip distribution – meaning that it acknowledges confiscating tips from Mr. Collado and those similarly situated. [ECF No. 122-1.] In addition, and for at least for part of the limitations period, Defendants required their front-of-the-house tipped employees to sign a standardized document regarding the tip pools and the distribution of tips from each, confirming the uniformity of their pay practice(s). (Exhibit "A".) Clearly, Defendants used uniform pay practices.

Defendants argue that Mr. Collado is not similarly situated to the other captains, servers, and bussers by relying on one distinguishable case: *Alvarez v. Uno Rest. Associates, Inc.*, 2018 WL 2305561 (S.D. Fla. May 21, 2018). The plaintiff in *Alvarez* relied on his affidavit, and the affidavit of one opt-in plaintiff, but neither described their job duties or the pay practices at issue:

> Importantly, Alvarez's complaint and his supporting affidavits are devoid of any detail explaining how bussers and servers are similarly situated and say nothing about the respective job duties associated with either position. Alvarez also fails to provide any evidence that a server would want to join the class since no server has filed an affidavit or consent to join the class. It is not enough that Alvarez and the purported class members were tipped employees who served restaurant patrons. Even if the Court were to find that the complaint's allegations and affidavits provide enough information to support that the conclusion that Alvarez and the other tipped employees were subject to the same payment provisions and alleged wrongs, Alvarez has not provided the Court with enough information about how the proposed class members are similarly situated.

*Alvarez*, 2018 WL 2305561, at *3. This case is sufficiently distinct to make *Alvarez* inapposite considering the number of opt-in Plaintiffs herein, the number and details provided in the different Declarations, the number of Declarations, and the evidence establishing that Defendants' pay practices were uniformly applicable to their tipped employees. Mr. Collado satisfies the "fairly lenient standard" to support conditional certification. *Hipp*, 252 F.3d at 1218.

This case is more akin to *Rosell v. VMSB, LLC*, 2020 WL 7767879, at *3 (S.D. Fla. July 7, 2020), in which the Court recognized as follows:

> Plus we acknowledge the established policy of restaurants like Defendant's that typically require multiple bartenders and servers to be paid under the same tipping system. Therefore, Plaintiffs met the lenient standard requiring a probable interest in the litigation.

Considering the foregoing, Mr. Collado satisfied his burden.

### D. Mr. Collado's Proposed Notice Is Accurate, Consistent With The FLSA's Broad Remedial Purpose, And Should Be Approved Without Modification.

The Defendants' arguments are antithetical to the purpose of the FLSA's collective action mechanism. Although they have all the time and pay records for each putative class member, Defendants inexplicably oppose expedited production of the information necessary to send notice the affected class members. Defendants propose an additional delay while the parties confer on the language of the Notice and Consent forms if any revisions are required, despite having received Word versions of the forms by email on April 21, 2023 without proposing changes thereto. (Exhibit "B.") A simple cure to address Defendants' delay tactics is to further toll the limitations period as of the date of the Order conditionally certifying the collective action (in addition to the previously agreed upon tolling).[2] Tolling while the parties negotiate any language to be included in the Notice and Consent forms is particularly appropriate here to prevent the Opt-In Plaintiffs from losing the ability to claim the tips at issue herein while the parties hammer out any remaining issues required by the Court.[3]

> Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, *see Delaware State College v. Ricks*, 449 U.S. 250, 256-257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980); American Pipe & Constr. Co. v.

---

[2] The Court should also toll the limitations period for another three weeks based on the prior agreements of counsel. [ECF Nos. 86-2, 86-3.]

[3] For instance, although the parties conducted a call to confer on the language of a proposed confidentiality order back on April 28, 2023, after exchanging several proposed drafts, Defendants still have not identified the changes to which they can and cannot agree.

Utah, 414 U.S. 538, 561, 94 S.Ct. 756, 770 (1974), (concurring opinion); *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965), but these ends are met when a class action is commenced.

*Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983). The tolling period should relate back to the date that Mr. Collado filed his initial Motion for Conditional Certification. *Brown v. 1888 Mills*, LLC, 339 F.R.D. 692, 699 (N.D. Ga. 2021) ("To begin, the Court will equitably toll the statute of limitations as of the date Brown filed her motion for conditional certification (August 10, 2021), as the time period for the Court to issue a ruling should not be held against her and the other Plaintiffs."); *see also Abelson v. Sarasota Cnty., Florida*, 2020 WL 3971830, at *3 (M.D. Fla. July 14, 2020) ("The Court will toll the FLSA statute of limitations during this 14-day period to avoid prejudice to the rights of the putative collective action members.")

      1.    <u>Notice by text message is an appropriate means of notification.</u>

Defendants rely on pre-pandemic cases to argue against text message notice to members of the Collective. *But see Grajeda v. Verified Moving Pros, LLC*, 2022 WL 17987191, at *2 (S.D. Fla. Sept. 22, 2022). The trend is towards email and text message notice:

> Objections to notice by e-mail and text message are "quite outdated and not in touch with the reality of current life in the United States of America." *Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020). Electronic messaging in addition to first class mail "reasonably further[s] the purpose of notice of a collective action under the FLSA." *Cabrera*, 2017 WL 4326511, at *8; *see also Sanchez v. Salse Con Fuego, Inc.*, No. 16-CV-473, 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) (explaining that first class mail and e-mail "may both serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice, and are therefore approved"). Courts also routinely approve requests to post notice on employee bulletin boards "and in other common areas, even where potential members will also be notified by mail." *Cabrera*, 2017 WL 4326511, at *8 (quoting *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011)); *Whitehorn*, 767 F. Supp. 2d at 449 (same).

*Valdez v. MichPat & Fam, LLC*, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022), *appeal withdrawn*, 22-789, 2022 WL 2677030 (2d Cir. Apr. 29, 2022). Defendants have not indicated that they have email addresses for each member of the collective, leaving text messaging as the only means to ensure that affected persons will receive notice that is not dependent upon being a current employee or the postal service. *See e.g.*, *Pyfrom v. Contactus, LLC*, 2022 WL 11624210, at *2 (S.D. Ohio Oct. 18, 2022) ("Therefore, the Court permits Plaintiff to issue notice by text message to those putative collective members for whom Defendants have not provided email addresses.") Defendants' reliance on *Villarino v. Pacesetter Pers. Serv., Inc.*, 2021 WL 8946182 (S.D. Fla. Mar. 19,

2021) is misplaced because text message notice was never requested or addressed.

        2. <u>A ninety-day notice period is appropriate.</u>

Affording putative members of the collective ninety days to join these proceedings is appropriate due to the transitory nature of the service industry and the national trend. "[W]hile notice periods may vary, numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *McCoy v. Transdev Services, Inc.*, 2020 WL 2319117, at *7 (D. Md. May 11, 2020) (*citing Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *10 (D. Kan. Mar. 28, 2011) (denying the defendant's request to shorten the opt-in period below ninety days); *Calderon v. Geico Gen. Ins. Co.*, 2011 WL 98197, at *2, 8–9 (D. Md. Jan. 12, 2011) (authorizing a ninety-day notice period); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 68–69 (E.D. Pa. 2009) (finding a ninety-day opt-in period to be reasonable).) In this Circuit, Courts routinely approve ninety-day notice periods. *See e.g., Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *4 (S.D. Fla. Oct. 6, 2020); *Isaacs v. One Touch Direct, LLC*, 2015 WL 248658, at *3 (M.D. Fla. Jan. 20, 2015) ("courts, including this Court, routinely grant ninety-day opt-in periods."); *Love v. Phillips Oil, Inc.*, 2008 WL 5157677, at *3 (N.D. Fla. Dec. 9, 2008) *Park v. B&M Mgmt. Co., LLC*, 2022 WL 1516308, at *1 (M.D. Ala. May 13, 2022)

        3. <u>Expedited production is appropriate.</u>

Because the statute of limitations continues to run for FLSA claimants until they affirmatively opt into this lawsuit, absent tolling, expedited production of the requested information is imperative to protect the rights of the collective. *See Laos v. Grand Prize Motors, Inc.*, 2012 WL 718713 at *2 (S.D. Fla. Mar. 6, 2012) (requiring defendants to produce to the plaintiff, within fifteen (15) days of conditional certification order, a complete list of all putative class members, including their last known home address, telephone number, e-mail addresses, and the last four digits of the social security number, taxpayer ID number, and financial account numbers, of employees). If Defendants require more than 10 days to provide the information they possess, then the limitations period should be tolled from the date of the Court's Order conditionally certifying Count I until the date that the notice is approved by the Court and distributed in the manner permitted.

        4. <u>Posting at the Defendants' restaurant is necessary for effective notice.</u>

Defendants oppose informing current employees of their legal rights related to this lawsuit

by opposing posting a notice at their restaurant. Although Defendants claim their business would be adversely affected by posting notice, this Court was not persuaded previously when considering the same argument. *Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 482 (S.D. Fla. 2018) ("Defendants' business will not be "crippled" by the posting of the Notice in an area where no customers can see it, such as the employee break room or in the back of the restaurant. The Court finds Plaintiffs' request to post the Notice at Defendants' restaurant reasonable.") *See also Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *4 (S.D. Fla. Oct. 6, 2020) (approving 90-day notice period for the affected employees who worked for Defendant within the three years before the action being filed, requiring an Excel spreadsheet within 14 days, and requiring Defendant "to post the Notice and Consent in a conspicuous location in the same areas where they post government-required notices").

        5.    <u>The proposed notice should be approved as drafted.</u>

The proposed Notice states that the Court has not adjudicated the merits and that participation in the lawsuit does not guarantee "that there will be any money." [ECF No. 127-6 at 1.] Defendants request that the Court include their contact information on the notice without any explanation. *But see Rosell v. VMSB, LLC*, 2020 WL 7767879, at *4 (S.D. Fla. July 7, 2020) ("including defense counsel directly in the posted notice seems unnecessary absent a specific showing"). "[I]ncluding defense counsel's contact information without additional instruction—like an explicit warning not to contact defense counsel if an individual decides to join the lawsuit as a plaintiff—would create confusion and render the notice less effective." *Valdez v. MichPat & Fam, LLC*, 2022 WL 950450, at *15 (E.D.N.Y. Mar. 30, 2022); *see also Bennett v. BT's on the River, LLC*, 2023 WL 2838076, at *9 (S.D. Fla. Jan. 31, 2023) ("The undersigned agrees and finds that the inclusion of defense counsel's contact information in the notice is not warranted in this case."), *report and recommendation adopted*, 2023 WL 2708825 (S.D. Fla. Mar. 30, 2023); and *Jibowu v. Target Corp.*, 2020 WL 7385695, at *5 (E.D.N.Y. Dec. 16, 2020). Considering the misinformation in Defendants' filings with this Court to date, the risk of including the defense counsel's information – especially without an admonition – is unwarranted and would be inappropriate due to this risk.

Defendants ask for an admonition that joining this lawsuit could subject someone to responsibility for attorneys' fees and costs, although "including a warning to potential class members that they may be burdened with attorneys' fees and costs would potentially chill

participation in this action." *Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4760671, at *3 (M.D. Fla. Aug. 24, 2018). Although a prevailing FLSA Defendant may recover its costs upon prevailing, there is no right to recover attorneys' fees absent exceptional circumstances. Defendants acknowledge their having violated §203(m)(2)(B) in their Answer to Interrogatories Nos. 19, eliminating the possibility of their recovery of attorneys' fees in this case and making any reference to the recovery of attorneys' fees by Defendants unnecessary. *Moxley v. OS Rest. Services, LLC*, 2022 WL 3268289, at *2 (M.D. Fla. July 5, 2022) (requiring references to the "additional language regarding potential litigation costs" but not attorneys' fees and requiring "that the notice should inform potential members of all obligations, including the possibility of responding to written requests, sitting for a deposition, or appearing at trial") [*emphasis in original*].

> Defendant fails to show, or even allude to, that Plaintiffs brought this suit in bad faith. And as a showing of bad faith is necessary to award attorney's fees in FLSA cases, the chance that such a finding will be made in this case is not material enough to warrant referencing fees in the notice.

*Rosell*, 2020 WL 7767879, at *5. If any statement is to be included, it should parallel that previously approved by this Court: "Class members may be liable for incidental defense costs if they fail to obtain a favorable judgment. However, unless the court concludes that the litigation was undertaken in bad faith, class members will not be liable for defendant's attorney's fees." *Martin v. Partsbase, Inc.*, 2020 WL 8254281, at *4 (S.D. Fla. Dec. 7, 2020). Class members need not respond to discovery or testify, and a statement to this effect would be contrary to law. Belloso v. Asplundh Tree Expert, Co., 2018 WL 4760671, at *4 (M.D. Fla. Aug. 24, 2018)

      6.      No restrictions on reposting the Notice on social media.

In response to a request for a similar limitation, the Court in *Cossaboom v. NVR Mortgage Fin., Inc.*, 2022 WL 17988154, at *6 (S.D. Fla. Feb. 1, 2022), determined that "This request is denied." "[C]ompelled silence unreasonably frustrates implementation of the 'private-public' rights [*fn. omitted*] granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Restrictions on communications about pending FLSA lawsuits "contravene[] the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Ruth v. Jet Ride Holding, LLC*, 2021 WL 8917991, at *1 (S.D. Fla. Mar. 21, 2021). In deciding whether to restrict Plaintiffs from forwarding the notice to third parties or disseminating it on social

media, "The question becomes, therefore, whether the communication that occurred was abusive, threatened the proper functioning of this litigation, or was factually inaccurate, unbalanced, or misleading." *Herrera v. R & L Carriers, Inc.*, 2017 WL 3584891, at *2 (M.D. Fla. June 2, 2017). Defendants complain that the second TikTok video was "untrue" and complain that the statement Defendants "do not want to let opposing counsel inform current and former employees of their rights about this lawsuit" is untrue. [ECF No. 141 at 16.] However, the Defendants have not stipulated to conditional certification and instead contest it. *Id.* To the extent necessary, Mr. Collado requests the Court's permission to post notice on his social media and on his counsel's social media accounts.

The law does not prohibit talking about the substance of a lawsuit, the contents of court filings, or matters of public record relating to a pending case in the public forum or to the media:

> This Court will not limit in any manner the parties' right to speak with the media regarding the substance of this lawsuit, **so long as no attempts are made by either side to overtly solicit participation or nonparticipation by potential class members**. *See In re School Asbestos Litigation*, 842 F.2d 671, 684 (3rd Cir.1988) (striking down limitations on defendant's communication through mass media while upholding limitations on direct communications to members of plaintiff class); *Shores v. Publix Super Markets, Inc.*, 1997 WL 714787, at *1 (M.D. Jan. 27, 1997) ("The Court does not intend to examine each public communication to determine its accuracy, fairness or bias, preferring to leave those determinations to the marketplace of ideas. **Despite the fact that class members are exposed to such public communication, the Court will not place any restrictions on Publix's public communications**.") [*Emphasis added*.]

*Abdallah v. Coca-Cola Co.*, 186 F.R.D. 672, 679 (N.D. Ga. 1999). As content published on a public medium (social media), the TikTok videos and the social media account that form the subject of the Defendants' Motion embody the type of free speech courts routinely refuse to enjoin when directed to an audience at large and not particular people or groups.

### III. CONCLUSION

Plaintiff, Octavio Collado, requests that the Court determine that Count I is appropriate for conditional certification, that he can send notice to all captains, servers, and bussers, and that Defendants must produce the requested information to enable him to provide notice and a reminder notice as requested.

Respectfully submitted this 11th day of May 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*