UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23074-BLOOM/Otazo-Reyes

OCTAVIO COLLADO,
*for himself and all others similarly situated*,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON OBJECTIONS TO DISCOVERY ORDER

**THIS CAUSE** is before the Court upon Plaintiff Octavio Collado's ("Plaintiff") Objection to and Appeal of Order, ECF No. [124] ("Objections"), filed on April 17, 2023. Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ River, LLC ("RJ River") (collectively, "Defendants"), jointly filed a Response, ECF No. [140]. The Court has carefully reviewed the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objections are sustained in part and overruled in part.

    **I.**    **BACKGROUND**

This is a putative class action brought against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act, and Florida common law. *See* Third Amended Complaint, ECF No. [122]. Plaintiff claims that he was denied payment owed to him while working at Defendants' restaurant, Kiki on the River. *Id.* ¶ 1.

At issue in the present motion are discovery rulings issued by Magistrate Judge Otazo-Reyes on April 5, 2023, ECF No. [119], and memorialized in a written Order published the

following day. ECF No. [121]. The Court will describe Plaintiff's objections and Defendants' responses in the Discussion section, *infra*.

## II. LEGAL STANDARD

The Court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

## III. DISCUSSION

The Court addresses Defendants' arguments in the order they appear within Defendants' Objections. ECF No. [124].

### A. Addresses and Personal Identifiable Information

The first discovery issue involves Plaintiff's request for the addresses of Defendant Jones and other managerial employees of Defendants' restaurant, as well as Jones's date of birth and social security number. ECF No. [124] at 3-4. Judge Otazo-Reyes ordered Defendants to provide

2

the last known addresses of individuals no longer under Defendants' control, but she concluded that Defendants could provide defense counsel's address for individuals still under Defendants' control. ECF No. [121] at 2. As for Jones's social security number and date of birth, Judge Otazo-Reyes ruled that Defendants "may provide such information under the terms of the anticipated confidentiality order." *Id*.

Plaintiff argues that the Magistrate Judge erred in denying his request for the addresses of witnesses. He cites Federal Rule of Civil Procedure 26(a)(1)(A), which provides that Defendants "must . . . provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information[.]" Plaintiff additionally cites several cases from the Middle District of Florida for the proposition that "[p]roviding counsel's business address does not satisfy Rule 26(a)'s requirements, unless no other address or telephone number is known." ECF No. [124] at 4 (quoting *Van Hoek v. McKesson Corp.*, No. 17-cv-2447, 2018 WL 7286517, at *1 (M.D. Fla. June 21, 2018)).

In response, Defendants cite an unpublished decision from the U.S. District Court of the Virgin Islands, which was primarily addressing whether employees could be contacted by a plaintiff, not whether their addresses are discoverable under Rule 26(a). ECF No. [140] at 3 (citing *Nathaniel v. Am. Airlines*, 2008 WL 5046848, at *5 (D.V.I. Nov. 20, 2008)). Tellingly, Defendants do not address Rule 26(a)(1)(A)(i) at all, or the multiple decisions from district courts in this Circuit that support Plaintiff's position.

The plain language of Rule 26(a)(1)(A)(i) requires Defendants to produce the addresses of Jones and other managerial employees, since they are "likely to have discoverable information[.]" *Id.* Whether Plaintiff may directly contact any of those individuals is a separate issue that is not presently before the Court.

Turning to the issue of Jones's social security number and date of birth, also known as Personal Identifiable Information ("PII"), the Court does not entirely understand Plaintiff's objection to the Magistrate Judge's ruling. Plaintiff's Objections state that Judge Otazo-Reyes determined that Plaintiff "is not entitled to" that information. ECF No. [124] at 5. However, the Magistrate Judge's Order states that Defendants "may provide such information under the terms of the anticipated confidentiality order." ECF No. [121] at 2. Thus, the Magistrate Judge did not preclude Plaintiff from obtaining Jones's PII. Rather, she deferred Plaintiff's request until sufficient confidentiality protections are in place. *Id.* Plaintiff's apparent objection, then, is that Judge Otazo-Reyes did not order the *immediate* production of Jones's PII.

Plaintiff asserts that such PII information "is routinely discoverable to enable the adverse party to conduct a background check." ECF No. [124] at 5 (citing *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D. Fla. 2000)). In *Gober*, the Middle District of Florida noted that, in that court's experience, "the discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." 197 F.R.D. at 521 n.2.

In Response, Defendants point to *Bacchus v. Benson*, No. 07-cv-186, 2007 WL 9736176 (N.D. Fla. Nov. 29, 2007). The *Bacchus* court rejected the *Gober* court's conclusion that PII is presumptively discoverable. *Id*. at *2. It reasoned that the scope of discovery authorized by Rule 26 has been narrowed since *Gober* was decided, and "the emergence of identity theft as [a] major problem has led to heightened awareness of the need to deal with social security numbers with greater care." *Id*.

The conflict between *Gober* and *Bacchus* indicates that discovery of PII is neither required nor prohibited by law. Whether to order its disclosure is a decision squarely within the Magistrate

4

Judge's discretion, depending on the facts and issues in the case. Indeed, Magistrate Judges within this District have ruled both ways on this issue. *Compare Bertolino v. Bradshaw*, No. 09-cv-81475, 2010 WL 11558225, at * 2 (S.D. Fla. June 16, 2010) (allowing discovery of social security numbers) *with Tate v. U.S. Postal Serv.*, No. 04-cv-61509, 2007 WL 521848, at * 3 (S.D. Fla. Feb. 14, 2007) (requiring disclosure of witnesses' home addresses but denying discovery of their dates of birth and social security numbers).

Here, Plaintiff's only purported reason for requesting Jones's PII is to conduct a background check on him. For reasons that will be discussed in Part D, *infra*, Jones's history of criminal convictions, if any, is discoverable. However, it is unclear how a broader background check "reasonably could lead to other matters that could bear on . . . any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Given that lack of relevancy, and the legitimate concern of identity theft, Plaintiff has not shown that immediate production of Jones's PII is "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Accordingly, Plaintiff's Objections with respect to Jones's PII are overruled.[1] Plaintiff's Objections with respect to the addresses of Jones and Defendants' managerial employees is sustained.

B.  **Numbers and Percentages**

Next, Plaintiff directs the Court to its Interrogatory No. 7 directed to Defendant Kiki, in which Plaintiff requests information related to the number of employees in each position and "[t]he percentage of tips/overtips distributed to each" employee each week. ECF No. [124-1]. Rather than providing those calculations, Kiki directed Plaintiff to its payroll records. *Id.* Plaintiff argued

---

[1] To be clear, the Court is not prohibiting Plaintiff from discovering Jones's PII. The Magistrate Judge does not appear to have done so, either. Rather, the Court is affirming the Magistrate Judge's decision to revisit this issue, if necessary, after a confidentiality order is in place. *See* ECF No. [121] ¶ 2.

before Judge Otazo-Reyes that Kiki should be required to produce the numbers and calculations requested by Plaintiff. ECF. No. [121] at 2. Judge Otazo-Reyes ordered Kiki to "identify all responsive documents by Bates number," but concluded that Kiki "need not perform the computations required by this interrogatory because they can be equally performed by Plaintiff based on the data contained in said documents." ECF No. [121] at 2.

Plaintiff first argues that Kiki "did not timely preserve its objection[.]" ECF No. [124] at 6. Defendants accurately respond that Kiki's answer to Interrogatory No. 7 is consistent with Federal Rule of Civil Procedure 33(d), which authorizes Kiki to direct Plaintiff to the business records that Plaintiff can use to calculate the requested numbers and percentages. Fed. R. Civ. P. 33(d). To the extent that Kiki did not specify the records "in sufficient detail," Fed. R. Civ. P. 33(d)(1), Judge Otazo-Reyes's ruling resolved any such deficiency by ordering Kiki to "identify all responsive documents by Bates number." ECF No. [121] at 2.

Plaintiff additionally asserts that Kiki has already performed the calculations that Plaintiff seeks, and it would not be possible for Plaintiff to perform the calculations with the business records produced. ECF No. [124] at 6. The Magistrate Judge was not convinced by those arguments, and neither is the Court. Plaintiff's Objections do not reveal what calculations have already been performed by Defendant, and the Court does not find merit in Plaintiff's argument that the produced documents lack information that Plaintiff needs to perform the calculations at issue. *See id*. To the extent Plaintiff is unable to perform those calculations, he should follow Judge Otazo-Reyes's instruction to first seek Kiki's assistance, and, if that fails, bring the issue again to her attention. ECF No. [121] ¶ 3.

In short, Plaintiff has failed to show that Judge Otazo-Reyes's ruling on Interrogatory No. 7 was clearly erroneous or contrary to law. Plaintiff's Objections are overruled as to this issue.

**C. Signatories on Bank Accounts, Contracts, and Leases**

Next, Plaintiff objects to Judge Otazo-Reyes's ruling with respect to the signatories on Defendants' bank accounts and leases. ECF No. [124] at 6-7. Specifically, Plaintiff requested Jones to identify: every contract, lease, and agreement Jones signed on behalf of Defendants Kiki and RJ River during the relevant time period (Interrogatory No. 6); the other signatories on every lease that Jones signed on behalf of Kiki and RJ River during that period (Interrogatory No. 11); each bank account for Kiki and RJ River for which Jones was a signatory during that period, and all other signatories on such accounts (Interrogatory No. 10). ECF No. [124-2] at 11, 15-16. Jones objected to each of Plaintiff's requests as overly broad, irrelevant, and not proportional to the needs of the case. *Id*.

Judge Otazo-Reyes mostly agreed with Jones, sustaining Plaintiff's Objections to Interrogatories Nos. 6, 11, and 13.[2] With respect to Interrogatory No. 10, she ordered Jones to disclose all of KiKi and RJ River's bank accounts for which Jones was a signatory, but did not require Jones to disclose the names of other signatories on those accounts. ECF No. [121] ¶ 4.

In his Objections, Plaintiff argues that Judge Otazo-Reyes's Order deprives him of relevant, discoverable evidence. He argues that Jones's control over Kiki and RJ River's finances, leases, and contracts is a relevant factor in determining whether he is an "employer" under the FLSA. ECF No. [124] at 7.

In response, Defendants argue that the signatories on RJ River and Kiki's bank accounts, contracts, and leases are not relevant to any of the factors used to determine whether an individual is considered an employer under the FLSA. ECF No. [140] at 6. They cite *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997), for the proposition that the "employer" determination turns

---

[2] Interrogatory No. 11 is identical to Interrogatory No. 13. ECF No. [124-2] at 16, 18.

exclusively on the four factors of the "economic reality test." *Id.* at 205. *Villareal* has little relevance here because the *Villarreal* court was discussing whether individuals' labor was covered under the FLSA, not whether a corporate officer of the company was an "employer." *See id*.

To determine whether a corporate officer is liable as an FLSA employer, the inquiry is whether he "'has operational control of a corporation's covered enterprise,' which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue." *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)). This inquiry "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quotation marks omitted).

As Plaintiff accurately argues, several cases support the proposition that a relevant factor in the FLSA "employer" analysis is whether an individual is "a signatory on the business accounts." *Solano v. A Navas Party Prod., Inc.*, 728 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010). At least one Eleventh Circuit case considered relevant the fact that an individual "negotiated leases and vendor contracts." *Moore*, 708 F.3d at 1237. And whether the individual signed contracts – especially employee contracts – might be relevant to show his "involvement in the day-to-day operation of the company[.]" *Id*. In light of that authority, the Court agrees with Plaintiff that Jones's status as a signatory on Kiki and RJ River's bank accounts, contracts, and leases is a relevant factor to determine whether Jones is an "employer" liable under the FLSA. However, the Court sees no relevance as to the names of *other* signatories to those agreements.

Accordingly, Plaintiff's Objections on this issue are sustained in part and overruled in part. Jones must identify the bank accounts, contracts, and leases he signed on behalf of Kiki or RJ River during the relevant period. However, he need not identify other signatories to those

8

agreements.

### D. Jones' criminal record

Lastly, Plaintiff objects to what he represents was an *ore tenus* ruling sustaining Jones's objections to Interrogatory No. 2, in which Plaintiff asked whether Jones has "ever been charged with a crime," and, if so, details regarding such charges. ECF No. [124] at 8. Plaintiff argues that Defendant's criminal history is relevant for impeachment purposes and therefore discoverable. *Id*. In Response, Defendants argue there is no relation between Jones's criminal history and Plaintiff's claims. ECF No. [140] at 7.

A witness's history of criminal convictions is relevant as impeachment evidence. *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 817 (11th Cir. 2017); *see generally* Fed. R. Evid. 609. However, criminal charges that did not result in convictions are generally not admissible. "The general rule, consistently applied in this Circuit, is that normally the mere existence of an arrest is not admissible to impeach the defendant's credibility." *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978);[3] *see also Bejerano v. Flex Fla. Corp.*, No. 18-cv-20049, 2019 WL 5457074, at *4 (S.D. Fla. Oct. 24, 2019) ("Rule 609 cannot be used to impeach a witness's credibility for the mere existence of an arrest."). Apart from impeachment purposes, Plaintiff has made no argument as to the relevance of Jones's history of criminal charges. ECF No. [124] at 8.

Accordingly, Defendants' Objections to Interrogatory No. 2 are sustained in part and overruled in part. Plaintiff is entitled to Jones's history of criminal convictions, but he is not entitled to information regarding criminal charges brought against Jones that did not result in conviction.

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [124]**, are **SUSTAINED IN PART AND OVERRULED IN PART**.

2. **No later than May 26, 2023**, Defendants shall supplement their interrogatory responses consistent with this Order. Specifically, they shall:

    a. Provide the addresses of Jones and other individuals listed on Defendants' Rule 26(a) disclosure;

    b. Identify all bank accounts, contracts, and leases to which Jones was a signatory during the time period during which Plaintiff worked for Defendants; and

    c. Disclose Jones's history of criminal convictions, if any, including the nature and location of the conviction, and the case number.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record