UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
for himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS' JOINT REPLY IN OPPOSITION TO PLAINTIFF'S RESPONSE AND IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS AND REQUESTS FOR RELIEF IN COUNT II OF THE THIRD AMENDED COMPLAINT SEEKING RECOVERY OF ALL TIPS AND/OR OVERTIPS**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River, LLC, (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida, hereby file their joint Reply in opposition to Plaintiff's Response and in support of their motion to strike and state the following in support thereof:

**I.    Defendants Properly Filed Their Motion to Strike before Their Motion to Dismiss**

First, Fed. R. Civ. P. 12(f) expressly provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either **before responding to the pleading**, or if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f) (emphasis added). The express

reference to "before" is the reason Defendants filed the motion to strike a few hours prior to the motion to dismiss the third amended complaint.[1]  Critically, the language of Rule 12(f) requires the moving party to file its motion to strike "before" **any response** to the pleading is filed - not just a responsive pleading.  In this case, Defendants motion to dismiss Counts II and III was their "response" to the Third Amended Complaint.  Thus, Defendants were correct in filing their motion to strike "before" filing the motion to dismiss.  *See id*.

Second, rule 12(h)(1) only provides for waiver of defenses listed in rule 12(b)(2)-(5) when those defenses are omitted "in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1).  It is clear from the face of the motion to dismiss Counts II and III of the Third Amended Complaint that it is based on Rule 12(b)(6).  *See* E.C.F. No. 137 at 1.  Thus, there is no waiver or other basis to deny Defendants' motion to dismiss based on Rule 12(g)(2).

Third, Plaintiff was not prejudiced by the dual filings because the motion to strike and motion to dismiss were filed on the same day, in good faith based on the reference to "before," and did not delay the case.  *See Chalk v. Lender Process Servs.*, No. CCB-13-1593, 2013 U.S. Dist. LEXIS 181585, at *6-8 (D. Md. Dec. 31, 2013) ("Rule 12(g) was designed to avoid delays caused by successive pretrial motions[.]").  In *Chalk*, the defendant filed a motion to strike and then a subsequent motion to dismiss 14 days later.  *Id*.  In response, the plaintiff argued that the motion to dismiss was procedurally barred under Rule 12(g)(2) because it was filed as a separate motion.  *Id.*  The court in *Chalk* explained that the plaintiff was not prejudiced by the successive filings because it did not delay the case or cause the plaintiff to waive her right to amend.  *Id.*  As

---

[1] Defendants originally filed the motion to strike the day before the motion to dismiss but withdrew the motion to facilitate conferral and then refiled it hours prior to the motion to dismiss.

a result, the court ruled in the defendant's favor and considered defendant's motion to strike **and** the subsequently filed motion to dismiss. *Id.*

In this case, Defendants filed their Motion to Strike, [E.C.F. No. 136], and Motion to Dismiss, [E.C.F. No. 137], on the same day. Plaintiff was permitted to respond to both motions, and did so on May 11, 2023. *See* E.C.F. No. 142 and 143. Defendants' successive filings on the same day have not delayed the litigation and did not cause Plaintiff to waive any right to amend his pleading. Accordingly, Plaintiff has not been prejudiced by the filing of separate motions.[2]

Finally, the case law cited by Plaintiff does not stand for the proposition that a motion to dismiss filed **after** a motion to strike must be denied or stricken or that both motions must be denied or stricken. In *Chen*, the defendant filed **two successive motions to dismiss** asserting discrete arguments that were known to the defendant based on the face of the complaint. *See Chen v. Cayman Arts, Inc.*, No. 10-80236, 2011 U.S. Dist. LEXIS 28835, *6 (S.D. Fla. 2011). In *Barfoot* and *Sharfman*, the defendants filed a motion to dismiss and then a **subsequent** motion to strike. *See Barfoot v. Dolgencorp, LLC*, No. 15-24662, 2016 U.S. Dist. LEXIS 155267, at *1-2 (S.D. Fla. Feb. 5, 2016); *Sharfman v. Premier Medical, Inc.*, No. 20-1278, 2021 U.S. Dist. LEXIS 247447, at *9 (M.D. Fla. Dec. 29, 2021).

In this case, Defendants did **not** file multiple motions to dismiss or a motion to dismiss **followed** by a motion to strike. Instead, Defendants properly filed their Motion to Strike "before" their Motion to Dismiss as **required** by Rule 12(f). Accordingly, *Chen, Barfoot*, and *Sharfman*

---

[2] Although Defendants assert their Motion to Strike and Motion to Dismiss were properly filed based on the specific reference to "before" in rule 12(f), out of an abundance of caution, if the Court strikes or denies the Motion to Dismiss, Defendants respectfully request it be without prejudice and expressly permit Defendants to file a single motion seeking both reliefs.

are inapplicable and do not require the Court to deny the Motion to Strike and/or the Motion to Dismiss.

II. **Defendants Have Met the Standard Necessary to Strike the Referenced Allegations in the Third Amended Complaint**

As Defendants explain in their Motion, "the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter[.]" Fed. R. Civ. P. 12(f). Defendants assert that all allegations and claims for relief suggesting Plaintiff's Florida Minimum Wage Act (FMWA) remedy is the "payment of all tips and/or overtips" are immaterial and must be stricken. Defendants subsequently provide a detailed legal analysis, which can only have one logical conclusion, and that is the FMWA **only** provides a cause of action for unpaid Florida minimum wages and the law's **only** remedy for such a claim is the alleged unpaid minimum wages. *See* Fla. Stat. § 448.110(6)(a) (2022) (establishing the prerequisite for filing an FMWA civil action and stating, "prior to bringing any claim for **unpaid minimum wages pursuant to this section** . . ..") (emphasis added). Lastly, Defendants assert that "a prayer for relief not available under the applicable law is properly subject to a motion to strike." *Hodge v. Orlando Utils. Comm'n*, 6:09-cv-1059-Orl-19DAB, 2009 U.S. Dist. LEXIS 110464, *10-11 (M.D. Fla. Nov. 23, 2009); *see also Doe v. Royal Caribbean Cruises*, No. 11-23321, 2012 U.S. Dist. LEXIS 139965, at *6-10 (S.D. Fla. Sept. 28, 2012) (striking allegations where damages sought are not supported by the facts of the case or law).

Based on the above and as detailed further in the Motion to Strike, Defendants met the standard necessary to strike the paragraphs and claims for relief at issue because they contain immaterial allegations and/or claims for relief regarding the "payment of all tips and/or overtips," which is not a remedy or cause of action afforded under the FMWA. Defendants' analysis is buttressed by the fact that Plaintiff did not cite a single case allowing a plaintiff to recover tips or

file a lawsuit seeking to recover tips under the FMWA. It is also clear from the forgoing that Plaintiff's allegations and claims for relief pertaining to the "payment of all tips and/or overtips" have **no relation** to the FMWA's only cause of action and corresponding remedy to recover Florida minimum wages. *See* Fla. Stat. § 448.110 (2022). Lastly, allowing Plaintiff to proceed in the face of the facts and law before the Court is prejudicial to Defendants. Not only will Defendants have to unfairly defend a claim for alleged unlawfully retained and/or distributed tips under the FMWA, but they will also face a five-year statute of limitations under the FMWA as opposed to the three-year limitation period pursuant to the Fair Labor Standards Act (FLSA). Accordingly, the granting of Defendants' Motion to Strike is proper and necessary.

### III. Defendants Cite the FMWA and Relevant Case Law in the Motion to Strike that Support Their Arguments and the Granting of the Motion to Strike

As stated above **and in the Motion to Strike**, the FMWA supports Defendants' position that the "payment of all tips and/or overtips" is not a remedy or cause of action afforded under the FMWA and *Hodge* supports the requested striking of the non-existent relief Plaintiff seeks. *See* Fla. Stat. § 448.110 (2022); *Hodge*, 2009 U.S. Dist. LEXIS 110464, at *10-11. Thus, Defendants cite ample legal authority for the Court to grant the Motion to Strike.

Moreover, Plaintiff's attempt to distinguish some of the cases Defendants cited in the Motion to Strike is a failure. As a preliminary matter, Plaintiff did not attempt to distinguish the most important case Defendants cite, *Hodge*, which stands for the proposition that "a prayer for relief not available under the applicable law is properly subject to a motion to strike." 2009 U.S. Dist. LEXIS 110464, at *10-11. That is the precise relief Defendants request in the Motion to Strike and yet Plaintiff ignored the case in his response. *See* E.C.F. No. 142.

To understand the reason Plaintiff's attempt to distinguish the three cases referenced in his response fails, it is necessary to reiterate the fact that Count II of the Third Amended Complaint

alleges only a minimum wage violation.[3] Specifically, Count II claims Plaintiff and the putative class were "paid a direct wage that was below the applicable minimum wage required by the FMWA [and] received tips and/or overtips from the 'tip pool.'" *See* E.C.F. No. 122 at ¶¶ 85b, 85d, 88, 95, and 96. Plaintiff then alleges he was paid on a tip credit basis. E.C.F. No. 122 at ¶¶ 91-96.

Against this backdrop we turn to the cases Defendants cite and the reason they are cited, which is to assert the appropriate remedy in tip credit cases under the FMWA is the difference between the direct wage Plaintiff and the putative class were paid and the Florida minimum wage. *See Frank v. Fresh on the Square LLC*, No. 5:20-cv-372-Oc-30PRL, 2021 U.S. Dist. LEXIS 178426, *5 (M.D. Fla. Sept. 20, 2021) (plaintiff is "entitled to **full minimum wage** for the hours she worked" if defendant "improperly claimed a tip credit") (emphasis added); *Dalley v. CG RYC, LLC*, No. 18-20128-CIV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 150696, at *4 (S.D. Fla. Aug. 31, 2018) ("employees may recover **only up to the tip credit and not the actual tips**"[4] in the context of an alleged tip credit violation) (emphasis added).

Despite Plaintiff's suggestion to the contrary, *Frank* and *Dalley* are applicable to Plaintiff's alleged Florida minimum wage violation. Significantly, *Frank* involved the FMWA and was filed and decided **after** the March 23, 2018, effective date of the Consolidated Appropriations Act of 2018. *See Frank*, 2021 U.S. Dist. LEXIS 178426, *1, 3, and 9. Moreover, the fact that the issue

---

[3] Albeit it's done by removing in bad faith the service charge allegations that were in the three prior complaints and was the reason the Court granted Defendants' motion to dismiss Count II of the Second Amended Complaint. Additionally, Plaintiff knows the percentage of the service charge he received brought him well above the Florida minimum wage during his employment with Kiki.

[4] Defendants also inadvertently cited *Rosell v. Vsmb*, No. 20-20857-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 116663, *4 (S.D. Fla. June 22, 2021) for the same proposition.

may have dealt with tips that were improperly shared does not change the fact that the allegations **also** involve a minimum wage violation when taking a tip credit and improperly sharing tips. *See id*. at 2-5. That is exactly what Plaintiff alleges in this case and that is why *Frank* is on point as it relates to the appropriate remedy in such a situation. *See* E.C.F. No. 122 at ¶¶ 91-96. While the Court in *Dalley* noted the case was filed on January 11, 2018, it did so as background information and without any reference or significance to the effective date of the Consolidated Appropriations Act of 2018. *See Dalley*, 2018 U.S. Dist. LEXIS 150696, at *1. That said, *Dalley* was filed prior to the Consolidated Appropriations Act of 2018's effective date but that claim has no significance to the point for which *Dalley* is cited and that is "employees may recover **only up to the tip credit and not the actual tips**" in the context of an alleged tip credit violation. *Id*. at 4 (emphasis added). Lastly, *Dalley's* discussion in the context of the proper remedy in an FLSA minimum wage and tip credit violation case is applicable to the FMWA. *See* Fla. Const. Art. X § 24(f) ("case law . . . under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.").

Plaintiff cannot avoid the express language of the FMWA or the legal precedent he ignored in his response or failed to adequately distinguish. Simply stated, Plaintiff's allegations and claims for damages stating "payment of all tips and/or overtips" or anything similar are impermissible as a matter of law, and for that reason the Motion to Strike must be granted.

### IV. Florida Law Does Leave Plaintiff Without a Remedy to Recover Allegedly Unpaid Tips

Plaintiff cites to no support for his position that he is entitled to the recovery of anything beyond the difference between the amount he was paid as an alleged tip credit wage and the applicable minimum wage. Instead, Plaintiff attempts to create a fictious burden on Defendants to "explain how or why Florida law would leave [him] without a remedy to recover . . . tips." *See*

E.C.F. No. 142 at 5.  To prevail in the Motion to Strike, however, Defendants do not need to explain "how or why" the Florida legislature drafted the FMWA in the manner that it did.  Whether Plaintiff likes it or not, the FMWA's purpose is to "provide measures appropriate for the implementation of section 24, Article X, of the State Constitution . . .."  Fla. Stat. § 448.110(2). The Florida Constitution provides that "Employers shall pay Employees Wages no less than the **Minimum Wage** for all hours worked in Florida."  Fla. Const. Art. X § 24(c) (emphasis added). Since the FMWA was enacted to ensure employees are paid at least the Florida minimum wage, there is no reason why the recovery of tips beyond the minimum wage would be included as a remedy or a cause of action.  That is why the FMWA does not contain a cause of action or language providing for the recovery of tips.  *See* Fla. Stat. § 448.110 (2022).  Therefore, Defendants' Motion to Strike must be granted.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court enter an Order granting the motion to strike and specifically striking (i) paragraphs 82, 85(b)(x), 104, 113, 125, 128, and subparagraph "d" of Counts II's "Wherefore" clause; (ii) striking any other allegation or claim for relief in the Third Amended Complaint that suggests Plaintiff's remedy under the FMWA is the "payment of all tips and/or overtips;" (iii) awarding Defendants their reasonable attorney fees and costs for having to litigate this issue; and (iv) granting Defendants any other relief this Court deems just and proper.

Dated:  May 18, 2023

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

Respectfully submitted,

| | |
|---|---|
| By: *s/ Allan Reiss* <br> Allan Reiss, Esq. <br> Florida Bar No. 858500 <br> Email: *asr@Levinelawfirm.com* <br> LEVINE & PARTNERS, P.A. <br> 3350 Mary Street <br> Miami, Florida 33133 <br> Telephone: (305) 372-1352 <br><br> *Counsel for Defendant, RJ River, LLC* | By: *s/ Reynaldo Velazquez* <br> Reynaldo Velazquez, Esq. <br> Florida Bar No.: 069779 <br> Email: *rey.velazquez@jacksonlewis.com* <br> Roman Sarangoulis, Esq. <br> Florida Bar No. 1011944 <br> Email: *roman.sarangoulis@jacksonlewis.com* <br> JACKSON LEWIS P.C. <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 3500 <br> Miami, Florida 33131 <br> Telephone: (305) 577-7600 <br><br> *Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 18, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

**SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Counsel for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600

*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Counsel for RJ River, LLC*