UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS' REPLY IN OPPOSITION TO PLAINTIFF'S RESPONSE AND IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE COUNTS II AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River LLC (RJ), and Roman Jones ("Jones") (collectively "Defendants"), by and through their respective undersigned counsel, and pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida, hereby file their joint reply in opposition to Plaintiff's response and in support of Defendants' joint motion to dismiss with prejudice Counts II and III of the Third Amended Complaint filed by Octavio Collado ("Plaintiff").  Defendants state as follows.

    **I.**    **DEFENDANT'S MOTION TO DISMISS ON WAS PROPERLY FILED**

Plaintiff's half-hearted attempt to suggest that Defendants' rule 12(b)(6) motion to dismiss should be denied because it was filed after Defendants' motion to strike must be rejected.  First, Rule 12(f) states that a court may act on a motion to strike that is filed "**before** responding to the pleading." Fed. R. Civ. P. 12(f) (emphasis added).  The express reference to "before" is the reason

1

Defendants filed the motion to strike a few hours prior to the motion to dismiss the third amended complaint.[1] Critically, Rule 12(f) requires the moving party to file its motion to strike "before" **any response** to the pleading is filed - not just a responsive pleading. Here, the filing of the Motion to Dismiss was Defendants' "response" to the Third Amended Complaint. Thus, Defendants were correct in filing their motion to strike before filing the motion to dismiss. *See* Fed. R. Civ. P. 12(f).

Second, rule 12(h)(1) only provides for waiver of defenses listed in rule 12(b)(2)-(5) when those defenses are omitted "in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1). It is clear from the face of the motion to dismiss Counts II and III of the Third Amended Complaint that it is based on Rule 12(b)(6). *See* E.C.F. No. 137 at 1. Thus, there is no waiver or other basis to deny Defendants' motion to dismiss based on Rule 12(g)(2).

Third, Plaintiff was not prejudiced by the dual filings because the motion to strike and motion to dismiss were filed on the same day, in good faith based on the reference to "before," and did not delay the case. *See Chalk v. Lender Process Servs.*, No. CCB-13-1593, 2013 U.S. Dist. LEXIS 181585, at *6-8 (D. Md. Dec. 31, 2013) (court rejected plaintiff's claim that defendant's motion to dismiss was procedurally barred under Rule 12(g)(2) because it was filed as a separate motion where plaintiff was not prejudiced by the successive filings because it did not delay the case or cause plaintiff to waive her right to amend).

Finally, the case law cited by Plaintiff does not stand for the proposition that a motion to dismiss filed immediately after a motion to strike must be denied or stricken. Plaintiff cites to *Barfoot v. Dolgencorp, LLC*, No. 15-24662, 2016 U.S. Dist. LEXIS 155267, at *1-2 (S.D. Fla. Feb. 5, 2016) and *Sharfman v. Premier Medical, Inc.*, No. 20-1278, 2021 U.S. Dist. LEXIS 247447, at *9 (M.D. Fla. Dec. 29, 2021) for the alleged proposition that Rule 12(g)(2) precludes

---

[1] Defendants originally filed the motion to strike the day before the motion to dismiss but withdrew the motion to facilitate conferral and then refiled it hours prior to the motion to dismiss.

this Court from considering Defendants' motion to dismiss. However, in *Barfoot* and *Sharfman*, the defendants filed a motion to dismiss than a subsequent motion to strike. Here, Defendants properly filed the motion to strike "before" filing its response to the Third Amended Complaint in the form of their motion to dismiss. Defendants' **prior** filing of the motion to strike is consistent with Rule 12(f)'s requirement and it distinguishes this case from *Barfoot* and *Sharfman*. *See* Fed. R. Civ. P. 12(f). Accordingly, *Barfoot* and *Sharfman* are inapplicable and do not require the Court to deny Defendants' subsequently filed motion to dismiss.

## II. PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT II DOES NOT HAVE MERIT

Defendants did not "cherry-pick" the parts of the FLSA to incorporate into the FMWA. Instead, the Florida Constitution expressly requires that the term "'Wage' shall have the meaning[] established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. Art. X § 24(b). Ironically, but not surprisingly given Plaintiff's prior contortions of the FMWA, he wants the Court to create an FMWA cause of action to recover tips in Count II on the back of the argument he vehemently opposes in Count III as it relates to the Florida Constitution's express incorporation of the FLSA and its regulations to define "wage" as excluding tips above and beyond the tip credit.

Defendants' argument suddenly makes so much sense to Plaintiff that he wants the Court to **extend** the Florida Constitution's **limited** incorporation of the FLSA and its regulations to define "wage" to create a cause of action to recover tips. Incredibly, Plaintiff characterizes this extreme construction and attempted expansion of the FMWA as "roll[ing] the [FLSA's] prohibition against tip confiscation into [the FMWA's] statutory framework by incorporating the definition of wage." *See* E.C.F. No. 143 at 6. When you break down Plaintiff's latest contortion of the FMWA, he wants the Court to fashion a **new** cause of action simply because the Florida

Constitution refers to the FLSA and its regulations to define "wage." Not surprisingly, Plaintiff fails to cite any federal or state case law supporting his attempt to create such a cause of action and that is because courts cannot rewrite a statute to defeat its clear purpose. *See Artuz v. Bennett*, 531 U.S. 4, 11 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them"); *Blount v. Rizzi*, 400 U.S. 410, 419 (1971) ("it is for congress, not this Court, to rewrite the statute"); *Nguyen v. United States*, 556 F.3d 1244, 1256-57 (11th Cir. 2009) ("We are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it[,] . . . especially when doing so would defeat the clear purpose behind the provision"); *Albritton v. Cagle's Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007) ("We are not empowered to rewrite statutes.").

Plaintiff's next concocted theory to try to create a cause of action where none exists under the FMWA, is his claim that the interchange of the phrases "unpaid minimum wages" and "minimum wage" along with "unpaid wages" and "back wages" somehow creates a cause of action to recover tips. Plaintiff's suggestion, however, disregards the clear and overwhelming language in the Florida Constitution and FMWA that unequivocally expresses the intent of the statute is to recover unpaid minimum wages.

For example, section 24 of the Florida Constitution is titled "Florida minimum wage" and the amendment's stated public policy conveys that "[a]ll working Floridians are entitled to be paid a **minimum wage** that is sufficient to provide a decent and healthy life for them and their families . . . ." Fla. Const. Art. X § 24(a) (emphasis added). Section 24(c) then states, "Employers shall pay Employees Wages no less than the **Minimum Wage** for all hours worked in Florida" and "Employers may credit towards satisfaction of the **Minimum Wage** tips up to the amount of the allowable FLSA tip credit in 2003." Fla. Const. Art. X § 24(c) (emphasis added).

4

The FMWA is also replete with plain language expressing the intent of the statute is to recover unpaid minimum wages. For example, the statute is titled the "Florida Minimum Wage Act." Fla. Stat. § 448.110(1) (2022). The FMWA states that "employers shall pay employees a **minimum wage** . . . for all hours worked in Florida." Fla. Stat. § 448.110(3) (2022) (emphasis added). The FMWA requires the Department of Economic Opportunity to annually "calculate an adjusted state **minimum wage rate** by increasing the state **minimum wage** by the rate of inflation" and "publish the amount of the adjusted state **minimum wage** and the effective date. Fla. Stat. § 448.110(4)(a) and (b) (2022) (emphasis added). The FMWA requires notice "prior to bringing any claim for **unpaid minimum wages** pursuant to this section" and "[t]he notice must identify the **minimum wage** to which the person aggrieved claims entitlement." Fla. Stat. § 448.110(6)(a) (2022) (emphasis added). Significantly, these provisions from the FMWA undermine entirely Plaintiff's interchanging theory, "[i]f the employer fails to pay the total amount of **unpaid wages** . . . then the person aggrieved may bring a **claim for unpaid minimum wages**" and the court my award "liquidated damages or award any amount thereof not to exceed an amount equal to the amount of **unpaid minimum wages**." Fla. Stat. § 448.110(6)(b) and (c)1 (2022) (emphasis added). The forgoing FMWA provisions establish that the statutes occasional references to "unpaid wages" and "back wages" are merely a different way to convey the FMWA's clearly stated purpose and intent, which is to guarantee a Florida minimum wage and a cause of action to recover unpaid minimum wages. *See* Fla. Const. Art. X § 24(c); Fla. Stat. § 448.110(6)(b). This fact is confirmed further by the FMWA's provision that states "[t]he court **shall not** award any economic damages on a **claim for unpaid minimum wages not expressly authorized in this section**." Nowhere in section 24 of the Florida Constitution or FMWA is there language "expressly authoriz[ing]" an

5

award of **any** tips and that is because the FMWA only expressly creates a cause of action to recover unpaid Florida minimum wages. *See* Fla. Const. Art. X § 24; Fla. Stat. § 448.110 (2022).

### III. PLAINTIFF'S THIRD AMENDED COMPLAINT MUST AND CAN BE SCRUTINZED IN CONJUNCTION WITH THE PRIOR COMPLAINTS

Plaintiff, again, misrepresents content from Defendants' filing. Despite Plaintiff's claim, Defendants explicitly acknowledge "the general rule prohibiting it from analyzing prior pleadings." *See* E.C.F. No. 137 at 4. However, Defendant presented the Court with legal authority from this District recognizing that, in certain circumstances, a court does not need to follow the general rule. *See Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, n. 1 (S.D. Fla. 2016). As Defendants stated in their motion, *Fernandez* acknowledged the "general" rule but noted the following exception, which Defendants rely upon to call out Plaintiff's bad faith manipulation of the Third Amended Complaint to avoid a dispositive defense:

> [T]he Court has found **no Eleventh Circuit authority** that would bar the invocation of this exception under these specific circumstances - where plaintiffs have **manipulated the allegations** in their pleadings to avoid a dispositive defense.

*Id*. (emphasis added). The *Fernandez* decision remains correct in that there is no Eleventh Circuit case expressly holding that a district court is barred from applying the exception noted in the opinion when a plaintiff manipulates allegations in a subsequent amended complaint to avoid a dispositive defense. Like *Fernandez*, the case Plaintiff cites, *Johnson v. Israel*, is from the Southern District of Florida. Defendants respectfully submit, however, that *Fernandez* is the better reasoned opinion as Plaintiff should not be allowed to avoid a prior basis for dismissal by omitting the allegation upon which the prior Second Amended Complaint was dismissed.

Plaintiff suggests disingenuously that he omitted the service charge references from the Third Amended Complaint because it is not necessary to the analysis. *See* E.C.F. No. 143 at 11. But the service charge is very relevant because the FMWA **only** creates a cause of action to recover

6

unpaid Florida minimum wages and service charges can be used to satisfy the FMWA's minimum wage requirement.  *See* Fla. Const. Art. X § 24; Fla. Stat. § 448.110 (2022); *see also Rosell v. VMSB, LLC*, No. 20-20857, 2021 U.S. Dist. LEXIS 116663, at *11(S.D. Fla. June 22, 2021) report and recommendations adopted 2022 U.S. Dist. LEXIS 55739 (Mar. 28, 2022) ("compensation that qualifies as a service charge can satisfy the FLSA's minimum wage . . . obligations").  Lastly, Defendants have and continue disputing that they unlawfully confiscated and/or distributed tips.

## IV. PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT III DOES NOT HAVE MERIT

First, Plaintiff mischaracterizes Defendants' argument by suggesting incorrectly that Defendants are urging the Court to abrogate Florida common law based on a statute.  *See* E.C.F No. 143 at 2.  It is clear from the Motion to Dismiss the Third Amended Complaint that Defendants argue the **Florida Constitution**, not the Florida Minimum Wage Act (FMWA), defines the term "wage" to include only tips that are part of a tip credit afforded employers to meet the state's minimum wage obligation and does not include tips that are above and beyond the tip credit.  *See* E.C.F. No. 137 at 6-7.  Specifically, Defendants' argument is based on the express language of the Florida Constitution, which states the term "'wage' shall have the meaning[] established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations."  Fla. Const. Art. X § 24(b).  To convey the express intent **of the Florida Constitution**, Defendants then refer to the FLSA's implementing regulations, which state that tips "**in excess of the tip credit . . . are not payments made by the employer to the employee as renumeration for employment** within the meaning of the Act.  29 C.F.R. § 531.60 (emphasis added).  That construction and Defendants' argument flows directly from the Florida Constitution's mandate.  The FLSA and its regulations are only quoted to express what the Florida Constitution requires.  *See* Fla. Const. Art. X § 24(b).

7

Second, Plaintiff again tries to double talk his way out of Defendants' simple and convincing argument that the tips at issue in this case are not wages under the Florida Constitution. Plaintiff claims out of one side of his mouth that "there is **no expressed purpose in abrogating the common law** definition of 'wages'" in the Florida Constitution but out of the other side of his mouth claims the "Florida Constitution, like the FLSA, is in **derogation of the common law**." E.C.F No. 143 at 2-3 (emphasis added). Plaintiff's contradiction confirms his inability to convey a cogent argument to defeat Defendants' position that tips above and beyond a tip credit are not wages under the Florida Constitution, and as a result, such tips **cannot** be deemed wages under Florida common law. *See State ex rel. Clayton v. Bd. Of Regents*, 635 So 2d. 937, 938 (Fla. 1994) ("For a principle of law to be governed by the common law in Florida, that principle . . . must **not be inconsistent with the constitution and the laws of the United States or the acts of the legislature of this State**.") (emphasis added) (citing Fla. Stat. § 2.01 (1993)). Significantly, there is no language limiting the Florida Supreme Court's analysis in *State ex rel. Clayton*, which expressly prohibits **any** inconsistency between the Florida Constitution and the State's common law irrespective of whether the constitutional provision is narrowly or generally applicable. *See id*. at 938. Indeed, *State ex rel. Clayton* states only that the common law "principle . . . must not be inconsistent **with the constitution**." *Id*. In this case, Plaintiffs suggestion that the term wages under Florida common law includes tips above and beyond a tip credit is inconsistent with the Florida Constitution. *See* Fla. Const. Art. X § 24(b).

Additionally, "[f]or a principle of law to be governed by the common law in Florida, that principle must have existed as part of the common and statutory law of England on July 4, 1776, . . .." *State ex rel. Clayton*, 635 So 2d. at 938 (citing Fla. Stat. § 2.01 (1993)). "[T]he common law principle, as it existed on July 4, 1776, must have been 'clear and free from doubt.'" *State ex rel.*

*Clayton*, 635 So 2d. at 938 (quoting *Hoffman v. Jones,* 280 So.2d 431 (Fla. 1973)). Plaintiff's response is devoid of any suggestion that his Florida common law wage theory as it relates to tips "clear and free from doubt" as of July 4, 1776. See State ex rel. Clayton, 635 So 2d. at 938 (denying writ of mandamus because there was "no common law principle in existence in England on July 4, 1776, that governs the issue in this case").

Third, Plaintiff's suggestion that section 24(f) of Article X "expressly states that the 'Definitions' are not generally applicable" is a fiction. E.C.F No. 143 at 3-4. In reality, section 24(f) does **not** reference the word "definition." *See* Fla. Const. Art. X § 24(f). Instead, section 24(f) preserves the right of the **Florida legislature and other governmental entities** to provide for the payment of a greater minimum wage than the Florida minimum wage or otherwise provide supplemental compensation or benefits or expand the minimum wage requirement to employers or employees not covered by the Florida Constitution's minimum wage requirement. *See id*. (the amendment cannot be "construed to preempt or otherwise limit the authority of the state legislature or any other public body to adopt or enforce any other law, regulation, requirement, policy or standard that provides for the payment of higher or supplemental wages or benefits, or that extends such protections to employers or employees not covered by this amendment.")

Fourth, Plaintiff's response, despite its suggestion to the contrary, only cites a **single** case finding that tips are recoverable as wages under Florida common law. The balance of the cases in the response do **not** pertain to tips and do **not** hold that tips are wages under Florida common law. *See Gulf Solar, Inc., v. Westfall*, 447 So. 2d 363, 364 (Fla. 2nd DCA 1984) (plaintiff sought to recover "commission on sales made"); *Ware v. Cadre Consulting Group*, No. 8:21-cv-01743, 2022 U.S. Dist. LEXIS 172550, at *5 (M.D. Fla. Sept. 6, 2022) (plaintiff alleged he was not paid overtime pursuant to the FLSA); *Pastrana v. Level Up Fitness, LLC*, No. 21-cv-21985, 2021 U.S.

9

Dist. LEXIS 230226, at *4-5 (S.D. Fla. Dec. 1, 2021) (plaintiffs alleged they were not paid by the employer for personal trainer services rendered); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582, 2020 U.S. Dist. LEXIS 98137, at *2 (S.D. Fla. June 4, 2020) (plaintiff alleged he was not paid "wages for the 120 hours of work" he performed). Plaintiff's cases merely make references to definitions that summarily convey tips are included within the definition of wages, but do not **hold** as such or consider the Florida Constitution's definition of "wage" in their analysis. *See id.*

In relation to the **one** case that concludes tips are wages, *Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589, 2021 U.S. Dist. LEXIS 64142 (M.D. Fla. Mar. 31, 2021) report and recommendations adopted, 2021 U.S. Dist. LEXIS 75564 (M.D. Fla. Apr. 20, 2021), it is not binding and unpersuasive because it reaches the conclusion without considering the Florida Constitution's definition of "wage" that only includes tips that are used to reach the state's minimum wage, i.e., tip credit. Since Count III fails to allege that Plaintiff was paid on a tip credit basis or paid below minimum wage (*See* E.C.F. No. 122 ¶¶ 1–36 and 129–47), there is no tip credit and that means none of the tips are wages under the Florida Constitution and common law.

Finally, Plaintiff's attempt to redirect the Court to section 443.1217 must fail because the statute loosely uses the term "wages" to require reporting of income in the form of tips **only** for purposes of calculating reemployment assistance contributions. *See* Fla. Stat. § 443.1217 (2022). Similarly, Plaintiff's reference to 26 U.S.C. §§ 3102, 3401-03 must fail because the statute uses the term "wages" as it relates **only** to requiring the reporting or taxing of income in the form of tips for purposes of federal income taxes. *See* 26 U.S.C. §§ 3102, 3401-03. Moreover, section 24(b), Article X, of the Florida Constitution preempts the reemployment assistance language in section 443.1217 because it specifically incorporates the FLSA and its regulations, which exclude tips above and beyond a tip credit from the definition of "wage." *See* Fla. Const. Art. X § 24(b).

Dated:  May 18, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C. | Levine & Partners, P.A. |
| One Biscayne Tower, Suite 3500 | 3350 Mary Street |
| Two South Biscayne Boulevard | Miami, Florida 33133 |
| Miami, Florida 33131 | Telephone: (305) 372-1352 |
| Telephone: (305) 577-7600 | |
| | |
| /s/ *Reynaldo Velazquez* | /s/ *Allan Reiss* |
| Reynaldo Velazquez, Esq. | Allan Reiss, Esq |
| Florida Bar No.: 069779 | Florida Bar No. 858500 |
| Email: *rey.velazquez@jacksonlewis.com* | Email: asr@levinelawfirm.com |
| Roman Sarangoulis, Esq. | *Counsel for RJ River, LLC* |
| Florida Bar No. 1011944 | |
| Email: *roman.sarangoulis@jacksonlewis.com* | |
| *Counsel for 450 North River Drive, LLC,* | |
| *d/b/a Kiki on the River and Roman Jones* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 18, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

                                                  *s/ Roman Sarangoulis*
                                                  Roman Sarangoulis, Esq.

**SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
Levine & Partners, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: roman.sarangoulis@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*