UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23074-BLOOM/Otazo-Reyes

OCTAVIO COLLADO,
*for himself and all others similarly situated*,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE AND MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Strike, ECF No. [136], and the Motion to Dismiss, ECF No. [137], filed by Defendants 450 North River Drive, LLC, d/b/a Kiki on the River, Roman Jones, and RJ River, LLC. Plaintiff Octavio Collado filed a Response in opposition to the Motion to Strike, ECF No. [142], and a separate Response in opposition to the Motion to Dismiss. ECF No. [143]. Defendants filed a Reply in support of the Motion to Strike, ECF No. [146], and a separate Reply in support of the Motion to Dismiss, ECF No. [147]. The Court has carefully reviewed the Motions, the Responses, the Replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

    **I.**    **BACKGROUND**

This is a putative class action brought against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") (Count I), the Florida Minimum Wage Act ("FMWA") (Count II), and Florida common law (Count III). *See* Third Amended Complaint, ECF No. [122]. Plaintiff

claims that he was denied payment owed to him while working at Defendants' restaurant, Kiki on the River. *Id.* ¶ 1.

On April 27, 2023, Defendants filed their Motion to Strike. ECF No. [136]. Therein, they argue that seven allegations within Count II of the Third Amended Complaint must be stricken because those allegations seek to hold Defendants liable for *all* tips that Defendants withheld from Plaintiff. *Id.* Defendants argue that the FMWA does not authorize such recovery.

On the same day they filed the Motion to Strike, Defendants also filed a Motion to Dismiss. ECF No. [137]. Therein, Defendants seek dismissal of Count II and Count III of the Third Amended Complaint. *Id.*

In its Responses, Plaintiff argues that Defendants' Motion to Dismiss is procedurally improper because Federal Rule of Civil Procedure 12(g) prohibits a defendant from filing multiple Rule 12 motions in response to a complaint. ECF Nos. [142], [143]. Plaintiff additionally argues that the Motions should be denied on the merits.

## II.   LEGAL STANDARD

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike should be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). "[A] prayer for relief not available under the applicable law is properly subject to a motion to strike." *Hodge v. Orlando Utils. Comm'n*, No. 09-cv-1059, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009).

### B. Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III. DISCUSSION

The Court first addresses the propriety of Defendants' simultaneous filing of a Motion to Strike and a Motion to Dismiss directed against the same Complaint. Finding Defendants' Motion to dismiss improper, the Court then turns to consider the merits of the Motion to Strike.

### A. Rule 12(g)(2)

As noted above, Defendants simultaneously filed two Rule 12 motions in response to the Third Amended Complaint: a Motion to Strike, ECF No. [136], and a Motion to Dismiss, ECF No. [137]. The parties dispute whether Defendants' Motions are procedurally proper.

According to Federal Rule of Civil Procedure 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). A motion to dismiss and a motion to strike are certainly types of Rule 12 motions, *see id*. at 12(b), (f), Defendants do not contend that a Rule 12(h)(2) or (3) exception applies, and arguments within their Motion to Dismiss were indisputably available when they filed their Motion to Strike. Thus, Plaintiff persuasively argues that Defendants were required to combine their Motion to Strike and Motion to Dismiss into one filing, and their failure to do so warrants denial of the Motion to Dismiss. ECF No. [142] at 2.

Defendants offer three arguments in response. First, they point to Rule 12(f)(2)'s use of the word "before," which Defendants interpret as authorization for them to file a Motion to Strike "before" a Motion to Dismiss. ECF No. [146] at 1-2. However, Rule 12(f)(2) merely states that a party may file a Motion to Strike "before responding to the pleading[.]" Rule 12(b) has a similar provision. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made **before** pleading . . . .") (emphasis added). Neither Rule 12(f) nor Rule 12(b) address the situation of a defendant filing a Motion to Strike and a separate Motion to Dismiss before responding to a complaint. However, as noted above, Rule 12(g)(2) squarely addresses this situation, and forbids it. In short, Defendants' argument is inconsistent with Rule 12(g)(2), which plainly prohibits the filing of multiple Rule 12 motions in these circumstances.

Defendants next argue that Plaintiff is "not prejudiced by the dual filings because the motion to strike and motion to dismiss were filed on the same day, in good faith[.]" ECF No. [146] at 2. Defendants point to *Chalk v. Lender Process Services*, No. 13-cv-1593, 2013 WL 6909425 (D. Md. Dec. 31, 2013), which stands for the proposition that "[a] number of courts have taken a

permissive approach to Rule 12(g)" whereby they consider multiple Rule 12 motions so long as they do not result in delay or prejudice to the nonmoving party. *Id.* at *3. However, the Southern District of Florida has not adopted that permissive approach to Rule 12(g). Rather, as Plaintiff correctly argues, this Court strictly adheres to Rule 12(g)(2)'s text, which limits a defendant to *one* Rule 12 motion in these circumstances. *See Barfoot v. Dolgencorp, LLC*, No. 15-cv-24662-Altonaga, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (applying "the plain language of Rule 12(g)" to prohibit the filing of multiple Rule 12 motions); *Chen v. Cayman Arts, Inc.*, No. 10-cv-80236-Cohn, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) ("When the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense."); *cf. Casa Express Corp. v. Bolivarian Rep. of Venezuela*, No. 21-cv-23103-Bloom, 2023 WL 3686779, at *2 (S.D. Fla. May 26, 2023) (refusing to consider a motion to dismiss filed concurrently with an answer).

Lastly, Defendants argue that "[R]ule 12(h)(1) only provides for waiver of defenses listed in [R]ule 12(b)(2)-(5)," whereas their Motion to Dismiss is brought under Rule 12(b)(6). ECF No. [146] at 2. Defendants are correct that their Rule 12(b)(6) arguments are not waived—they have every right to litigate those issues in this case. *See Casa Express Corp.*, 2023 WL 3686779 at *3. However, they *have* waived their right to raise those issues at this juncture. *Id.*; *see also Barfoot*, 2016 WL 6330588, at *1 (declining to consider the second Rule 12 motion); *Chen*, 2011 WL 1085646, at *2 (same).

Accordingly, the Court agrees with Plaintiff that Defendants' second Rule 12 motion—the Motion to Dismiss, ECF No. [147]—must be denied as being improperly filed.

### B. Defendants' Motion to Strike

In their Motion to Strike, Defendants move to strike the following allegations within the Third Amended Complaint: 82, 85(b)(x), 104, 113, 125, 128, and subparagraph (d) of Count II's "Wherefore" clause. ECF No. [136] at 4. Each of those allegations relate to "tips/overtips" that Defendants unlawfully retained in violation of the FMWA. Defendants argue that the FMWA, unlike the FLSA, does not create a cause of action for tip retention apart from a minimum wage or tip credit violation. *Id.* at 3. Plaintiff responds that the cases cited by Defendants provide no support for their legal position. ECF No. [142] at 3-4.

Even assuming Defendants are correct that, under the FMWA, "employees may recover only up to the tip credit and not the actual tips,"[1] ECF No. [136] at 3, Defendants have not shown how the allegations at issue state otherwise. For example, Paragraph 125 of the Third Amended Complaint states in full:

> Plaintiff and the Class are entitled to payment of all tips and/or overtips that Defendant, Roman Jones, improperly retained and/or that Defendant, RJ River, LLC, improperly distributed.

ECF No. [122] ¶ 125. Defendants apparently read this allegation to say that Plaintiff is entitled to *all* tips retained by Defendants. In actuality, the allegation asserts an entitlement to "all tips . . . *improperly* retained[.]" *Id*. (emphasis added). Even under Defendants' interpretation of the FMWA, which permits tip retention in some circumstances, it would still be improper for Defendants to retain tips if such retention causes a minimum wage violation. Similarly, subparagraph (d) of Count II's "Wherefore" clause seeks damages for "tips and overtips *improperly* withheld/distributed[.]" ECF No. [122] at 29 (emphasis added). The other provisions

---

[1] Plaintiff is correct that the cases Defendants cites for this proposition provide weak support, as they discuss the FLSA rather than the FMWA. Moreover, as Plaintiff accurately notes, Defendants' purported quotation from *Rosell v. VMSB, LLC*, No. 20-cv-20857, 2021 WL 4990913 (S.D. Fla. June 22, 2021), cannot be found within that decision.

cited by Defendants can likewise be interpreted consistent with Defendants' interpretation of the FMWA. In short, Defendants have failed to show that any of the provisions at issue are "redundant, immaterial, impertinent or scandalous," Fed. R. Civ. P. 12(f), so there is no cause to strike them.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Strike, **ECF No. [136]**, is **DENIED**.

2. Defendants' Motion to Dismiss, **ECF No. [137]**, is **DENIED**.

3. **No later than June 30, 2023**, Defendants shall file an Answer to the Third Amended Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record