UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, and ROMAN JONES,

    Defendants.
_____/

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION AND DOCUMENTS**

WHEREAS, the parties have stipulated to certain discovery material as confidential;

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their respective counsel:

1.     Definitions.

The following definitions shall apply to this Stipulated Confidentiality Agreement and Protective Order Governing Discovery of Confidential Information and Documents ("Confidentiality Agreement"):

    a.     The "Litigation" shall refer to the above-captioned matter and to any other action consolidated at any time under that caption, and any appeal therefrom through final judgment.

    b.     The terms "document" or "documents" shall mean the original or any copy or annexed material to any written, typewritten, handwritten, printed, graphic, photographic or

recorded materials, in any form, including, but not limited to, electronically stored or electronically generated information, or graphic material of any type, and any other similar materials, or portions thereof.

      c.      "Confidential Document(s)" shall mean any document, material, or thing which any Designating Party (as defined herein) certifies to contain Confidential Information and which it designates as "Confidential" in any manner set forth in any part of this Stipulation and Order, which may include Confidential Documents already produced pursuant to the Court's order requiring the parties to produce records in support of their respective positions at the Settlement Conference, including but not limited to documents relating to employee compensation, service charges, tips, tip policies, or tip pools, as well as, documents identifying customers, vendors, or subcontractors, either directly or indirectly. All documents, information, or materials designated "Confidential," in accordance with this Stipulation and Order, shall be treated as Confidential for purposes of, and pursuant to, this Stipulation and Order.

      d.      "Confidential Information" includes:

- Confidential or proprietary business information, including, but not limited to, information concerning: proprietary information, trade secrets, marketing and business strategies, market information, revenue, sales, costs, profits and other financial data not publicly available and the names of customers, vendors, or subcontractors; and

- Confidential personal information of a private nature, the public disclosure of which may violate recognized privacy rights or possibly expose individuals to identity theft or other abuse such as social security numbers, dates of birth, telephone numbers, addresses, and email addresses; personal and family medical information; payroll/pay records of individuals not parties to this lawsuit; personal and family financial records for non-parties including, but not limited to, income and distribution data, and tax forms and returns.

      e.      A party shall not routinely designate material as "Confidential," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. The

Court may consider the alleged improper designation of any material pursuant to the Court's discovery dispute procedure or as otherwise directed by the Court.

      f.      The parties reserve the right to designate any document that contains "Confidential Information" as "Confidential," and to dispute any "Confidential" designation made by the other party by conferring and then, if the parties cannot resolve the issue during their conferral, by bringing the matter to the Court's attention. Furthermore, the inclusion or non-inclusion of items in the Confidentiality Agreement shall not prejudice either party's efforts to designate or object to documents being marked as Confidential.

      g.      The parties reserve the right to retroactively designate documents and/or information as Confidential. If a party retroactively designates a document and/or information as Confidential, the duty to maintain the confidential nature of the document and/or information shall only be enforced prospectively.

      h.      "Person" as used herein shall mean natural person, firm, association, organization, partnership, business, trust, corporation, foundation, or other public or private entity.

      i.      "Designating Party" shall mean any party to the Litigation, or any other person or entity, that designates any document, information, or material as "Confidential" pursuant to this Confidentiality Agreement.

      j.      "Producing Party" shall mean any party to this Litigation, or any other person or entity producing confidential documents, information, or other materials in the Litigation.

      k.      "Legend" as used herein shall mean a stamp or similar insignia that clearly and unambiguously states "CONFIDENTIAL" on the document that the Producing Party deems confidential in a manner which will not interfere with its legibility. When any document is designated with a clear and obvious "Confidential" designation pursuant to this Confidentiality

Agreement, the Legend shall be affixed to *each and every* page therein containing Confidential Information.

l.  When reference is made in this Confidentiality Agreement to any document or party, the singular shall include the plural and the plural shall include the singular.

m.  "Party" or "parties" shall refer to the named parties, their counsel, agents, and employees, and agents and employees of the parties' counsel.

2.  Scope of Application.

This Confidentiality Agreement shall govern all Confidential documents and other information and materials generated or produced pursuant to the parties' disclosure obligations (including any initial and/or supplemental disclosures) and/or in response to any formal discovery conducted by any party to the Litigation pursuant to the Federal Rules of Civil Procedure. This Confidentiality Agreement shall not restrict the use or admissibility of any evidence - including documents marked "CONFIDENTIAL" - at trial in this action, or in motion practice or briefing in this action, or the procedures for using such confidential documents or information at trial, in motion practice, or discovery in this action except as expressly set forth herein.

3.  Limitation on Use of Confidential Information.

All documents, material, or information in this Litigation that are designated "Confidential" may be used for purposes of this Litigation, either directly or as summarized, including but not limited to, file management and storage; responding to discovery; in motions, briefs, hearings, and trial; and preparation for trial in this Litigation, and on appeal only as reasonably required under the circumstances ("Permitted Purpose").

a.  With the exception of the social security number and date of birth of Defendant Roman Jones, Confidential Documents and/or Confidential Information and any summaries,

charts, or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 9 below) and to:

    i. Parties to the Litigation and the employees, officers, agents, and directors of such parties only to the extent necessary for the Permitted Purpose;

    ii. Counsel for the parties hereto and other employees of their respective law firms, which includes without limitation lawyers, paralegals, legal assistants, or other secretarial and clerical employees, including outside copy services, only to the extent necessary for the Permitted Purpose;

    iii. Independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel for the parties hereto only to the extent necessary for the Permitted Purpose;

    iv. Deponents, witnesses, and/or their counsel in the course of, or in connection with, their testimony or potential testimony in the Litigation, including but not limited to deponents or trial witnesses who may be employees of a party;

    v. Stenographic reporters and/or videographers who are involved in depositions, the trial, or any hearings or proceeding before the Court in the Litigation;

    vi. Any foreseeable witnesses in the Litigation who reasonably need to review this material prior to or in connection with potential testimony in the Litigation or rendering of any professional opinion for or in the Litigation;

    vii. The Court and any persons employed by the Court whose duties require access to Confidential Documents and/or Confidential Information; and

      viii.    Persons retained by the parties to the Litigation for the purpose of mediation, and agents and/or employees of such persons as necessary to facilitate mediation.

    b.    Defendant Roman Jones' social security number and date of birth shall be provided to Plaintiff's counsel, Brian Pollock, in a password protected email. Thereafter, Mr. Pollock shall log the names of the individuals that access, view, or are provided Roman Jones' social security number and date of birth and shall provide the names of those individuals to Roman Jones' counsel upon final disposition of the Litigation. Mr. Pollock will disclose Roman Jones' social security number and/or date of birth only to conduct a background search and shall redact Roman Jones' social security number and/or date of birth from any report or documents obtained as a result of the background search and prior to filing or otherwise disclosing any document containing such information.

    c.    The duty to maintain the confidentiality of documents marked Confidential includes refraining from any unauthorized sharing of Confidential Documents and/or Confidential Information in whole or in part in any manner, including but not limited to on social media and video sharing platforms, unless expressly permitted by this Agreement or filed in the public record in connection with any briefs, hearings, trial, and/or appeal as reasonably required under the circumstances.

    d.    Plaintiff, including all opt-in plaintiffs, their counsel, and their counsel's staff, as well as third parties known to Plaintiff, all opt-in plaintiffs, their counsel, and their counsel's staff, are prohibited from using any Confidential Information obtained solely from Confidential Documents for purposes of initiating unsolicited direct communications with potential or putative class members until the Court approves conditional or class certification and the content, manner,

and method of notice.

    e.    Any Designating Party who designates its own documents or information as Confidential pursuant to this Order may disclose such documents or information contained therein to any persons, with or without conditions to such disclosure, as it deems appropriate.

    f.    Persons listed in subparagraphs (iii) – (viii) of this paragraph who are provided copies of Confidential documentation for purposes of the prosecution of this litigation shall be advised of the existence of this Confidentiality Agreement and the requirement that information designated as Confidential Information must be kept confidential.  The party disclosing the Confidential Information continues to be responsible for compliance herewith along with the person to whom the information has been disclosed under this subsection.

4.    <u>Manner or Means of Designation.</u>

A Designating Party may designate any document or portion thereof which contains Confidential Information as "Confidential" pursuant to this Confidentiality Agreement by affixing the legend as provided under paragraph 1(j) to any document containing, or which the Designating Party believes contains, Confidential Information.  By designating a document or information as "Confidential" the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.  If, through inadvertence, a Producing Party produces any document or portion thereof which contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Confidentiality Agreement, the Producing Party may provide written notice to opposing counsel of the inadvertent omission, whereupon such documents shall become "Confidential," and the Producing Party will re-produce a copy of said discovery with the original bates stamp number and the "Confidential" designation.

5.  <u>Designation of Documents Produced by Third Parties.</u>

Any Third Party may designate as "Confidential" any document produced or disclosed by them, provided that such document contains Confidential Information of a Designating Party. If a party to this action seeks to designate documents produced by a Third Party as "Confidential," said party must confer with counsel for the other respective party and if no agreement can be reached concerning the "Confidential" designation, said party must file a Motion for Protective Order (or comply with the Court's procedure if different) to enforce its request for Confidential designation.

6.  <u>Designation of Transcripts.</u>

   a.  In the case of Confidential Information being discussed or introduced as an exhibit during a deposition or hearing, counsel may assert that the area of inquiry be designated as Confidential before, during, or after the testimony is elicited or exhibit is introduced, after which the applicable portion of a transcript and/or exhibit, shall be affixed with the appropriate Legend to the cover page and all appropriate pages of the transcript and/or exhibit, and to each copy thereof.

   b.  If all or any portion of a deposition or hearing transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a party may alternatively designate the specific deposition or hearing transcript or a portion thereof, disclosing, containing, or referring to any Confidential Document or Confidential Information hereunder as "Confidential" by informing counsel for all other parties to this action in writing as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Confidentiality Agreement. Upon receipt of such notice, any party in possession of copies of such designated transcript shall affix the appropriate Legend thereto.

7.       Objections to Designation.

Any party (the "requesting party") may at any time request in writing (which includes through electronic correspondence to counsel of record) that any information, document, transcript, or portion thereof previously designated as "Confidential" be released from the requirements of this Confidentiality Agreement, and, unless otherwise agreed in writing, the requesting party and the Designating Party shall confer by telephone or videoconference within fifteen (15) business days of a written request.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the party seeking to maintain the confidentiality of the document(s) or information at issue must make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document within fifteen (15) business days after the parties' conferral.  The burden of proving that the designated information should be maintained as Confidential remains with the party asserting such confidentiality.  If such application is made, the information or document shall be submitted to the Court under seal for the Court's review by the party seeking to maintain its confidentiality, and the terms of this Confidentiality Agreement shall continue to apply to such information or document and until such time as the Court orders otherwise, the parties shall continue to treat such information or document as "Confidential."  If such an application is not made within fifteen (15) business days after the conferral (unless the Court has provided a different procedure), the document or information in dispute shall no longer be deemed Confidential Information.  The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

8. <u>Inadvertent Production of Privileged Material.</u>

Inadvertent disclosures of documents containing attorney-client, work product, or other privileged information shall be addressed in accordance with Federal Rule of Evidence 502(b), and as agreed to by the parties in the Joint Scheduling Report and Discovery Order, section K(2).

9. <u>Protective Orders/Objections Not Waived.</u>

The foregoing is without prejudice to the right of any party to this Confidentiality Agreement:

(a) to apply to the Court for a protective order relating to any Confidential Information or relating to any discovery in this litigation;

(b) to resist or compel discovery with respect to, or seek to obtain additional or different protection for, discovery material claimed to be protected work product or privileged under state or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law;

(c) to seek to modify or obtain relief from any aspect of this Confidentiality Agreement;

(d) to object to the use, relevance, or admissibility at trial or otherwise of any discovery material, whether or not designated in whole or in part as Confidential Information subject to this Confidentiality Agreement.

10. <u>Subpoena of Confidential Documents.</u>

If at any time any document or information protected by this Confidentiality Agreement is subpoenaed by any court or administrative or legislative body or is requested by any other person or entity with authority to require the production of such information, the burden shall be on the party who designated the information "Confidential" to timely file a motion for a protective order prior to the deadline for production stated in the subpoena.

11. <u>Continuation of Protection After Disposition.</u>

a. The termination of proceedings in the Litigation shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Confidentiality Agreement, unless the Court orders or permits otherwise.

b. Within sixty (60) days of the final disposition of the Litigation, all originals or copies of any Confidential Document or Confidential Information, including documents or information electronically stored, shall be destroyed, or upon written request from the Producing Party, returned to the Producing Party from whom it was obtained. Counsel for the respective Party shall certify in writing upon request that such Confidential Information has been destroyed or returned.

12. <u>Court Order on Pending Issue</u>

The Court shall subsequently enter an order addressing the only issue that remains presently pending between the parties regarding this Agreement, which involves the duration that counsel for the parties can retain all pleadings, motion papers, discovery, discovery responses, drafts thereof, transcripts, expert reports, legal memoranda, correspondence, and/or attorney work product following the conclusion of the Litigation.

**IT IS SO ORDERED.**

For good cause shown, the foregoing Confidentiality Agreement shall be the Order of this Court.

Dated: June ___, 2023

_____
ALICIA M. OTAZO REYES
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record