UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

     Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

     Defendants.

_____/

## DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND RJ RIVER LLC'S ANSWER AND DEFENSES TO THIRD AMENDED COMPLAINT

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ River, LLC ("RJ") (collectively "Defendants"), by and through their undersigned counsels, hereby file their Answer and Defenses to Plaintiff Octavio Collado's ("Plaintiff" or Collado") Third Amended Complaint, and state as follows:

### Overview

1.    Defendants aver that Plaintiff purports to allege his claims on behalf of himself and other similarly situated employees who were purportedly entitled to receive and who received tips, but deny that Plaintiff or any alleged similarly situated individuals worked for Jones or RJ, that Defendants violated any statutes or common law, and that Plaintiff or any other individuals are entitled to any of the relief requested in the Third Amended Complaint.

2.      Defendants aver that Plaintiff purports to allege his claims under the following: Count I – The Fair Labor Standards Act, 29 U.S.C. § 203(m)(2)(B) ("FLSA"); Count II – the Florida Minimum Wage Act, Fla. Stat. § 448.110 et. seq. ("FMWA"); and Count III – Florida Common Law but deny that they violated any statutes or common law and that Plaintiff or any alleged similarly situated individuals are entitled to any of the relief requested in the Third Amended Complaint.

3.      Defendants aver that Plaintiff purports to allege his claims in Count I under the FLSA on behalf of himself and alleged "similarly situated traditionally tipped front-of-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters)," but deny that Plaintiff or any alleged similarly situated individuals worked for Jones or RJ, that Defendants violated any statutes or common law, and that Plaintiff or any alleged similarly situated individuals are entitled to any of the relief requested in the Third Amended Complaint.

4.      Defendants aver that Plaintiff purports to allege his claims in Count II under the FMWA on behalf of himself and alleged "similarly situated traditionally tipped front-of-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters)," but deny that Plaintiff or any alleged similarly situated individuals worked for Jones or RJ, that Defendants violated any statutes or common law, and that Plaintiff or any alleged similarly situated individuals are entitled to any of the relief requested in the Third Amended Complaint.

5.      Defendants aver that Plaintiff purports to allege his claims in Count III under Florida common law on behalf of himself and alleged "similarly situated traditionally tipped front-of-house employees (such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters)," but deny that Plaintiff or any alleged

similarly situated individuals worked for Jones or RJ, that Defendants violated any statutes or common law, and that Plaintiff or any alleged similarly situated individuals are entitled to any of the relief requested in the Third Amended Complaint.

6. Defendants are without knowledge as to the allegations in Paragraph 6 of the Third Amended Complaint; therefore, those allegations are denied.

7. Defendants are without knowledge as to the allegations in Paragraph 7 of the Third Amended Complaint; therefore, those allegations are denied.

## Parties

8. Defendants admit the allegations set forth in Paragraph 8 of the Third Amended Complaint only to the extent Kiki employed Plaintiff and other alleged tipped employees. Defendants deny that RJ or Jones employed Plaintiff or any other individuals identified in the Third Amended Complaint.  Defendants further deny that there are any employees similarly situated to Plaintiff.

9. Defendants admit that Plaintiff was employed by Kiki as a server and then as a captain at the restaurant, Kiki on the River.  Defendants deny the remaining allegations in Paragraph 9.

10. Defendants neither admit nor deny the allegations contained in Paragraph 10 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Kiki admits it employed Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 10.

11. Defendants admit the allegations set forth in Paragraph 11 only to the extent Plaintiff was a non-exempt employee and employed by Kiki.  Defendants deny the remaining allegations set forth in Paragraph 11.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Third Amended Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Third Amended Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Third Amended Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Third Amended Complaint.

16.     Defendants do not understand the allegations in Paragraph 16 of the Third Amended Complaint; therefore, those allegations are denied

17.     Defendants deny the allegations set forth in Paragraph 17 of the Third Amended Complaint.

18.     Defendants neither admit nor deny the allegations contained in Paragraph 18 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18 of the Third Amended Complaint.

19.     Defendants neither admit nor deny the allegations contained in Paragraph 19 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19 of the Third Amended Complaint.

20.     Defendants admit the allegations set forth in Paragraph 20 only to the extent Kiki maintained control, oversight, and direction over Plaintiff and other "front-of-the-house tipped employees."  Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that Kiki employs two or more employees, but Defendants cannot determine the "relevant time" as stated because the term is undefined. Defendants neither admit nor deny the remaining allegations contained in Paragraph 21 as they call for a legal

Case No. 1:22-CV-23074-BLOOM/OTAZO-REYES

conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 21.

### Jurisdiction and Venue

22.     Defendants neither admit nor deny the allegations contained in Paragraph 22 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Third Amended Complaint.

23.     Defendants admit that Kiki cooked, prepared, and stored perishables and alcoholic beverages using machinery, appliances, and refrigeration.  Defendants deny the remaining allegations in Paragraph 23 of the Third Amended Complaint.

24.     Defendants neither admit nor deny the allegations contained in Paragraph 24 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Third Amended Complaint.

25.     Defendants admit the allegations set forth in Paragraph 25 of the Third Amended Complaint as they relate to Kiki.  Defendants deny the allegations set forth in Paragraph 25 of the Third Amended Complaint as they relate to RJ and Jones.

26.     Defendants deny the allegations in Paragraph 26 of the Third Amended Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 for jurisdiction purposes only but deny that they acted unlawfully with respect to Plaintiff or anyone allegedly similarly situated.

Case No. 1:22-CV-23074-BLOOM/OTAZO-REYES

28.     Defendants admit the allegations contained in Paragraph 28 for venue purposes only but deny that they acted unlawfully with respect to Plaintiff or anyone allegedly similarly situated.

## Background Facts

29.     Defendants admit the allegations set forth in Paragraph 29 only to the extent that Kiki allows its customers to leave discretionary gratuities.   Defendants deny the remaining allegations in Paragraph 29 of the Third Amended Complaint.

30.     Defendants admit the allegations set forth in Paragraph 30 only to the extent that customers of Kiki left discretionary gratuities on occasion for Kiki's "front-of-the-house tipped employees."  Defendants deny the remaining allegations in Paragraph 30 of the Third Amended Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Third Amended Complaint.

32.     Defendants admit the allegations set forth in Paragraph 32 of the Third Amended Complaint as to Kiki. Defendants deny the remaining allegations in Paragraph 32 of the Third Amended Complaint.

33.     Defendants admit the allegations set forth in Paragraph 33 of the Third Amended Complaint as to Kiki.  However, Defendants deny any express or implied suggestion that such tips were not distributed to tipped employee(s).

34.     Defendants deny the allegations set forth in Paragraph 34 of the Third Amended Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Third Amended Complaint.

36.     Defendants are without knowledge as to Plaintiff's retention of counsel and payment structure in this lawsuit; therefore, they deny the allegations in Paragraph 36 of the Third Amended Complaint.

<u>**Count I – Alleged Violation(s) of the FLSA (Tip Confiscation)**</u>
<u>**Satisfaction of Conditions Precedent**</u>

37.     Defendants neither admit nor deny the allegations contained in Paragraph 37 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 of the Third Amended Complaint.

38.     The FLSA speaks for itself; therefore, no response to Paragraph 38 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

<u>**Alleged Background Facts**</u>

39.     The FLSA speaks for itself; therefore, no response to Paragraph 39 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

40.     The FLSA speaks for itself; therefore, no response to Paragraph 40 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

41.     The FLSA speaks for itself; therefore, no response to Paragraph 41 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

<u>**Collective Action Allegations**</u>

42.     Defendants admit the allegations set forth in Paragraph 42 only to the extent that Kiki employed more than 50 "front-of-the-house tipped employees" in Miami-Dade County, FL, during the three years since the initial Complaint was filed.  Defendants deny the remaining allegations in Paragraph 42 of the Third Amended Complaint.

43.     Defendants aver that Plaintiff purports to allege his claims in Count I under the FLSA on behalf of "himself and all other similarly situated individuals" referred to as "all front-of-house tipped employees," but deny that they violated any statutes or common law, and that Plaintiff or anyone allegedly similarly situated are entitled to any of the relief requested in the Third Amended Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Third Amended Complaint as there are no individuals identified in Paragraph 41 to be identified as the "Collective."

45.     Defendants deny the allegations set forth in Paragraph 45 of the Third Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Third Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Third Amended Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Third Amended Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Third Amended Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Third Amended Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Third Amended Complaint.

**Count I<sub>A</sub>**
**Alleged Violation(s) of the FLSA (Tip Confiscations Claim Against Kiki)**

52.      Defendants re-allege and incorporate herein all responses contained in all the preceding Paragraphs as if fully stated herein.

53.      Defendants admit the allegations in Paragraph 53 of the Third Amended Complaint.

**Alleged Liability**

54.      Defendants deny the allegations set forth in Paragraph 54 of the Third Amended Complaint.

55.      Defendants deny the allegations set forth in Paragraph 55 of the Third Amended Complaint.

56.      Defendants deny the allegations set forth in Paragraph 56 of the Third Amended Complaint.

57.      Defendants deny the allegations set forth in Paragraph 57 of the Third Amended Complaint.

58.      Defendants deny the allegations set forth in Paragraph 58 of the Third Amended Complaint.

**Count I<sub>B</sub>**
**Alleged Violation(s) of the FLSA (Tip Confiscations Claim Against RJ)**

59.      Defendants re-allege and incorporate herein all responses contained in Paragraphs 1 through 51 as if fully stated herein.

60.      Defendants deny the allegations in Paragraph 60 of the Third Amended Complaint.

**Alleged Liability**

61.     The FLSA speaks for itself; therefore, no response to Paragraph 61 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

62.     The FLSA speaks for itself; therefore, no response to Paragraph 62 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Third Amended Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Third Amended Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Third Amended Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Third Amended Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Third Amended Complaint.

**Count I$_C$**
**Alleged Violation(s) of the FLSA (Tip Confiscations Claim Against Jones)**

68.     Defendants re-allege and incorporate herein all responses contained in Paragraphs 1 through 51 as if fully stated herein.

69.     Defendants deny the allegations in Paragraph 69 of the Third Amended Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Third Amended Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Third Amended Complaint.

## **Alleged Liability**

72.     The FLSA speaks for itself; therefore, no response to Paragraph 72 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

73.     The FLSA speaks for itself; therefore, no response to Paragraph 73 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Third Amended Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Third Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Third Amended Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Third Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Third Amended Complaint.

## Count I
## Prayer for Relief

79.     Defendants deny the allegations set forth in Paragraph 79 of the Third Amended

Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following

Paragraph 79 of the Third Amended Complaint, Defendants deny that they violated the rights of

Plaintiff or any alleged similarly situated individuals, and deny that Plaintiff or the alleged

similarly situated individuals are entitled to any of the relief sought therein, including

subparagraphs (a)-(k).

## Count II – Alleged Violation(s) of the FMWA
## Alleged Satisfaction of Conditions Precedent

80.     Defendants neither admit nor deny the allegations contained in Paragraph 80 as

they call for a legal conclusion to which no response is required.  To the extent a response is

required, Defendants deny the allegations contained in Paragraph 80 of the Third Amended

Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Third Amended

Complaint.

## Class Action Allegations

82.     Defendants aver that Plaintiff purports to allege his claims in Count II under the

FMWA on behalf of himself and "other similarly situated front-of-house tipped employees" but

deny that they violated any statutes or common law, and that Plaintiff or anyone allegedly

similarly situated are entitled to any of the relief requested in the Third Amended Complaint.

83.     Defendants aver that Plaintiff purports to seek certification of a putative class of

"front-of-the-house tipped employees" of Kiki on the River for a five (5) year period prior to the

foiling of the Complaint but deny that they violated any statutes or common law, and that

Plaintiff or anyone allegedly similarly situated are entitled to any of the relief requested in the Third Amended Complaint.

84.     Defendants are without knowledge as to the allegations in Paragraph 84 of the Third Amended Complaint; therefore, those allegations are denied.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Third Amended Complaint, including subsections (a)-(g).

86.     Defendants deny the allegations set forth in Paragraph 86 of the Third Amended Complaint.

## **The Alleged Law**

87.     The Florida Constitution speaks for itself; therefore, no response to Paragraph 87 of the Third Amended Complaint is required and Defendants refer Plaintiff to the Florida Constitution.

88.     The FMWA and Florida Constitution speak for themselves; therefore, no response to Paragraph 88 of the Third Amended Complaint is required and Defendants refer Plaintiff to the Florida Constitution and FMWA.

89.     The Florida Constitution speaks for itself; therefore, no response to Paragraph 89 of the Third Amended Complaint is required and Defendants refer Plaintiff to the Florida Constitution.

90.     The FMWA speaks for itself; therefore, no response to Paragraph 90 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FMWA.

91.     The FLSA, FMWA, and Florida Constitution speak for themselves; therefore, no response to Paragraph 91 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA, FMWA, and Florida Constitution.

92.     The FMWA speaks for itself; therefore, no response to Paragraph 92 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FMWA.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Third Amended Complaint.

94.     The FLSA speaks for itself; therefore, no response to Paragraph 94 of the Third Amended Complaint is required and Defendants refer Plaintiff to the FLSA.

95.     Defendants deny the allegation in Paragraph 95 of the Third Amended Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Third Amended Complaint.

97.     Defendants admit the allegations in Paragraph 97 of the Third Amended Complaint.

**Count II**A
**Alleged Violation(s) of the FMWA (Against Kiki)**

98.     Defendants re-allege and incorporate herein all responses to Paragraphs 1 through 36 and 80 through 97 as if fully stated herein.

**Alleged Liability**

99.     Defendants deny the allegation in Paragraph 99 of the Third Amended Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Third Amended Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Third Amended Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Third Amended Complaint.

103.     Defendants deny the allegations set forth in Paragraph 103 of the Third Amended Complaint.

104.     Defendants deny the allegations set forth in Paragraph 104 of the Third Amended Complaint because no tips were improperly retained.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Third Amended Complaint.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Third Amended Complaint.

**Count II<sub>B</sub>**
**Alleged Violation(s) of the FMWA (Against RJ)**

107.     Defendants re-allege and incorporate herein all responses contained in Paragraphs 1 through 36 and 80 through 97 as if fully stated herein.

**Alleged Liability**

108.     Defendants deny the allegations set forth in Paragraph 108 of the Third Amended Complaint.

109.     Defendants deny the allegations set forth in Paragraph 109 of the Third Amended Complaint.

110.     Defendants deny the allegations set forth in Paragraph 110 of the Third Amended Complaint.

111.     Defendants deny the allegations set forth in Paragraph 111 of the Third Amended Complaint.

112.     Defendants deny the allegations set forth in Paragraph 112 of the Third Amended Complaint.

113.    Defendants deny the allegations set forth in Paragraph 113 of the Third Amended Complaint.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Third Amended Complaint.

115.    Defendants deny the allegations set forth in Paragraph 115 of the Third Amended Complaint

**Count II**
**Alleged Violation(s) of the FMWA (Against Jones)**

116.    Defendants re-allege and incorporate herein all responses contained in Paragraphs 1 through 36 and 80 through 97 as if fully stated herein.

117.    Defendants deny the allegations in Paragraph 117 of the Third Amended Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Third Amended Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Third Amended Complaint.

**Alleged Liability**

120.    Defendants deny the allegations set forth in Paragraph 120 of the Third Amended Complaint.

121.    Defendants deny the allegations set forth in Paragraph 121 of the Third Amended Complaint.

122.    Defendants deny the allegations set forth in Paragraph 122 of the Third Amended Complaint.

123.     Defendants deny the allegations set forth in Paragraph 123 of the Third Amended Complaint.

124.     Defendants deny the allegations set forth in Paragraph 124 of the Third Amended Complaint.

125.     Defendants deny the allegations set forth in Paragraph 125 of the Third Amended Complaint.

126.     Defendants deny the allegations set forth in Paragraph 126 of the Third Amended Complaint.

127.     Defendants deny the allegations set forth in Paragraph 127 of the Third Amended Complaint.

**Count II**
**Prayer for Relief**

128.     Defendants deny the allegations set forth in Paragraph 128 of the Third Amended Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 128 of the Third Amended Complaint, Defendants deny that they violated the rights of Plaintiff or any alleged similarly situated individuals, and deny that Plaintiff or the alleged similarly situated individuals are entitled to any of the relief sought therein, including subparagraphs (a)-(k)

**Count III – Alleged Violation(s) of Florida**
**Common Law for Unpaid Wages (Against Kiki)**

129.     Kiki re-allege and incorporate herein all responses to Paragraphs 1 through 36 as if fully stated herein.[1]

---

[1] Count III is only asserted against Defendant Kiki. Therefore, Kiki is the only defendant responding to the allegations.  To the extent RJ and Jones are required to respond to the

17

130.   Kiki neither admit nor deny the allegations contained in Paragraph 130 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Kiki denies the allegations contained in Paragraph 130.

131.   Kiki neither admit nor deny the allegations contained in Paragraph 131 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Kiki denies the allegations contained in Paragraph 131.

132.   Kiki avers that Plaintiff purports to allege his claims in Count III under Florida common law for allegedly unpaid tips on behalf of himself and similarly situated tipped front-of-house employees, but denies that it violated any statutes or common law, and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**Satisfaction of Conditions Precedent**

133.   Kiki neither admit nor deny the allegations contained in Paragraph 133 as they call for a legal conclusion to which no response is required.  To the extent a response is required, Kiki denies the allegations contained in Paragraph 133.

**Class Action Allegations**

134.   Kiki avers that Plaintiff purports to allege his claims in Count III under Florida common law on behalf of himself and "other front-of-house tipped employees" but denies that it violated any statutes or common law, and that Plaintiff or anyone allegedly similarly situated are entitled to any of the relief requested in the Third Amended Complaint.

135.   Kiki avers that Plaintiff purports to seek certification of a putative class of "front-of-the-house tipped employees" of Kiki on the River for a four (4) year period prior to the filing of the Complaint but denies that it violated any statutes or common law, and that Plaintiff or

---

allegations in Paragraphs 129 through 147 pf the Third Amended Complaint, such allegations are denied.

anyone allegedly similarly situated are entitled to any of the relief requested in the Third Amended Complaint.

136.    Kiki is without knowledge as to the allegations in Paragraph 136 of the Third Amended Complaint; therefore, those allegations are denied.

137.    Kiki denies the allegations set forth in Paragraph 137 of the Third Amended Complaint, including subsections (a)-(g).

138.    Kiki denies the allegations set forth in Paragraph 138 of the Third Amended Complaint.

## Alleged Facts

139.    Kiki denies the allegations set forth in Paragraph 139 of the Third Amended Complaint.

140.    Kiki denies the allegations set forth in Paragraph 140 of the Third Amended Complaint.

141.    Kiki denies the allegations set forth in Paragraph 141 of the Third Amended Complaint.[2]

142.    Kiki denies the allegations set forth in Paragraph 142 of the Third Amended Complaint.

## Alleged Liability

143.    Kiki denies the allegations set forth in Paragraph 143 of the Third Amended Complaint.

144.    Kiki denies the allegations set forth in Paragraph 144 of the Third Amended Complaint.

---

[2]    Kiki denies that any contractual agreement exists between Kiki, or any Defendant, and Plaintiff or the alleged putative class as implied by footnote 1 of the Third Amended Complaint.

145.    Kiki denies the allegations set forth in Paragraph 145 of the Third Amended Complaint.

146.    Kiki denies the allegations set forth in Paragraph 146 of the Third Amended Complaint.

## Prayer for Relief

147.    Kiki denies the allegations set forth in Paragraph 147 of the Third Amended Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 147 of the Third Amended Complaint, Kiki denies that it violated the rights of Plaintiff or any alleged similarly situated individuals and deny that Plaintiff or the alleged similarly situated individuals are entitled to any of the relief sought therein, including subparagraphs (a)-(g).

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury but deny the existence of any triable issues in this matter.

## GENERAL DENIAL

Defendants further deny each and every allegation in the Third Amended Complaint that has not been expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses to the Complaint, Defendants asserts the following:

## FIRST DEFENSE

To the extent that any part of Plaintiff's or the alleged similarly situated employees' claims are based on any action or omission that occurred outside of the applicable statute of limitations, those claims are barred, in whole or in part, by the applicable limitations periods.

**SECOND DEFENSE**

Plaintiff's and the alleged similarly situated employees' FLSA claims are barred under a good faith extension of the FLSA's safe harbor provision in that Defendants acted in good faith and had a policy requiring Plaintiff to report any unpaid tips; Plaintiff unreasonably failed to take advantage of this policy and failed to notify Defendants that he felt he was owed unpaid tips.

**THIRD DEFENSE**

Plaintiff and the alleged similarly situated employees' claims are barred, in whole or in part, from the relief Plaintiff seeks by virtue of the following:

      a.     the doctrine of estoppel,

      b.     the doctrine of latches,

      c.     unclean hands, or

      d.     the improper actions of Plaintiff in failing to comply with Kiki's policies and the directives of his superiors.

**FOURTH DEFENSE**

Defendants did not willfully—nor with intent—deprive Plaintiff or any alleged similarly situated employees' of any tip or "overtips" to which Plaintiff or any alleged similarly situated employees, were entitled under the FLSA; therefore, Plaintiff is not entitled to any recovery of any damages and a three year statutory period cannot be applied.

**FIFTH DEFENSE**

Plaintiff's and the alleged similarly situated employees' claims for liquidated damages are barred on the basis that, in the event Defendants violated the FLSA, Defendants' actions and/or the actions of its agents or employees were taken in good faith and are supported by reasonable bases.

### SIXTH DEFENSE

The FMWA does not provide a cause of action to recover tips.

### SEVENTH DEFENSE

Plaintiff's and the alleged similarly situated employees' FMWA claims are barred because they cannot establish that they were paid less than minimum wage for any time worked at Kiki on the River.

### EIGHTH DEFENSE

Plaintiff's and the alleged similarly situated employees' FMWA claims are barred because they cannot establish that they were paid a tip credit wage at any time during their employment.

### NINTH DEFENSE

Plaintiff and the alleged similarly situated employees cannot assert a claim for unpaid wage under Florida common law because tips are not wages.

### TENTH DEFENSE

Jones and RJ are improperly joined in this action because Jones and RJ were never Plaintiff's employer or the employer of any of the individuals Plaintiff seeks to represent.

### ELEVENTH DEFENSE

Assuming, *arguendo*, Plaintiff and those individuals Plaintiff purports to represent are employees under the FLSA, FWMA, or Florida common law, neither Plaintiff nor those individuals Plaintiff purports to represent are "similarly situated" under the FLSA, FMWA, or Florida common law.

### TWELFTH DEFENSE

Some or all of the purported claims in the Third Amended Complaint are barred because the named Plaintiff lacks standing to represent the purported collective/class action members.

Plaintiff is not entitled to maintain this lawsuit as a collective/class action. Plaintiff cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in collective/class action.

## THIRTEENTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted because neither Plaintiff nor those individuals Plaintiff seeks to represent are employees of Jones or RJ. Further, Jones and RJ did not exercise the requisite degree of control by contract or in fact for the Plaintiff or those individuals Plaintiff seeks to represent to be their employees.

## FOURTEENTH DEFENSE

The types of claims plaintiff alleged on his own behalf and on behalf of others are claims in which individual questions predominate for which class treatment is not appropriate.

## FIFTEENTH DEFENSE

Plaintiff is not an adequate representative of those individuals he purports to represent. Specifically, Plaintiff claims that he is a "captain and server" but identifies the Collective as "tipped employees such as captains, servers, bottle servers, bussers, food runners, bartenders, barbacks, hosts, hostesses, and dockmasters."

## SIXTEENTH DEFENSE

Plaintiff and the alleged similarly situated employees cannot establish a claim for unpaid wages under Florida common law because no contractual agreement exists between the individuals and Kiki.

## SEVENTEENTH DEFENSE

Counts II and III of the Third Amended Complaint cannot be maintained as plead because the claims are preempted by the FLSA. Counts II and III are preempted because *inter alia* Plaintiff is seeking the recovery of tips, which is also the same relief provided by Count I.

Case No. 1:22-CV-23074-BLOOM/OTAZO-REYES

## RESERVATION OF DEFENSES

Defendants reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint and having raised defenses thereto, Defendants respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiff; (ii) award Defendants the cost of suit including attorney's fees; and (iii) grant such further relief as the Court deems just and proper.

Dated:  June 30, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

/s/ *Roman Sarangoulis*
Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email*: rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*

*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River and Roman Jones*

LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

/s/ *Allan Reiss*
Allan Reiss, Esq
Florida Bar No. 858500
Email: *asr@levinelawfirm.com*

*Counsel for RJ River, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on June 30, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

24

Case No. 1:22-CV-23074-BLOOM/OTAZO-REYES

## <u>SERVICE LIST</u>

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
Facsimile: (305) 372-1352

*Attorneys for RJ River, LLC*