UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,

    Plaintiff,                                      **COLLECTIVE ACTION**

vs.

450 NORTH RIVER DRIVE, LLC
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC,
AND ROMAN JONES,

    Defendants.
_____/

## PLAINTIFF'S RENEWED AGREED MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION

Plaintiff Octavio Collado, through his undersigned counsel and pursuant to Fed. R. Civ. P. 16, Local Rule 7.1, and other applicable Rules and laws, request the Court to grant him an extension of time to file his Motion for Class Certification based on the following good cause:

1. The Court established a deadline of July 5, 2023, for Plaintiff to file a Motion for Class Certification. [ECF No. 26.]

2. The Court's entered its Scheduling Order on November 10, 2022. [ECF No. 26.]

3. Meanwhile, Defendants filed dispositive Motions directed to the operative Complaints filed in this case.

4. The Court ultimately denied Defendants' Motions to Dismiss and to Strike in the Order entered on June 22, 2023. [ECF No. 152.]

5. Defendants did not file their Answer and Affirmative Defenses to the operative Complaint until Friday, June 30, 2023. [ECF No. 156.]

6. Consequently, Defendants did not disclose their defenses to Mr. Collado's claims or his quest for class certification of Counts II and/or III until they filed their Answer and Affirmative Defenses. *Id.*

7. Mr. Collado could not prepare his Motion for Class Certification until after the Defendants filed their Answer; otherwise, it would be premature. *See e.g.*, *Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1366 (11th Cir. 2021) (class certification motion filed before defendants' answer "may well have been dismissed as premature" due to the need to respond "to the factual allegations and specifying any affirmative defenses.")

8. Mr. Collado then needed time within which to analyze the Answer and Affirmative Defenses and to draft his Motion for Class Certification of Counts II and III – which would require more than three business days considering that Defendants filed their responsive pleading at 4:18 p.m. on Friday, June 30, 2023 with a deadline of July 5, 2023 to file the Motion for Class Certification. [ECF Nos. 26, 152.]

9. Mr. Collado then requested the Court provide him with a two-week extension of time to file his Motion for Class Certification (through July 19, 2023) because the parties are working through discovery issues informally, defense counsel have been traveling, and the undersigned has an impending jury trial before the Honorable Cecilia Altonaga in *Batista vs. Avant Assurance, Inc.*, S.D. Fla. Case No. 1:22-CV-22671, which commences on July 10, 2023. [ECF No. 157.]

10. Mr. Collado has been "diligent," as the term is used in *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998). In *Sosa*, the plaintiff belatedly sought to amend her Complaint under the following circumstances:

> counsel waited some four months before propounding written discovery and took no oral depositions until nearly three months after the deadline for amending the complaint. Counsel thus left to chance a critical component of subject matter jurisdiction.

133 F.3d at 1419. In the case *sub judice*, Mr. Collado requested that the Court modify the Scheduling Order before the deadline to file a Motion for Class Certification expired and within three days after he received the Defendants' Answer and Affirmative Defenses. *Compare Rensel*, 2 F.4th at 1366. While the plaintiff in *Sosa* waited six months after receiving information that prompted the requested amendment to the Complaint, Mr. Collado received the information three business days before. Sosa waited approximately six months before taking steps to preserve her ability to assert a viable theory of subject matter jurisdiction. *Sosa*, 133 F.3d at 1419.

11. Moreover, Mr. Collado had his Motion for Conditional Certification granted on June 29, 2023 [ECF No. 155], meeting the Court's deadline established by ECF No. 26 and demonstrating the diligence with which he pursued this case.

12. Mr. Collado could not file his Motion for Class Certification until after Defendants filed their Answer and Affirmative Defenses, and requested an extension of time so that he could file his Motion for Class Certification within 20 days thereafter (instead of 3 business days) still reflects his diligence in pursuing this case.

13. Despite his diligence in pursuing this case, Mr. Collado could not meet the Court's deadline of July 5, 2023, because Defendants were not required to file their Answer until June 30, 2023. [ECF No. 152.]

14. Mr. Collado thus requests the Court to grant him until July 19, 2023 to file his Motion for Class Certification due to the good cause shown above.

15. It would have been inefficient for Mr. Collado to prepare a Motion for Class Certification *before* Defendants filed their Answer and Affirmative Defenses.

16. This case, like that presented in *Sheffler v. Americold Realty Tr.*, 22-11789, 2023 WL 3918491, at *3 (11th Cir. June 9, 2023), is one on which "the unique procedural history of this case also constituted good cause to extend the time to file [the motion."

17. The parties conferred, and Plaintiff represents that Defendants agree to the relief requested – *i.e.*, a two-week extension of time to file Plaintiff's Motion for Class Certification.

18. A proposed Order is being submitted simultaneously herewith.

WHEREFORE Plaintiff Octavio Collado, respectfully requests the Court to grant him the two-week Extension of Time requested above, making his Motion for Class Certification due by July 19, 2023.

Dated this 6th day of July 2023.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff(s)*
