UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
d/b/a KIKI ON THE RIVER,
RJ RIVER, LLC, and
ROMAN JONES,

    Defendants.
_____/

**JOINT RESPONSE BY DEFENDANTS 450 NORTH RIVER
DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND
RJ RIVER, LLC, IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>CLASS CERTIFICATION PURSUANT TO RULE 23(b)(3)</u>**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC, ("RJ") (collectively "Defendants"), by and through their respective undersigned counsel, hereby file their Response in opposition to Plaintiff's Motion for Class Certification Pursuant to Rule 23(b)(3), [ECF No. 164], filed by Plaintiff Octavio Collado ("Collado" or "Plaintiff"), and state as follows in opposition:

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff has not established that Counts II and III of the Third Amended Complaint should be certified as a class action under Rule 23. As a general matter, Plaintiff's Motion for Certification of a Class Action Pursuant to Rule 23(b)(3) (the "Motion") attempts to oversimplify the issues that this Court must analyze when ruling on such a motion. For example, the Motion

requests class certification of Counts II and III of the Third Amended Complaint, but those claims are separate causes of action that cannot be analyzed jointly. Counts II and III cannot be analyzed together because Count II is a minimum wage claim under the Florida Minimum Wage Act ("FMWA") and Count III is a breach of contract claim to recover tips as unpaid wages under Florida Common law. As these are distinct claims, analyzing Rule 23 requirements such as the commonality, typicality, and adequacy of representation cannot be accomplished with the blanket arguments encompassing both counts as presented in the Motion.

Similarly, Plaintiff attempts to oversimplify the scope of his proposed putative class for Counts II and III. Plaintiff proposes a class of "All front-of-the-house tipped employees who worked at Kiki on the River from November 17, 2017, and up through the rendition of a judgment in this matter." [ECF No. 164 at p. 6]. However, Plaintiff's proposed class is overly broad, vague, and indefinite as applied to Counts II and III. Specifically, Count II is a claim for minimum wage violations relating to an alleged "tip credit" wage. Accordingly, any class associated with Count II must be limited to front-of-the-house tipped employees **who were paid on a tip credit basis** at a direct rate below the Florida minimum wage after adding the percentage of the service charge they were paid ("commission payments") to the direct rate. Similarly, Count III alleges a breach of contract claim to recover tips as unpaid wages. Thus, any class associated with Count III must be limited to front-of-the-house tipped employees **who had contracts for employment with Kiki**.

Further, Plaintiff mentions in passing that Fair Labor Standards Act (FLSA) minimum wage claims and FMWA claims "often proceed harmoniously" as hybrid class actions under Rules 23. [ECF No. 164 at p. 7]. However, Plaintiff is not asserting two minimum wage claims. The Court conditionally certified Plaintiff's alleged **FLSA tip retention claim** (not an FLSA

minimum wage claim) pursuant to 29 U.S.C. § 216(b). Plaintiff is now requesting class certification under Rule 23 for a **minimum wage claim** and a **breach of contract claim** for unpaid wages. Accordingly, the FLSA claim is not analogous to the FMWA claim (Count II) or the Florida common law claim (Count III) as Plaintiff implies, and these actions cannot proceed harmoniously as a single class.

Moreover, Plaintiff fails to establish that Counts II and III meet the requirements of Rule 23(a) or (b). Specifically, Plaintiff did not establish that Counts II and III are proper for class certification under Rule 23(a) because he fails to show (1) that there is any commonality of fact or law, and/or (2) that he is an adequate representative for the class. Plaintiff also fails to satisfy Rule 23(b) because (1) there is no common question that predominates the claims and/or (2) class certification is not a superior method to resolve the claims asserted.

Defendants respectfully submit that Plaintiff's Motion must be denied based on the forgoing and as addressed in greater detail below.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on September 23, 2022, asserting a single cause of action that alleged unlawfully retained tips under the FLSA. [ECF No. 1]. On December 7, 2022, Plaintiff filed an Amended Complaint, which added Counts II and III. [ECF No. 40]. In Count II of the Amended Complaint, Plaintiff alleged Defendants violated the FMWA. [*Id.*] However, he did not allege (because he cannot) that he earned less than minimum wage on an hourly basis after adding his commission payments and direct wages or that he was paid a tip credit wage below the Florida minimum wage. [*Id.*] Plaintiff asserted in Count III of the Amended Complaint that Defendant's violated Florida common law by unlawfully retaining his

wages. [*Id.*] On January 5 and 6, 2023, Defendants filed their Motions to Dismiss the Amended Complaint. [ECF Nos. 55 and 56].

Plaintiff did not file a Response to Defendants Motions to Dismiss the Amended Complaint. Instead, he filed a Second Amended Complaint essentially asserting the same causes of action. [ECF No. 59]. On January 25, 2023, Defendants filed a Motion to Dismiss the Second Amended Complaint. [ECF No. 63]. In the Motion to Dismiss the Second Amended Complaint, Defendants argued, in relevant part, that Count II failed to state a cause under the FMWA because the Florida law does not create a cause of action to recover tips, and Plaintiff did not allege that he was paid less than minimum wage after adding his commission payments to the direct wage he was paid. Plaintiff also failed to allege that he was paid on a tip credit basis below the Florida minimum wage to establish that the purported unlawfully retaining tips resulted in an FMWA minimum wage violation. [*Id.*] In relation to Count III, Defendants argued that it must be dismissed because tips are not wages under Florida law and there was no contractual agreement alleged between Plaintiff and Defendants. [*Id.*] The court held a hearing on the Motion to Dismiss the Second Amended Complaint and granted the motion in part by dismissing the complaint without prejudice and allowing Plaintiff leave to amend. [ECF No. 112].

On April 7, 2023, Plaintiff filed the Third Amended Complaint. [ECF No. 122]. In the Third Amended Complaint Plaintiff alleges a violation of the FMWA at Count II and a violation of Florida common law at Count III. [*Id.*] Notably, Plaintiff omitted all references to the commission payments he was paid from Count II so that he could allege that he was paid a tip credit wage below the Florida minimum wage, and that Defendants violated the FMWA when they purportedly retained his tips. [*Id.* at ¶¶ 101-02, 110-11, and 122-23]. In relation to Count

4

III, Plaintiff brought the claim only against Kiki and alleged that the restaurant breached a contractual agreement between the parties by not paying him his wages in the form of tips. [*Id.* at ¶ 143]. Defendants ultimately filed an Answer and Affirmative Defenses to the Third Amended Complaint. [ECF No. 156].

While the Parties engaged in motion practice regarding the sufficiency of the complaints, Plaintiff filed several Motions for Conditional Certification of a Collective Action of Count I pursuant to 29 U.S.C. § 216(b). [ECF Nos. 44, 65, 127]. As noted above, Count I is a claim for alleged unlawfully retained tips under the FLSA (not a violation of the FLSA for failure to pay minimum wage). [ECF No. 122]. The Court eventually granted Plaintiff's Motion for Conditional Certification of Count I, and it defined the collective as "All front-of-the-house tipped employees who worked at Kiki on the River after June 7, 2020." [ECF No. 155].

As discussed in detail below, the claims pending before this Court in Plaintiff's Motion for Rule 23 Class Certification (i.e., Counts II and III) are significantly different than the claims asserted in Count I. Therefore, contrary to Plaintiff's implications, the Court should not give the conditional certification of Count I any merit when ruling on the pending Motion. In this Motion Plaintiff must establish the requirements of Rule 23(a) and (b), and he fails to do that for the following reasons.

**MEMORANDUM OF LAW**

  **I.**  **Legal Standard for Class Certification**

Before certifying a claim as a class action, the court must conduct a "rigorous analysis" to determine whether all the requirements of Rule 23 are met. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Additionally, prior to certifying a class, the court must find that "the proposed class is adequately defined and clearly ascertainable." *Balassiano v. Fogo De*

*Chao Churrascaria Orlando LLC*, No. 6:19-cv-2140-Orl-78EJK, 2020 U.S. Dist. LEXIS 236593, *4 (M.D. Fla. Dec. 15, 2020). If a class is appropriately defined, "[t]he party moving for class certification under Rule 23 carries the burden of establishing the propriety of the class certification." *Id.* (citing *Busby v. JRHBW, Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008).

If the class is adequately defined and clearly ascertainable, the plaintiff must establish the following four requirements under Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1279 (S.D. Fla. 2012). If a plaintiff establishes the above requirements of Rule 23(a), he must then satisfy two additional requirements under Rule 23(b)(3). *Balassiano*, 2020 U.S. Dist. LEXIS 236593 at *4. Under rule 23(b)(3), the plaintiff must "show that the questions of law or fact common to the class members predominate over any questions affecting individual members[,]" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

Here, Plaintiff has not established the requirements of Rule 23(a) because he has not shown commonality, typicality, or that he will be an adequate representative for the proposed class. Further, Plaintiff has not established the requirements of Rule 23(b)(3) because the common questions he is presenting do not predominate over the individual questions, and a class action is not the superior mechanism for resolving the claims asserted in Counts II and III of the Third Amended Complaint.

> **II. Plaintiff Improperly Requests Class Certification for Separate Causes of Action through a Single Motion Without Distinguishing What Arguments Relate to Each Claim**

When the court is determining if the requirements for class certification are met, it must do so as to each claim that the plaintiff is attempting to certify. *See e.g. Nuwer v. FCA United*

*States LLC*, 343 F.R.D. 638 (S.D. Fla. 2022) (analyzing plaintiff's New York state Fraudulent Concealment claim, Florida Deceptive and Unfair Trade Practices Act claim, and Unjust Enrichment claim separately when ruling on a motion to certify a class action under Rule 23).

In this case, the Motion does not distinguish what facts and arguments support the class certification of Counts II and III individually. Instead, Plaintiff claims in conclusory fashion that "[l]ike in Count I, the crux of Mr. Collado's claims at Counts II and III is that Defendant's front-of-the-house tipped employees suffered the same injury – not receiving all tips earned – due to Defendants' unlawful pay practices." However, that is not the case. Count I of the Third Amended Complaint is a claim for alleged unlawful tip confiscation under the FLSA, Count II is a claim for a minimum wage violation pursuant to the FMWA, and Count III is a claim for unpaid wages under Florida Common law based on a purported breach of contract.

As a result, Plaintiff must establish in Count I only that he did not receive all his tips, while in Count II Plaintiff must prove he was paid below the Florida minimum wage and in Count III that he had a contract that was breached by Kiki (the only defendant implicated in Count III). As each of these claims have their own elements and respective defenses, they cannot all be lumped together as Plaintiff does in the Motion. By lumping these claims together, the Motion fails to establish the requirements of Rule 23(a) and (b) as to each separate claim (Counts II and III) and must be denied. *See Nuwer*, 343 F.R.D. at 638.

### III. The Proposed Class is Not Clearly Defined Based on the Claims Asserted in the Third Amended Complaint

A proposed class must not be vague, indefinite, overly broad, or difficult to apply. *Bennett*, 880 F. Supp. 2d at 1278-79. Further, the proposed class definition must adequately reflect the group of persons affected by the allegations in the complaint. *See id.* The court may

deny class certification if the definition of the proposed class does not meet the requirements of Rule 23. *Id.*

In *Bennett*, the plaintiff attempted to assert a "hybrid" class action. *Id.* at 1275. The plaintiff sought to prosecute Count I of his complaint as a Rule 23(b)(3) class action for violations of the FMWA and Count II as a 29 U.S.C. § 216(b) opt-in conditional collective action for a failure to pay overtime under the FLSA. In that case, the plaintiff proposed a class for Count I as follows:

> All hourly-paid employees of the Defendants, who were employed by Defendants from June 15, 2007 through March 11, 2011, and who the Defendants purported to pay wages through the use of a "tip credit," by paying a reduced wage and taking a tip credit of $3.02 per hour, and whose wages were reduced by the cost of uniforms, a $3.00-per-shift deduction; who were required to share tips with employees who did not work in the presence of customers and who were paid a rate of $4.19 per hour after July 24, 2009, when the Federal minimum wages increased.

*Id.* at 1278. The court held that the proposed class did not satisfy the requirements of Rule 23(b)(3) because it was "vague, indefinite, and overbroad." *Id.* According to the court, the proposed class did not satisfy Rule 23, in part, because the crux of the claim was that the defendant employed a policy of deducting $3.00 per shift from its tipped employees' pay that brought them below minimum wage, and the proposed class was not sufficiently tailored to only include the employees affected by the claims. *Id.*

In this case, Plaintiff defines the proposed class even more broadly than the plaintiff in *Bennett*, and does not connect the class to the separate claims alleged in Counts II and III. Instead, Plaintiff inadequately defines the proposed class for Counts II and IIII as follows:

> All front-of-the-house tipped employees who worked at Kiki on the River from November 17, 2017, and up through the rendition of a judgment in this matter.

8

[ECF No. 164 at p. 6]. As drafted, the proposed class is not tailored to the actual claims pertaining to Counts II and III. Specifically, Count II of the Third Amended Complaint alleges that Plaintiff, and other front-of-the-house employees were **paid a tip credit wage below the Florida minimum wage**, and that Defendants improperly retained their tips resulting in a minimum wage violation under the FMWA. [ECF No. 122 at ¶¶ 101-02, 110-11, 122-23]. As such, assuming *arguendo* that a class is certified, any class definition for Count II must be limited to front-of-the-house tipped employees who were paid a tip credit rate below the Florida minimum wage after adding the commission payments they were paid. Similarly, Count III alleges that Kiki failed to pay Plaintiff wages after he and Kiki entered a contract regarding his employment. [*Id.* at ¶ 143]. As such, assuming *arguendo* that a class is certified, any class definition for Count III must be limited to employees who had employment contracts with Kiki. Without the above limitations on the class definitions, they are overly broad, vague, and indefinite and will include individuals who cannot recover alleged damages because they were not paid a tip credit rate below the Florida minimum wage or employed in the same manner that Plaintiff claims (under contract) in his Third Amended Complaint.

### IV. Plaintiff has Not Asserted Analogous State and Federal Minimum Wage Claims that May be Certified Harmoniously

Plaintiff claims in his Motion that this Court should allow Counts II and III to be certified as class actions because "unpaid minimum wage [claims] under the FMWA are analogous to minimum wage claims under the FLSA." [ECF No. 164 at p. 7]. Notably, it is true that courts have permitted minimum wage claims brought under the FMWA and FLSA to proceed as hybrid class actions; but that is not what is alleged in Plaintiff's Third Amended Complaint. Contrary to Plaintiff's implications, Count I of the Third Amended Complaint alleges a **tip confiscation** claim under the FLSA - not a minimum wage violation. [ECF No. 122 at Count I]. Conversely,

9

Count II is a FMWA claim asserting state minimum wage violations and Count III is a Florida common law claim alleging breach of contract for unpaid wages. [*Id.* at Count II and III]. Accordingly, Count I-III of the Third Amended Complaint are very different claims that are not analogous and incapable of proceeding harmoniously as a hybrid class action.

> **V. Plaintiff Has Not Established that the Proposed Class has Commonality under Rule 23(a)(2) or 23(b)(3)**

Pursuant to Rule 23(a)(2), the plaintiff is required to demonstrate the existence of a common question of fact or law to the class. *Balassiano*, 2020 U.S. Dist. LEXIS 236593 at *11-12. Additionally, if the plaintiff is seeking class certification pursuant to Rule 23(b)(3), as in this case, he must establish that the common issues predominate over the individual ones. *Amchem Prods. v. Windsor*, 521 U.S. 591, 609 (1997). Notably, when a plaintiff moves for class certification pursuant to Rule 23(b)(3), the commonality requirement in Rule 23(a)(2) is "subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirements." *Id.*; *see also, Aranaz v. Catalyst Pharm. Partners Inc.*, 302 F.R.D. 657, 665 (S.D. Fla. 2014).

Generally, the commonality element requires the plaintiff to show that there is a common question of fact or law for the class, and the plaintiff bears the burden of demonstrating that the class members have suffered the same injury. *Bennett*, 880 F. Supp. 2d 1279 (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51 (2011). "[I]t is insufficient for plaintiffs to merely assert a string of common questions without demonstrating how resolution of these questions evidences common injury." *Id.*

Plaintiff must also establish the class action mechanism will "resolve an issue that is central to the validity of each one of the claims in a single stroke." *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 515 (S.D. Fla. 2013). Additionally, individual damages assessments can be a bar to certification when the plaintiff fails to identify a "formula, statistical analysis, or other

10

easy or essentially mechanical method" to calculate the damages of each individual plaintiff. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1259-60 (11th Cir. 2004). Courts generally deny class certification where there is no easy formulaic means of calculating damages because it would result in "a series of mini-trials." *See Cardiovascular Care of Sarasota, P.A. v. Cardinal Health, Inc.*, No. 8:08-cv-1931-T-30TBM, 2009 U.S. Dist. LEXIS 61751, *15-17 (M.D. Fla. Apr. 3, 2009).

### A. Plaintiff Has Not Established Any Common Issues of Fact or Law

In this case, Plaintiff has not established a common question of fact or law. Instead, Plaintiff does nothing more than identify a string of ten (10) questions that he claims are common issues of fact or law without any evidence demonstrating how the questions are common. [ECF No. 164 p. 10-11].

Plaintiff's first alleged question claims there is a common issue of law regarding "[w]hether Defendants are subject to the provisions of the FMWA." [ECF No. 164 p. 10]. However, Defendants do not dispute that they are subject to the FMWA as currently alleged in Count II of the Third Amended Complaint, which is a minimum wage violation. Thus, there is no issue of law as presented by Plaintiff pertaining to the first alleged "common issue." Moreover, simply determining that the FMWA applies would not resolve any issues because Plaintiff is required to establish that the FMWA was violated—not just applicable. *See e.g. Haight v. Bluestem Brands, Inc.*, No. 6:13-cv-1400-Orl-28KRS, 2015 U.S. Dist. LEXIS 107010, *15-19 (M.D. Fla. May 14, 2015) (explaining that the common contentions must be issues that are capable of class wide resolution with common answers apt to drive the resolution of the litigation). Thus, there is no "common issue" pertaining to Defendants being subject to the

provisions of the FMWA, and simply finding that Defendants are subject to the law does not drive the resolution of this litigation.

The second alleged common question pertains to "[w]hether the FMWA provides a claim for tips improperly retained or distributed[.]" *Id.* However, Plaintiff did not allege a claim for unpaid tips in Count II of the Third Amended Complaint.[1] Count II alleges that Defendants failed to pay minimum wage in violation of the FMWA. Thus, Plaintiff's second "common issue" no longer exists as it relates to Count II of the Third Amended Complaint and cannot establish commonality under Rule 23. Moreover, Plaintiff's suggestion of commonality pertaining to the remedy for a FMWA violation is incorrect and not supported by the law. Specifically, the remedy for an FMWA violation is the difference between the hourly rate Plaintiff was paid and the applicable Florida minimum wage as opposed to the recovery of unlimited tips. *See Rosell v. Vsmb*, No. 20-20857-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 116663, *4 (S.D. Fla. June 22, 2021) (when there is a tip credit violation the "**employees may recover only up to the tip credit and not the actual tips**") (emphasis added); *Dalley v. CG RYC, LLC*, No. 18-20128-CIV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 150696, at *4 (S.D. Fla. Aug. 31, 2018) ("employees may recover **only up to the tip credit and not the actual tips**.") (emphasis added); *see e.g., Frank v. Fresh on the Square LLC*, No. 5:20-cv-372-Oc-30PRL, 2021 U.S. Dist. LEXIS 178426, *5 (M.D. Fla. Sept. 20, 2021) (plaintiff is "entitled to **full minimum wage** for the hours she worked" if defendant "improperly claimed a tip credit") (emphasis added).

---

[1] Plaintiff previously alleged in Count II of the Second Amended Complaint that the FMWA provides a cause of action to recover tips and Defendants disputed that claim. As stated above, however, such a claim is not alleged in Count II of the Third Amended Complaint.

The remaining eight (8) alleged "common issues" presented by Plaintiff do not or insufficiently relate to the claims in Count II or III. Each of the questions presented in the Motion at page 11, numbered 3-10, only relate to Defendants allegedly improperly retaining tips under Count I. Those purported "common issues" are inapplicable to Count II and III because they disregard the separate and distinct minimum wage claim in Count II and breach of contract claim in Count III, and the different issues relevant to those specific claims.

Therefore, Plaintiff fails to establish the required element of common issues of fact or law as it relates to Count II and III.

### B. Plaintiff Cannot Establish Counts II and III Can Be Resolved in a Single Stroke

The alleged common questions of fact and law cannot be resolved in a single stroke because the substance and quantity of the evidence necessary to prove the class claims and related damages will vary significantly from one plaintiff to another. In fact, Plaintiff concedes in the Motion that each member of the putative class will have different damages. [*See* ECF No. 164 at p. 11] ("Resolving the foregoing issues for Mr. Collado will resolve them for each member of the Class leaving only the issue of damages to be resolved individually."). Accordingly, any proposed class under Counts II and III will ultimately devolve into a series of mini-trials.

In order to determine if each class member was paid below the Florida minimum wage as alleged in Count II and their corresponding damages, the court or a jury will be required to review each employees payroll records, timesheets, and the applicable commission payments and policies for the entire five (5) year period to assess if the hourly sum of the particular class member's pay exceeded the applicable Florida minimum wage, and if not, what is the difference between the class member's hourly pay and the Florida minimum wage. This task would need to

be done individually for every employee in the class because there are numerous factors that impact how much each front-of-the-house tipped employee was paid. For example, Kiki paid its tipped-front-of-the-house employees commission payments from the service charge collected and a direct wage. The amount that each class member earned from the commission payments varied based on the amount of the bill, the position that each separate class member held, and how many days the class member worked and the number of tables they served. Accordingly, every class member's hourly rate changed each pay period depending on the amount the class member earned from the commission payments when added to the direct wage.

In order to determine if each class member failed to receive all their tips as alleged in Count III and their corresponding damages, it will require an individualized analysis of every tip they were allegedly supposed to receive, how much tips they actually received, and the amount of tips, if any, that are missing. To make such a determination, the court or jury must analyze every payroll record and sales report for a four (4) year period to determine the amount of credit card tips Kiki received, the amount of such tips distributed, the percentage of tips each class member was supposed to receive, and then breakdown how much tips each individual class member would be owed, if any, from the unaccounted amount of credit card tips based on the different pooling and point systems Kiki had in place at the relevant time. Such a calculation of alleged unpaid wages in the form of tips cannot be done through a single analysis or formula since the point system Kiki used to distribute the pooled credit card tips was tied to the class members' position and the number of hours worked. Therefore, Plaintiff's Florida common law claim (Count III), which is based on a breach of contract cannot be certified as a class action. *See Cardiovascular Care of Sarasota, P.A.*, 2009 U.S. Dist. LEXIS 61751 at *15-17 ("Courts

have repeatedly held that breach of contract claims are inappropriate for class certification where, as here, they involve individualized inquires to determine liability and damages.").

In sum, there is no such thing as "class proof" in this case because it will take an individualized assessment of each class member's commission payments and tips received to determine whether there was a violation of law relating to Count II and/or III. Thereafter, another individualized assessment is necessary to determine the amount of minimum wages owed as a remedy for Count II and the amount of tips owed as a remedy for Count III. Therefore, the individualized and varying substance and quantity of the evidence necessary to prove the class claims in Count II and III as well as their related damages if Plaintiff prevails, prevents the Court from certifying a collective action under Rule 23(a)(2) or (b)(3).

## VI. Plaintiff Has Not Established He is an Adequate Representative of the Proposed Class

The "adequacy of representation encompasses two separate inquires: (1) whether any substantial conflicts of interest exist between the representative and the class; and (2) whether the representative will adequately prosecute the action." *Balassiano*, 2020 U.S. Dist. LEXIS 236593 at *14 (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (internal quotation marks omitted).

Plaintiff's Motion undermines his claim of being an adequate representative as it relates to Count II because it suggests incorrectly that the remedy for a FMWA violation is "an award of restitution in the form of tips they earned but did not receive from defendants." [ECF No. 164 at pp. 12-13]. As previously stated, the correct remedy for a violation of the FMWA is the difference between the hourly rate amount Plaintiff was paid and the applicable Florida minimum wage. *See Rosell*, 2021 U.S. Dist. LEXIS 116663, at 4; *Dalley*, 2018 U.S. Dist. LEXIS 150696, at 4; *see e.g., Frank*, 2021 U.S. Dist. LEXIS 178426, at 5. Thus, Plaintiff is

15

seeking a Rule 23 class pertaining to a minimum wage violation as alleged in Count II while proposing a remedy for which the class is not entitled under the FMWA.

Based on the above, a substantial conflict of interest exists between Plaintiff and the proposed class pertaining to Count II.

### VII. Class Certification is Not a Superior Mechanism for Resolving the Claims in Counts II and III

Plaintiff must also establish that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Haines v. Fid. Nat'l Title of Fla.*, No. 8:19-cv-2995-KKM-AEP, 2022 U.S. Dist. LEXIS 28843, *62 (M.D. Fla. Feb. 17, 2022). "[I]n determining the superiority of the class action the court may consider (1) the class members' interest in individually controlling the prosecution or defenses of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action." *Id.* at 63.

There will be difficulties in managing the requested class action. Specifically, Plaintiff alleges in Count III that his claim for unpaid wages is premised on a breach of contract between the parties. As such, Plaintiff will be required to establish that every front-of-the-house tipped employee from September 23, 2018, through the present had an employment contract with Kiki. Based on the allegations in the Third Amended Complaint, it appears Plaintiff is alleging that his contract for employment was an oral agreement. [ECF No. 122 at Count III]. Thus, over 400 potential class members will need to be deposed to testify as to the existence and validity of their specifically alleged oral (or written) contractual agreement with Kiki because Plaintiff cannot speak credibly as to any purported contractual arrangements outside of his own.

Similarly, as discussed in detail above, to establish a claim for a minimum wage violation under Count II or unpaid wages relating to tips under Count III, Plaintiff will need to show that each individual class member did not earn at least the applicable Florida minimum wage during his or her employment and failed to receive all their tips. This will require the review of each class member's payroll and time records to determine if the applicable Florida minimum wage was paid on an hourly basis and they received all their tips, and if not, how much the individual is owed in minimum wages and/or tips. As a result, there are too many individual questions to manage Counts II and III as a class action.

Lastly, there is no evidence supporting Plaintiff's suggestion that potential class member will fear retaliation if they pursue an individual claim. [*See* ECF No. 164. P. 15]. In fact, there are almost forty existing opt-in plaintiffs and there have been no complaints of retaliation. Therefore, Plaintiff's claim that individual class members will fear filing their own lawsuits due to concerns of retaliation is meritless.

Accordingly, a class action is not the superior mechanism for resolving Counts II and III of the Third Amended Complaint.

## **CONCLUSION**

WHEREFORE, Defendants respectfully requests that the Court enter an Order: (a) denying the Motion entirely; or in the alternative, (b) limiting the scope of the proposed putative class as set forth above so that each class is tailored to the claim it is tied too, and (c) granting such further relief as the Court deems appropriate.

Dated: August 9, 2023

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>*/s/ Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email*: rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br><br>*Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | LEVINE & PARTNERS, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352<br><br>*/s/ Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: *asr@levinelawfirm.com*<br><br>*Counsel for RJ River, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on August 9, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

## SERVICE LIST

| | |
|---|---|
| Brian Pollock, Esq.<br>Florida Bar No. 174742<br>Email: *brian@fairlawattorney.com*<br>FAIRLAW FIRM<br>135 San Lorenzo Ave.<br>Coral Gables, Florida 33146<br>Telephone: (305) 230-4884<br><br>*Attorneys for Plaintiff* | Reynaldo Velazquez, Esq.<br>Florida Bar No.:  069779<br>Email: *rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 3500<br>Miami, Florida 33131<br>Telephone: 305-577-7600<br><br>*Counsel for 450 North River Drive, LLC, d/b/a*<br>*Kiki on the River, and Roman Jones* |

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Attorneys for RJ River, LLC*