UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,  **COLLECTIVE ACTION**
for himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

**VERIFIED JOINT MOTION FOR EXTENSION OF
PRETRIAL DEADLINES AND CONTINUANCE OF TRIAL**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), RJ River, LLC, (RJ), and Roman Jones ("Jones") (collectively "Defendants"), and Plaintiff, Octavio Collado ("Collado") (collectively "the Parties"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) and Southern District of Florida Local Rules 7.1(a)(1)(G) and 7.6, file this Verified Joint Motion for Extension of Pretrial Deadlines and Continuance of Trial. In support thereof, the Parties state the following:

**Procedural and Factual History**

1. Plaintiff filed his initial Complaint on September 23, 2022, asserting one count for alleged violations of the Fair Labor Standards Act ("FLSA"). [ECF No. 1].

2. On November 10, 2022, the Court entered its *Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge* (the "Scheduling Order"). [ECF No. 26]. The Scheduling Order set this case for trial during the

Court's two-week trial calendar beginning on **January 29, 2024**. *Id.* The Scheduling Order also set all relevant pre-trial deadlines leading up to the trial period. The remaining pre-trial deadlines include the following:

a. **September 5, 2023** – Parties disclose experts and exchange expert witness summaries or reports.

b. **September 19, 2023** – Parties exchange rebuttal expert witness summaries or reports.

c. **October 3, 2023** – All discovery, including expert discovery, is completed.

d. **October 17, 2023** – All pretrial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. This deadline includes all dispositive motions.

e. **January 16, 2024** – Parties submit joint pretrial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable.

3. After the Scheduling Order was entered, on December 7, 2022, Plaintiff filed a First Amended Complaint, which included three counts: Count I – alleged violations of the FLSA, Count II – alleged violations of the Florida Minimum Wage Act ("FMWA"), and Count III – alleged violations of Florida common law. [ECF No. 40].

4. Defendants filed Motions to Dismiss the First Amended Complaint, [ECF Nos. 55 and 56], and on January 11, 2023, Plaintiff filed a Second Amended Complaint [ECF No. 59].

5. On January 25, 2023, Defendants filed a Motion to Dismiss the Second Amended Complaint. [ECF No. 63]. The Court granted Defendant's Motion to Dismiss in part and denied it in part, giving Plaintiff leave to file a third amended complaint. [ECF. 112].

6. While the Motion to Dismiss the Second Amended Complaint was pending, Plaintiff also filed a Renewed Motion for Conditional Certification of a Collective Action. [ECF No. 65]. Since the Second Amended Complaint was dismissed, the Court denied the Renewed Motion for Conditional Certification of a Collective Action as moot. [ECF No. 113].

7. On April 7, 2023, Plaintiff filed a Third Amended Complaint. [ECF No. 122]. Plaintiff also filed a Second Renewed Motion for Conditional Certification of a Collective Action on April 21, 2023. [ECF No. 127].

8. On April 27, 2023, Defendants filed a Corrected Joint Motion to Strike Plaintiff's Allegations and Request for Relief in Count II of the Third Amended Complaint Seeking to Recover of All Tips and Overtips [ECF No. 136], and then filed their Motion to Dismiss with Prejudice Count II and III of Plaintiff's Third Amended Complaint. [ECF No. 137].

9. Defendants then filed a Response in Opposition to the Second Renewed Motion for Conditional Certification of a Collective Action on May 5, 2023. [ECF No. 141].

10. On June 21, 2023, the Court denied the Defendants' Motion to Strike and Motion to Dismiss as directed to the Third Amended Complaint and directed the Defendants to Answer the Third Amended Complaint by June 30, 2023. [ECF No. 152]. Defendants timely filed their Answer and Defenses to the Third Amended Complaint on June 30, 2023. [ECF No. 156].

11. The Court granted Plaintiff's Second Renewed Motion for Conditional Certification of a Collective Action on June 29, 2023. [ECF No. 155]. Notably, the Court's Order granting the Second Renewed Motion for Conditional Certification provides for a "time period for opting into this action [of] . . . 60 days from the date the Notice is sent." *Id.* The Notices were sent on July 24, 2023, which means the opt-in period ends on September 22, 2023.

12. Meanwhile, Plaintiff requested the Court to extend the deadline to file his Motion for Class Certification from July 5, 2023, to July 19, 2023, because Defendants had only filed

3

their Answer to the Third Amended Complaint on June 30, 2023, amongst other factors. [ECF No. 159.]

13. Plaintiff filed a Motion for Class Certification Pursuant to Rule 23(b)(3) on July 19, 2023, in compliance with the extended deadline provided by the Court. [ECF Nos. 160, 164]. Plaintiff's Motion for Class Certification requests the Court grant class certification for Counts II and III of the Third Amended Complaint. *Id.* Defendants have opposed the request for Class certification of Counts II and III pursuant to Rule 23, [ECF No. 185], and that Motion remains pending before the Court.

14. During the litigation, the Parties exchanged initial written discovery and have worked diligently and cooperatively to resolve issues and objections. Despite their efforts, the Parties have been unable to resolve all the disputed issues and are scheduled to address certain outstanding discovery issues before Magistrate Judge Alicia M. Otazo Reyes on September 6, 2023.

15. Based upon the forgoing procedural history, the Parties respectfully submit that they have diligently litigated this matter within the directives of the Court's Scheduling Order but because of their good faith litigation over the viability of the claims asserted in the various complaints (which framed the claims, damages, and years at issue in this lawsuit), the defenses thereafter asserted, the motion for conditional certification (which framed the scope of Count I of the Third Amended Complaint), as well as the pendency of Plaintiff's July 19, 2023, Motion for Class Certification, and the disputed issues pertaining to the written discovery, this case is not ready and will not be for trial based on the current Scheduling Order.

16. The Parties also respectfully submit that scheduling the trial to occur approximately 16 months after the filing of the initial Complaint is more closely aligned with simple FLSA cases than with more complex cases in which Courts are faced with novel issues

(such as those involved in Counts II and III of the Third Amended Complaint) as well as the granting of conditional certification under 29 U.S.C. §216(b).

17. The granting of conditional certification of Count I under 29 U.S.C. §216(b) resulted in unforeseen delays related to the contents of the forms to be disseminated to the putative class members of the Collective and the ensuing the 60-day notice period, affecting the timing and number of people involved in this litigation.

18. In light of the forgoing procedural history, the Parties jointly request the Court to extend the remaining pre-trial deadlines and continue the trial period by nine (9) months, which is approximately the amount of time between when the initial Complaint was filed and (a) when Defendants were required to file their Answer and Affirmative Defenses to the operative Third Amended Complaint and (b) when the Court conditionally certified the case as a collective action.

19. The parties have worked diligently under the initial Scheduling Order, but respectfully submit that extending the remaining pre-trial schedule and continuing the trial for nine (9) months will allow them to adequately and more fully prepare this case for trial given that this case now affects over 50 opt-in Plaintiffs.

**MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a party may seek a modification of a scheduling order by making a showing of good cause and obtaining the Court's consent. Local Rule 7.6 further provides that "[a] continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances." Local Rule 7.6 also states that "upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court." Whether to grant a motion for continuance

rests within the discretion of the trial court. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005).

Courts evaluate four factors in assessing the appropriateness of a continuance: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for the continuance would be remedied by the continuance; (3) the extent to which granting the continuance would inconvenience the court and the opposing party; and (4) the extent to which the moving party might suffer harm as a result of a denial. *Id*.

The Parties respectfully submit that good cause and exceptional circumstances exist that support the extension of time and trial continuance requested above. The Parties have worked diligently in complying with all deadlines imposed by the Scheduling Order and in preparing their respective cases for trial, as demonstrated by the extensive litigation over the viability of the claims alleged, proposed conditional class action under the FLSA, and whether to permit the assemblage of a Rule 23 class action. Also, the parties have served written discovery, worked to resolve many of their respective issues, and set a hearing to address the pending unresolved disputes.

However, because of the litigation addressing the viability of Plaintiff's claims, which resulted in the filing of a Second and Third Amended Complaint, Defendants were not required to file their Answer until June 30, 2023, approximately nine (9) months after the initial Complaint was filed. Accordingly, prior to June 30, 2023, Defendants could not determine the scope of the claims being brought against them and their defenses, and Plaintiff was unaware of the affirmative defenses to be asserted to his claims.

Moreover, Plaintiff moved to conditionally certify a collective action pursuant to § 216(b), which the Court recently granted on June 29, 2023, also nine (9) months after the initial Complaint was filed. Notably, the opt-in period for the conditional certification remains open

until September 22, 2023.  Thus, the breadth of the collective action remains unknown until then.  Similarly, Plaintiff filed a Motion for Class Certification pursuant to Rule 23(b) on July 19, 2023.  Plaintiff's Motion for Class Certification remains pending before the Court and may significantly impact the scope of the litigation, because if the Court grants class-action status to Counts II and/or III, the case scope would be expanded in terms of the limitations period and number of affected persons who worked and who work at Kiki on the River.

In this case, the need for a continuance down the road, after the Court's trial schedule in other matters is established, would be remedied by resetting the trial date and granting a commensurate extension of the upcoming deadlines. First, the additional time requested of nine (9) months is limited to the amount of time between the filing of the original complaint, which was a single plaintiff case, and the filing of the answer to the Third Amended Complaint that contained class allegations.  Second, the additional time requested is commensurate with the time between the filing of the original complaint and the Court's Order granting conditional certification under the FLSA.  Finally, the requested extension and continuance will afford the parties the time necessary to complete fact and expert discovery after learning the scope of the class at issue in this case, which is necessary for expert reports and the alleged damages analyses.

Lastly, the Parties will not be inconvenienced by the Court granting the motion as reflected by the joint filing.  More importantly, the Parties will suffer harm if the motion is denied because they will be prejudiced in preparing this case for trial. Specifically, the Parties will be prejudiced because they will not know the scope of the class before the expert discovery cut-off, will not have sufficient time to complete discovery (fact and expert) within the allotted timeframe, will be unable to evaluate the potential damages at issue, and will be unable to properly prepare for trial.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

WHEREFORE, the Parties jointly respectfully request that this Honorable Court enter an Order granting this Motion, continuing the trial in this matter from January 29, 2024, to October 28, 2024, and extending all remaining pretrial deadlines by approximately nine (9) months.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that we have reviewed this document and that the foregoing allegations are true and correct to the best of our knowledge.

| | |
|---|---|
| *s/ Brian Pollock* | *s/ Reynaldo Velazquez* |
| Brian Pollock, Esq. (174742) | Reynaldo Velazquez, Esq. (069779) |
| *Counsel for Plaintiffs* | *Counsel for 450 North River Drive, LLC and Roman Jones* |

## CERTIFICATE OF GOOD FAITH

The Parties hereby certify that they conferred regarding the issues and relief requested in this Motion and decided to jointly file the Motion because of the necessity of the relief sought.

[Remainder of Page Intentionally Left Blank]

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

Respectfully submitted this 5th day of September, 2023.

<table>
<tr><td>

*s/ Brian Pollock*
Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

</td><td>

*s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
*Counsel for Defendants, 450 North River Drive, LLC, Kiki on the River, and Roman Jones*

*s/ Allan Reiss*
Allan Reiss, Esq.
Florida Bar No. 858500
Email: *asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
*Counsel for RJ River, LLC*

</td></tr>
</table>

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on September 5, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.

## SERVICE LIST

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600

*Counsel for 450 North River Drive, LLC, d/b/a Kiki on the River, and Roman Jones*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352
*Attorneys for RJ River, LLC*

4855-8657-1898, v. 1