UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
For himself and all others
similarly situated,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

## **PLAINTIFF'S OBJECTION TO AND APPEAL OF ORDER**

Plaintiff, Octavio Collado, through undersigned counsel, and pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Local Magistrate Judge Rule 4, objects to and appeals the Order entered by United States Magistrate Judge Alicia M. Otazo-Reyes at ECF No. 203 (the "Order") and states as follows:

## I. INTRODUCTION

Magistrate Judge Otazo-Reyes conducted a discovery hearing to entertain oral argument on Plaintiff's Notice of Discovery Hearing related to the Interrogatories served by Defendant, 450 North River Drive, LLC, and issued a written ruling thereon the same day. [ECF Nos. 200, 203.] Mr. Collado objects to and appeals to this Court the discovery Order as clearly erroneous and/or contrary to the law. (a) Mr. Collado requests that this Court reverse those portions of the Order requiring every person who joined this collective action lawsuit pursuant to 29 U.S.C. §216(b) as an Opt-In Plaintiff to provide verified Answers to Interrogatories, as explained below. (b) Mr.

1

Collado further requests for the Court to require Defendant, 450 North River Drive, LLC, to direct its currently employed personnel to produce the WhatsApp Chat information responsive to Requests Nos. 15 and 16.

## II.  LEGAL STANDARD

Mr. Collado seeks this Court's review of the Order entered on September 6, 2023 [ECF No. 203] pursuant to 28 U.S.C. § 636(B)(1)(A) and S.D. Fla. L. Mag. R. 4(A). Under Local Rule 4(a)(1), any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) within fourteen (14) days after being served with the Magistrate Judge's order. To appeal and/or object, the party must file with the Clerk of the Court and serve on all parties written objections that specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position. *Id.*

> Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). " 'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.' " *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

*Gonzalez Ramos v. U.S. Dep't of Agric.*, 2022 WL 15640187, at *2 (S.D. Fla. Oct. 28, 2022).

## III. RULINGS AT ISSUE

A. The Court required that each Opt-In Plaintiff (to include everyone who joins this case until the expiration of the Opt-In Period) to "FULLY RESPOND to Interrogatories Nos. 1, 5, and

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6." The Court further required, "As to Interrogatories Nos. 2, 3, and 4, the Opt-In Plaintiffs may answer those common interrogatories on a representative basis…." [ECF No. 203 at 2.]

A. The Court also refused to require that Defendant, 450 North River Drive, LLC, to produce WhatsApp Chats relating to materials relevant to the issues in this case.

### A.     **The Interrogatories To The Opt-In Plaintiffs**

#### 1. Requiring every Opt-In Plaintiff to answer interrogatories is erroneous.

The United States Supreme Court approved using representative testimony in FLSA collective actions. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680,688 (1946).[1] The Supreme Court noted that an employee who brings suit under the FLSA "has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible burden for the employee." *Id.* at 687 (emphasis added). Therefore, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Id*. at 686-687.

Since *Mt. Clemens*, federal courts have consistently granted back wages to non-testifying employees on the basis of representative testimony of other employees. *See, Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982) (holding in an off-the-clock FLSA case that "it is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of 'just and reasonable inference' "); *Brennan v. General Motors Acceptance*

---

[1] Superseded by Statute on other grounds, *Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014).

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*Corp.*, 482 F.2d 825, 829 (5th Cir. 1973); *Brennan v. City Stores, Inc.*, 479 F.2d 235, 238 (5th Cir. 1973); *Donovan v. Burger King Corp.* 672 F.2d 221 (1st Cir. 1962). *See also, e.g.* (*Grochowski v. Phoenix Construction*, 318 F.3d 80, 88 (2d Cir.2003) (although "not all employees need testify in order to prove FLSA violations or recoup back-wages, the plaintiffs must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by non-testifying employees*.*"); *Reich v. Southern New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d. Cir.1997) ("it is well-established that the Secretary may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA."). *Romero v. Fla. Power & Light Co.*, 2012 WL 1970125, at *5 (M.D. Fla. June 1, 2012). There is no basis to require each and every opt-in Plaintiff to respond to discovery, as doing so undermines the collective action process.

2. <u>Representative answers from a sampling are proper.</u>

The fundamental principle underlying representative testimony is that all meaningful differences among class members can be addressed through a representative group. *Nelson v. American Standards, Inc.*, 2009 WL 4730166, *3 (E.D.Tex.2009) (approving representative discovery in an FLSA class action, stating "there is no reason that all defenses and alleged differences among class members cannot be ascertained and articulated based on [representative discovery]"). *Romero* at *5 (citation omitted).

In the instant case, there are more than 65 Op-In Plaintiffs, and there will likely be more as the opt-in period is still open for a few more days. A significant burden[2] would be imposed upon

---

[2] Adding to this burden, Plaintiffs' counsel will be required to provide the response to Interrogatory No. 4 to each individual Opt-In Plaintiff because it directly relates to and is based upon the response to Interrogatory No. 5 which may be responded to on a representative basis. Plaintiff also seeks clarification from the Court so as not to create confusion amongst the individual Opt-In Plaintiffs who may be required to respond as outlined above.

4

Plaintiffs' counsel to have each of the nearly 70 Opt-In Plaintiffs respond to the three interrogatories. Even estimating on the lower end of requiring a total of two hours per response, which includes the time taken to send the discovery to each Opt-In Plaintiff, meet with each Plaintiff to explain and review the information requested, and obtain responsive information, it would take over approximately 135 hours to provide the requested Answers. Moreover, this task cannot be feasibly completed within 30 or even 60 days.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether *the burden or expense of the proposed discovery outweighs its likely benefit*. Fed. R. Civ. P. 26 (b)(1) (emphasis added). On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is *unreasonably cumulative or duplicative*, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.] Fed. R. Civ. P. 26 (b)(2)(C) (emphasis added).

Requiring all Opt-In Plaintiffs to respond to Interrogatories 1, 5 and 6 also would be cumulative and duplicative of the responses provided on a representative basis. To provide the information requested at Interrogatories Nos. 5 and 6, the undersigned requested copies of the slips generated by each employee who closed out a register at the end of a shift for four (4) separate weeks. Defense counsel responded that providing this information would require

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

copying/scanning approximately 1,000 documents. However, these 1,000 or so documents are necessary to formulate a response to Interrogatory Nos. 5 and 6 since these documents would be important to perform an accounting of the tips collected during each shift. Then, once a discrepancy existed, additional documents would be necessary to identify where the tips went that did not go to the traditionally tipped employees. Performing an accounting once for all affected employees would be more efficient than responding to the same questions nearly 70 times.

To promote efficiency in the judicial process, Plaintiff proposes a random sampling of 10% of the Opt-In Plaintiffs to respond to the requested Interrogatories as a more manageable, cost-efficient approach to respond to the discovery in this cause.

As previously noted, the Supreme Court found representative discovery permissible in FSLA claims. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 136 S. Ct. 1036, 1040, 194 L. Ed. 2d 124 (2016) (Because a representative sample may be the only feasible way to establish liability, it cannot be deemed improper merely because the claim is brought on behalf of a class.). Moreover, [i]n FLSA cases, each employee "need not testify" in order to make a prima facie case of a violation. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982) (citation and quotation omitted). Nor is individualized discovery or testimony of each opt-in plaintiff required. *See, e.g., Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2006 WL 2578835, at *3 (S.D. Ga. Aug. 28, 2006). *Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4760671, at *4 (M.D. Fla. Aug. 24, 2018). "Individualized discovery ... would undermine the purpose and utility of both class and collective actions[,]" and further "would be unreasonably burdensome and wasteful of the parties' and the court's resources." *Strauch v. Computer Scis. Corp.*, 2015 WL 540911, at *1 (D. Conn. Feb. 10, 2015).

This Court already granted conditional certification and found that the Plaintiffs were similarly situated. [DE 155]. Once the Court "conditionally certifies" the class, putative class

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

The FLSA envisions a collective action process in which claims of similarly situated workers are adjudicated collectively rather than individually. *See Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 367 (S.D.N.Y.2007) (the purpose of the collective action to allow "for efficient adjudication of similar claims, so 'similarly situated' employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute their claims") (*citing Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). Although there is no "bright line formulation" or "percentage threshold" for determining the adequacy of representational evidence, "it is well-established that the [plaintiff] may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA." *Reich*, 121 F.3d at 67. *See also Higueros v. New York State Catholic Health Plan, Inc.*, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009) (denying defendant's request to depose all opt-in plaintiffs because "deposing each of the forty-seven plaintiffs would defeat the very purpose contemplated by Congress in authorizing these collective actions"); *Hinterberger v. Catholic Health Sys., Inc.,* 284 F.R.D. 94, 103 (W.D.N.Y.2012) (noting that the "[u]se of a sample to avoid burdensome and even impractical discovery in cases involving numerous parties is of course a well-recognized technique"). *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014).

Thus, to promote judicial efficiency and fairness in the discovery process, Plaintiff requests that representative discovery be allowed in conjunction with a random sampling of Opt-in Plaintiffs instead of requiring all Opt-In Plaintiffs to respond to the Interrogatories at issue.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**B.     Sustaining Defendant's Objections To Producing WhatsApp Chats.**

The Defendant, 450 North River Drive, LLC's managerial/supervisory employees communicated with their employees (including Mr. Collado and the Opt-In Plaintiffs) through WhatsApp group chats. Defendant, through its managerial/supervisory employees, disseminated information and materials regarding schedules, shifts, policies, procedures, and meetings. Defendant identified in its discovery responses discovery a limited number of managerial/supervisory personnel, and since the chat information would be the same for all employees who are members of each chat, obviating the need to have each employee provide the same chat materials. The materials could be obtained by having Defendant's managerial/supervisory employees provide the chats – which can be accomplished by downloading and exporting through WhatsApp. WhatsApp allows users to export chats into .pdf format while also including the media (pictures) in a simple process. (*See* https://faq.whatsapp.com/1180414079177245/?cms_platform=android.) The export process gives the option to email the export, simplifying the process of having sharing and saving the requested discoverable information. *Id.*

Although the Court's Order at ECF No. 203 sustained the Defendant's objections to producing these WhatsApp chats, the Court did not consider the propriety of having the managerial/supervisory employees who either create, manage, or disseminate information.

> Instead, even in those cases where the court has found that an employer has "control" over an employee's personal device,[4] courts have only required the employer to ask the employee to search and produce the responsive information. *See, e.g., ID Ventures, LLC v. Chubb Custom Ins. Co.*, 2018 WL 8807125, at * 2 (E.D. Mich. Oct. 12, 2018) (requiring plaintiff to ask relevant employees to search their personal email accounts for responsive documents and to provide defendant with an affidavit from each employee attesting that a search was made and all relevant documents were provided to plaintiff's counsel); *Union Home Mortg. Corp. v. Jenkins*, 2021 WL 1110440, at *9–10 (N.D. Ohio Mar. 23, 2021) (directing employer to ask current employees to search for and provide for production of all relevant emails and text

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

messages in their personal email and cell phone accounts that are responsive and, if no documents exist, to certify as much in writing); *Bank of Mongolia v. M&P Global Financial Services, Inc.*, 2009 WL 10682131, at *7 (S.D. Fla. Dec. 22, 2009) (directing defendants to "make all reasonable efforts to obtain responsive documents" from any officer or individual employed by defendants from personal computers); *Goolsby v. County of San Diego*, 2019 WL 3891128, at * 4 (S.D. Cal. August 19, 2019) (finding lack of control where plaintiff offered only speculation that personal devices were used by the deputies and noting that, regardless, county had already asked employees to search for and produce relevant information)

*Matter of Skanska USA Civil Se. Inc.*, 2021 WL 4953239, at *4 (N.D. Fla. Aug. 5, 2021). Mr. Collado requests for the Court to overrule the objections to Requests Nos. 15 and 16 by Defendant, 450 North River Drive, LLC, and to require it to produce the responsive information/materials.

## IV. CONCLUSION

Mr. Collado respectfully requests that this Honorable Court sustain his objections to the Order, as set forth above.

Respectfully submitted this 20th day of September 2023,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:    305.230.4884
        *Counsel for Plaintiff(s*

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*