UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND RJ RIVER, LLC, JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND APPEAL OF THE MAGISTRATE JUDGE'S DISCOVERY ORDER DATED SEPTEMBER 6, 2023**

Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC ("RJ") (collectively "Defendants"), by and through their undersigned counsel, hereby file their response in opposition to Plaintiff's Objection to and Appeal of Order. [ECF No. 213]. Defendants state the following in support thereof:

1.    On September 6, 2023, Magistrate Judge Alicia M. Otazo-Reyes conducted a hearing on discovery issues raised by Defendants and Plaintiff, Octavio Collado ("Collado"). [ECF No. 204]. The hearing lasted approximately one-hour. *Id.* At the hearing, Magistrate Judge Otazo-Reyes heard the arguments of counsel, and she made rulings within her broad discretion to oversee discovery on each of the issues presented. On the same day as the hearing, Magistrate

Judge Otazo-Reyes entered her detailed written Order ("the Order") explaining her rulings on each of the disputes raised by Defendants and Plaintiff. [ECF No. 203].

2. Plaintiff and the Opt-in Plaintiffs waived objections to Kiki's interrogatories because they failed to serve timely responses and objections to the interrogatories at issue.

3. Moreover, no rulings in the Order are clearly erroneous or contrary to the law. As Defendants explain in more detail below, there is legal authority supporting each of Magistrate Judge Otazo-Reyes' rulings. Accordingly, the rulings cannot be clearly erroneous or contrary to law. Thus, Plaintiff's objections and appeal are meritless and must be denied.

## MEMORANDUM OF LAW

Local Rule 26.1(e)(2)(a) explains that objections to interrogatories and request for production must be made within the time provided by the Federal Rules. Additionally, Local Rule 26.1(e)(2)(a) confirms that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." Additionally, Courts in the Southern District of Florida have held that a failure to timely respond to discovery waives the objections. *See Kramer Sci. Lab. Prods. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV-ZLOCH, 2011 U.S. Dist. LEXIS 141485, *6-7 (S.D. Fla. Dec. 8, 2011) (stating "[h]ere, it is beyond dispute that Defendant failed to file objections to the interrogatories and production requests in a timely manner . . . . Accordingly, Defendant is ordered to provide complete responses to the production requests and interrogatories[.]").

Moreover, to alter a magistrate judge's order on discovery the "appealing parties . . . bear the **heavy burden** of showing that the orders are 'clearly erroneous or contrary to law.'" *Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850-ROSENBERG/BRANNON, 2017 U.S. Dist. LEXIS 7528, *2-3 (S.D. Fla. Jan. 19, 2017) (emphasis added) (quoting 28 U.S.C. § 636(b)(1)(A). Additionally,

**"[i]t is extremely difficult to justify alteration of the magistrate judge's non-dispositive action** . . . because clear error is a highly deferential standard of review." *Id.* (emphasis added) (internal quotation marks omitted) (citing *Holton v. City Thomasville School Dist.*, 425 F. 3d 1325, 1350 (11th Cir. 2005) and 12 Wright, Miller and Marcus, *Federal Practice and Procedure Civ. 2d* § 309).

Generally, an order is considered clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the **definite and firm conviction that a mistake has been committed**." *Doe*, 2017 U.S. Dist. LEXIS 7528, *3-4 (quoting *Holton*, 425 F. 3d at 1350) (emphasis added). An order may be deemed contrary to law only "where it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 U.S. Dist. LEXIS 7528, *4. Here, Plaintiff has not identified any issues with Magistrate Judge Otazo-Reyes' Order that are clearly erroneous or contrary to law.

    A.    <u>**Plaintiff Waived all Objections to Defendants Interrogatories**</u>

Plaintiff failed to properly and timely serve any objections to the interrogatories served on him and the Opt-In Plaintiffs. Kiki served its first set of interrogatories on Plaintiff and the Opt-In Plaintiffs on June 16, 2023. Plaintiff's counsel subsequently advised that Plaintiff was going to pursue a protective order seeking representative discovery but never filed such a motion or served formal answers or objections to the interrogatories served June 16, 2023. Thereafter, Kiki voluntarily reduced the number of interrogatories from twenty-five to five substantive interrogatories to address Plaintiff's concerns regarding the individualized responses and to avoid seeking Court intervention. The reduced interrogatories were served on July 10, 2023, and the five interrogatories were selected from the original twenty-five that were previously served. As previously noted, the hearing on Kiki's motion to compel occurred on September 6, 2023, without

Plaintiff serving any responses or objections to the original interrogatories or the subsequently served reduced interrogatories. Kiki noted and preserved its position that Plaintiff had waived objections to its interrogatories because of his failure to timely respond or object to the interrogatories. Plaintiff finally served untimely responses and objections to the reduced interrogatories on September 22, 2023, which is *seventy-four days after* they were served.[1]

Accordingly, Plaintiff and the Opt-in Plaintiffs waived objections to Kiki's interrogatories, and they should be directed to comply with Magistrate Judge Otazo-Reyes' well-reasoned order. *See Kramer Sci. Lab. Prods. Corp.*, 2011 U.S. Dist. LEXIS 141485, at *6-7 (defendant ordered to provide complete responses to interrogatories and request for production because of failure to timely serve objections).

      **B.**    **Plaintiffs Must Individually Respond to the Three Interrogatories as Ordered by Magistrate Judge Otazo-Reyes**

Contrary to Plaintiff's claims, Magistrate Judge Otazo-Reyes was well within her authority and discretion to require Plaintiff and each Opt-in Plaintiff to answer the two substantive interrogatories[2] because discovery in FLSA conditional certification cases is not limited to representative discovery. *See Hernandez v. Starbucks Coffee Co.* No. 0:09-cv-60073-WPD, 2010 U.S. Dist. LEXIS 151766, *1-17 (S.D. Fla. Apr. 23, 2010) (individual discovery permitted in an FLSA conditional collective action). In fact, courts in the Southern District of Florida allow defendants to conduct individual discovery when a case is pending as a conditional collective

---

[1] Plaintiff's disregard of the Court's local rules and the Federal Rules of Civil Procedure is particularly egregious and disturbing in this case considering Defendants have produced thousands of documents and their answers to Plaintiff's interrogatories while Plaintiff served untimely objections and has not answered a single interrogatory or produced a single document responsive to Kiki's request to produce.

[2] The third interrogatory requiring an individualized response is number 1, which only requests the responding party to provide identifying information.

action pursuant to 29 U.S.C. § 216(b) because (1) the opt-in plaintiffs are active participants in the litigation who elected to join the lawsuit and (2) defendants need the individualized information to develop defenses to move to decertify the putative collective. *Id.*; *Kerschman v. Nationwide Relocation Servs.* No. 10-62426-DIMITROULEAS/Snow, 2012 U.S. Dist. LEXIS 203381, (S.D. Fla. May 7, 2012) ("In this district it appears that the Defendants are entitled to at least some individualized discovery to determine whether or not the plaintiffs are similarly situated as was permitted in both *Kaas* and *Hernandez.*"); *see also Daniel v. Quail Int'l, Inc.*, No. 2:07-CV-53, 2010 U.S. Dist. LEXIS 294 (M.D. GA Jan. 5, 2010) (stating "the Court concludes that individualized discovery of the Plaintiff class members is permissible in this action. Plaintiffs' Motion for Representative Discovery (Doc. 50) is therefore denied.").

In *Hernandez*, the Southern District of Florida court required the opt-in plaintiffs in a Section 216(b) collective action to provide individual discovery responses to the defendant's written discovery requests. 2010 U.S. Dist. LEXIS 151766, at *10-11. The defendant served plaintiff with a set of discovery requests that included three (3) interrogatories and four (4) requests for production. The defendant argued, and the court agreed, that it needed individual discovery to determine if managers were properly classified. The defendant explained that since it was a Section 216(b) collective, rather than a Rule 23 class, "the opt-in plaintiffs are active participants in the litigation." *Id.* The court agreed with the defendant and required each opt-in plaintiff to answer the interrogatories that were individualized in nature.

Similarly, in *Kerschman*, the Southern District of Florida court permitted the defendant to conduct limited individual discovery in a collective action. 2012 U.S. Dist. LEXIS 203381 at *16-17. The court noted that in the Southern District "it appears that the Defendants are entitled to at least some individualized discovery to determine whether or not the plaintiffs are similarly

situated" and that its "also proper for Defendants to seek information that **could disprove the Plaintiff's claims, as well as information that would assist in damages calculations or support a motion to decertify the class**." *Id.* (emphasis added). Therefore, the court allowed the defendant to obtain answers to specific interrogatories that were individualized in nature. *Id.*

Here, Magistrate Judge Otazo-Reyes' rational and ruling is consistent with the analysis and rulings in *Hernandez* and *Kerschman* for the following reasons:

1. Defendants need the individualized information regarding alleged damages pertaining to the tips and minimum wages purportedly owed to develop defenses and possibly move to decertify the putative collective.[3] The defenses applicable to the requested damages information in interrogatory number 5 pertains to whether tips were withheld or taken from each plaintiff, as alleged, and if so, what amount of the allegedly withheld or taken tips belongs to each plaintiff. Similarly, the defenses applicable to the requested damages information in interrogatory number 6 pertains to whether each plaintiff was not paid minimum wage, as alleged, after adding the direct wage and commissions they were paid, and if so, what amount each plaintiff is purportedly owed in minimum wages.

2. Representative discovery to determine the alleged tip and minimum wage damages is prejudicial to Defendants. For example, requiring Defendants to pay a speculative amount of damages to distribute among the conditionally certified class assumes improperly that each plaintiff is owed the same amount in tips and minimum wages. In other words, because one class member claims they are owed $10,000 in tips and minimum wages does not mean every class member is owed the same amount. Such an assumption is flawed because it is very likely that some, if not all the class members received the tips they were entitled to receive and/or were paid at least minimum wage during their entire employment. Such class members should not be rewarded because some other members claim they did not receive all their tips and/or were not paid minimum wage. Also, Plaintiff's proposed representational discovery pertaining to tips and minimum wage exposes Defendants to grossly inflated damages for the entire conditional class based on the interrogatory answers of a handful of class members.

3. Kiki served the plaintiffs with only five substantive interrogatories and Magistrate Judge Otazo-Reyes reviewed those interrogatories and Kiki's argument, and correctly ordered individualized answers to interrogatories 5 and 6 because they requested specific information related to the defenses pertaining to each plaintiff's alleged damages regarding the tips and minimum wages purportedly owed.

---

[3] Significantly, the order allows representative answers for the remaining interrogatories (2-4).

    4. The opt-in plaintiffs in this case are active participants in the litigation that elected to join the lawsuit.

Therefore, Magistrate Judge Otazo-Reyes' ruling was not clearly erroneous or contrary to law as reflected by the above and the holdings in *Hernandez* and *Kerschman*.

    Moreover, Plaintiff's appeal presents arguments that are misplaced and fail to establish that Magistrate Judge Otazo-Reyes' ruling is clearly erroneous or contrary to law as it relates to the limited individualized damages discovery. In sum, the appeal tries, but fails to establish that discovery in FLSA conditional certification cases is limited to representative discovery.

    First, the appeal falls short of establishing a "definite and firm conviction that a mistake has been committed" by Magistrate Judge Otazo-Reyes and/or that the ruling "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 U.S. Dist. LEXIS 7528, *3-4 (quoting *Holton*, 425 F. 3d at 1350). The *Hernandez* and *Kerschman* opinions out of the Southern District of Florida entirely undermine Plaintiff's efforts on these issues.

    Second, interrogatory number 5, which only seeks information regarding tip damages, does not require individual answers pertaining interrogatory number 4, which predominantly focuses on obtaining information as to when and who unlawfully distributed and received tips, and documents supporting those allegations. Moreover, Magistrate Judge Otazo-Reyes' order does not direct individualized responses to interrogatory number 4.

    Third, as established above, the benefit to Defendants of obtaining individualized answers to the interrogatories pertaining to tip and minimum wage damages outweighs any alleged burden or expense Plaintiff claims. Moreover, Plaintiff's counsel exaggerates the time necessary to answer interrogatories 5 and 6. As an initial matter, he includes interrogatory number 1 in the calculation when it merely seeks information identifying the person answering interrogatories 5 and 6. Additionally, the process of obtaining the court ordered damages information is

7

administrative in nature and can be handled by legal assistants or paralegals. Lastly, if Plaintiff's counsel does not have the capacity to handle class action cases, he should not take them and his inability to handle the rigors of a class case cannot be allowed to interfere or prevent Defendants' legitimate discovery needs.

Fourth, individualized answers to interrogatories 5 and 6 are not cumulative and duplicative of responses that would be provided on a representative basis. As previously argued and necessary to restate to address Plaintiff's theory, because one class member claims they are owed $10,000 in tips and minimum wages does not mean every class member is owed the same amount. Such an assumption is prejudicial to Defendants because it will result class members receiving more than they are entitled to receive in the form of tips and/or minimum wages if a violation if found, and subjects Defendants to grossly inflated damages for the entire conditional class based on the interrogatory answers of a handful of class members.

Finally, the cases Plaintiff cites are too general and inapplicable to the particular individual discovery ordered in this case pertaining to tip and minimum wage damages. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982) (representative discovery issue pertained to *prima facie* case and not amount of damages claimed); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 88 (2d Cir. 2003) (representative discovery issue pertained to number of hours plaintiffs worked and not amount of damages claimed); *Reich v. Southern New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (representative discovery issue pertained to *prima facie* case and not amount of damages claimed); *Tyson Foods, Inc., v. Bouaphakeo*, 577 U.S. 442 (2016) (representative discovery issue pertained to establishing liability and not amount of damages claimed).

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

      **C.**      **<u>Defendants' Objections to Plaintiff's Request for Production Nos. 15 and 16 were Properly Sustained</u>**

Pursuant to Federal Rule of Civil Procedure 34, a party is permitted to "inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. Critically, "[t]he burden is on the party seeking discovery to establish that the opposing party has 'control' over documents held by an affiliate." *Wright v. Daniel Bluman and Daniel Bluman, LLC*, No. 20-81688-Civ-Reinhart, 2021 U.S. Dist. LEXIS 260059, *5-6 (S.D. Fla. June 8, 2021) (quoting *Seakrock v. Stripling*, 736 F.2d 650 653 (11th Cir. 1984)). Control is not limited to physical possession of records, and it includes the legal right to obtain documents upon command. *Wright*, 2021 U.S. Dist. LEXIS 260059, at *6. Determining if a party has control over records that are not in its possession is a highly factual inquiry. *Id.*

Notably, in *Wright*, the Southern District of Florida explained that a defendant did not have control over text messages and WhatApp communications that were on a phone that was given to the defendant's family caretaker. *Id.* There, the plaintiff sought a forensic examination of text messages and WhatsApp communications on cell phones that were used by the defendant. *Id.* at 3-4. The defendant explained that the Samsung Galaxy that plaintiff sought to examine was not in his possession, custody, or control because it was gifted to the family caretaker prior to the start of the litigation. *Id.* As the defendant did not have the legal right to obtain the cell phone from the caretaker on demand, the court held it was not in the defendant's possession, custody, or control. *Id.* at 6.

Like the defendant in *Wright*, Defendants in this case do not have possession, custody, or control over the WhatsApp communications Plaintiff is requesting in Request for Production Nos. 15 and 16. Defendants do not have possession, custody, or control over these records because the WhatsApp chats would be saved to employees' personal cell phones, if they exist at all, which

9

Defendants do not have the legal right to obtain upon command. Further, there is no factual record evidence that Plaintiff can rely on to establish that Defendants have the legal authority to obtain these records on command. Therefore, Magistrate Judge Otazo-Reyes' ruling was not clearly erroneous or contrary to law.

Further, the cases Plaintiff cites do not establish that Magistrate Judge Otazo-Reyes' current order is clearly erroneous or contrary to law. At most, the cases may suggest that Magistrate Judge Otazo-Reyes had discretion to order Defendants to ask Kiki's employees to search their personal electronic devices and produce responsive documents. *See Matter of Skanska USA Civil Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 U.S. Dist. LEXIS 208691, *4 (N.D. Fla. Aug. 5, 2021). However, Magistrate Judge Otazo-Reyes cannot rule on an argument that was not presented during the hearing. And, even if we assume for discussion purposes that Plaintiff raised the argument, which he did not, Magistrate Judge Otazo-Reyes' ruling sustaining Defendants' objection does not rise to the level of a "definite and firm conviction that a mistake has been committed" and/or that the ruling "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 U.S. Dist. LEXIS 7528, *3-4 (quoting *Holton*, 425 F. 3d at 1350).

To the extent Plaintiff claims Defendants should be required to download and export its employees' WhatsApp communications, there is no basis in law for that claim. Plaintiff seemingly cites to *Matter of Skanska USA Civil Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 U.S. Dist. LEXIS 208691, *4 (N.D. Fla. Aug. 5, 2021) to try to support his proposition that Defendants should be required to download and export its employees' WhatsApp chats and produce the records. However, in *Matter of Skanska USA Civil Se. Inc.*, the court explains there was **no obligation** for the defendant to "extract and review all of the cell phone data" on its employee's personal cell phone because "courts have only required the employer to ask the employee to search

10

and produce the responsive information." *Id.* at *37-38. Therefore, assuming *arguendo* that the Court overrules Magistrate Judge Otazo-Reyes' Order, Plaintiff's suggestion that the Court require Defendants to obtain each employees' cell phone, download its contents, and extract the data is improper and would be contrary to law.

## CONCLUSION

For the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River LLC, and Roman Jones, respectfully requests that this Honorable Court enter an order: (1) denying Plaintiff's Objection to and Appeal of Order [ECF No. 203] and (2) granting such other and further relief as this Court deems just and proper.

Dated:  October 5, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>/s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email*: rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br><br>*Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | LEVINE & PARTNERS, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352<br><br>/s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: *asr@levinelawfirm.com*<br><br>*Counsel for RJ River, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on October 5, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

11

## **SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Allan Reiss, Esq.
Florida Bar No. 858500
Email: *Asr@Levinelawfirm.com*
LEVINE & PARTNERS, P.A.
3350 Mary Street
Miami, Florida 33133
Telephone: (305) 372-1352

*Attorneys for RJ River, LLC*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for 450 North River Drive, LLC, Kiki on the River and Roman Jones*