UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO,
For himself and all others
similarly situated,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

# REPLY SUPPORTING
# PLAINTIFF'S OBJECTION TO AND APPEAL OF ORDER

## A. Representative Discovery Is Appropriate

As a preliminary matter, the Magistrate Judge considered the Defendants' argument about at oral argument, determined the argument was not persuasive, and did not find that any objections were waived. Defendants failed to object to the Order at ECF No. 203, precluding the Court cannot even consider the issue of waiver. {CITE} Defendants' formulaic request to conduct individualized discovery is not proportional to the needs of this case and antithetical to the policy and purpose behind the assemblage of a collective action. Other than sending notice to those similarly situated, the conduct of individualized discovery on each of the approximately 70 people who joined this case would obfuscate the purpose behind the collective action mechanism provided by 29 U.S.C. §216(b).

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendants offer no reason why the individualized discovery is necessary in the case at bar or why representative discovery would not appropriately serve their needs. Defendants' ulterior motives are twofold: (1) to coerce as many class members as possible to withdraw from the case after considering the burdens imposed by responding to discovery (including interrogatories, requests for production, and deposition) as outweighing the potential damages recoverable by each; and (2) to bombard Plaintiff's counsel with thousands of hours of additional work assisting class members with understanding (and for those who do not read English – interpreting) and responding to Defendants' discovery requests. The better course would be to require Plaintiff and a randomly selected group of 10% (or seven) opt-in Plaintiffs to respond to the Interrogatories and to provide an extended response time for same due to the number of persons and requests involved.

As a threshold matter, "Courts routinely approve the use of representative testimony in FLSA cases." *Romero v. Florida Power & Light Co.*, 2012 WL 1970125, at *5 (M.D. Fla. June 1, 2012) (*citing Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir.1982; *Grochowski v. Phoenix Construction*, 318 F.3d 80, 88 (2d Cir.2003); and *Reich v. Southern New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d. Cir.1997).) Courts throughout Florida agree that there is no need for individualized discovery in a collective action. *See Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4760671, at *4 (M.D. Fla. Aug. 24, 2018) ("neither individualized participation in trial nor discovery is required") (*citing Perrin v. Papa John's Int'l, Inc.*, No. 4:09CV01335 AGF, 2011 WL 4635140, at *4 (E.D. Mo. Oct. 4, 2011) ("Courts have held, and this Court agrees, that such notification is especially inappropriate in FLSA cases, where discovery is limited and Plaintiffs are not likely to be called upon to provide deposition testimony.").

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Defendants' arguments about the need for individualized discovery in this case are spurious, considering that liability and damages will be determined by analyzing Defendants' records.

Individualized discovery "undermine[s] the purpose and usefulness of [FLSA]collective actions." *Smith v. Family Video Movie Club, Inc.*, 2012 WL 4464887, at *2 (N.D. Ill.Sept. 27, 2012); see also *Rindfleisch v. Gentiva Health Servs., Inc.*, 2011 WL 7662026, at *4 (N.D. Ga. Dec.29, 2011) ("written discovery—like depositions—should be limited in FLSA actions lest the purpose and usefulness of class actions be undermined by the burdens of individualized discovery."); *Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008) ("[p]ermitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources."). Furthermore, individualized discovery for all opt-in plaintiffs only serves to "obfuscate the issues and drastically enhance the costs of litigation." *McGrath v. City of Philadelphia*, 1994 WL45162, at *3 (E.D. Pa. Feb. 10, 1994) (recognizing that "[i]t is well established that individualized discovery… is inappropriate in a class action lawsuit.); see also Herbert B. Newberg, *Newberg on Class Actions* § 16.05 (Supp.1989). ("The use of extensive and complicated interrogatories and depositions by the party opposing the class may debilitate the putative class in such a way as to preclude certification by dissuading class members from continuing to assert their claims.")

### B. <u>Compelling The WhatsApp Chats Is Appropriate.</u>

Defendants refuse to produce the WhatsApp group chats by purportedly claiming that they cannot compel their managerial or supervisory personnel to comply with their requests. [ECF No. 219 at 10]. Defendants objected to Requests Nos. 15 and 16 which sought the production of "All

3

WhatsApp Chats, including the production of all pictures/images, between Defendants and Plaintiff (and/or the Opt-In Plaintiffs), regarding the shifts worked, the shifts to be worked, and the personnel to work on each shift during the 5 years prior to the filing of the initial Complaint through the present" and "regarding all policies, procedures, and mandatory meetings" on the following basis at Requests Nos. 15 and 16:

> **Objection to Request No. 15:**
>
> Defendant objects to this request to the extent it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In order to fully respond to this request, Defendant would be required to obtain and review every current and former employees' cell phone and WhatsApp Chats for a 5-year period to determine if there were any discussions about work shifts during that time. The current and former employees' cell phones are their personal property that Defendant does not have access to review. Also, Defendant objects to this request to the extent it suggests the other defendants were involved in WhatsApp Chats with Plaintiff (and/or the Opt-In Plaintiffs), addressing the requested information. Lastly, Defendant objects to this request because it seeks information in excess of three years since the FLSA is the only claim that provides a cause of action to recover tips. Plaintiff's claims for relief outside the FLSA are disputed and too tenuous to justify production beyond three years.
>
> **Objection to Request No. 16:**
>
> Defendant objects to this request to the extent it is overly broad and unduly burdensome. In order to fully respond to this request, Defendant would be required to obtain and review every employees' cell phone and WhatsApp Chats for a 5-year period to determine if there were any discussions about policies, procedures, or mandatory meetings during that time. The employees' cell phones are their personal property that Defendant does not have access to review.
>
> Defendant further objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information about any policies, procedures, or mandatory meetings. Plaintiff's Complaint asserts claims for unpaid tips. This request is not limited in any way to the allegations in the Complaint or the defenses raised. For example, Kiki's computer usage and communication policy does not relate to the distribution of tips.

The Magistrate Judge sustained the objections in the Order at issue. [ECF No. 203.] Defendants provided no documentation or information allow the Court to analyze the burden and/or cost of

4

requiring its managerial and/or supervisory personnel to produce the WhatsApp Chats or to indicate the nature of its overbreadth objection.

> A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome. *See Benfatto v. Wachovia Bank, N.A.,* 2008 WL 4938418, *4 (S.D.Fla. Nov.19, 2008) (citing *Convertino v. U.S. Dept. of Justice,* 565 F.Supp.2d 10, 14 (D.D.C.2008)).

*Bank of Mongolia v. M & P Glob. Fin. Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). More problematic, however, is the failure by the Magistrate Judge to recognize the Defendants' authority to compel its managerial and supervisory personnel to provide access to the WhatsApp chats that were used to coordinate official business of the Defendants as it related to scheduling, shifts, and meetings. The requested information is relevant to Plaintiff's claims and proportional to the needs of the case. Fed. R. Civ. P.26(b)(5). Since Defendant, 450 North River Drive LLC can only act through its agents, employees, managers, and supervisors, it has the authority to compel its employees – including its managers and supervisors – to produce their work-related communications. *See e.g., Williams v. Estates, LLC*, 12020 WL 13077132, at *5 (M.D.N.C. Nov. 18, 2020) ("Plaintiffs' motion to compel is granted as to all texts and emails" with managers). Courts almost uniformly agree that (much larger) employers have the authority to and are required to produce relevant text (or similar) messages. *Compare Su v. United States Postal Serv.* 2023 WL 6290600, at *3 (W.D. Wash. Sept. 27, 2023) (motion to compel directed to USPS was "granted as to the email and text messages"); *Russell v. Attala Steel Indus., LLC*, 2023 WL 6133463, at *19 (N.D. Miss. Sept. 19, 2023); *Scarpati v. Florida Highway Safety & Motor Vehicles*, 6:20-CV-1571-WWB-LRH, 2021 WL 7501822, at *2 (M.D. Fla. Nov. 17, 2021) ("Accordingly, insofar as Plaintiff seeks to compel FHSMV to provide responsive text messages from FHSMV employees related to Mr. Scarpati and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

this case, Plaintiff's motion to compel will be **GRANTED**"); and *Blair v. Pride Indus., Inc.*, 2015 WL 10818665, at *4 (W.D. Tex. July 17, 2015) (overruling objection and requiring production of "all emails and attachments and all text messages and instant messages to and from the accounts of Plaintiff's supervisors, Plaintiff's managers, and Defendant's Human Resources personnel").

The Defendants did not respond by disclaiming that their managers and supervisors did not disseminate work-related information by WhatsApp, and the Magistrate Judge did not, but should have, consider this factor in her ruling.

> As it relates to a search for text messages on Commissioner Ryder's personal cell phone, in order to require search and production of those text messages, some evidence that Commissioner Ryder used his personal cell phone for work or work-related texts is required.)(*citing See La Belle v. Barclays Cap. Inc.*, 340 F.R.D. 74, 84 (S.D.N.Y. 2022) ("Accordingly, we find that the duty to search for messages on [Supervisors'] personal cellphones did not arise until there was some indication that evidence relevant to plaintiff's claims was contained on the personal devices of those employees.")

*Volpe v. Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022).

Ultimately, any privacy concerns of the non-party managerial or supervisory employees are misplaced, given the ease with which the responsive WhatsApp chats can be isolated, downloaded/exported, and produced. (*See* (*See* https://faq.whatsapp.com/1180414079177245/?cms_platform=android.).

Mr. Collado respectfully requests that this Honorable Court sustain his objections to the Order, as set forth above.

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Respectfully submitted this 11th day of October 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff(s*
