UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-23074-BLOOM/OTAZO-REYES

OCTAVIO COLLADO
For himself and all others
similarly situated,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

**DEFENDANTS 450 NORTH RIVER DRIVE, LLC, D/B/A KIKI ON THE RIVER, ROMAN JONES, AND RJ RIVER, LLC, JOINT MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND APPEAL OF THE MAGISTRATE JUDGE'S DISCOVERY ORDER DATED SEPTEMBER 6, 2023, OR IN THE ALTERNATIVE, <u>MOTION FOR LEAVE TO FILE A SUR-REPLY</u>**

    Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River ("Kiki"), Roman Jones ("Jones"), and RJ RIVER, LLC ("RJ") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Motion to Strike Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Objection to and Appeal of the Magistrate Judge's Order dated September 6, 2023 (ECF No. 222), or in the alternative, Motion for Leave to File a Sur-Reply. Defendants state the following in support thereof:

    1.    On September 6, 2023, Magistrate Judge Alicia M. Otazo-Reyes conducted a hearing on discovery issues raised by Defendants and Plaintiff, Octavio Collado ("Collado"). [ECF No. 204]. On the same day as the hearing, Magistrate Judge Otazo-Reyes entered her

detailed written Order ("the Order") explaining her rulings on each of the disputes raised by Defendants and Plaintiff. [ECF No. 203].

2.  The Order granted, in part, Kiki's motion to compel individual discovery. Specifically, the Order directed Plaintiff and the Opt-in Plaintiffs to provide individual answers to two substantive interrogatories. Additionally, the Order sustained Defendants' objections pertaining to Plaintiff's request for WhatsApp chats involving the personal cell phones of non-party supervisors and/or managers.

3.  On February 20, 2023, Plaintiff filed his Objection to and Appeal of Order (the "Appeal") pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Local Magistrate Judge Rule 4. [ECF No. 213].

4.  Defendants filed their Response in Opposition on October 4, 2023. [ECF No. 2019]. Defendants provided the Court with legal authority permitting Judge Otazo-Reyes to make the rulings that she did, which establishes that the Order was **not** clearly erroneous or contrary to law. *Id.*

5.  Pursuant to S.D. Fla. L. Mag. R. 4(a)(1) and Fed. R. Civ. P. 72, Defendants' Response must be the last filing relating to the Appeal because the forgoing rules only allow an objection and a response. Neither S.D. Fla. L. Mag. R. 4(a)(1) or Fed. R. Civ. P. 72 allow for a reply to be filed after the filing of a response.

6.  Despite the clear language in S.D. Fla. L. Mag. R. 4(a)(1) and Fed. R. Civ. P. 72, Plaintiff improperly filed a Reply to Defendants' Response on October 11, 2023. [ECF No. 222]. Plaintiff's filing of a Reply is in clear violation of the local and federal rules and is prejudicial to Defendants. As a result, Plaintiff's Reply must be stricken.

7. Alternatively, Defendants request leave to file a Sur-Reply to address issues that were raised for the first time in Plaintiff's Reply.

## MEMORANDUM OF LAW

### A. Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Objection to and Appeal of the Magistrate Judge's Order was Improperly Filed and Must be Stricken.

Section 636(b)(1)(A) of the United States Code permits a district court judge to designate a magistrate judge to hear and determine any pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 explains that when a magistrate judge rules on a non-dispositive motion, "a party may serve and file objection to the order within 14 days after being served with a copy" of the order. Fed. R. Civ. P. 72. Similarly, S.D. Fla. L. Mag. R. 4(a)(1) states a party may appeal a non-dispositive magistrate judge's order within 14 days of the order being entered and provides "[a]ny party may respond to another party's objections within fourteen (14) days after being served with a copy thereof[.]" Critically, neither S.D. Fla. L. Mag. R. 4(a)(1) or Fed. R. Civ. P. 72 permit the plaintiff to file a reply. *See IQRIS Techs. LLC v. Point Blank Enters.*, No. 21-cv-61976-BLOOM/Reinhart, 2023 U.S. Dist. LEXIS 2282, *fn. 1 (S.D. Fla. Jan. 5, 2023) (Bloom, J.) ("[n]either the Local Rules nor the Federal Rules of Civil Procedure permit the filing of a Reply when appealing a magistrate judge's order on non-dispositive matters").[1]

Here, Plaintiff filed the Appeal pursuant to S.D. Fla. L. Mag. R. 4(a)(1). [ECF No. 203]. Defendants then filed a Response to the Appeal in accordance with S.D. Fla. L. Mag. R. 4(a)(1), which opposed the arguments raised by Plaintiff. [ECF No. 201]. Plaintiff then violated the federal and local rules and elected to file an unpermitted Reply to Defendants' Response in

---

[1] The Court specifically noted that a reply is not permitted when appealing a magistrate judge's order on non-dispositive matters but in that instance the court reviewed the reply where a motion to strike was **not** filed.

Opposition to Plaintiff's Objection to and Appeal of the Magistrate Judge's Order. [ECF No. 222]. Plaintiff's violation of the federal and local rules permitted him to make arguments that were not initially raised in the Appeal and misrepresents the Order and events during the hearing. As these arguments were (1) raised through an improper filing and (2) outside the scope of the Appeal, Plaintiff's Reply should be stricken and should not be considered by this Court. As discussed in more detail below, if the Reply is not stricken Defendants will be prejudiced.

    **B.**    **Defendants Should be Permitted to File a Sur-Reply if Plaintiff's Reply is Not Stricken.**

If Plaintiff's Reply is not stricken, Defendants should be permitted to file a sur-reply to address new arguments raised and misrepresentations made by Plaintiff in the Reply. Even in instances where a reply is permitted, courts recognize the inherent unfairness and prejudice to a non-moving party who has no opportunity to respond to arguments raised for the first time in a reply. *See, e.g., Reliance Ins. Co. of Ill. v. Richfield Hosp. Servs.*, 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000) (courts **"should not consider arguments raised for the first time in a reply brief."**) (emphasis added); *see also* S.D. Fla. L. R. 7.1(c) (reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition").

As reflected by the above legal authority addressing replies **when they are permitted**, courts allow the filing of a sur-reply when a party raises new issues in the reply. *See Stone v. Dewey*, No. 1:10-cv-00159-MP-GRJ, 2011 U.S. Dist. LEXIS 76249, at *14 (N.D. Fla. July 14, 2011) (citing *First Specialty Ins. Co. v. 633 Partners, Ltd.*, 300 Fed. App'x 777, 788 (11th Cir. 2008) ("The Eleventh Circuit recognizes the appropriateness of sur-replies where new theories or arguments are presented in a reply memorandum"); *Hammet v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments . . . in her Reply the Court will grant Defendant's Motion for Leave to File a Sur-Reply . . ..").

Here, Plaintiff was not entitled to file a Reply, which makes the new arguments and misrepresentations more prejudicial. If the Court considers Plaintiff's improperly filed Reply, it should permit Defendants to file a sur-reply to address the new arguments and misrepresentations raised in the Reply. For example, Plaintiff argues for the first time or misrepresents the following in his Reply:

1. Plaintiff misrepresents the applicable standard for the appeal of a non-dispositive magistrate order. All of Plaintiff's arguments focus on what **he wants** the Court to do based on cases he cites. However, he fails to refute that Judge Otazo-Reyes' rulings were **not** contrary to law or clearly erroneous, which is the correct standard, based on the cases Defendants cite that support her rulings.

2. Plaintiff misrepresents that "the Magistrate Judge considered the Defendants' argument about [sic] at oral argument, determined the argument was not persuasive, and did not find any objections were waived." Plaintiff's misrepresentation is clearly demonstrated by looking at the order, which does not address Defendants' waiver argument and that is because no such ruling was made during the hearing.

3. Plaintiff misrepresents that "Defendants offer no reason why individualized discovery is necessary in the case of bar or why representative discovery would not appropriately serve their needs." [ECF No. 222]. Amazingly, a couple of paragraphs later Plaintiff confirms his prior misrepresentation by stating "**Defendants' arguments about the need for individualized discovery in this case** . . .." *Id.* Defendants did provide reasons why individualized discovery is necessary pertaining to damages, Magistrate Judge Otazo-Reyes found them sufficient, and Plaintiff did not establish in his appeal that her rulings are clearly erroneous or contrary to law.

4. Plaintiff misrepresents that Defendants are trying to "coerce as many class members as possible to withdraw from the case" and that the discovery is intended to "bombard plaintiff's counsel with thousands of hours of additional work." *Id.* Plaintiff's misrepresentations disregard the fact that they only must respond to two substantive interrogatories, and Kiki reduced the number of interrogatories it served

    from 25 to 5 substantive interrogatories. *Id.* Moreover, Plaintiff's counsel's alleged inability to handle the rigors of a collective action does not support a finding that Magistrate Judge Otazo-Reyes' rulings are clearly erroneous or contrary to law.

5.  Plaintiff raises for the first time that Magistrate Judge Otazo-Reyes "fail[ed] to recognize the Defendants authority to compel its managerial and supervisory personnel to provide access to the WhatsApp chats that were used to coordinate official business of the Defendants as it related to scheduling, shifts, and meetings." *Id.* Further, all but one of the cases cited in the Reply to support this claim were not cited in the appeal.[2] Thus, Defendants have not had an opportunity to respond to this claim and the cases cited.

6.  Plaintiff raises for the first time that "Defendants provided no documentation or information [to] allow the Court to analyze the burden and/or cost of requiring its managerial and/or supervisory personnel to produce the WhatsApp Chats[.]" *Id.* Thus, Defendants have not had an opportunity to respond to this claim.

7.  Plaintiff raises for the first time that "Defendants did not respond by disclaiming that their managers and supervisors did not disseminate work-related information by WhatsApp[.]" *Id.* Thus, Defendants have not had an opportunity to respond to this claim.

  Therefore, Defendants should be permitted to file a sur-reply to fully brief these issues if Plaintiff's Reply is not stricken.

## **CONCLUSION**

  For the foregoing reasons, Defendants, 450 North River Drive, LLC, d/b/a Kiki on the River, RJ River LLC, and Roman Jones, respectfully requests that this Honorable Court enter an order: (1) striking Plaintiff's Reply Supporting his Objections to and Appeal of Order [ECF No. 222], or in the alternative, (2) permitting Defendants with leave to file a sur-reply, and (3) granting such other and further relief as this Court deems just and proper.

---

[2] The one case that was cited in the appeal, *Bank of Mongolia v. M & P Glob. Fin. Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009), was cited for a different proposition.

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

## CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein and was unable to resolve the issue.

Dated: October 13, 2023

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600 | LEVINE & PARTNERS, P.A.<br>3350 Mary Street<br>Miami, Florida 33133<br>Telephone: (305) 372-1352 |
| /s/ *Reynaldo Velazquez*<br>Reynaldo Velazquez, Esq.<br>Florida Bar No.: 069779<br>Email*: rey.velazquez@jacksonlewis.com*<br>Roman Sarangoulis, Esq.<br>Florida Bar No. 1011944<br>Email: *roman.sarangoulis@jacksonlewis.com*<br><br>*Counsel for 450 North River Drive, LLC,*<br>*d/b/a Kiki on the River and Roman Jones* | /s/ *Allan Reiss*<br>Allan Reiss, Esq<br>Florida Bar No. 858500<br>Email: *asr@levinelawfirm.com*<br><br>*Counsel for RJ River, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on October 13, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

7

CASE NO.: 1:22-CV-23074-BLOOM/OTAZO-REYES

**SERVICE LIST**

| | |
|---|---|
| Brian Pollock, Esq. | Reynaldo Velazquez, Esq. |
| Florida Bar No. 174742 | Florida Bar No.: 069779 |
| Email: *brian@fairlawattorney.com* | Email: *rey.velazquez@jacksonlewis.com* |
| FAIRLAW FIRM | Roman Sarangoulis, Esq. |
| 135 San Lorenzo Ave. | Florida Bar No. 1011944 |
| Coral Gables, Florida 33146 | Email: *roman.sarangoulis@jacksonlewis.com* |
| Telephone: (305) 230-4884 | JACKSON LEWIS P.C. |
| | One Biscayne Tower |
| *Attorneys for Plaintiff* | 2 South Biscayne Boulevard, Suite 3500 |
| | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | |
| | *Attorney for 450 North River Drive, LLC, Kiki on the River and Roman Jones* |
| Allan Reiss, Esq. | |
| Florida Bar No. 858500 | |
| Email: *Asr@Levinelawfirm.com* | |
| LEVINE & PARTNERS, P.A. | |
| 3350 Mary Street | |
| Miami, Florida 33133 | |
| Telephone: (305) 372-1352 | |
| | |
| *Attorneys for RJ River, LLC* | |