UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/TORRES

OCTAVIO COLLADO,   **COLLECTIVE ACTION**
For himself and all others
similarly situated,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND ROMAN JONES,

    Defendants.
_____/

## **CORRECTED MOTION TO WITHDRAW AS COUNSEL**[1]

Pursuant to S.D. Fla. Local Rules 7.1 and 11.1(d)(3), and R. Reg. Fla. Bar. 4-1.16(a)(3), the undersigned counsel, Brian H. Pollock, Esq. and FairLaw Firm, request the Court's permission to withdraw as counsel in this case based on the following good cause:

### I.    INTRODUCTION

The Rules Regulating the Florida Bar require an attorney to withdraw from representation under the following circumstances:

(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) **the lawyer is discharged**;

---

[1] The undersigned files this Corrected Motion to Withdraw as Counsel to correct scrivener's errors in ¶23 of ECF No. 233, including to replace the word "resigned" with "responded," to eliminate unnecessary verbiage, and to identify why Defendants indicated they opposed the undersigned's request to withdrawal as counsel in this case in their December 20, 2023, email by referring to their contemporaneously served Motion for Rule 11 Sanctions Against Brian H. Pollock, Esq. and FairLaw Firm and the Exhibits provide therewith.

1

> (4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
> (5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud. [*Emphasis added*.]

R. Reg. Fla. Bar. 4-1.16(a). Under this Court's Local Rules, withdrawal after an appearance by counsel can only occur after notice is served on the attorney's client and opposing counsel. S.D. Fla. L.R. 11.1(a)(3). Mr. Collado discharged the undersigned as counsel; therefore, the undersigned requests the Court's permission to withdraw as counsel in this case.

## II.   THE FACTS

1. Mr. Collado consulted with and then retained the undersigned to represent him, individually and potentially as a representative of a class of others similarly situated.

2. The representation agreement Mr. Collado signed included, as pertinent herein, a provision granting the FairLaw Firm a charging lien against any and all recovery.

3. Mr. Collado authorized the undersigned to file a one-count Complaint on September 23, 2022, alleging that Defendants, 450 North River Drive, LLC d/b/a Kiki on the River, RJ River, LLC, and Roman Jones, either retained for themselves or failed to properly distribute tips left by patrons in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §210, *et seq*.

4. The Court entered its Order Setting Trial on November 10, 2022 [ECF No. 26].

5. After several others also retained the undersigned to represent them and filed their Consents to Join, Mr. Collado filed a series of amended complaints that included not only a claim under the FLSA for himself and others similarly situated but also putative class claims under the Florida Minimum Wage Act, Fla. Stat. §448.110, and the common law of Florida. [ECF Nos. 40, 59, 122.]

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6. The Court certified Count I of the Third Amended Complaint to proceed as a collective action under 29 U.S.C §216(b), appointed Mr. Collado as the representative of the Class, and appointed the undersigned as counsel to represent the class. [ECF No. 155.]

7. The Court then entered its Order Amending Scheduling Order on September 7, 2023, postponing the trial period until June 3, 2024 [ECF No. 206].[2]

8. The parties exchanged written discovery, and several discovery orders were entered. [ECF Nos. 203, 227, 231.]

9. One of the discovery Orders provided, *inter alia*, for Mr. Collado to testify in a representative capacity, with his deposition lasting two (2) days. [ECF No. 231.]

10. Meanwhile, the parties had been discussing a request to continue the trial and all related deadlines. Defendants proposed extending the remaining pre-trial deadlines for 60 days and indicated that they would proceed with this request, while Plaintiff proposed a four-month extension.

11. The Court then denied Mr. Collado's motion to certify Counts II or III to proceed in a representative capacity on December 4, 2023. [ECF No. 232.]

12. The Court further ordered that Counts II should proceed against Defendants as an individual claim by Mr. Collado, and that Count III should proceed as an individual claim by Mr. Collado against Defendant, 450 North River Drive, LLC. *Id.*

13. In addition, the Court directed that putative class members file separate claims if they wish to pursue similar FMWA or Florida common law unpaid wage claims. *Id.*

---

[2] The deadline to join Count I's collective action expired on September 22, 2023 [ECF No. 168].

14. Mr. Collado appeared for the first sitting of his deposition on Tuesday, December 12, 2023. He testified for approximately 6.5 hours.[3]

### Withdrawal of Counsel

15. After completing the first day of his deposition, Mr. Collado informed the undersigned that he and his firm had been discharged as counsel.

16. Mr. Collado's termination of the attorney-client relationship with the undersigned resulted in irreconcilable differences that preclude the undersigned from continued representation in this case. R. Reg. Fla. Bar 4-1.16(a).

17. The undersigned counsel agrees that it would be appropriate to withdraw as counsel from this case under the circumstances presented, given that withdrawal would impact the representation of Mr. Collado in his position as the representative of the Collective for Count I and for his individual claims at Counts II and III of the Third Amended Complaint.[4]

18. The undersigned sent a letter sent to Mr. Collado by email and U.S. Mail to confirm his discharge of the undersigned on December 13, 2023.

19. With Mr. Collado's written permission, the undersigned copied the members of the Collective on the above-described email sent on December 13, 2023.

20. The undersigned can withdraw as counsel in this case without material adverse

---

[3] Defendants then requested dates for the continuation of Mr. Collado's deposition on Friday, December 15, 2023. The undersigned responded that he could not provide dates for Mr. Collado. Defendants also indicated that they would no longer request/agree to any extension of the remaining pre-trial deadlines or to continue the trial.

[4] The undersigned also currently represents one of the members of the Collective, Inese Berzina, against Defendant, 450 North River Drive, LLC, in a gender discrimination case filed in this Court on November 9, 2023, bearing S.D. Fla. Case No.: *Berzina v. 450 North River Drive, LLC*, S.D. Fla. 1:23-cv-24295-JEM. The Complaint in *Berzina* was served on the Defendant on December 6, 2023.



4

effects on Mr. Collado or the collective, as any successor or substitute counsel can effectively handle and/or address the remaining issues – whether for Mr. Collado individually, the collective, or individual claims by the Collective as contemplated by the Court's Order. [ECF No. 232.]

21. Mr. Collado's current contact information, as required by S.D. Fla. Local Rule 11.1, is as follows:

> Octavio Collado
> 8250 NW 5th Terrace,
> Apt. 362,
> Miami, Florida, 33126
> octaviocollado092@gmail.com

22. The undersigned will provide a copy of this Motion by email to Mr. Collado and the other members of the Collective and then provide any Order entered by the Court about this Motion.

## Conferral

23. The undersigned conferred with defense counsel by requesting their position on the undersigned's withdrawal from this case by email at 5:14 p.m. on Monday, December 18, 2023. Defendants responded by email at 2:14 p.m. on Tuesday, December 19, 2023, that they needed to confer with their clients, requested the basis for withdrawal, and would attempt to coordinate a call with them and "circle back" by December 20, 2023. The undersigned responded at 3:55 p.m. that Mr. Collado had discharged the undersigned and was required to withdraw under Rule 4-1.16(a). Defendants ultimately responded by email at 8:01 a.m. on December 20, 2023, as follows: "Attached please find our clients' Rule 11 motion and exhibits in support. In light of the issues raised in the motion, our clients oppose your motion to withdraw from this case." The email attached a letter to the undersigned, a Motion for Rule 11 Sanctions Against Brian H. Pollock, Esq. and FairLaw Firm, and the Exhibits referenced in the Motion.

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### III.     ARGUMENT

The undersigned currently represents Mr. Collado as the representative of the Collective for the claim(s) asserted in Count I of the Third Amended Complaint and for the individual claims he asserted in Counts II and III under Florida law and which the Court determined could not proceed on a class basis under Rule 23, but which proceed on an individual basis. [*See* ECF NO. 232.] Mr. Collado discharged the undersigned as counsel, which the undersigned confirmed in writing. Rule 4-1.16(a)(3) of the Rules Regulating The Florida Bar requires the undersigned to withdraw from representation when the lawyer is "discharged." *See also The Florida Bar v. Vining*, 721 So. 2d 1164, 1168 (Fla. 1998) (disciplining attorney for continued representation after client discharged lawyer).

The Court should grant the undersigned's request to withdraw from this case, including from his role as counsel for the Collective at Count I and from representing Mr. Collado at Counts II and II, given the procedural posture of this case, and relieve the undersigned of any further responsibility to the Collective or Mr. Collado in this case.

The Court has the authority to modify its Order certifying the collective [ECF No. 155], and the undersigned requests that the Court exercise that authority to relieve him and his law firm of further responsibilities in this case. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.")

Besides being discharged as counsel by Mr. Collado, the United States Supreme Court previously stated that an attorney may not be able to adequately and fairly represent the interests of a Rule 23 Class if that attorney concurrently represented another class against the same Defendant(s). *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). While not binding on this Court,

6

the District Court for the Northern District of California expanded on the United States Supreme Court's logic in *Ortiz* to question the adequacy of counsel who was prosecuting an individual claim against the same Defendant to also act as counsel on behalf of a Rule 23 Class or FLSA Collective against that same Defendant in in *Lou v. Ma Labs., Inc.*, 2014 WL 68605, at *2 (N.D. Cal. Jan. 8, 2014). The Court continued to rule as follows on the adequacy of counsel issue:

> A prominent treatise states: "Courts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding, even if there is partial overlap among the plaintiffs or class members in the cases." 1 MCLAUGHLIN ON CLASS ACTIONS 4:39 (10th ed.).
>
> **       **       **
>
> Accordingly, this order finds that proposed class counsel cannot fairly and adequately represent the interests of the putative Rule 23 and FLSA classes in this action. Rule 23, of course, does not apply to the proposed FLSA collective action. The concerns of this order, however, do. A district court's discretion over FLSA collective actions is well-recognized by the Supreme Court. *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 169 (1989).

*Lou v. Ma Labs., Inc.*, C 12-05409 WHA, 2014 WL 68605, at *2 (N.D. Cal. Jan. 8, 2014). The undersigned filed a separate lawsuit on November 7, 2023, which is pending in this Court against the same Defendant in *Berzina v. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:23-cv-24295-JEM. The undersigned does not believe that the prosecution of a gender discrimination case against one of the Defendants in the case *sub judice* by one of the members of the Collective in a separately filed action necessarily precludes the undersigned from continuing to serve as counsel for the Collective or creates a conflict of interest. But, when considered together, the combination of having been discharged as counsel by Mr. Collado coupled with the undersigned's prosecution of a separate lawsuit by a member of the Collective against one of the Defendants support the Court's decision to permit the undersigned's withdrawal from this case to avoid any further ethical issues that may hereafter arise.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Neither Mr. Collado nor the members of the Collective would be adversely affected by granting the undersigned's motion to withdraw as counsel in this case since they could retain successor counsel to take whatever actions are appropriate and/or necessary. Furthermore, Mr. Collado discharged the undersigned, so the undersigned cannot ethically continue representing a client who does not want the undersigned as counsel. R. Reg. Fla. Bar. 1-1.16(a). The undersigned requests the Court to promptly grant this motion and permit the undersigned to withdraw as counsel, thereby relieving Brian H. Pollock, Esq., and FairLaw Firm of any additional responsibilities in this case.

Upon the Court's granting the undersigned permission to withdraw from this case, the undersigned will notify Mr. Collado by email and U.S. Mail and the members of the Collective by email, and take such other steps as necessary and/or required by the Court

The undersigned further requests that the Court provide Mr. Collado and the Collective with 45 days to retain new counsel and to stay all deadlines, accordingly, given the intervening holidays. The undersigned also requests 45 days for new/successor counsel to be retained and appear in this case because the undersigned will be traveling outside the country from December 22, 2023, through January 3, 2024, during which time the undersigned will have limited internet or cellular service access.

The rights and obligations of a party under a contingent fee arrangement are governed by Florida law. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir.1990). Thus, the undersigned requests that the Court impose a charging lien on the proceeds of any recovery arising out of this litigation and to require Mr. Collado, the members of the Collective, defense counsel, and/or successor counsel to notify the undersigned of any settlement or the entry of final judgment.

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

The undersigned requests the Court to reserve jurisdiction in any final judgment to determine and/or enforce the charging lien.

## IV.  CONCLUSION

WHEREFORE, Brian H. Pollock, Esq. and FairLaw Firm request that the Court permit them to withdraw as counsel from and be relieved of all further responsibilities in this case, to determine that they may impose a charging lien on the proceeds of any recovery or judgment obtained for those who joined this case, to retain jurisdiction to determine and/or enforce the charging lien, to provide 45 days to retain new/successor counsel to appear in this case, and to grant a commensurate stay of all deadlines.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Mr. Collado consents to the undersigned's withdrawal, while counsel for the Defendants did not agree to the relief requested herein as set forth more specifically in paragraph 23, above.

Respectfully submitted this 22nd day of December 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff(s)*

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com