UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM/TORRES

OCTAVIO COLLADO,  **COLLECTIVE ACTION**
For himself and all others
similarly situated,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC, AND
ROMAN JONES,

    Defendants.
_____/

## REPLY SUPPORTING CORRECTED MOTION TO WITHDRAW AS COUNSEL

### I.  INTRODUCTION

The Defendants do not offer any legal basis for the Court to require the undersigned counsel to continue in his role as counsel in this case, considering the ethical constraints imposed by R. Reg. Fla. Bar 4-1.16(a)(3). The Defendants request the Court to defer ruling on the undersigned's request to withdraw until after the 21-day safe harbor expires and/or after a ruling on their Rule 11 Motion. Defendants' opposition would likely have the undersigned encounter an inescapable ethical minefield if required to remain as counsel in this case. Ethical considerations preclude the undersigned from providing substantive responses to Defendants' substantive claims related to the Motion for Rule 11 Sanctions they served involving the Third Amended Complaint. The timeline of events that precipitated the undersigned's request to withdraw as counsel

1

establishes that he conferred with the Defendants about withdrawing from this case **before** they served their Rule 11 Motion, thereby establishing that withdrawal was sought for ethical and not tactical reasons. Accordingly, the undersigned requests that the Court grant the relief requested by permitting the undersigned to withdraw as counsel from this case.

## II.     ARGUMENT

"The Rules Regulating the Florida Bar distinguish between situations in which a lawyer *must* terminate representation as opposed to when an attorney *may* withdraw from representation." *Patnaude v. Sears Pest Control, Inc.*, 2009 WL 10667065, at *2 (S.D. Fla. May 13, 2009) (citing Rule 4-1.16, Rules Regulating The Florida Bar) [*emphasis in original*]. The hallmark of a mandatory requirement is the use of the term "shall." *The Florida Bar v. Trazenfeld*, 833 So. 2d 734, 738 (Fla. 2002) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'")

Mr. Collado discharged the undersigned. Consequently, the scenario *sub judice* is one in which the undersigned *must* withdraw from representation because Rule 4-1.16(a)(3) requires an attorney to withdraw upon discharge by using the term "shall withdraw" for a circumstance in which "the lawyer is discharged." Although the Defendants seem to dispute the voracity of the undersigned's representation that Mr. Collado discharged the undersigned as counsel, it bears noting that the undersigned provided copies of the initial Motion to Withdraw [ECF No. 233] and Corrected Motion to Withdraw [ECF No. 255] to Mr. Collado, who filed nothing with the Court to dispute the facts set forth therein. Accordingly, the undersigned cannot remain as counsel in this case, let alone be put in a situation where he would be required to respond to a Rule 11 Motion. Therefore, the Court should grant the undersigned's request to withdraw as counsel from this case.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### A.     <u>Counsel Must Withdraw When Discharged.</u>

The undersigned counsel seeks the Court's permission to withdraw from representation in this case because Mr. Collado discharged him as counsel and not for an ulterior motive, as the Defendants suggest. The Rules Regulating The Florida Bar require the undersigned to take no other action than to seek to withdraw from representation based upon Mr. Collado's discharge of his counsel. Rule 4-1.16(a)(3) requires the undersigned to withdraw from representation when discharged. *Martini v. Young*, 921 So. 2d 647, 654 (Fla. 5th DCA 2005) (Griffin, J., concurring) ("it is the responsibility of counsel to withdraw from a case when he is discharged.") "Because Plaintiff's counsel was discharged by Plaintiff, counsel was required to move to withdraw." *Yacht Assist, Inc. v. CRP LMC PROP Co., LLC*, 353 So. 3d 65, 67 (Fla. 4th DCA 2022) (citing R. Regulating Fla. Bar 4-1.16(a)(3).) To withdraw from representation, the undersigned must request the Court to enter an Order permitting him to withdraw based on S.D. Fla. Local Rule 11.1(d)(3).

Defendants oppose the undersigned's request to withdraw as counsel under the misguided notion that his request to withdraw as counsel was voluntary. They proceeded to analyze the undersigned's request as if it were voluntary, despite the mandatory nature of the withdrawal and the concomitant "good cause." Defendants offer no basis for the Court to consider the undersigned's request as seeking permissive rather than mandatory withdrawal.

The Defendants acknowledge that the Court's responsibility is to ensure that "the withdrawal of counsel is for good cause." [ECF No. 237 at 9]; *Mekdeci v. Merrell Nat'l Laboratories, Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1522-23 (11th Cir. 1983) (*quoting Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981). It is true that "The Court has the discretion to allow the withdrawal of counsel under certain circumstances." *Patnaude v. Sears Pest Control, Inc.*, 2009 WL 10667065, at *2 (S.D. Fla. May 13, 2009) (distinguishing between situations implicating permissive

3

and mandatory withdrawal). But this Court, the Eleventh Circuit Court of Appeals, and The Florida Bar all recognize a distinction between the circumstances in which the Court *should* permit counsel to withdraw and those in which the Court *must* grant counsel the ability to withdraw. The precursor to the Eleventh Circuit specifically discussed that a District Court must analyze situations involving the voluntary withdrawal of counsel differently than those in which counsel is "discharged by the client":

> We see a distinction, however, "between the case of a solicitor voluntarily withdrawing from a case and the case of a solicitor discharged by the client." *The Flush*, 277 F. 25, 30 (2d Cir. 1921). In the former case, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of *883 counsel is for good cause. *See Goldsmith v. Pyramid Communications, Inc.*, 362 F.Supp. 694, 696 (S.D.N.Y.1973); *El Morro Food Distributors v. W. M. Tynan and Co.*, 223 F.Supp. 717, 718 (S.D.N.Y.1963). This by itself is adequate to protect the interests of the parties before the court and assure fair treatment of the court's officers.

*Broughten*, 634 F.2d at 882–83.[1]

Since Mr. Collado discharged the undersigned counsel, the present scenario falls into the latter category of circumstances involving an attorney "discharged by the client" and does not implicate the same concerns about disruption or prejudice. *Id.* The undersigned cannot hereafter continue with representation following discharge by the client.

### B.     The Undersigned Promptly Sought To Withdraw As Counsel.

Mr. Collado discharged the undersigned as counsel the day after giving a deposition in this case, and the undersigned promptly confirmed Mr. Collado's decision in writing. The undersigned contacted The Florida Bar (through its Ethics Hotline) and was advised that he could not take any other action than to request the Court's permission to withdraw based on Rule Regulating The

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

Florida Bar 4-1.16(a)(3). Without reiterating the timing of the events precipitating this Motion, since they are recited at ECF No. 235 at ¶¶1-23, the Defendants acknowledge that the undersigned acted timely by confirming Mr. Collado's discharge of counsel in writing and that the undersigned did not delay in requesting their position on his request to withdraw as counsel.

Defendants ignore that the undersigned conferred with them about their position on his request to withdraw based on having been discharged several **days before** they responded by email that they opposed withdrawal and enclosed their Motion for Rule 11 Sanctions. The timeline of events (at ECF No. 235 at ¶¶1-23) establishes that the undersigned initiated the conferral process required by Local Rule 7.1 as a prerequisite to filing a motion (to withdraw) **days before** the Defendants served (or even threatened) the filing of a Rule 11 Motion. Consequently, the timing of events supports the Court granting the undersigned's request to withdraw as counsel in this case.

### C. Ethical Considerations Preclude The Undersigned From Addressing The Merits of Defendants' Arguments Related To Their (Unfiled) Rule 11 Motion.

Defendants oppose the undersigned's withdrawal and request the Court to require him to remain as counsel in this case until after the rendering of a decision on Defendants' Motion for Rule 11 Sanctions Against Brian H. Pollock, Esq. and FairLaw Firm, served on December 20, 2023. The undersigned is ethically prohibited from withdrawing addressing the Motion for Rule 11 Sanctions because Mr. Collado discharged the undersigned **before** the Rule 11 Motion was served, and the undersigned conferred with Defendants **before** they served the Rule 11 Motion, thereby precluding the undersigned from taking any actions that would affect Mr. Collado and/or the collective. *Compare The Florida Bar v. Vining*, 721 So. 2d 1164, 1169 (Fla. 1998) (discussing

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

violation of Rules Regulating The Florida Bar by an attorney who took affirmative actions for a client after being discharged.)

Defendants' Rule 11 Motion is directed to the Third Amended Complaint, and they request that the undersigned withdraw that pleading within the 21-day safe harbor. [ECF No. 237.] Significant ethical considerations preclude the undersigned from addressing the substantive arguments relating to the viability of Mr. Collado's claims, the claims by the Collective, or any other factual or legal issues posed by the motion.

Defendants request the Court to require the undersigned to remain as counsel and to either voluntarily dismiss the Third Amended Complaint with prejudice or provide a substantive response to the Rule 11 Motion. Defendants do not, however, provide the Court with any legal basis to disregard R. Reg. Fla. Bar 4-1.16(a)(3), require the undersigned to remain as counsel for an unwilling client or to create a gordian knot of ethical pitfalls.

### D. <u>Other Ethical Considerations Support The Withdrawal Of Counsel.</u>

The Court also should be mindful of other ethical considerations that could arise if the undersigned is required to remain as counsel in this case. A panoply of ethical pitfalls would exist involving a client who discharged the undersigned counsel (Mr. Collado) and other individuals who signed separate agreements for the undersigned to represent them against Defendants and who filed consents to join this case before the Court's grant of conditional certification. [*See e.*g, ECF No. 4, 7, 15, 22, 25, 38, 41.] For example, the undersigned could not simultaneously represent Mr. Collado following discharge and others who may disagree with his testimony and/or seek to intervene in the case – including assuming the role of the representative of the collective.

> A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the

6

> action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. *Athens Lumber,* 690 F.2d at 1366. If he establishes each of the four requirements, the district court must allow him to intervene.
>
> A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion. *Sellers v. United States,* 709 F.2d 1469, 1471 (11th Cir.1983).

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Continued representation under the circumstances is likely to present the undersigned with ethical considerations that could necessitate seeking to withdraw based on R. Reg. Fla. Bar 4-1.16(a)(1)'s prohibition against continued representation when doing so would "result in violation of the Rules of Professional Conduct." More specifically, Rule 4-1.7 prohibits continued representation when clients have competing or adverse interests. In light of the totality of the circumstances, the Court properly grants the undersigned's request to withdraw from this case due to Rule 4-1.16(a) of the Rules Regulating The Florid Bar.

### E. The Court Should Stay The Case And Give Mr. Collado And The Collective Appropriate Time For New Counsel To Appear.

Granting 45 days for successor counsel to appear is reasonable under the circumstances, especially considering the Defendants' acknowledgment that success counsel will need to digest a and analyze a significant amount of material before a commitment to representation occurs. Defendants correctly identified the deadlines to complete discovery and commence trial but failed to acknowledge that they were requested to but never provided dates to depose certain individuals or corporate representatives – with requests dating back to September 2023. Once Mr. Collado discharged the undersigned, all efforts to prosecute the case ceased, as did all efforts to coordinate those depositions and/or set a hearing to compel the provision of those dates.

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Permitting time for new counsel to appear also will allow successor counsel to address the issues raised by the Defendants' Motion for Rule 11 Sanctions, including to determine whether to proceed with certain claims and, if so, how those claims should be pursued. While Defendants contend that the current trial schedule would be disrupted by the undersigned's withdrawal and the grant of a stay, they ignore the impact of the Court's rulings in denying class certification that would seem to allow individuals who filed consents to join in this case the opportunity to pursue individual claims under Florida law – as alleged at Counts II and III – in this case due to the Court's finding of commonality. [ECF No. 232.] Individuals who joined this case and would like to pursue state law claims under the Florida Minimum Wage Act and/or the common law of Florida and who contend that a common nucleus of operative facts exists may later seek to amend the operative Complaint to assert their individual claims and obtain an extension of the existing deadlines. *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984); and 28 U.S.C. §1367. With Mr. Collado discharging the undersigned just nine days after the Court denied class certification on December 4, the undersigned could not address any other procedural or substantive issues apart from withdrawing from this case.[2]

---

[2] On the evening of December 21, 2023, the undersigned received an email from the Defendants enclosing their notice of taking Mr. Collado's deposition for January 17, 2023. Defendants unilaterally scheduled Mr. Collado's continued deposition, notwithstanding their receipt of the initial Motion to Withdraw filed on December 20, 2023 [ECF No. 233]. A stay of the proceedings would allow issues related to Mr. Collado's continued deposition and the other issues in this case to be addressed by successor counsel.

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## IV.  CONCLUSION

WHEREFORE, Brian H. Pollock, Esq. and FairLaw Firm request that the Court grant the relief requested by permitting them to withdraw, by granting Mr. Collado and the Collective 45 days to retain new counsel, to stay the case during this period of time, and to retain jurisdiction to determine and/or enforce the undersigned's charging lien.

Respectfully submitted this 5th day of January 2024,

<div style="margin-left:50%">

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff(s)*

</div>

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*