# EXHIBIT A



# FairLaw Firm

135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146

TEL 305.230.4884   FAX 305.230.4844

www.fairlawattorney.com

November 10, 2022

<u>Via U.S. Mail</u>
450 North River Drive LLC
450 N.W. North River Drive
Miami, FL 33128

RJ River, LLC
450 N.W. North River Drive
Miami, FL 33128

Roman Jones
7601 Old Cutler Road
Coral Gables, FL 33143

      **RE:** ***Octavio Collado vs. 450 North River Drive, LLC d/b/a Kiki On The River, RJ River, LLC, and Roman Jones***
            **Minimum Wage Only Demand Pursuant to Fla. Stat. §448.110**
            <u>**Inadmissible Pre-Suit Settlement Demand**</u>

Dear Mr. Jones:

      This letter is directed to 450 North River Drive, LLC d/b/a Kiki On The River, RJ River, LLC, and Roman Jones, who are collectively referred to hereinafter as the "Kiki on the River". My office represents Octavio Collado, Yordan Acosta, Francis Taylor, Augusto Guerra, and Patricia Buraschi as well as a putative class of other similarly situated "tipped front of the house workers" (captains, servers, assistants, and/or bussers) who worked for Kiki on the River at its restaurant in Miami from November 2017 onwards, and who are seeking unpaid gratuities (tips/overtips) under Article X, §24 of the Florida Constitution. Please accept this letter as the pre-suit notice pursuant to Fla. Stat. §448.110(6) regarding the amounts due and owing to the putative class of such tipped front of the house workers in the amount of approximately **$18,928,000.00**.

### *Demand for the Preservation of Evidence*

      Kiki on the River and its , agents are instructed to maintain all information, documents, and materials related to the employment of Octavio Collado, Yordan Acosta, Francis Taylor, Augusto Guerra, and Patricia Buraschi as well as a putative class of other similarly situated "tipped front of the house workers" (captains, servers, assistants, and/or bussers) who worked for Kiki on

Mr. Jones
November 10, 2022
Page 2

the River at its restaurant in Miami from November 2017 onwards, including their entire personnel files, earnings history, time recordss, charged tips, tip pool records, and all records of payments to them. You should also maintain all POS records and records identifying the gratuities left by all patrons at Kiki on the River from November 2017, including when, to whom, and the amount of all tips/overtips were distributed. This request includes both paper records and electronic data. Understand that the loss or destruction of any of this evidence could lead to the imposition of sanctions should we proceed to litigation.

### *The Facts*

Although the clients named in this Notice are Octavio Collado, Yordan Acosta, Francis Taylor, Augusto Guerra, and Patricia Buraschi, the legal claim they are pursuing – unpaid minimum wages (including tips) – is an issue common to nearly all the tipped front of the house workers at Kiki on the River since November 2017.

Octavio Collado, the Plaintiff in the pending lawsuit, thus seeks to represent a composed of all similarly situated tipped hourly workers employed by your clients during the last five (5) years as a class action pursuant to Fla. R. Civ. P. 1.220, Fed. R. Civ. P. 23, Art. X, §24 of the Fla. Const., and/or Fla. Stat. §448.110.

Each of these workers allege that they were not paid the proper minimum wages pursuant to Article X, Section 24 of the Florida Constitution because Kiki on the River, based upon my review, intentionally failed to pay its workers all the tips they earned – including overtips – whether because Kiki on the River kept the money for itself or because it improperly distributed tips to traditionally non-tipped employees.

Octavio Collado, already filed a lawsuit for unpaid gratuities (tips/overtips) under the FLSA, which is presently pending in S.D. Fla. Case No.: 1:22-CV-23074-BLOOM, in which Yordan Acosta, Francis Taylor, Augusto Guerra, and Patricia Buraschi joined as Opt-In Plaintiffs. Mr. Collado, Mr. Acosta, Ms. Taylor, Mr. Guerra, and Ms. Buraschi seek to pursue similar a claim for unpaid tips (overtips) under Fla. Stat. §448.110, *et. Seq*, and Art. X, §24, Fla. Const. (the Florida Minimum Wage Act), since Kiki on the River paid the reduced minimum wage during and intended for the gratuities to make up the differential. During the last five (5) years, Kiki on the River utilized a policy common to all its tipped front of the house workers, whereby it appears that Kiki on the River failed to pay these employees all the (discretionary) gratuities (tips/overtips) left by patrons. Employers such as Kiki on the River are prohibited from keeping tips for any purpose, including allowing managers or supervisors to keep ay portion of employees' tips.

Based on our investigation, Kiki on the River appears to employ approximately 19 Captains, 17 Servers, and 20 Bussers (including food runners), for a total of approximately 56 tipped front of the house employees on staff at any given time. Accounting for turnover of approximately 20% per year within the last five (5) years we believe there are, conservatively, at

Mr. Jones
November 10, 2022
Page 2

least 120 potential workers within the putative class, all of whom are entitled to damages for unpaid/underpaid gratuities (tips/overtips) during the past five (5) years. This number of affected employees is subject to revision/adjustment based on the records maintained by Kiki on the River identifying the actual employees involved.

### *Minimum Wages At Issue*

| Dates | Full Minimum Wage | Tip Credit Wage |
|---|---|---|
| Jan. 1, 2017 to Dec. 31, 2018 | $8.10 | $5.08 |
| Jan. 1, 2019 to Dec. 31, 2019 | $8.25 | $5.23 |
| Jan. 1, 2019 to Dec. 31, 2020 | $8.46 | $5.44 |
| Jan. 1, 2020 to Dec. 31, 2021 | $8.56 | $5.53 |
| Jan. 1, 2022 to Sept. 29, 2022 | $8.65 | $5.63 |
| Sept. 30, 2021 – Sept. 29, 2022 | $10.00 | $6.98 |
| Sept. 30, 2022 – Sept. 29, 2023 | $11.00 | $7.98 |

### *Estimate of Gratuities Owed*

In the absence of actual paychecks provided to my clients and the class and the records reflecting the gratuities left by patrons and the gratuities paid out, my clients estimate the following work dates alleged unpaid wages (tips/overtips) for which payment is sought:

    a.    **Octavio Collado**

From September 23, 2019 to January 23, 2021
(approximately 116 weeks)

Estimated $1,500.00 in tips (overtips) owed for every week he worked.
$1,500.00 x 116 weeks = **$174,000.00 in tips (overtips) owed**

    b.    **Yordan Acosta**

From September 23, 2019 to June 23, 2021
(approximately 86 weeks)

Estimated $1,000.00 in tips (overtips) owed for every week he worked.
$1,000.00 x 86 weeks = **$86,00.00 in tips (overtips) owed**

    c.    **Francis Taylor**

Mr. Jones
November 10, 2022
Page 2

<u>From September 23, 2019 to July 23, 2021</u>
(approximately 90 weeks)

Estimated $500.00 in tips (overtips) owed for every week he worked.
$500.00 x 90 weeks = **$45,000,000.00 tips (overtips) owed**

**d.     Augusto Guerra**

<u>From November 8, 2017 to September 27, 2022</u>
(approximately 254 weeks)

Estimated $2,000.00 in tips (overtips) owed for every week he worked.
$2,000.00 x 254 weeks = **$381,000,000.00 tips (overtips) owed**

**e.     Patricia Buraschi**

<u>From December 12, 2018 to March 18, 2020</u>
(approximately 66 weeks)

Estimated $1,500.00 in tips (overtips) owed for every week he worked.
$1,500.00 x 66 weeks = **$99,000.00 tips (overtips) owed**

**Class Estimates and Allegations**

Since I have incomplete information for the remaining workers, the foregoing estimates will be used to estimate for the remaining workers for whom we do not have records. Admittedly, this is only a rough estimate based on the limited data available at this time, but I am assuming at this time that Kiki on the River, over the last five (5) years, had on average of 56 tipped front of the house workers on staff at a given week. Taking an average of the estimated amount(s) owed in unpaid/underpaid tips (including overtips) from the above, we conservatively estimate that Kiki on the River failed to pay each member of the class approximately $1,300 each week in tips. Thus, the class damages are calculated as follows:

$1,300/week x 56 workers/week x 260 weeks = **$18,928,000.00**

Thus, to resolve the Florida Minimum Wage Act claims asserted herein, Kiki on the River must pay $18,928,000.00 to the class of tipped hourly workers employed in the State of Florida over the last five (5) years for these unpaid/underpaid tips. Further, any such tender must be accompanied by relevant pay and time records for each putative class member, so that we may confirm that this amount is adequate pay for the tips owed to each person.

Mr. Jones
November 10, 2022
Page 2

Additionally, please be aware and remind your clients that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or discriminate against our clients or any member of the putative class, we will pursue a claim for retaliation pursuant to Fla. Stat. § 448.110(5). Although I believe this pre-suit requirement to be unconstitutional, this notice is sent pursuant to Fla. Stat. § 448.110(6). Your clients have fifteen (15) calendar days from receipt of this notice to tender the amounts above and provide the relevant documentation demanded to the undersigned.

This demand is not intended to compromise or satisfy any claim other than for unpaid/underpaid minimum gratuities recoverable under the Florida Minimum Wage Act, as set forth above which were earned by and due to Octavio Collado, Yordan Acosta, Francis Taylor, Augusto Guerra, and Patricia Buraschi, and others similarly situated. This letter is therefore, without prejudice to my clients' ability to assert and ultimately recover for any other claim, damages, penalties, etc., not set forth above, including for unpaid/underpaid minimum wages (including gratuities) recoverable under the Fair Labor Standards Act, and all liquidated damages, attorneys' fees, and costs of litigation recoverable therein.

If you have any questions about this notice or the legal grounds for the putative class action, please contact my office and I will be happy to answer any questions you may have. If you deny liability for failure to pay the minimum wages (tips/overtips) detailed in this notice, then please provide me with the details of such defenses so that my clients may consider them prior to pursuing a claim in court for themselves and others similarly situated.

Sincerely,

Brian H. Pollock, Esq.
brian@fairlawattorney.com

cc:   Allan S. Reiss, Esq. (via email only: asr@levinelawfirm.com)
      Reynaldo Velazquez, Esq. (via email only: Rey.Velazquez@jacksonlewis.com)