UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23074-BLOOM

OCTAVIO COLLADO,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
D/B/A KIKI ON THE RIVER,
RJ RIVER, LLC AND
ROMAN JONES,

    Defendants.
_____/

## DECLARATION OF STEFFANY SANGUINO

I, Steffany Sanguino, make the following declaration pursuant to 28 U.S.C. §1746 and declare as follows:

1. My name is Steffany Sanguino.

2. I am over 18 years old, *sui juris*, and competent to testify to the matters contained in this Declaration.

3. I make this Declaration based on my personal knowledge.

4. I earned an Associate's Degree in Business and a Bachelor's Degree in Applied Science, Supervision, and Management from Miami-Dade College.

5. I also earned a paralegal certificate from Ashworth College and am a Florida Certified Paralegal.

6. I have worked as a litigation paralegal in South Florida for various law firms since January 2016.

7. I gained considerable experience working with clients in responding to discovery, including gathering documents and information from clients and drafting responses to discovery requests such as requests for production and interrogatories, in the positions I held with my prior employers.

8. I began working as a paralegal at FairLaw Firm on August 7, 2023.

9. According to my time records, I first became involved in this case for FairLaw Firm on August 15, 2023, when I emailed Mr. Collado the Requests for Production and Interrogatories served on him along with a letter requesting that he provide me with his responses and the responsive materials.

10. I then called to follow up with him the next day about his discovery responses; I left him a voicemail and sent him a text message to pursue responses from him.

11. Since we were receiving Consents to Join back then, my duties included drafting a Notice relating to each Consent to Join we received, sending each person who timely joined an email enclosing a letter explaining the nature of the case, a copy of the Notice of Consent to Join and Consent to Join we filed with the Court, and a copy of the Third Amended Complaint.

12. I would then call and follow up with each person who joined the case to obtain relevant documents and information from them.

13. I spoke with Mr. Collado several times, including on August 21, 2023, September 1, 2023, September 11, 2023, and again on November 27, 2023, about his discovery responses.

14. After several additional follow-up calls, I worked with Mr. Collado on his discovery responses on September 7, 2023, and on the responses again the next day.

15. After talking with Mr. Collado on September 14, 2023, he was scheduled to the office and met with me to go over his discovery responses on September 20, 2023, but he requested to reschedule this appointment for September 28, 2023.

16. Mr. Collado then either did not timely attend or requested to reschedule several other meetings we had scheduled to go over his discovery responses.

17. I was then able to revise and finalize the drafts of Mr. Collado's responses to the Requests for Production on October 10, 2023, after meeting with him in person.

18. I then met with Mr. Collado and typed his responses to the Interrogatories served on January 16, 2023. My draft from November 7, 2023, remains saved in our computer system and in them:

    a. Mr. Collado described a conversation he had with Ciro, Petra, and Peter in which Ciro confirmed Aris, Sia, and Roman "took 900k out of the tips" which they split amongst themselves.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  b. Mr. Collado identified John (Payroll), Petra (Payroll), Sia Emmati (CFO), and Kevin (CFO) as the non-tipped employees he believed received tips.

  c. Mr. Collado stated that although "more money came in" with the amount of the checks at the restaurant increasing, he observed "no increase in the checks" he received due to the lack of transparency with the distribution of tips.

  d. Mr. Collado stated that he received a $1,000 tip that was not reflected on his paycheck, that he spoke with John Maria and Roman Jones, and that "no action was taken."

  e. Mr. Collado responded that although Roman Jones could only recommend someone to be hired, he could fire an employee.( In regards to this, he would say that Roma Jones never got involved in the hiring or firing process, he would recommend someone but was never involved in the process)

19. I continued working with Mr. Collado to revise his responses to the Interrogatories served on June 16, 2023, until November 20, 2023, when Mr. Pollock had me use the Interrogatories served on July 21, 2023.

20. The drafts of the different versions of Mr. Collado's answers remain saved in our computer system.

21. Mr. Pollock then reformatted Mr. Collado's draft responses to the interrogatories to standardize them with the font used by our firm and to address spacing issues.

22. On December 8, 2023, I notarized Mr. Collado's Answers to Interrogatories.

23. During my conversations with Mr. Collado, in person, by teleconference, and by phone, he never seemed confused about the difference between service charges and tips.

24. Lunar C. Alvey was an associate attorney who worked with us at FairLaw Firm.

25. Ms. Alvey and I worked together to gather information from the Opt-In Plaintiffs, talk with Opt-In Plaintiffs, and draft responses to the discovery directed at the Opt-In Plaintiffs.

26. From my discussions with Mr. Collado and the Opt-In Plaintiffs about how tips were handled and paid at Kiki on the River, it seemed to me that they had similar observations about

tips not being properly or fully distributed, with different people adding different pieces of information from their experiences.

27. When I learned about what Mr. Collado said in his deposition, I was shocked because he was adamant about being owed a lot of money in tips, who received tips that should not have, and the complaints he made about his tips to Roman Jones, amongst others.

28. I also found it strange that Mr. Collado would be confused about whether people were talking about tips or service charges based on my discussions with him.

29. I fully understand and aver the facts contained within this Declaration are true and correct.

## DECLARATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By _____
STEFFANY SANGUINO

February 9, 2024
DATE