**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-23074-BLOOM/TORRES

OCTAVIO COLLADO,
*for himself and all others similarly situated*,

    Plaintiff,

v.

450 NORTH RIVER DRIVE, LLC, *et al.*,

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION FOR SANCTIONS**

    This cause is before the Court on Defendants', 450 North River Drive, LLC, d/b/a Kiki on the River, Roman Jones, and RJ River, LLC ("Defendants") Motion for Sanctions against Brian Pollock, Esq. ("Mr. Pollock"), counsel for Plaintiff, Octavio Collado, in this matter. [D.E. 243]. Mr. Pollock responded to the motion on February 9, 2024 [D.E. 250], to which Defendants timely replied. [D.E. 253]. The motion, therefore, is ripe for disposition.[1] After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.

---

[1] On January 22, 2024, the Honorable Beth Bloom referred this motion to the Undersigned Magistrate Judge for disposition. [D.E. 245].

1

## I.     BACKGROUND

The primary issue in dispute is whether the Court should sanction Plaintiff's counsel, Mr. Pollock, for Count II of the Third Amended Complaint and its supporting allegations.[2] That count was brought under the Florida Minimum Wage Act ("FMWA"). After it was dismissed from Plaintiff's Second Amended Complaint, Plaintiff revised the count to address the Court's basis for dismissal. Specifically, Judge Bloom noted that the FMWA count "required that Mr. Collado allege that [Plaintiff] is being paid less than the minimum wage." [D.E. 253-1 at 17:15–17]. Subsequently, Plaintiff filed its Third Amended Complaint and alleged that Plaintiff was paid a "'tip credit' wage" that resulted in a "direct hourly wage below the direct minimum hourly wage required by the FMWA." [D.E. 122 at ¶¶99, 101].

The problem, Defendants posit, is that Mr. Pollock knew at the time of filing the Third Amended Complaint that there existed no basis in fact or law for these allegations. In fact, Defendants argue that Plaintiff levied these allegations for the first time in the Third Amended Complaint solely to work around Judge Bloom's order dismissing the FMWA claim from the Second Amended Complaint. Additionally, Defendants argue that Mr. Pollock wrongfully removed from the Third Amended Complaint allegations that Plaintiff was also paid a percentage of Defendants' service charge. Defendants argue that this was done in bad faith to bolster the appearance that Plaintiff was paid below minimum wage.

---

[2] While other issues were raised in Defendants' initial motion for sanctions, Defendants withdrew the majority of those arguments in their reply. What remains is the dispute involving the allegations supporting the FMWA claim.

Mr. Pollock, conversely, argues that the Third Amended Complaint's FMWA theory is a novel one, and it is improper to say that at the pleading stage Mr. Pollock knew the theory had no basis in law or fact. Additionally, Mr. Pollock insists that he did not dispute that Plaintiff was technically paid more than minimum wage. But, under his novel theory, Mr. Pollock believes that Plaintiff was paid a "'tip credit' wage" and therefore any misappropriated tip could be recovered under the FMWA—regardless of Plaintiff's total wage. And it is especially unfair to label the claim frivolous, argues Mr. Pollock, where the Court never substantively addressed the FMWA claim (which was dismissed because of Plaintiff's failure to comply with a Court order after Mr. Pollock was discharged and withdrawn).[3] [D.E. 252].

## II.   ANALYSIS

Defendants ask the Court to sanction Mr. Pollock pursuant to 28 U.S.C. § 1927, or alternatively, under the Court's inherent power. We will address each basis in turn.

### A. *Section 1927*

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

---

[3] Mr. Pollock argues in his response that, in fact, Defendants and their counsel should be sanctioned for filing this motion. Mr. Pollock, however, hardly makes any argument other than urging the Court to consider whether Defendants should be sanctioned for "prolonging" this case. We decline to do so.

3

"To justify an award of sanctions pursuant to section 1927, an attorney must engage in *unreasonable and vexatious* conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (emphasis in original) (citing *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). To that end, "'bad faith' is the touchstone"—not "mere negligence." *Id.*

The Eleventh Circuit has understood the statute in terms of three requirements: (1) "the attorney must engage in 'unreasonable and vexatious' conduct"; (2) "that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings'"; and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). "If one factor is missing, sanctions cannot be imposed." *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006).

Sanctions under section 1927 are "'a strong medicine used sparingly'; they require 'more than a lack of merit … or [else] they would be due in every case.'" *Fox v. Ritz-Carlton Hotel Co.*, LLC, No. 17-CV-24284, 2022 WL 2802910, at *5 (S.D. Fla. July 18, 2022) (quoting *Caiazza v. Marceno*, No. 2:18-cv-784-SPC-MRM, 2021 U.S. Dist. LEXIS 60721, 2021 WL 1193166, *1 (M.D. Fla. Mar. 30, 2021)). In fact, "[t]he burden of demonstrating bad faith under Section 1927 is 'high.'" *Reef Azul, LLC v. Potter*, No. 22-80815-CIV, 2022 WL 17583747, at *1 (S.D. Fla. Aug. 22, 2022), *report and recommendation adopted*, No. 22-CV-80815-WPD, 2022 WL 17583750 (S.D. Fla. Sept. 8, 2022) (citing *Weinstock v. Storm Tight Windows, Inc.*, No. 20-CV-60256, 2021

WL 3239460, at *4 (S.D. Fla. July 20, 2021)); *see also Peer v. Liberty Life Assurance Co. of Bos.*, No. 17-CV-80281, 2022 WL 329217, at *5 (S.D. Fla. Jan. 18, 2022), *report and recommendation adopted*, No. 17-80281-CIV, 2022 WL 326491 (S.D. Fla. Feb. 3, 2022) ("'The statute imposes a 'high standard' that requires the moving party to show that the other side engaged in behavior that 'grossly deviates from reasonable conduct.'") (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007)).

We must first determine whether Defendants have proven by clear and convincing evidence that Mr. Pollock acted in bad faith. Defendants argue that, essentially, Mr. Pollock lied by alleging in the Third Amended Complaint that Plaintiff was paid a "'tip credit' wage" and was paid "below the direct minimum hourly wage required by the FMWA." [D.E. 253 at 5]. In particular, Defendants argue that Mr. Pollock knew—and admitted in his response—that Plaintiff was paid more than minimum wage, but nevertheless alleged that he was paid less than minimum wage in a bad faith effort to circumvent the Court's order. [D.E. 253-1 at 17:15–17]. Not until after the dismissal of the Second Amended Complaint, argue Defendants, did Mr. Pollock allege that Plaintiff was paid a "'tip credit' wage." As a result, Defendants argue that the proceedings were vexatiously multiplied: Defendants were forced to file a (denied) motion to strike certain FMWA allegations [D.E. 136] and a (procedurally defective) motion to dismiss. [D.E. 137].

Mr. Pollock asserts in his response that his FMWA theory allows recovery despite a party being paid above minimum wage where the employee's wage is based

5

on a "tip credit." That is, Mr. Pollock argues that a Plaintiff who was paid above minimum wage—but on a "trip credit" basis—can still recover misappropriated tips regardless of the employee's total wage. Mr. Pollock maintains that this argument creates an issue of first impression, which in his view cuts against any alleged frivolousness.

Under the "high," "clear and convincing" standard to prove bad faith, we cannot say that Mr. Pollock's allegations that Plaintiff was paid on a tip credit basis and below minimum wage—even if facially questionable—are sanctionable under the circumstances. Viewing the allegations under an objective standard, Mr. Pollock's argument that Plaintiff was paid a "'tip credit' wage" is not so egregious that it indicates bad faith. Under his apparent interpretation of the FMWA, an employee paid on a tip credit basis can still recover misappropriated tips despite being paid above minimum wage. To that end, Defendants point us to no case law to suggest that this argument is so fundamentally incorrect that section 1927 sanctions are appropriate. Nor do Defendants provide any persuasive evidence that the underlying allegations are so obviously devoid of support as to demonstrate bad faith.

As evidence of bad faith, Defendants rely on Plaintiff's declaration that he "was paid a directly hourly wage that was supplemented by the mandatory service charge." [D.E. 253 at 8]. Upon review of that declaration, we note that Plaintiff states that Defendants "used the service charges and tips they collected to make up for the difference" between Plaintiff's wage and the minimum wage. [D.E. 44-1 at ¶11]. In our view, this does little to undermine—and in fact supports—Mr. Pollock's allegation

6

that Plaintiff was perhaps paid a "'tip credit' wage." Clearly, his hourly wage was at least plausibly supplemented by tips and service charges to allow it to satisfy the minimum wage requirement. Subsequently, under Mr. Pollock's theory, *any* misappropriated tip is recoverable under the FMWA; therefore, to allege that Plaintiff was paid less than minimum wage (i.e., was paid in violation of the FMWA) is not an objectively bad faith assertion.

It is also unclear why Plaintiff removing allegations relating to service charges from the Third Amended Complaint is relevant to the motion for sanctions. Mr. Pollock's theory is that because Plaintiff was allegedly paid a "tip credit," any misappropriated tips would violate the FMWA. Defendants do not make clear why that analysis would differ if Plaintiff's income was supplemented by a service charge. While we voice no opinion as to whether Mr. Pollock's theory is meritorious, we do find that, under his theory, removing allegations pertaining to service charges is not sanctionable.

Therefore, we agree with Mr. Pollock that this argument and the supporting allegations were not made in bad faith under the circumstances. This is especially true given the clear and convincing evidence standard that Defendants must satisfy. *See, e.g., JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 986 (11th Cir. 2017) ("Our review of the record convinces us that the district court did not abuse its discretion in concluding that Motivation failed to adduce clear and convincing evidence of bad faith. There is no doubt that there were red flags and that, with the benefit of hindsight, certain of them were conspicuous. However, we do not believe

7

that the district court abused its discretion in concluding that the 'red flags' were not dispositive of bad faith.").

To reiterate, we in no way assess whether Mr. Pollock's FMWA theory is meritorious, effective, or persuasive. Nor could we or should we. We analyze only whether, in the context of this theory, the allegations that Plaintiff was paid a "'tip credit' wage" and below minimum wage were objectively made in bad faith to advance a frivolous claim. And considering Mr. Pollock's motive, we cannot say that the Third Amended Complaint's allegations—even if a departure from Plaintiff's previous legal theory—constituted "willful[ ] abuse [of the] judicial process by conduct tantamount to bad faith." *Schwartz*, 341 F.3d at 1225 (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993)); *see also Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1187 (11th Cir. 2005) (reversing an imposition of sanctions under section 1927 where a claim was not "so without circumstantial foundation as to have been frivolous"); *Hudson v. Int'l Computer Negots., Inc.*, 499 F.3d 1252, 1265 (11th Cir. 2007) (affirming a denial of sanctions under 1927 where the claim was not "so without circumstantial foundation as to have been frivolous") (quoting *Cordoba*, 419 F.3d at 1187); *Worldspan Marine Inc. v. Comerica Bank*, No. 18-21924-CIV, 2022 WL 16701245, at *7 (S.D. Fla. Oct. 15, 2022), *report and recommendation adopted*, No. 18-21924-CIV, 2022 WL 16701618 (S.D. Fla. Nov. 3, 2022) (denying motion for sanctions under section 1927 where the movant did "not provide any evidence of intent or recklessness" to satisfy the bad faith standard); *Sutakovic v. CG RYC, LLC*, No. 18-CIV-20125, 2018 WL 2766206, at *5 (S.D. Fla. June 8, 2018) (denying motion

8

for sanctions under section 1927 because "even if Plaintiff's claim is exceptionally weak, Defendants have not shown that it was 'entirely "without foundation"' as required under the statute"); *Litterdragt v. Miami Dade Cnty.*, 339 F. Supp. 3d 1315, 1321 (S.D. Fla. 2017) (denying motion for sanctions under section 1927 where "defendant has failed to demonstrate how Mr. Glasser's conduct rises to the requisite level of bad faith to warrant attorney fees"); *Phillips v. Mitchell's Lawn Maint. Corp.*, No. 13-20854-CIV, 2017 WL 11624295, at *8 (S.D. Fla. Mar. 31, 2017) (denying motion for sanctions where "there ha[d] not been a clear and convincing showing of bad faith, or recklessness so egregious that bad faith could be presumed"); *Peer*, 2022 WL 329217, at *5 ("The Undersigned finds that the record does not contain clear and convincing evidence establishing objective bad faith conduct by Mr. Sullivan. Defendant has failed to sufficiently show objective bad faith on the part of Mr. Sullivan.").

Thus, we hold that Defendants have not carried their burden of showing by clear and convincing evidence that Mr. Pollock acted in bad faith; accordingly, Defendants' motion is denied. Had Defendants instead timely moved for Rule 11 relief, perhaps that might have altered the result (which does not necessarily require bad faith). But because Defendants have not shown bad faith, Defendants cannot prevail under section 1927.

### B. *The Court's Inherent Power*

Defendants alternatively seek sanctions pursuant to the Court's inherent power. But the Court's inherent power to impose sanctions is no greater than the

9

discretion afforded under section 1927. *See Sutakovic* v. CG RYC, LLC, 2018 WL 2766206, at *6 (denying motion to impose sanctions under the court's inherent power after declining to impose sanctions under section 1927 because "if there is a lack of evidence to find that Plaintiff should be sanctioned under § 1927, the Court's inherent power is also inapplicable"); *see also Springs v. Gielow*, 2016 WL 6093496, at *1 (N.D. Fla. July 26, 2016), *report and recommendation adopted*, 2016 WL 6090946 (N.D. Fla. Oct. 18, 2016) ("When considering sanctions under the court's inherent power, the threshold of bad faith conduct is 'at least as high' as the threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927.") (citing *Amlong & Amlong, P.A.*, 500 F.3d at 1252).

Accordingly, "[t]o the extent Plaintiff seeks sanctions pursuant to the Court's inherent authority, the Court reaches the same conclusion"—Defendants' motion is denied. *Reef Azul, LLC*, 2022 WL 17583747, at *2, *report and recommendation adopted*, No. 17-80281-CIV, 2022 WL 326491 (S.D. Fla. Feb. 3, 2022) ("Although there are different standards and criteria for establishing bad faith under 28 U.S.C. § 1927 and the Court's inherent authority, it is clear that if the Court lacks discretion to sanction [the attorney] pursuant to 28 U.S.C. § 1927, then the Court also lacks discretion to sanction [the attorney] pursuant to the Court's inherent powers.") (citing *Peer*, 2022 WL 329217, at *5 (S.D. Fla. Jan. 18, 2022)).[4]

---

[4] Mr. Pollock raises several other defenses to fend off sanctions; however, because we find no bad faith supporting the motion for sanctions, we need not reach these other arguments.

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion for Sanctions [D.E. 243] against Mr. Pollock is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of May, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge